Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Abbe David Lowell (*pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:  (202) 282-5000
Facsimile:   (202) 282-5100

*Attorneys for Robert Hunter Biden*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. 2:23-cr-00599-MCS** |
| Plaintiff, | *Hon. Mark C. Scarsi* |
| vs. | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 2, 4, AND 6 OF THE INDICTMENT IN PART FOR DUPLICITY** |
| ROBERT HUNTER BIDEN, | |
| Defendant. | Hearing Date:  March 27, 2024 |
| | Time:  1:00 PM |
| | Place:  Courtroom 7C |

1   **<u>NOTICE OF MOTION AND MOTION TO DISMISS</u>**

2   TO: SPECIAL COUNSEL DAVID WEISS, PRINCIPAL SENIOR ASSISTANT

3   SPECIAL COUNSEL LEO J. WISE, SENIOR ASSISTANT SPECIAL COUNSEL

4   DEREK E. HINES

5         PLEASE TAKE NOTICE that on March 27, 2024, at 1:00 p.m., or as soon

6   thereafter as the matter may be heard, in the courtroom of Honorable Mark C. Scarsi,

7   Defendant Robert Hunter Biden, by and through his attorneys of record, will, and

8   hereby does, respectfully move this Court for an order dismissing Counts 2, 4, and 6

9   in part and compelling the government to elect between the charges in the offending counts

10  because each of these counts contain duplicative charges and undermine Mr. Biden's

11  constitutional rights.

12        Mr. Biden's motion is based on Federal Rule of Criminal Procedure 8(a) and Rule

13  12(b)(3), this Notice of Motion and Motion, the attached Memorandum of Points and

14  Authorities, the pleadings, papers, and documents on file with the Court, the oral

15  arguments of counsel, and such other matters as the Court may deem proper to consider.

16

17

18   Dated:  February 20, 2024        Respectfully submitted,

19                                      WINSTON & STRAWN LLP

20

21                            By: *<u>/s/ Angela M. Machala</u>*
                                Angela Machala

22                                  Abbe David Lowell
                                Christopher D. Man

23

24                                  *Attorneys for Robert Hunter Biden*

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION AND FACTUAL BACKGROUND

Mr. Biden moves this Court to dismiss Counts 2, 4, and 6 of the Indictment in part because each of these counts contain duplicative charges and undermine Mr. Biden's constitutional rights.   Mr. Biden is entitled to the same constitutional protections afforded every citizen accused of a crime in this Court.  This includes the right to sufficient notice of the specific crime alleged to permit preparation of a defense and the right to be found guilty of a given offense only upon the unanimous verdict of twelve jurors.  Protection of these rights requires that the Indictment against Mr. Biden is properly pled, with each count clearing alleging facts that constitute a single offense so that that jurors can unanimously agree on the same factual basis for a charge before returning a guilty verdict.

The Indictment as written falls short of the pleading requirements imposed by the Constitution.   Specifically, each of Counts 2, 4, and 6 contains serious duplicity problems.  Count 2 charges Mr. Biden with willfully failing to pay income taxes due on April 17, 2018 *and* February 18, 2020 for the same tax year, while Count 4 charges Mr. Biden with willfully failing to pay income taxes due on April 15, 2019 *and* February 18, 2020 again for the same tax year.  That gap of almost two years within each count in essence charges two separate alleged violations that occurred on two separate dates, which poses a risk of conviction despite a lack of unanimity, where the jury convicts on these counts but does not come to an agreement on what year the violation took place.

Similarly, Count 6 charges that Mr. Biden prepared or caused to be prepared a false or fraudulent 2018 Form 1040 and, entirely independently, that Mr. Biden claimed personal expenses as business expenses on a 2018 Form 1120.  This joining of two potential violations into one again risks a lack of unanimity as the jury could convict on this single count, with a jury unanimous that some crime has been committed but not be unanimous as to which one.

1

**ARGUMENT**

2    Charging two or more offenses in one count of an indictment is contrary to Rule

3 8(a) of the Federal Rules of Criminal Procedure, which requires an indictment have

4 "separate counts" for each offense, and a defendant is entitled to move for their

5 dismissal under Rule 12(b)(3)(B)(i).  The "joining in a single count of two or more

6 distinct and separate offenses" is termed "duplicity."  *United States v. UCO Oil Co.*, 546

7 F.2d 833, 835 (9th Cir. 1976).  There are many reasons to dismiss a count that contains

8 more than one crime, and

9    include avoiding the uncertainty of whether a general verdict of guilty conceals

10    a finding of guilty as to one crime and a finding of not guilty as to another,

11    avoiding the risk that the jurors may not have been unanimous as to any one of

12    the crimes charged, assuring the defendant adequate notice, providing the basis

13    for appropriate sentencing, and protecting against double jeopardy in a

14    subsequent prosecution.

15 *United States v. Magiotta*, 646 F.2d 729, 733 (2d Cir. 1981); *see United States v.*

16 *Aguilar*, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985) ("A duplicitous indictment also could

17 eviscerate the defendant's Fifth Amendment protection against double jeopardy,

18 because of the lack of clarity concerning the offense for which he is charged or

19 convicted."); *UCO Oil Co.*, 546 F.2d at 835 (addressing dangers posed by duplicity)[1].

20    In reviewing an indictment for duplicity, the court "look[s] to the indictment itself

21 to determine whether it may fairly be read to charge but one crime in each count."

22 *United States v. Morse*, 785 F.2d 771, 774 (9th Cir. 1986).  The "task is not to review

23 the evidence presented at trial to determine whether it would support charging several

24 crimes rather than one, but rather solely to assess whether the indictment itself can be

25 read to charge only one violation in each count." *United States v. Martin*, 4 F.3d 757,

26

27 [1] The Justice Department warns its prosecutors to avoid duplicative counts, *812.*
*Duplicity and Multiplicity Issues,* Dep't. of Justice Criminal Resource Manual,
https://www.justice.gov/archives/jm/criminal-resource-manual-812-duplicity-and-
28 multiplicity-issues, but the prosecution here did not follow that admonition.

2

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 2, 4, AND 6 OF THE INDICTMENT IN PART FOR
DUPLICITY – CASE NO. 2:23-CR-00599-MCS

759 (9th Cir. 1993). "The test for determining whether a single count improperly contains multiple, distinct offenses is whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense." *United States v. Bonds*, 2008 WL 618911, at *1 (N.D. Cal. Mar. 4, 2008) (citations and quotations excluded).

In *Bonds*, the court found that the indictment joined two or more distinct and separate offenses because each part of the count required different proof regarding different time periods and distinct alleged false statements. *Id*. Similar to the defective charge in *Bonds*, Counts 2 and 4 require analysis of different time periods (nearly two years apart) and different alleged actions or inactions by Mr. Biden. Each charge involves two separate alleged violations of the federal tax laws—one on April 17, 2018 and another on February 18, 2020 for Count 2, and one on April 15, 2019 and another on February 18, 2020 for Count 4.

Likewise, Count 6 is defective because a jury will have to analyze different requirements based on each of the tax forms that are included in the count—2018 Form 1040 and 2018 Form 1120. Each form has its own separate requirements and each must be separately reviewed to determine whether it was filled out properly or fraudulently as alleged in the indictment. Count 6 charges entirely distinct conduct as evidence that Mr. Biden prepared or caused to be prepared a false or fraudulent Form 1040 or, separately, claimed personal expenses as business expenses on Form 1120. The two alleged violations are accordingly distinct and duplicitous.

The preferred remedy for duplicity, as with multiplicity, is for the prosecution to elect which charges or theories of liability to proceed upon, dismissing the remainder to solve the problem. *See, e.g.*, *United States v. Henry*, 504 F.2d 1335, 1338 (10th Cir. 1974) ("The proper way to attack a duplicitous indictment is by a motion to elect."); *United States v. Fisk*, 255 F. Supp. 2d 694, 702 (E.D. Mich. 2003) ("The rule against multiplicity is a pleading rule, 'the violation of which is not fatal to an indictment.' If the government violates the rule, the defendant's remedy is to move to require the

government to 'elect either count or the charge within the count upon which it will rely.'") (quoting *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981)); *United States v. Gray*, 101 F. Supp. 2d 580, 584 (E.D. Tenn. 2000) ("Generally, the appropriate remedy for a duplicitous count is to force the Government to elect to proceed on only one of the charges contained in the count.") (quoting *United States v. Conley*, 826 F. Supp. 1536, 1547 (W.D. Pa. 1993)).  That remedy is warranted here.

## CONCLUSION

The foregoing analysis leaves no doubt that the duplicity issues in Counts 2, 4, and 6 of the Indictment raise serious fair trial concerns that will prejudice Mr. Biden's ability to defend against the government's accusations.   The Court should grant Mr. Biden's motion to dismiss Counts 2, 4, and 6 in part and compel the government to elect between the charges in the offending counts.

Date: February 20, 2024          Respectfully submitted,

By: */s/ Angela M. Machala*
Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone : (202) 282-5000
Facsimile:   (202) 282-5100

*Attorneys for Robert Hunter Biden*

4

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 2, 4, AND 6 OF THE INDICTMENT IN PART FOR DUPLICITY – CASE NO. 2:23-CR-00599-MCS