# Exhibit 2

## SECOND AGREEMENT TOLLING THE STATUTE OF LIMITATIONS

The United States Attorney's Office for the District of Delaware and the United States Department of Justice, Tax Division (collectively the "United States"); and Robert Hunter Biden (hereinafter "Mr. Biden") and his affiliated businesses, Owasco LLC and Owasco P.C. (collectively, "the affiliated businesses"), with the advice and concurrence of counsel, hereby agree as follows:

1. The parties agree and understand that Mr. Biden and his affiliated businesses are the subject of a criminal investigation by the United States relating to potential violations of federal law, including but not limited to:

   A. Willful failure to file a return or pay tax, in violation of 26 U.S.C. § 7203;

   B. Tax evasion, in violation of 26 U.S.C. § 7201;

   C. Filing a false tax return, in violation of 26 U.S.C. § 7206(1); and

   D. Assisting in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2).

2. In order to provide Mr. Biden with an opportunity to present information to the Government and to engage in discussions and the exchange of information with the Government in connection with this investigation, Mr. Biden, individually and on behalf of the affiliated businesses, hereby knowingly and voluntarily waives and foregoes any and all defenses to the charges described in Paragraph 1 above, based on the expiration of the statute of limitations during the tolling period. Mr. Biden has discussed this matter with counsel, fully understands the consequences of this waiver, and agrees to it herein.

3. The United States and Mr. Biden, individually and on behalf of the affiliated businesses, with the advice and consent of counsel, previously executed an agreement on July 28, 2021 ("the First Tolling Agreement") that tolled the applicable statute of limitations from July 1, 2021 through March 1, 2022.

4. The United States and Mr. Biden, individually and on behalf of the affiliated businesses, with the advice and consent of counsel, agree to further toll the applicable statute of limitations from March 2, 2022, through midnight on June 15, 2022. This supplemental tolling period will be in addition to the tolling period previously agreed upon in the First Tolling Agreement.

5. The United States and Mr. Biden, individually and on behalf of the affiliated businesses, agree that the operation or running of the applicable statute of limitations shall resume after midnight on June 15, 2022, unless there is an extension of this tolling agreement executed in writing by and on behalf of the United States and Mr. Biden.

6. Mr. Biden, individually and on behalf of the affiliated businesses, understands that under federal law a criminal charge must be brought within a specified time following the

commission of the offense. Mr. Biden, individually and on behalf of the affiliated businesses, further understands and agrees that this agreement extends the time within which Mr. Biden or the affiliated businesses can be charged with a federal crime. If Mr. Biden, individually or on behalf of the affiliated businesses, should assert the statute of limitations as a bar to prosecution for charges arising out of this investigation, the time between July 1, 2021, through midnight on June 15, 2022, will be added to the calculation of the limitation period.

7. The United States and Mr. Biden, individually and on behalf of the affiliated businesses, understand and agree that nothing in this agreement shall operate to revive any claim that was barred by the statute of limitations prior to July 1, 2021, and that Mr. Biden and the affiliated businesses reserve the right to assert any statute of limitations or other defenses that were available to them as of that date. The parties further agree that the act of entering into this agreement does not constitute an admission by Mr. Biden or the affiliated businesses of any fault, wrongdoing, or liability or to the existence of jurisdiction over any acts or omissions of Mr. Biden. Neither this agreement nor the substance of its contents is admissible as evidence for any purpose in any proceeding, except a proceeding involving the application or interpretation of this agreement itself.

8. This agreement constitutes the entire agreement of the parties and may only be modified in writing signed by the parties.

DAVID C. WEISS  
United States Attorney  
District of Delaware

3/21/22  
DATE

By: _____  
Lesley F. Wolf  
Assistant United States Attorney

STUART M. GOLDBERG  
Acting Deputy Assistant Attorney General  
Tax Division  
United States Department of Justice

3/22/22  
DATE

By: _____  
Mark F. Daly, Esq.  
Senior Litigation Counsel  
Department of Justice, Tax Division

2

3/21/22  
DATE

By: _/s/ Robert H. Biden_  
Robert H. Biden

3/21/22  
DATE

By: _/s/ Robert H. Biden_  
Robert H. Biden on behalf of Owasco, P.C. and Owasco LLC

3/21/22  
DATE

By: _/s/ Christopher Clark /THM_  
Christopher Clark, Esq.  
Counsel for Mr. Biden, Owasco, P.C. and Owasco LLC

3