DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail:    Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00599-MCS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS 2, 4, AND 6 OF THE INDICTMENT IN PART FOR DUPLICITY |
| v. | |
| ROBERT HUNTER BIDEN, | |
| Defendant. | Hearing Date: March 27, 2024<br>Hearing Time: 1:00 p.m.<br>Location: Courtroom of the Hon. Mark C. Scarsi |

    Plaintiff United States of America, by and through its counsel, hereby opposes the defendant's motion to dismiss Count 2, 4 and 6 for duplicity (Dkt. 30) (the "Motion").

//
//
//
//

This opposition is based upon the attached memorandum of points and authorities, the filings and records in this case, and any further argument as the Court may deem necessary.

Dated:   March 8, 2024                    Respectfully submitted,

DAVID C. WEISS
Special Counsel

LEO J. WISE
Principal Senior Assistant Special Counsel

_____
DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

The defendant seeks pretrial dismissal of three counts of the Indictment based on alleged duplicity; namely, two counts of willful failure to pay tax (Count 2 and 4) and one count of attempted evasion of assessment of tax (Count 6).

Consistent with the Ninth Circuit's law on late-arising willfulness in tax cases, the failure to pay counts each allege alternative dates on which the defendant's failure to pay became willful, not two offenses. But even if those counts were duplicitous, the Court should deny the motion as pretrial dismissal would not be the proper remedy. Rather, any duplicity should be remedied by the jury instructions.

The evasion charge in Count 6 alleges that the claiming of personal expenses as business expenses on a Form 1120 resulted in income to the defendant that was unreported on the false Form 1040 he filed. The defendant misreads the Indictment in asserting that Count 6 charges two crimes. Count 6 plainly charges one crime, evasion of assessment for 2018. In any event, the Court should deny the motion with respect to Count 6 because, as noted above, any duplicity would be properly remedied with jury instructions, not dismissal.

**I.    THE INDICTMENT**

Counts 2 and 4 charge the defendant with willfully failing to pay his individual income taxes, for, respectively, the 2017 and 2018 tax years. The counts each provide alternative dates for when the crimes occurred. Specifically, Count 2 alleges that the defendant willfully failed to pay his taxes on April 17, 2018, the date that the tax was due, and, in the alternative, February 18, 2020, the date that the defendant filed his delinquent 2017 Form 1040. Dkt 1. at ¶¶ 84, 85, 89. In a similar vein, Count 4 alleges two dates that the crime of willful failure to pay the defendant's 2018 income taxes occurred: on April 15, 2019, the date that the tax was due; and February 18, 2020, the date that the defendant filed his delinquent 2018 Form 1040. *Id.* at ¶¶ 98, 99, 104, 105.

Count 6 charges the defendant with evasion of assessment of his 2018 individual income taxes. The defendant's scheme to evade his taxes was accomplished by

misclassifying his personal expenses, be they from his own funds or from his use of Owasco, PC's funds, as corporate expenses. *Id.* at ¶ 123 (payments to various women misclassified as wages and deducted as business expenses), ¶¶ 124-127 (personal travel expenses and payment to a family member utilizing personal funds deducted as business expense), ¶ 136 (personal expenses charged to business line of credit paid down with corporate funds and deducted as business expense), ¶ 142 (payments to various women misclassified as wages and deducted as business expenses). Because these false business deductions were payments of the defendant's personal expenses, they should have been reported as income to him, and not deducted as business expenses, on Owasco, PC's Form 1120. *Id.* at ¶ 144. Because the defendant caused Owasco, PC to improperly record his personal expenses as business expenses, and not income to him, he falsely underreported his income from Owasco, PC, on line 6 of his 2018 Form 1040. *Id.* As a result, on his Form 1040 he self-assessed a lower amount of tax due and owing than was accurate. *Id.*

## II.   LEGAL STANDARD

"Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). On the other hand, an indictment is not duplicitous where one count "merely state[s] multiple ways of committing the same offense." *United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006). This is because "[s]ome crimes can be committed by several alternative means" and "[i]t is proper for the government to charge different means of a crime connected by conjunctions in the indictment when the means are listed disjunctively in the statute." *United States v. Renteria,* 557 F.3d 1003, 1008 (9th Cir. 2009).

In reviewing an indictment for duplicity, the correct inquiry is not whether the evidence introduced at trial supports charging several crimes, but whether the "indictment itself can be read to charge only one violation in each count." *United States v. Martin*, 4 F.3d 757, 759 (9th Cir. 1993).

## III. ARGUMENT

None of the counts in the Indictment are duplicitous. Therefore, the motion to dismiss should be denied.

### A. Defendant's Motion Should be Dismissed Because the Issue of Whether to Give a Unanimity Instruction is Not Yet Ripe.

The defendant's duplicity argument as to Counts 2 and 4 rests on his concern that the allegation of two alternate dates on which the offenses in Counts 2 and 4 occurred, "poses a risk of conviction despite a lack of unanimity, where the jury convicts on these counts but does not come to an agreement on what year the violation took place." Motion at 1. Similarly, the defendant's argument as to Count 6 confuses duplicity with the question of whether a unanimity instruction is appropriate: "Similarly, Count 6 charges that Mr. Biden prepared or caused to be prepared a false or fraudulent 2018 Form 1040 and, entirely independently, that Mr. Biden claimed personal expenses as business expenses on a 2018 Form 1120. This joining of two potential violations into one again risks a lack of unanimity as the jury could convict on this single count, with a jury unanimous that some crime has been committed but not be unanimous as to which one." Motion at 1.

The risk identified above, assuming it exists, does not establish duplicity. Rather, if that risk exists, it could potentially require that the court administer a specific unanimity instruction. The Ninth Circuit's decision in *United States v. Gonzalez* is instructive on this point:

> In the typical case, a district court's general unanimity instruction to the jury adequately protects a defendant's right to a unanimous jury verdict. *United States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011). However, a general unanimity instruction alone is insufficient "if it appears 'that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different

3

acts.'" *Id*. (quoting *United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983)). In such circumstances, a specific unanimity instruction is required. 786 F.3d 714, 717 (9th Cir. 2015). The government does not concede at this stage in the proceeding that a unanimity instruction is required. That issue will become ripe after the presentation of evidence when the Court fashions the instructions it intends to give to the jury.

Within this Circuit, courts routinely deny such motions and reserve determination of the need for a unanimity instruction for trial. *See*, *e.g.*, *United States v. Yagman*, CR 06-227(A) SVW, 2007 WL 9724388 at *9-10 (C.D. Cal. May 3, 2007) ("To the extent that Defendant is concerned that he may be convicted despite a non-unanimous verdict, this fear could be remedied at the appropriate time by a special jury instruction or interrogatories"). Further, the Ninth Circuit has expressly found that a unanimity instruction is appropriate in a case where multiple acts of evasion are alleged. *See United States v. Corona*, 359 Fed. Appx. 848, 853 (9th Cir. 2009).

While the Court should deny the motion on the merits, it would also be appropriate for the Court to deny the motion because the question of whether a unanimity instruction is required is not ripe for resolution.

**B. Counts 2 and 4 Properly Allege Two Possible Dates for One Crime**

Contrary to the defendant's claim, Counts 2 and 4 do not each "involve[] two separate alleged violations of the federal tax laws." Motion at 3. Rather, they both properly allege the commission of a single crime, willful failure to pay taxes, that was committed on one of two dates: either the dates that the taxes were due, or the dates that the defendant filed his delinquent returns on which he self-assessed, but did not pay, a tax due and owing. Here, pleading alternative dates is proper to accommodate the possibility of late-arising willfulness. Indeed, by charging this way, the Indictment gives notice to the defendant about the possibility of late-arising willfulness.

As discussed in the Government's Opposition to Defendant's Motion to Dismiss

Count 1 as Untimely (Dkt. 38), the Ninth Circuit has endorsed the principle of late-arising willfulness in tax cases. Willfulness for criminal tax violations is a "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 200-01 (1991). Proving willfulness is a subjective, fact-specific inquiry that focuses on the defendant's state of mind. *Id.* at 201-202. The Ninth Circuit has expressly held that, for a willful failure to pay charge, "[t]he period of limitation begins to run not when the taxes are assessed or when payment is demanded, but rather when the failure to pay the tax becomes willful - an essential element of the crime." *United States v. Andros*, 484 F.2d 531, 532 (9th Cir. 1973), effectively overruled on other grounds by *United States v. Easterday*, 564 F.3d 1004, 1005 (9th Cir. 2009). Here, the Indictment properly alleges alternative dates for the commission of the crimes to account for the possibility that the jury could conclude that the defendant lacked willfulness at the time the taxes were due. The Indictment thus alleges a single offense each in Counts 2 and 4. When the defendant's conduct became willful for each count is a question for the jury to decide.

### C. Count 6 Charges a Single Offense

Contrary to the defendant's argument, including allegations regarding the Form 1120 in Count 6 does not constitute charging a second crime. Motion at 1. Count 6 charges a single offense – the evasion of assessment of the defendant's 2018 individual income taxes – that is committed by multiple means. Evasion of assessment has three elements: (1) an affirmative act constituting an attempt to evade or defeat a tax; (2) an additional tax due and owing; and (3) willfulness. *Sansone v. United States*, 380 U.S. 343, 351 (1965).

The defendant's duplicity argument for Count 6 rests solely on the incorrect view that in considering an evasion count a jury cannot consider multiple returns as acts of evasion, Motion at 3, but tax evasion can (and often does) involve multiple false returns. *See, e.g., United States v. Orrock*, 23 F.4th 1203, 1206 (9th Cir. 2022) (defendant was charged with affirmative acts of evasion that included filing a false individual income tax return and a false partnership return). Indeed, "the government may prosecute a defendant

5

for any acts furthering the evasion of taxes." *Id*. at 1207. This is consistent with the broader principle that an indictment may charge "multiple ways of committing the same offense." *Arreola*, 467 F.3d at 1161. The defendant was charged with a single count of tax evasion, committed by multiple affirmative acts of evasion, including the filing of two false returns. There is no duplicity.

Moreover, the falsities on Owasco, PC's Form 1120 are relevant to all three elements of evasion. First, by falsely telling the return preparers that his personal expenses were business expenses, the defendant committed acts of evasion. Second, by underreporting the income that he received income from Owasco, PC on his 2018 Form 1040, the defendant falsely claimed that his tax due and owing was less than it should have been. Third, the defendant's false representations to the return preparers regarding his personal expenses are evidence of his willfulness. *See*, *e.g.*, *United States v. Bishop*, 264 F.3d 535, 552 (5th Cir. 2001). Because the allegations regarding the preparation of Owasco, PC's Form 1120 are integral to the evasion charge and proof of all three elements, the Court should deny the defendant's motion.

**IV.   CONCLUSION**

For the foregoing reasons, the defendant's motion should be denied.