DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail:    Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00599-MCS |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS 1-4 FOR IMPROPER VENUE |
| ROBERT HUNTER BIDEN, | |
| Defendant. | Hearing Date: March 27, 2024<br>Hearing Time: 1:00 p.m.<br>Location: Courtroom of the Hon. Mark C. Scarsi |

      Plaintiff United States of America, by and through its counsel, hereby opposes defendant's motion to dismiss counts 1-4 for improper venue (Dkt. 32) (the "Motion").

//
//
//
//
//
//

This opposition is based upon the attached memorandum of points and authorities, the filings and records in this case, and any further argument as the Court may deem necessary.

Dated:   March 8, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

LEO J. WISE
Principal Senior Assistant Special Counsel

_____
DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

On December 7, 2023, a federal grand jury in the Central District of California returned an Indictment charging the defendant with multiple tax crimes, including failure to file or pay taxes, in violation of 26 U.S.C. § 7203 (Counts One, Two, Three, Four, Five, and Nine), attempted evasion of assessment, in violation of 26 U.S.C. § 7201 (Count Six), and filing a false and fraudulent tax return, in violation of 26 U.S.C. § 7206 (Counts Seven and Eight). Dkt. 1. The defendant moves to dismiss Counts 1 through 4 of the Indictment based on his factual assertion that, "Mr. Biden moved to California in summer of 2019." Motion at p. 1. That is the sole reason why he argues venue is improper. Because such a factual assertion, made pretrial, is not a proper basis to dismiss an indictment that is valid on its face, his motion should be denied.

## II.    ARGUMENT

A "defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir 1996) (denying motion to dismiss where "the facts alleged in [the charging instrument], when taken as true, are sufficient to establish venue . . .") (citation omitted) (internal quotation marks omitted). Indeed, "[i]n determining whether an indictment charges a cognizable offense, [the court is] bound by the four corners of the indictment," "must accept the truth of the allegations" contained therein, and "cannot consider evidence that does not appear on the face of the indictment." *See United States v. Kelly*, 874 F.3d 1037, 1047 (9th Cir. 2017). That is precisely what the defendant invites the court to do.

Here, the Indictment alleges:

> At all times relevant to this Indictment:
> Defendant ROBERT HUNTER BIDEN (hereafter "the Defendant")
> was a Georgetown- and Yale-educated lawyer, lobbyist, consultant, and businessperson and, beginning in April 2018, a resident of Los Angeles, California.

Dkt. 1 at ¶ 1.

The Indictment realleges and reincorporates the above paragraph in each Count, including Counts 1 through 4. *Id.* at ¶¶ 49, 66, 90, 92. Count 1 alleges that the defendant failed to pay the income tax due to the Internal Revenue Service ("IRS") when he late filed his 2016 tax return on June 12, 2020. *Id.* at ¶¶ 62, 65. Count 2 alleges that he failed to pay the income tax due to the IRS for calendar year 2017 on April 17, 2018, when he was required by law to pay it, and when he late filed his 2017 return on February 18, 2020. *Id.* at ¶¶ 85, 89. Count 3 alleges that he failed, on or before October 18, 2018, to file his 2017 income tax return. *Id.* at ¶ 91. Count 4 alleges that he failed to pay the income tax due to the IRS for calendar year 2018 on April 15, 2019, when he was required by law to pay it, and when he late filed his 2018 return on February 18, 2020. *Id.* at ¶¶ 99, 105. Each of these dates occur after the Indictment alleges the defendant had become a resident of Los Angeles, California. Because the Indictment expressly alleges that the defendant was a resident of Los Angeles beginning in April 2018, the defendant's assertion that he moved there later cannot be the basis to dismiss those counts in the Indictment.

Overlooking the first paragraph of the Indictment, the defendant makes the further baseless assertion that the "prosecution knows" he moved to California in the summer of 2019. Motion at 2. Purporting to know what is in the minds of prosecutors is an oft repeated tactic throughout the defendant's filings when evidence or authority for his positions is lacking. He obviously does not know what is in the minds of prosecutors and is not entitled to know. These unfounded factual assertions should be disregarded.

The defendant also falsely claims, "during the proceedings in Delaware on July 26, 2023, the prosecution acknowledged that venue in Delaware had to be waived for a plea to the 2017 and 2018 charges *because it was aware* Mr. Biden resided in Washington D.C. at that time." Motion at 1, FN 1 (emphasis added). The two transcript pages he cites do not say anything about his residence in Washington D.C., much less the prosecution's awareness of such a claim. In fact, the first citation he makes to the transcript contains no

mention of venue or where the defendant was living at any time. *See* Exhibit 1, July 26, 2023, Excerpt of Hearing Transcript at 46. The second page he cites states the following:

>THE COURT: All right. Now I want to walk through some of the specific provisions of the agreement. First, venue. Do you have the agreement in front of you?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: All right. So paragraph 1 states that you waive any challenge to the information based on venue. Do you understand that absent that waiver, you could challenge this Court being the appropriate Court to hear these charges?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: By entering this plea you are giving up that challenge?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: Did you discuss that provision with your counsel?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: Again, are you satisfied with the advice that you received?
>
>THE DEFENDANT: Yes, Your Honor.

*Id*. at 60:10-24.

The government provides this full quotation to show that this is not merely a discrepancy in interpretation between the parties about what was said at the hearing. What defense counsel says about the hearing is simply not true. With respect to venue, the transcript reveals only that a waiver of venue was necessary to proceed with charges in the District of Delaware, where the defendant did not reside. Defense counsel's assertions about the hearing's venue implications are another instance of his offering non-realities as "facts" to the Court.[1]

---

[1] Rule 3.3 of the California, New York, and D.C. Rules of Professional Conduct provides that a lawyer shall not knowingly make a false statement of fact or law to a

*(footnote cont'd on next page)*

3

The defendant also asserts that "DOJ approached D.C. U.S. Attorney Matthew Graves about partnering in D.C. on prosecuting these charges (although his Office declined after reviewing the merits of the claims)." In support, he cites an article from the *New York Post*. Motion at 1, FN 1. The article does not say what the defendant claims it does. The article never says that the D.C. U.S. Attorney reviewed the merits of the claims. Instead, it says only that he declined to partner with the Delaware U.S. Attorney's Office because "it would have been too difficult for his office to 'get up to speed on everything.'"[2]

Even if the defendant had offered evidence in support of his claims, it would be irrelevant because the court's inquiry in evaluating a motion to dismiss pursuant to Federal Rule of Criminal Procedure 12 at the pretrial phase is limited to the allegations contained in the Indictment. *United States v. Moran-Garcia*, 966 F.3d 966, 969 (9th Cir. 2020) (explaining that venue is a question of fact for the jury that the government must prove by a preponderance of the evidence, not a question for the court). A factual evaluation of the defendant's residency during the relevant period charged in the Indictment is expressly within the province of the trier of fact.

### III.   CONCLUSION

Accordingly, the defendant's motion should be denied.

---

tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer. Additionally, this Court's Civility and Professionalism Guidelines provide that counsel shall not rely on facts that are not properly part of the record or make unfounded accusations of impropriety (i.e., "prosecution was aware").

[2] Below is the entirety of what the article says about D.C. U.S. Attorney Graves:

> "DC US Attorney Matthew Graves, another Biden appointee, also recently confirmed to the panel that he declined Delaware US attorney David Weiss' request to team up on charges, with Graves saying it would have been too difficult for his office to "get up to speed on everything."

*See* https://nypost.com/2023/10/26/news/us-attorney-martin-estrada-says-he-had-no-resources-to-charge-hunter-biden/ Again, the government provides the full quotation to show that what defense counsel says about the article's contents is simply not true.