Angela M. Machala (State Bar No. 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell (*pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:  (202) 282-5000
Facsimile:  (202) 282-5100

*Attorneys for Robert Hunter Biden*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>ROBERT HUNTER BIDEN,<br><br>  Defendant. | **Case No. 2:23-cr-00599-MCS**<br><br>*Hon. Mark C. Scarsi*<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS THE INDICTMENT FOR DUE PROCESS VIOLATIONS BASED ON OUTRAGEOUS GOVERNMENT CONDUCT**<br><br>Hearing Date:  March 27, 2024<br>Time:  1:00 PM<br>Place:  Courtroom 7C<br><br>REDACTED |

## INTRODUCTION

The prosecution does not refute (indeed it acknowledges) the fundamental basis for Biden having brought this motion: two former IRS agents once charged with investigating him, and who referred and later publicly lobbied for criminal tax charges against him, broke the law by publicly disclosing confidential information in violation of 26 U.S.C § 6103 and Rule 6(e).  (DE42 at 2.)  Rather than reject that premise, the prosecution claims that whether the agents engaged in unauthorized and unlawful disclosures "is irrelevant" because a "judicially created remed[y]" would be improper.  (*Id.* at 1.)  As described in Biden's opening motion, such conduct is incredibly germane to the events that resulted in the instant prosecution, in which Biden has been indicted on nine tax charges in this District (and three felony gun charges in the District of Delaware) based upon the conduct of the two agents.  This conduct included unauthorized grand jury and taxpayer disclosures and a public pressure campaign calling for criminal charges in countless TV interviews, which upped the ante and forced the hand of then-U.S. Attorney Weiss to renege on a plea deal with Biden, only to bring these charges several months later.

The prosecution offers a narrow, distorted view of what actually "resulted" from Shapley and Ziegler's conduct.  (*Id.* at 4, 8–9.)  Specifically, it claims "the defendant offers no evidence to support his contention that Shapley and Ziegler's public statements 'result[ed]' in the Special Counsel charging [Biden] with nine tax counts."  (*Id.* at 9.)  Yet the prosecution completely ignores the agents' activities leading up to (and after) July 26, 2023.  After five years of a thorough investigation, DOJ was satisfied with its determination that a felony tax prosecution of Biden was unnecessary, and sent Biden's counsel a framework for a non-charge resolution (a DPA) in May 2023 (DE25-5, Clark Decl. at ¶¶13–14), only to later require a plea to two tax misdemeanors (but no felonies).  Then, after the USAO docketed a misdemeanor tax Information on June 20, 2023 in Delaware, Shapley and Ziegler intervened and took to the halls of Congress and the airwaves (making numerous media appearances) with claims that DOJ

1

1  and the Biden Administration were interfering with the investigation of Biden's taxes.[1]
2  (DE28 at 6–7.)  A few weeks later, after the agents provided closed-door testimony to
3  Congress and hired outside counsel, Republicans in the House Ways and Means
4  Committee voted to release *hundreds* of pages of confidential grand jury material and
5  taxpayer information received from Shapley and Ziegler earlier that spring—in
6  violation of numerous federal laws.  (*Id.* at 12.)  In so doing, Shapley and Ziegler *caused*
7  to be dumped into the public the IRS's investigative case files of Biden.

   This unprecedented disclosure of confidential grand jury and taxpayer materials for an active investigation—including confidential return information, DOJ and IRS interview memos, agents' timelines and handwritten notes, subpoenaed records, private text and WhatsApp messages, and agents' and prosecutors' email communications—together with the two agents' media campaign in spring and summer 2023, prompted unrelenting congressional investigation by three GOP House committees.[2]  The pressure reached a fever-pitch by the time of Biden's plea hearing in Delaware on July 26, 2023, and by August, Weiss seemingly decided a plea deal resolving the tax case with just two tax misdemeanor charges was no longer politically palatable, and sought Special Counsel status in Biden's case on August 11.  With no change in either the *facts* or *law* in Biden's case, the Special Counsel reneged on the deal he himself had helped negotiate and filed gun and then tax charges against Biden in Delaware and California, which now included felonies for the first time.

---

[1] *See, e.g.*, *IRS Whistleblower In Hunter Biden Case Says He 'Felt Handcuffed' During 5-Year Investigation*, CBS (July 19, 2023); *IRS Whistleblower Joseph Ziegler Joins The Lead In His First Televised Interview Since Testifying Before Congress*, CNN (July 20, 2023).

[2] The same Republicans who applaud the acts of these IRS agents as purported "whistleblowers" who unlawfully publicly disclosed Biden's confidential tax information have hypocritically attacked the Biden Administration for not insisting on more severe punishment of an IRS agent who unlawfully leaked Donald Trump's confidential tax information.  *See* Ways And Means Republicans Demand DOJ Answer For Inadequate Charging Decisions For ProPublica Leaker (Nov. 8, 2023), *available at* https://waysandmeans.house.gov.  That leaker actually was prosecuted and sentenced to prison for five years, however, while the two agents praised by Republicans have not.

# ARGUMENT

## I. BIDEN HAS DEMONSTRATED CLEAR MISCONDUCT BY THE INVESTIGATING AGENTS, WHICH WARRANTS DISMISSAL OF THE INDICTMENT

The misconduct of the agents leading up to July 26, and after, that eventually resulted in tax charges is not "irrelevant" in this story, as the prosecution claims, and the Court should not ignore that their conduct above all else spawned the cascading events that culminated in Weiss reneging on the deal and indicting Biden on nine tax charges in this District. As The New York Times noted, Weiss was at one point "willing to forgo any prosecution of Mr. Biden at all," without even as much as a plea deal before the IRS agents accused DOJ of interfering.[3] That position was no longer politically tolerable after Shapley and Ziegler made it their mission to intervene. As noted, *supra* at 2, the required "nexus between" (DE42 at 6) the agents' outrageous misconduct, which led to the government's formal withdrawal of the plea and diversion agreements on August 9, 2023, and the tax charges then brought, could not be any clearer. *See, e.g.*, *United States v. Samango*, 607 F.2d 877, 885 (9th Cir. 1979) (testimony by an investigating agent laden with conclusory statements about events in which the agent was not involved led to an eleventh-hour indictment of defendant).

For its part, the prosecution blatantly ignores the evidence offered by Biden that shows "the charges *resulted from* Shapley and Ziegler's conduct." (DE42 at 1 (emphasis added); *see also id.* at 4 (claiming Biden "offers no evidence that the charges in this case 'resulted from'" the agents' misconduct).) For instance, on the very evening (December 8) that the prosecution filed nine tax charges in this District—based on the same tax issues that had been investigated and then referred for criminal prosecution by then-case agents Shapley and Ziegler—Shapley and Ziegler issued a joint statement,

---

[3] Michael Schmidt et al., *Inside The Collapse Of Hunter Biden's Plea Deal*, N.Y. Times (Aug. 19, 2023), https://www.nytimes.com/2023/08/19/us/politics/inside-hunter-biden-plea-deal.html. The article does not disclose the source.

3

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS BASED ON OUTRAGEOUS GOVERNMENT CONDUCT – CASE NO. 2:23-CR-00599-MCS-1

hailing the Indictment as "complete vindication of our thorough investigation . . ."[4] (DE28 at 12.) Thus, the tax Indictment of Biden was a *direct result* of Ziegler and Shapley's public conduct—both their testimony to Congress in May and June 2023 and their efforts to unlawfully share confidential taxpayer and grand jury information about the investigation, and their repeated TV appearances, which forced Weiss's hand to renege on the deal he had agreed to. A joint statement by the very law enforcement agents once charged with leading the investigation of Biden (let alone a supervisor like Shapley) is unprecedented.[5] Appearing on Fox News on December 14, 2023 to discuss the charges, Shapley again discussed evidence and testimony he and Ziegler provided to Congress, which he believed support the tax charges in this prosecution. (*Id.* at 13.)

On the issue of Shapley and Ziegler's Section 6103 violations, the prosecution falls back on *United States v. Michaelian*, 803 F.2d 1042 (9th Cir. 1986), to suggest that dismissal of the Indictment is not warranted here (DE42 at 3), and instead emphasizes alternative remedies available to Biden for Section 6103 violations. (*Id.* at 2–3.) But the prosecution misstates Biden's argument. He is not claiming that a Section 6103 violation alone warrants dismissal, but rather constitutes one more data point in the larger panoply of government misconduct that, when taken together, demonstrates an obvious and gross violation of his constitutional rights.

And so of course the prosecution ignores that Biden described *more* than just Section 6103 violations by these two agents. He explained that "[b]etween May 24 and December 14, 2023, Messrs. Shapley and Ziegler gave roughly 10 public interviews in

---

[4] Brooke Singman, *IRS Whistleblowers: Hunter Biden Indictment Is A 'Complete Vindication' Of Investigation, Allegations*, Fox News (Dec. 8, 2023).

[5] The prosecution's complaint that Biden has not cited a single case in which a court dismissed an indictment where law enforcement agents' public statements were made when "they were no longer working on" the case is completely disingenuous and lacks any merit. (DE 42 at 9.) Such an argument may carry water when the agents *had said or disclosed* one thing or another, were quickly removed from the case, and just moved on. The present situation is completely opposite. These agents were removed but they did not just go home or find the next investigation at IRS; instead, they breached the IRS chain of command, took to the air waves, and launched a public campaign in the media to pressure Weiss to change his decision and renege on his deal with Biden.

which they discussed the ongoing investigation of Mr. Biden [and] confidential grand jury information *in breach of Rule 6(e)*." (DE28 at 3 (emphasis added).) Moreover, the agents' "duties to protect . . . *Rule 6(e) information* were unambiguously violated here." (*Id.* at 17 (emphasis added).) On this point, the prosecution's reliance on *United States v. Williams* is unavailing—where the conduct at issue "violates 'clear' rules designed to protect the fairness of the . . . grand jury," dismissal of an indictment is warranted. (DE42 at 15 (citing 504 U.S. 36, 45–46 (1992)).) The "clear" rule designed to protect Biden and confidential grand jury information in this scenario, Rule 6(e), was deliberately violated by Shapley and Ziegler once they learned that Weiss intended to resolve the investigation without prosecution and agreed in June to only two tax misdemeanors with Biden.

Additionally, the prosecution tries to hide behind the claim—albeit incorrectly—that "[t]he agents' actions came after their participation in the investigation [had] *concluded*" (DE42 at 2 (emphasis added)), and the at-issue conduct was only "after they *ceased* working on this case." (*Id.* at 1 (emphasis added); *see also id.* at 9–10.) That is not true. The declaration of Special Agent Michael Batdorf makes clear that only in May 2023 did IRS-CI take "steps to replace" the two agents and other members of the investigative team (new investigators were assigned on May 15, 2023). (DE42-1, Batdorf Decl. ¶5.) However, public statements disclosing Biden's confidential return information began, at the latest, a month prior, when then-case agents Shapley and Ziegler went public with claims that DOJ was interfering with the investigation of Biden's taxes. On April 19, 2023, Shapley, through his lawyer, sent a letter to Congress disclosing confidential return information about Biden—described as an "ongoing and sensitive investigation of a high-profile, controversial subject."[6] (DE28 at 3.) Shapley then requested that he be allowed to disclose, among other things, "examples of

---

[6] Letter from Mark D. Lytle, Attorney of Mr. Shapley, to Members of Congress at 34 (April 19, 2023), https://waysandmeans.house.gov/wp-content/uploads/2023/06/Whistleblower-1-Transcript_Redacted.pdf.

1 preferential treatment and politics improperly infecting decisions and protocols." (*Id.*
2 at 34–35.) National media outlets immediately reported that the letter was referring to
3 the investigation of Biden. (*Id.* at 3–4.)

## II. THE GOVERNMENT DID NOT TAKE DECISIVE STEPS TO PREVENT THE AGENTS' MISCONDUCT, WHICH FURTHER WARRANTS DISMISSAL OF THE INDICTMENT

7 The prosecution also wants the Court to believe, mistakenly, that the government
8 (i.e., the IRS) "took" certain decisive action to "address Shapley and Ziegler's decision
9 to make public statements." (DE42 at 10.) Its principal argument is that on May 25,
10 2023, the day before Shapley testified to Congress for the first time, IRS officials sent
11 an agency-wide email to all IRS personnel, including these two agents, "providing
12 guidance on 'options' for reporting 'potential wrongdoing involving'" Section 6103 and
13 Rule 6(e) information. (*Id.* at 11.) To be clear: sending (and relying upon) a
14 communication to *all* IRS Services and Enforcement employees in no way constitutes
15 "taking action" to curtail specific misconduct. An agency-wide email to *all* employees
16 is hardly an act of telling Shapley and Ziegler to cease their disclosures or doing further
17 congressional and TV appearances. Indeed, the prosecution's reliance on this as
18 justification that it "took" action to stop these whistleblowers demonstrates just how
19 desperate the government is to make it seem as though it acted at all in those moments.

20 Additionally, the prosecution offers a flimsy justification that ▇▇▇▇
21 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
22 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇
23 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
24 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
25 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
26 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
27 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
28 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

| | |
|---|---|
| 1 | ████████ ████████████████████████████████████████ |
| 2 | ████████████████████████████████████████████████████ |
| 3 | ████████████████████████████████████████████████████ |
| 4 | ████████████████████████████████████████████████████ |
| 5 | ████████████████████████████████████████████████████ |
| 6 | ████████████████████████████████████████████████████ |
| 7 | ████████████████████████████████████████████████████ |
| 8 | ████████████████████████████████████████████████████ |
| 9 | ████████████████████████████████████████████████████ |
| 10 | ████████████████████████████████████████████████████ |
| 11 | ████████████████████████████████████████████████████ |
| 12 | ████████████████████████████████████████████████████ |
| 13 | ████████████████████ |

14   In fact, after the ████████, Shapley and Ziegler continued unabated to engage
15 in unlawful disclosures and Rule 6(e) violations. To note just a few examples:

- June 28: Shapley told CBS News that punishment for Biden's conduct was warranted and described alleged "[p]ersonal expenses that were taken as business expenses—prostitutes, sex club memberships, hotel rooms for purported drug dealers" and claimed that "from 2014 to 2019 [Biden owed] $2.2 million [in unpaid taxes]." (DE28 at 8);
- July 20: Ziegler stated on CNN that "the four assigned prosecutors to [Biden's] case agreed with recommending felony and misdemeanor charges for Hunter Biden." Ziegler also stated that he recommended that Biden should be charged with "felony and misdemeanor tax charges related to 2017, 2018 and 2019" for evasion of income tax. (*Id.* at 9);

7

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS BASED ON OUTRAGEOUS GOVERNMENT
CONDUCT – CASE NO. 2:23-CR-00599-MCS-1

- July 24: Ziegler asserted on a podcast there were "deduction[s] that [were] taken on [Biden's] tax return" that contradicted statements made in his book of business and alleged Biden incorrectly described certain payments as loans, which constituted "clear cut tax evasion." Ziegler also claimed that Biden had "delinquent taxes" and his activities showed "a willful intent to either deceive or make it so that income is not reported." (*Id.* at 9–10); and

- August 11: Shapley appeared on CNN and repeated many of his prior comments, stating again that Biden was "provided preferential treatment" and "[the United States Attorney's Office] stymied investigative steps." He publicly disclosed Biden's confidential return information and his potential tax liability. (*Id.* at 11.)

At no point after ▉▉▉▉▉▉, did DOJ or the IRS instruct Shapley or Ziegler, either personally or through their authorized legal representatives, to refrain from publicly and unlawfully disclosing protected taxpayer and grand jury information, much less take decisive steps to prevent either employee from doing so.

One of only two actions the prosecution can concretely point to is on May 19, 2023, when an IRS Assistant Special Agent in Charge emailed Ziegler re: "Reminder-Chain of Command" to remind him of his obligations, and offered the following rebuke:

> You have been told several times that you need to follow your chain of command. IRS-CI maintains a chain of command for numerous reasons to include trying to stop unauthorized disclosures. Your email yesterday *may have included potential grand jury (aka 6e material)* in the subject line and contents of the email, and you included recipients that are not on the 6e list. . . .

(DE28 at 17 (emphasis added).) Ziegler, however, ignored this warning from ASAIC Watson and despite being told of potential 6(e) violations, he went on to do several other media appearances and public interviews in which he discussed and revealed Biden's confidential return information and grand jury details, without authorization to do so. If there was any "doubt" about whether Ziegler had willfully and knowingly violated Rule 6(e), the proof was staring him in the face.

Case 2:23-cr-00599-MCS   Document 49   Filed 03/18/24   Page 10 of 11   Page ID #:1003

1   The other "responsible step" (DE42 at 10) that prosecutors claim the government
2   took is addressed in Exhibit 2 (under seal, Order at DE44), ████████
3   ████████████████████████████████████████████████████████████
4   ████████████████████████████████████████████████████████████
5   ████████████████████████████████████████████████████████████
6   ████████████████████████████████████████████████████████████
7   ████████████████████████████████████████████████████████████
8   ████████████████████████████████████████████████████████████
9   ████████████████████████████████████████████████████████████
10  ████████████████████████████████████████████████████████████
11  ████████████████████████████████████████████████████████████
12  ████████████████████████████████████████████████████████████
13  ████████████████████████████████████████████████████████████
14  ████████████████████████████████████████████████████████████
15  ████████████████████████████████████████████████████████████
16  ████████████████████████████████████████████████████████████
17  ████████████████████████████████████████████ To this day, other
18  than removing them from the case in May 2023, it does not appear the government has
19  reprimanded (let alone investigated or charged) these agents, and by the time something
20  gets done it may already be too late in Biden's case.
21      In sharp contrast to how DOJ and the IRS usually treat those who leak
22  confidential tax information, neither Shapley nor Ziegler have been prosecuted, fired
23  from their jobs, or even instructed to stop making unlawful disclosures.  In this same
24  time frame, another high-profile IRS leaker disclosed confidential tax information
25  concerning former President Trump and was sentenced to prison for five years, although
26  he was not as brazen as Shapley and Ziegler by committing his crime repeatedly on live
27  television. *See United States v. Charles E. Littlejohn*, No. 23-cr-00343-ACR (D.D.C.
28  2023).  Without acknowledging the blatant hypocrisy, many extremist politicians

9
DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS BASED ON OUTRAGEOUS GOVERNMENT
CONDUCT – CASE NO. 2:23-CR-00599-MCS-1

complain that Trump's leaker got off easy, but praise Shapley and Ziegler for their unlawful disclosures concerning Biden.[7]

## CONCLUSION

There is no doubt that the agents' actions in spring and summer 2023 substantially influenced then-U.S. Attorney Weiss's decision to renege on the plea deal last summer, and resulted in the now-Special Counsel's decision to indict Biden in this District. In the process, the agents' duties to protect confidential grand jury, taxpayer, and Rule 6(e) information were unambiguously violated and their conduct has robbed Biden of his right to due process of law. Accordingly, the Court should dismiss the Indictment filed against Biden as the first step in preventing prejudice and further harm to Biden and to restore some semblance of justice here.

Date: March 18, 2024

Respectfully submitted,

By: */s/ Angela M. Machala*
Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorneys for Robert Hunter Biden*

---

[7] *Chairman Jordan Opens Inquiry Into DOJ's Sweetheart Deal For Trump Tax Return Leaker*, H. Judiciary Comm. (Feb. 8, 2024), *available at* https://judiciary.house.gov/; Arjun Singh, *Top GOP Rep Calls On More Whistleblowers To Come Forward, Pledges 'Zero Tolerance' For Retaliation*, Daily Caller (July 19, 2023).