Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Abbe David Lowell (*pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
Kyllan J. Gilmore
KGilmore@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone:  (202) 282-5000
Facsimile:   (202) 282-5100

*Attorneys for Robert Hunter Biden*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | **Case No. 2:23-cr-00599-MCS-1**<br><br>*Hon. Mark C. Scarsi*<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS COUNTS 1–4 FOR IMPROPER VENUE**<br><br>Date: March 27, 2024<br>Time: 1:00 PM<br>Place: Courtroom 7C |

# INTRODUCTION

Counts 1–4 of the Indictment accuse Biden of willfully failing to timely pay and file his taxes for years 2016–2018, but there can be no question that venue for those charges does not exist in this district. Taxes must be paid and returns must be filed in the jurisdiction in which a taxpayer maintains his legal residence. *See* 26 U.S.C. § 6091(b)(1)(A)(i); *see also* Criminal Tax Manual ("CTM") § 10.06[5] (2024). The offense of willful failure to pay is complete when all elements are present, i.e., a failure to pay becomes willful, and failure to file offenses accrue on the final filing deadline, including any extensions. (*See* DE29 at 5–6; CTM §7.02[2]; *id*. §10.06[6].[1]) The last of the deadlines applicable to these counts was the date Biden's 2018 tax returns were due on April 15, 2019, but Biden did not move to California until after that date had passed in May 2019. As Biden was not domiciled in California at the time of the alleged offenses, venue is not appropriate here. *See* CTM § 10.06[5] (citing cases recognizing a defendant's right to be charged in the venue where they resided at the time of the offense).

Biden did not become a legal resident of California until he moved to California with the subjective intention of making it his primary and permanent residence in May 2019. *See* CTM § 10.05[7] (citing *United States v. Taylor*, 828 F.2d 630, 632–34 (10th Cir. 1987)). Although, like many Americans, he had travelled to California before then, California was never his legal residency before that point, and he never intended it to be. Thus, Biden was not a resident of California when he is accused to have committed the offenses charged in Counts 1–4, and they must be dismissed for a lack of venue.

---

[1] As discussed at length in the contemporaneously filed Reply In Support Of Defendant's Motion To Dismiss Count 1 As Untimely, Or, In The Alternative To Dismiss All Counts For Failure To State A Claim And Lack Of Specificity, the prosecution's late arising willfulness argument for Count 1 is undermined by the fact that the prosecution alleges willfulness on the day payment was due for every other failure to pay charge. Additionally, in Counts 2 and 4, the allegation that Biden willfully failed to pay for a second time when he late filed his returns is both a duplicitous charge (DE30 (Motion to Dismiss for Duplicity)) and, if correct, totally irrelevant. Both parties understand that the concept of late arising willfulness is simply another way to state that "[a] crime is complete as soon as every element in the crime occurs." (*United States v. Musacchio*, 968 F.2d 782, 790 (9th Cir. 1991); *see* DE38 at 8.) The prosecution alleges that all elements of the crime occurred on the day that payment was due.

The prosecution's response boils down to the single *erroneous* assertion that the Court must accept its claim that Biden "was a resident of Los Angeles beginning in April 2018." (DE41 at 2.)  The prosecution insists that is what it charged in the Indictment, and it accuses Biden of misstating the record by saying the prosecution knows that is untrue. *Id.* at 3.[2]  It goes so far as to suggest Biden's counsel acted unethically, citing the Rules of Professional Conduct and this Court's Civility and Professionalism Guidelines.  *Id.* at 3, n.1.  Both aspects of what Biden's motion stated are accurate—the prosecution *knew* venue was improper in Delaware, and *knew* he resided in D.C. at the time.

It is the prosecution that should reread those rules, as its version of events is *contradicted* by the its *own court filings* in Delaware, as well as Biden's memoir (which the prosecution is quick to quote when it suits them) and other matters of public record. *See United States v. Biden*, No. 23-mj-00274-MN-1 (D. Del. 2023), DE1 (alleging Biden resided in Washington, D.C. in 2017 and 2018).  Principles of judicial estoppel prevent the prosecution, like any other litigant, from arguing inconsistent positions before different courts.  *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  And although the Court generally must accept an Indictment's factual allegations, Biden's residency is a legal assertion to which the Court owes no deference.  Moreover, the Court need not accept factual assertions that are conclusory or inconsistent with the record or facts of which the Court may take judicial notice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The facts here, including those of which Biden asks the Court to take judicial notice in his contemporaneously filed Request for Judicial Notice, fully contradict the claim that Biden became a California resident before summer of 2019.  Counts 1-4 must therefore be dismissed for improper venue.

---

[2] The prosecution quotes the Delaware transcript to show that while it acknowledged venue was improper in Delaware, it did not say venue was proper in Washington, D.C. (DE41 at 3 (quoting 7/26/2023 Tr. at 47, 60).)  That is true.  But, as explained below, the prosecution already told the Delaware court (and the world) through the Informations it filed that venue lies in Washington, D.C., because Biden lived there in the relevant years.

2

# ARGUMENT

## I. VENUE LIES IN THE DISTRICT OF THE TAXPAYER'S LEGAL RESIDENCE WHEN THE RETURNS WERE DUE OR THE FAILURE TO TIMELY PAY BECOMES WILLFUL

Individuals must file their tax returns "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return." 26 U.S.C. § 6091(b)(1)(A)(i); CTM § 10.06[5]. "'Legal residence' means the permanent fixed place of the abode which one intends to his residence and to return to despite temporary residences elsewhere, or absences." CTM §10.05[7] (citing *Taylor*, 828 F.2d at 632–34.). Similarly, individuals must pay "at the place fixed for filing the return." CTM §10.06[5]. Thus, when one willfully fails to pay or file taxes when they were due, he or she has committed the offense in his or her district of legal residence. *See United States v. Hicks*, 947 F.2d 1359, 1361 (9th Cir. 1991).

The Constitution requires that venue lie in the district where a crime was committed. *See* U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; *see also* Fed. R. Crim. P. 18 ("All prosecutions for crimes or offense shall be had within the division of such districts where the same were committed. . . ."). The parties agree "[a] crime is complete as soon as every element of the crime occurs." (*Musacchio*, 968 F.2d at 790; *see* DE38 at 8.) As noted, for failure to pay charges, that is the place payment is owed when the failure first becomes willful, and for failure to file claims, it is where the filing was *due*. (DE29 at 5–6; CTM § 7.02[2]; *id*. § 10.06[6].)[3] Here, the Indictment alleges the defendant failed to timely file and his first failure to willfully pay taxes was when they were due, it alleges those offenses occurred in the defendant's district of legal residence at the time.

---

[3] The CTM notes that because the payment is due where filings are due, and because DOJ generally does not bring failure to pay claims unless the returns were timely filed, "[v]enue would therefore normally be in the district where the return was filed." CTM § 10.06[5]. Here, that is not the case because Biden late filed *after* he moved out of the districts in which those filings, and thus also the payments, were due. The failure to pay offense is still tied to the original filing due date, not late filing date, so the district in which the returns were finally filed is irrelevant to this motion.

## II. BIDEN WAS NOT A RESIDENT OF CALIFORNIA IN APRIL 2018 AND DID NOT BECOME A RESIDENT UNTIL 2019

The prosecution's assertion that Biden became a resident of California in April 2018 is a legal conclusion, not a factual allegation that the Court must accept as true. *Iqbal*, 556 U.S. at 678–79. It is not supported by the factual record because there is no evidence that Biden was a legal resident of California in April 2018.

The prosecution in various filings relies on as source material Biden's memoir, *Beautiful Things* (2021). If they read the entire book, it details Biden merely visiting California before returning home to the East Coast in "fall of 2018," clearly contradicting the prosecution's claim that he was a resident of California at that time. *Beautiful Things* at 198. During his visit to California in summer 2018, Biden explains that he was renting hotel rooms in Los Angeles. *Id.* at 202. He had no permanent home in California then.

Perhaps the prosecution is unintentionally confusing Biden's trip to California in 2018 with his eventual permanent move to California (although it knew better when it previously filed the tax Informations in Delaware), which resulted in his legal residence changing for tax purposes in 2019. Biden moved in with his soon-to-be wife on May 16, 2019. This is the first time he established any semblance of a permanent abode in California, and a few weeks later, Biden and his wife moved into a home together in Southern California, officially establishing California as his legal residence. *Id.* at 238.

## III. JUDICIAL NOTICE AND JUDICIAL ESTOPPEL DICTATE THAT BIDEN WAS A RESIDENT OF WASHINGTON, D.C. IN 2018

The prosecution claims it is nothing more than a "baseless assertion that the 'prosecution knows' he moved to California in the summer of 2019" (DE41 at 2), but that fact is demonstrated by the prosecution's own court filings in Delaware. The Court is generally bound by the four corners of the indictment in deciding a motion to dismiss, but the Court is not required to accept as true allegations "that contradict matters properly subject to judicial notice of by exhibit." *Sprewell*, 266 F.3d at 988. Moreover, the prosecution is barred by judicial estoppel from taking inconsistent positions before

different courts. *See, e.g.*, *Maine*, 532 U.S. at 749; *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 601 (9th Cir. 1996) ("Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position.").

Federal Rule of Evidence 201 creates an exception for judicially noticeable facts. Rule 201 permits a court to notice a fact "if it is not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. This includes proceedings and filings in other courts if those proceedings or filings are related to the matters at issue. *See Grivas v. Metagenics, Inc.*, 2018 WL 6185977, at *2 (C.D. Cal. Jan. 4, 2018). The fact can hardly be disputed when it is a factual claim made by the prosecution itself.

The prosecution created its own judicially noticeable record that contradicts its claim here with its filings in Delaware. *See Biden*, No. 23-mj-00274-MN-1(D. Del. 2023), DE1. The prosecution's about-face about Biden's residence in 2018 is summarized as follows:

***Delaware Tax Information***: The June 20, 2023 tax Information filed against Biden in the District of Delaware by then-U.S. Attorney Weiss states: "During the calendar year 2017, the defendant Robert Hunter Biden, *who was a resident of the District of Columbia. . . .*" (Request for Judicial Notice, Ex. 1 at 1) (emphasis added).[4] The Information further states, "During the calendar year 2018, the defendant Robert Hunter Biden, *who was a resident of the District of Columbia. . . .*" *Id.* (emphasis added).

The prosecution's own words clearly show that it knew Biden was *not* a resident of California during calendar year 2018.[5] The prosecution complains that Biden "obviously

---

[4] Biden is contemporaneously filing a Request for Judicial Notice ("RJN").

[5] Additionally, the fact that Weiss went to D.C. U.S. Attorney Graves in 2022 about bringing tax charges in D.C. is evidence that Weiss believed D.C. might be the proper venue. The prosecution attacks Biden's assertion that "DOJ approached D.C. U.S.

does not know what it is in the minds of prosecutors and is not entitled to know" (DE41 at 2), but there is pretty strong evidence of what is in the "minds" of prosecutors when they write those thoughts down on paper and file those statements with a court. *Biden*, No. 23-mj-00274-MN-1, DE1.

The prosecution had then, as it has now, an ethical and legal obligation to uphold the truth and refrain from making assertions for which it lacks a good faith basis, particularly those that suggest defense counsel may have violated ethical obligations. (DE41 at 3–4, n.1.) The prosecution's statements to the Delaware court about Biden living in Washington, D.C. in the relevant years are accurate. The unsubstantiated and inconsistent statements it has made to this Court asserting that Biden lived in California may be more convenient to the prosecution's legal argument now, but they are not true. This Court should not indulge the prosecution's effort to play fast and loose with the facts.

## IV. BECAUSE BIDEN WAS NOT A LEGAL RESIDENT OF CALIFORNIA WHEN THE ALLEGED CRIMES OCCURRED, VENUE DOES NOT LIE IN CALIFORNIA

Because Biden has a constitutional right to be prosecuted in the district where he is accused of committing a crime, that district cannot be in California for Counts 1–4 because he was not a resident of California until May 2019. Specifically, Biden could not have committed the crime of failure to file his 2017 tax returns in California when he was *required* to file those same tax returns in Washington, D.C. Likewise, Biden could not have committed the crime of failure to pay his 2016, 2017, and 2018 taxes in California when he was *required* to pay those same taxes in Washington, D.C.

---

Attorney Matthew Graves about partnering in D.C. on prosecuting these charges (although his Office declined after reviewing the merits of the claim)." (DE41 at 4.) However, the fact that Graves did explore whether to charge and elected not to bring charges in D.C. has been publicly reported. *See* Annie Grayer & Marshall Cohen, *Top DOJ Prosecutor In DC Refutes Claim That He Blocked Hunter Biden Tax Charges In His District*, CNN (Oct. 13, 2023), *available at* https://www.cnn.com ("Graves offered Weiss a 'high level commitment that we would provide whatever logistical support that he needed' and said his team would explore joining the case."). Regardless, the point is not the actions of Graves, the point is that Weiss's conduct—approaching Graves about bringing tax charges in D.C.—is further evidence that venue for various charges was *not* proper in California and was in D.C.

Counts 1, 2, and 4 allege Biden failed to file his returns on time, yet the prosecution nevertheless proceeds with failure to pay charges. Defense counsel has not identified a single in-Circuit case addressing whether venue can even exist in such a case because, as the CTM notes, "[i]t is unclear whether there is venue for a failure to pay prosecution in the jurisdiction in which the taxpayer resides if there is no return filed." *Id.* If it is "unclear" whether venue can exist in the jurisdiction where the taxpayer *does* reside, then surely venue cannot exist in a jurisdiction where the taxpayer *did not* reside.

Assuming *arguendo* that venue can exist in the jurisdiction the taxpayer resides for failure to pay charges (when the corresponding returns were not filed), venue is still improper because Biden was not a resident of California at the time that payment was due. Count 1 alleges Biden willfully failed to pay his 2016 taxes that were due on April 18, 2017, Count 2 alleges Biden willfully failed to pay his 2017 taxes on April 17, 2018, and Count 4 alleges Biden willfully failed to pay his 2018 on April 15, 2019. Each of these counts allege Biden willfully failed to pay taxes in California that were required to be paid in Washington, D.C. Because Biden was not a legal resident of California until May of 2019, venue cannot properly lie in California.

Count 3 of the Indictment alleges Biden failed to file his 2017 returns by the extended deadline of October 15, 2018. In 2018, Biden was a legal resident of Washington, D.C., not California (RJN, Ex. 1 at 1), so he was required to file his returns in Washington, D.C.[6] Thus, venue for failure to file his 2017 tax returns does not exist in California. Counts 1–4 must therefore be dismissed for improper venue.

---

[6] Not only was Biden not a resident of California on the October 15, 2018 deadline, but the prosecution has alleged Biden *was not even in California* at the time. The June 20, 2023 firearm Information filed by the prosecution in the District of Delaware alleges Biden violated the law, "[o]n or about October 12, 2018, through on or about October 23, 2018, *in the District of Delaware.*" (RJN, Ex. 2 at 1) (emphasis added). *United States v. Biden*, No. 1:23-cr-00061-MN (D. Del. 2023), DE2. The prosecution wants to ask two different juries, in two different districts, to convict Biden of committing two different crimes committed on the exact same day but while he was in two different places, on opposite sides of the country.

# CONCLUSION

Because the Indictment alleges Counts 1–4 occurred before Biden was a legal resident of California and was required to file and pay his taxes elsewhere, venue is not proper in California for these charges. Accordingly, they must be dismissed from the Indictment pursuant to Federal Rule of Criminal Procedure 18.

Dated: March 18, 2024          Respectfully submitted,

By: /s/ Angela M. Machala
Angela Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: (213) 615-1924
Fax: (213) 615-1750

Abbe David Lowell (*pro hac vice*)
Christopher D. Man
Kyllan J. Gilmore
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com
CMan@winston.com
KGilmore@winston.com

*Attorneys for Robert Hunter Biden*