DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail: Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | Case No. 2:23-cr-00599-MCS<br><br>**GOVERNMENT'S SUPPLEMENTAL SUBMISSION**<br><br>Hearing Date: March 27, 2024<br>Hearing Time: 1:00 p.m.<br>Location: Courtroom of the Hon. Mark Scarsi |

Plaintiff United States of America, by and through its counsel of record, hereby makes this supplemental submission in response to the Court's order of March 19, 2024 (Dkt. 54). The government appreciates the opportunity to address arguments that defendant raised for the first time in his replies. Neither of the new arguments offer support for defendant's meritless motions.

**A. The Tolling Agreements Rebut the Defendant's Claim that the Government Charged Count 1 in Bad Faith.**

In Section I of Defendant's Reply in Support of Motion to Dismiss Count I as Untimely Or, In the Alternative, To Dismiss Counts for Failure to State a Claim for Lack

of Specificity (Dkt. 50, Pages 3-5) the defendant argues that the government's "reliance upon two tolling agreements with Biden is misplaced because the SC is not a party to those agreements." It is the defendant's argument that is misplaced.

The government brought the tolling agreements to the Court's attention because they are fatal to the defendant's false assertion that the government pled the date in Count 1 in an attempt to "try[] to avoid the [Statute of Limitations] bar for Count 1." Dkt. 29 at 1. The government didn't need to charge Count 1 as occurring on June 12, 2020 to avoid a statute of limitations bar because the tolling agreements, which the defendant failed to disclose to the Court, would have allowed the government to charge that the crime occurred on April 17, 2017. The United States' Attorney's Office for the District of Delaware and the Tax Division are parties to the tolling agreement. Dkt. 29 at 1. Assuming for the sake of argument that the defendant is correct that the Office of Special Counsel would be time barred from bringing failure to pay charges for the 2016 tax year in April 2017 because it was not a party to the agreement, those two entities would not be. The Tax Division can file criminal tax charges in any judicial district in the United States with or without the participation of a United States Attorney's Office. *See* 28 C.F.R. §§ 0.70. Further, even before he was made Special Counsel, David C. Weiss, as United States Attorney for the District of Delaware, had full authority to bring criminal tax charges in this case. While Mr. Weiss was appointed Special Counsel on August 11, 2023, he is still the United States Attorney for the District of Delaware and either that office or the Tax Division could have brought the charge in Count 1 and any of the other tax charges contained in the indictment. Nothing about Mr. Weiss's appointment as Special Counsel precludes that. Thus, the argument that the government had to charge failure to pay for tax year 2016 in June 2020 because it couldn't charge it in April 2017 is clearly incorrect.

In any event, the defendant's entire statute of limitations argument, including the new argument in his reply, is a straw man. Count 1 charges the defendant with violating 18 U.S.C. § 7203 on June 12, 2020. Dkt. 1 at ¶ 65. That is the date, as described in the

2

government's response to the defendant's motion to dismiss, when the indictment alleges defendant's conduct became willful as to the 2016 tax year. *See* Dkt. 38 at 1. That date, as the defendant concedes, is within the six (6) year statute of limitations for violations of Section 7203. *See* Dkt. 29 at 1. That concession forecloses the defendant's argument and his motion should be denied.

**B. In 2018, the Defendant Lived in Both the District of Columbia and California, and Charges Could Have Been Brought in Either Jurisdiction.**

In Section IV of Defendant's Reply In Support Of His Motion To Dismiss Counts 1-4 For Improper Venue, the defendant claims that the information filed in the District of Delaware, to which he pled not guilty and was later dismissed without prejudice, shows that the prosecution "knew Biden was not a resident of California during calendar year 2018." Dkt. 53 at 5. He makes this argument in support of his factual assertion that "[he] moved to California in summer 2019, which the prosecution knows," according to defendant. Dkt. 32 at 2. While conceding that the Court is bound by the four corners of the indictment, the defendant nonetheless asks the Court to take judicial notice of this allegation in the information pursuant to Federal Rule of Evidence 201, which permits a court to notice a fact "if it is not subject to reasonable dispute." Dkt. 53 at 5.[1]

The information supports neither his contention that he moved to California in summer 2019 nor that the prosecution knew that. The information filed in Delaware stated, "During calendar year 2018, the defendant Robert Hunter Biden, who was a resident of the District of Columbia . . ." Dkt. 53-1. The facts show that defendant was a resident of both the District of Columbia and California in calendar year 2018; therefore, venue could lie in either jurisdiction. As a result, charges for tax years 2017 and 2018 could have been brought in either venue. And although the defendant cites the information filed in the Delaware case and claims the prosecution is taking "inconsistent positions

---

[1] The defendant also argues that the doctrine of judicial estoppel bars the prosecution "from taking inconsistent positions before different courts," although he cites no authority for the proposition that an indictment returned by a grand jury can be dismissed on that basis. Dkt. 53 at 5.

before different courts," Dkt. 53 at 4-5, he fails to disclose to this court that the government told the Delaware court that "[v]enue for these offenses and any other related tax offenses lies either in the Central District of California or in the District of Columbia." D. Del. Crim. Act. No. 23-mj-274(MN), Dkt. No. 31 (Gov't's Motion to Dismiss Information without Prejudice). The defendant did not challenge this statement or oppose the motion, and the Delaware court granted the motion. *Id.* at Dkt. 40, 43.

Venue for violations of 26 U.S.C. § 7203 is proper in any judicial district in which the taxpayer was required to file a return for the year at issue, *i.e.*, the district in which the crime was committed. *United States v. Hicks*, 947 F.2d 1356, 1361 (9th Cir. 1991). Similarly, a person required to pay a tax must pay it at the place fixed for filing the return. *See* 26 U.S.C. § 6151. In contrast, Title 26, Section 6091, provides that a tax return shall be filed in the internal revenue district in which the "legal residence" of the person making the return is located, whereas 18 U.S.C. § 3237(b) provides that a defendant may elect to be tried in the district in which he was "residing" at the time the alleged offense was committed. The term "legal residence" is not defined for purposes of Section 6091, but appellate decisions reviewing venue in Section 7203 cases frequently hold or state that "'legal residence' means the permanent fixed place of abode which one intends to be his residence and to return to it despite temporary residences elsewhere, or absences." *See e.g., United States v. Calhoun*, 566 F.2d 969, 973 (5th Cir. 1978); *United States v. Taylor*, 828 F.2d 630, 634 (10th Cir. 1987) (quoting *Calhoun*). *See also Snipes v. United States*, No. 10-1075, 2011 WL 1731023 (Govt Supreme Ct Opp). As such, the definition of "legal residence" is often considered synonymous with domicile. *See e.g., Taylor*, 828 F.2d at 632 & n.3.

Here, the defendant's 2017 Form 1040 was initially due to be filed on April 17, 2018. He submitted an extension to file which automatically would have allowed him to file the return until October 15, 2018, whereas the payment would still have been due on April 17, 2018. The defendant owned a house in Washington, D.C., until March 2017, at

4

which time the house was transferred to his former wife. In 2017, the defendant spent time at numerous locations in different east coast states and D.C., often staying with family or in hotels and, somewhat frequently, at a furnished suite located within his D.C. office, which he rented until March 2018. The defendant moved to California in the first week of April 2018 and expressed his intention to stay in California in a text message that he sent from California to his sister-in-law on April 12, 2018, writing, "I'm staying here indefinitely." While he may have visited the east coast for brief periods later in 2018, he returned back to California, where he continues to live today. It is worth noting that defendant does not proffer any facts to support his claim that he lived in the District of Columbia through the summer of 2019. In any event, his unsubstantiated factual assertion is not sufficient to overcome the grand jury's finding that the defendant was a resident of Los Angeles, California during the relevant time period in 2018.

In sum, the facts show that the defendant moved to California in April 2018. He has lived there ever since, with absences from the state after April 2018 clearly intended to be temporary, and he has stated his belief that the move to California was permanent. Thus, the Court should not take judicial notice of the defendant's claim that he moved to California in the summer of 2019 and should deny defendant's motion to dismiss.

Dated:   March 25, 2024            Respectfully submitted,

                                    DAVID C. WEISS
                                    Special Counsel

                                    _____/s/_____
                                    LEO J. WISE
                                    Principal Senior Assistant Special Counsel
                                    DEREK E. HINES
                                    Senior Assistant Special Counsel