UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00599-MCS-1 |
|---|---|
| Plaintiff, | **ORDER RE: MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM AND DECLARATION (ECF NO. 66)** |
| v. | |
| ROBERT HUNTER BIDEN, | |
| Defendant. | |
1

After a hearing on his motions to dismiss, (*see* Mins. of Mot. Hr'g, ECF No. 64), Defendant Robert Hunter Biden filed a motion for leave to file a supplemental memorandum and declaration in support of his motions, (Mot., ECF No. 66).

The same day Defendant filed the motion for leave to supplement his materials, the Court issued an order denying Defendant's motions. (Order, ECF No. 67.) The order's issuance apparently moots the instant motion.

Even if not moot, the motion must be denied for several independent reasons. Procedurally, Defendant failed to set the motion for a hearing. *See* Fed. R. Crim. P. 47(c) ("A party must serve a written motion—other than one that the court may hear ex parte—and any hearing notice at least 7 days before the hearing date . . . ."); Initial Standing Order for Criminal Cases Assigned to Judge Mark C. Scarsi § F, U.S. Dist. Ct. (Dec. 14, 2021) (presupposing a hearing date for motions and setting briefing deadlines based on the hearing date), https://www.cacd.uscourts.gov/sites/default/files/documents/MCS/AD/Criminal%20Case%20Standing%20Order%20Dec.%202021.pdf.[1] Without a hearing date, the Government is left with no opportunity to respond to Defendant's motion absent a separate order of the Court setting a briefing deadline. The motion also fails to present a complete memorandum of supporting points and authorities, as it does not present a statement of the legal standard by which Defendant submits the Court should adjudge the motion. C.D. Cal. R. 7-5(a); C.D. Cal. Crim. R. 57-1; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). Defendant assumes a good cause standard governs his motion, but he offers virtually no authorities to support that standard. (Mot. 1.)

---

[1] Standing orders are not filed in the electronic case record in criminal cases in this Court, but the Court requires compliance with the standing order all the same. (*See* Mins. of Post-Indictment Arraignment, ECF No. 16.)

Substantively, assuming Defendant invokes the appropriate standard, the motion fails to present good cause for supplementation. There is no good cause for a supplemental memorandum, as Defendant provided full written briefing on his motions and enjoyed an opportunity to present additional arguments at a three-hour hearing on his motions. Defendant's memorandum advances arguments he could have but did not present in response to the Court's questions at the hearing. (Proposed Mem., ECF No. 66-1.) He fails to explain why he should be allowed an opportunity to present even more argument on these well-ventilated issues. Nor is there good cause for consideration of the supplemental declaration of Abbe Lowell, which is designed to verify documents and media Defendant cited in his motion briefs and to support facts he proffered in his briefs that were unsupported by evidence in the record. (Proposed Lowell Decl. ¶¶ 4–65, ECF No. 66-2; *id.* Exs. A–OO, ECF Nos. 66-3 to -43.) Defendant did not offer these resources in a form appropriate for consideration on a motion to dismiss within the briefing deadlines set by the Court. He presents no good cause or excusable neglect to justify relief from his procedural errors.[2]

Given the sequence in which the Court addressed Defendant's motions, the Court might construe the instant motion as Defendant's motion for reconsideration of the motions to dismiss based on the newly presented materials.[3] As should be evident from the reasoning of the Court's order resolving Defendant's motions to dismiss,

---

[2] The declaration also offers documents to support an argument Defendant first made at the hearing regarding his motions to dismiss for selective and vindictive prosecution. (Proposed Lowell Decl. ¶¶ 66–68; *id.* Exs. PP–QQ, ECF Nos. 66-44 to -45.) There might be good cause for the late submission of these documents, as they did not exist until after Defendant's briefing deadlines passed. But the motion is unnecessary given that the Court considered Defendant's argument at the hearing and, on its own motion, one of the documents attached to the declaration. (Order 44 n.36.)

[3] The Court does not intend this construction of the motion to restrict Defendant from filing an appropriate motion for reconsideration following the rules governing such motions. Instead, the Court analyzes the motion under this framework to guide further proceedings in the interest of conserving the parties' and the Court's resources.

3

consideration of Defendant's supplemental materials would not change the Court's decision to deny the motions. Defendant's new points regarding the Diversion Agreement, (Proposed Mem. 1–2), do not impact the Court's construction of the instrument as an unambiguous agreement, (Order 11–19). With respect to the Internet resources counsel seeks to verify and the factual proffers counsel seeks to support in the supplemental declaration, (Proposed Lowell Decl. ¶¶ 4–68 & Exs. A–QQ), the Court considered their substance in its analysis and resolved the motions as if the resources and facts were part of the case record, (*e.g.*, Order 33–42, 44 n.36, 56–57, 76).[4] The ultimate disposition of Defendant's motions to dismiss would not be different even upon consideration of the materials subject to Defendant's motion for leave to supplement.

**IT IS SO ORDERED.**

Dated: April 8, 2024

*[signature: Mark C. Scarsi]*

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

---

[4] Notably, the Court stated that the motions "may be denied" based on their evidentiary deficiencies but rested its ultimate conclusions on Defendant's proffers. (Order 56 n.42, 76; *accord id.* at 33, 52.)