DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:   (771) 217-6091
    E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00599-MCS |
|---|---|
| Plaintiff, | |
| v. | <u>*EX PARTE* APPLICATION FOR ORDER REQUIRING DEFENDANT TO COMPLY WITH COURT'S STANDING ORDER AND EXCHANGE PROPOSED JURY INSTRUCTIONS WITH GOVERNMENT</u> |
| ROBERT HUNTER BIDEN, | |
| Defendant. | |

    The United States of America, by and through its counsel of record, hereby applies ex parte for an order that requires the defendant to exchange proposed jury instructions with the government pursuant to the Court's Standing Order. While the government sent proposed jury instructions prior to the deadline in the Standing Order, the defendant simply ignored the deadline and has not submitted any proposed jury instructions to the government. Because he did not seek to stay these proceedings and the Court has not been divested of jurisdiction through the defendant's notice of appeal of a nonappealable order, the government requests an order from this Court that commands the defendant to comply with the Standing Order. On May 1, 2024, counsel for the

1

defendant, Mr. Abbe Lowell, advised that the defendant's position is that his appeal "has divested the district court of jurisdiction to move forward and that includes deadlines for exchanging or filing pretrial documents contemplated in a scheduling order." But no court has ever held an interlocutory appeal is permitted for the three rulings that this defendant now seeks to appeal - an appeal of the Court's order (1) denying a motion to dismiss based on immunity purportedly conferred by a diversion agreement, (2) denying a motion to dismiss based on the alleged unlawfulness of a Special Counsel Appointment, and (3) denying a motion to dismiss based on a supposed breach of separation of powers. And no court has ever held that an appeal from an order denying such rulings automatically divests the court of jurisdiction. The defendant is simply choosing to ignore the Standing Order, without first seeking relief from this Court, while hoping that the Ninth Circuit will, contrary to its prior precedent, be the first court to find it has jurisdiction to consider the issues involved in his interlocutory appeal. An order is therefore needed from this Court to keep the pretrial schedule and deadlines on track for the trial scheduled for June 20, 2024.

      This <u>ex parte</u> application is made based on the attached memorandum of points and authorities, the files and records in this case, and the attached declaration of counsel.

Dated: May 6, 2024                   Respectfully submitted,

DAVID WEISS
Special Counsel

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Robert Hunter Biden failed to comply with this Court's Standing Order when he declined to exchange proposed jury instructions 28 days prior to the final pretrial conference. The Standing Order sets out a series of deadlines that both parties must comply with to proceed to trial on June 20, 2024. While the defendant has filed a notice of appeal, doing so did not automatically divest this Court of jurisdiction and the Standing Order remains active absent a judicial determination that relieves the defendant of his obligation to comply with the Standing Order. *See Nascimento v. Dummer,* 508 F.3d 905, 910 (9th Cir. 2007) ("[W]hen an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction.") Rather than seeking a judicial determination by filing a motion to stay, the defendant unilaterally decided to ignore the Standing Order and is attempting to delay his trial. *See id.* ("No stay of the district court proceedings pending resolution of the appeal had been sought or granted, and so Nascimento remained under an obligation to comply with the district court's orders and pretrial timetable notwithstanding his appeal.") Because he has not sought a stay and the law is clear that this Court was not automatically divested of jurisdiction, the government seeks an order from the Court requiring that the defendant provide his proposed jury instructions immediately and meet all other deadlines listed in the Standing Order in advance of the June 20, 2024, trial.

## II. BACKGROUND

The Court's Standing Order governs pretrial deadlines in this case. *See* Initial Standing Order for Criminal Cases Assigned to Judge Mark C. Scarsi (Dec. 2021), *available at* https://www.cacd.uscourts.gov/sites/default/files/documents/MCS/AD/Criminal%20Case%20Standing%20Order%20Dec.%202021.pdf. At the arraignment on January 11, 2024, the Court reminded the parties of their obligations to comply with the

Standing Order. *See* Doc. No. 16. With respect to potential interlocutory appeals, during the hearing on January 11, 2024, the Court stated:

> And then, finally, you know, in the Ninth Circuit there's a high bar for interlocutory appeals. The leading case there is *U.S. vs. Austin*, 416 F.3d 1016. To the extent anybody -- the defense wants to argue that denial of their motion should lead to an interlocutory appeal, please include that in your briefing. Because what I would like to do is, if that's going to be requested, I would like to deal with it all at once, if we can, just to streamline things a bit.

Doc. No. 18. Trans. 30:6-15.

In response to the Court's directive, counsel for the defendant, Mr. Lowell, stated, "Fine. Exactly. We will do that." *Id.* at 30:16. But the defendant did not do that and still has not briefed the Court on why the Court's order denying his motions is subject to an interlocutory appeal. It is not.

On May 1, 2024, the government sent defense counsel an email which included an attachment with proposed jury instructions, pursuant to the Standing Order ¶G(4). Decl. at ¶ 2, Exhibit 1. As of the filing of this motion, defense counsel has not exchanged their proposed jury instructions with the government. *Id*. In an email response on May 1, 2024, Mr. Lowell stated, ". . . the appeal has divested the district court of jurisdiction to move forward and that includes deadlines for exchanging or filing pretrial documents contemplated in a scheduling order." *Id.* In an email reply on May 2, 2024, the government stated that, "Nothing has been filed, let alone ruled on, in the Central District of California that relieves you of complying with the Court's deadlines." *Id.* The defendant still has not filed a request for a stay and the government therefore brings this motion. Indeed, no court has ever held that a district court is divested of jurisdiction for an appeal of an order denying the three motions to dismiss that the defendant appeals.

### III. ARGUMENT

#### A. The Defendant's Notice of Appeal Did Not Automatically Divest this Court of Jurisdiction

The filing of an appeal from an <u>appealable</u> order divests the district court of its control over those aspects of the case involved in an appeal. *Griggs v. Provident*

*Consumer Discount Co.*, 459 U.S. 56 (1982). By contrast, the "transfer of jurisdiction from the district court to the court of appeals is not effected, however, if a litigant files a notice of appeal from an <u>unappealable</u> order." *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (holding that the act of filing a notice of appeal does not automatically divest a district court of jurisdiction). *See also Ruby v. Secretary of the Navy,* 365 F.2d 385, 389 (9th Cir. 1966) (en banc), *cert. denied,* 386 U.S. 1011 (1967) (finding jurisdiction was not ousted merely by noticing an appeal). Like civil cases, the district court also retains jurisdiction after the filing of a notice of appeal of a nonappealable order in a criminal case. *See e.g., United States v. Garner,* 663 F.2d 834, 838 (9th Cir.1981) (holding district court's order denying defendant's motion to dismiss indictment due to alleged grand jury irregularities was not appealable and district court therefore maintained jurisdiction to proceed with the trial even after the filing of the notice of appeal), *cert. denied,* 456 U.S. 905 (1982); *United States v. Morales-Bravo*, 650 Fed.Appx. 530, 532 (9th Cir. 2016) (unreported) (finding district court retained jurisdiction in criminal case where defendant sought appeal from a nonappealable order); *United States v. Amarra-Herrarte*, 153 Fed.Appx. 452 (9th Cir. 2005) (unreported) (in a criminal case, "[a]n appeal from an unappealable order does not divest a district court of jurisdiction").

      Accordingly, "[w]hen a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer,* 508 F.3d at 908. In *Nascimento*, the Ninth Circuit explained, "when a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of our justice system." *Id*. at 910. The law in the Ninth Circuit is clear that "when an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction." *Id*. at 910.  In *Nascimento*, the Court further held that:

> No stay of the district court proceedings pending resolution of the appeal had been sought or granted, and so Nascimento remained under an obligation to comply with the district court's orders and pretrial timetable notwithstanding his appeal.

*Id.* Like *Nascimento*, here the same reasoning applies—the defendant remains under an obligation to comply with this Court's Standing Order and pretrial timetable notwithstanding his appeal because he has not sought and been granted a stay.

Indeed, the defendant has not filed anything in this Court requesting relief from the Standing Order or scheduling order while he pursues an appeal. Consequently, the Standing Order and scheduling order remain live orders of the Court that the government has complied with while the defendant has not. And by not seeking a stay of the Court's deadlines, the defendant is attempting to delay trial, or otherwise obtain an unfair advantage in these proceedings by receiving the government's positions, exhibits, witness list, and motions in limine, without providing his own simultaneous disclosures pursuant to the Standing Order.

**B.     The Ninth Circuit Does Not Have Jurisdiction Because the Defendant Sought to Appeal a Nonappealable Order**

Because the defendant filed an improper notice of appeal of a nonappealable order, the government filed a motion to dismiss the appeal on April 22, 2024. Exhibit 2. The defendant filed a response on April 30, 2024. Exhibit 3. The government filed a reply on May 6, 2024. Exhibit 4. The matter is fully briefed and the government has requested relief by May 14, 2024, pursuant to Ninth Circuit Rule 27-1(3). Exhibit 2.

Although his notice of appeal did not specify which issues he was appealing (he simply attached to his notice the entire order of the court denying all of his motions), the defendant later stated in response to the motion to dismiss that he sought to appeal the court's denial of three of his motions: (1) motion to dismiss based on an alleged improper appointment and funding of the Special Counsel, (2) motion to dismiss based on immunity purportedly conferred by the diversion agreement, and (3) motion to dismiss based on a supposed breach of the separation of powers. Exhibit 3 at p. 1.

In his response to the motion to dismiss, defendant made a series of claims before the appellate court that underscore how deficient his arguments really are:

(1) the defendant dishonestly stated that he requested an injunction by moving this Court to "enjoin" Special Counsel David Weiss, even though he never asked for injunctive relief or even mentioned the word "enjoin" in any of his briefing, because the law is clear that only denials of requests for an injunction (and not a denial of a motion to dismiss) may be subject to an interlocutory appeal;

(2) the defendant erroneously asserted that his immunity claim was derived from the Fifth Amendment, like a Double Jeopardy claim, as opposed to a contractual agreement with the government, and he argued that the diversion agreement is ambiguous, even though he argued it was unambiguous before this Court;

(3) the defendant falsely claimed that he filed a petition for writ of mandamus even though he has not and could never satisfy the relevant factors for mandamus even if he had chosen to do so;

(4) the defendant argued the Ninth Circuit should be the first court to find that a denial of a motion to dismiss for a breach of separation of powers claim is immediately appealable as a collateral order, even though the collateral order doctrine is limited by precedent to Double Jeopardy claims, Speech and Debate claims, and bail orders; and

 (5) the defendant invented the legal proposition that his claims are independently reviewable under the "pendent jurisdiction" doctrine, even though the actual law of "pendent jurisdiction" requires the issues he raises to be pendent to a matter over which the appellate court already has jurisdiction.

For the reasons discussed in the government's appellate briefs, Exhibits 2 and 4, the Court's order is nonappealable and there is no appellate jurisdiction over an interlocutory appeal. Since there has been no finding that this Court has lost jurisdiction, this Court has inherent authority to enforce its Standing Order. Because the defendant has not sought a stay, the Standing Order and scheduling order remain live orders that the Court should enforce.

### C. This Court Should Issue an Order Requiring the Defendant to Follow its Standing Order and Exchange Proposed Jury Instructions

In order to keep the trial on schedule for June 20, 2024, the government requests that this Court issue an order requiring the defendant to comply with pretrial deadlines in the Standing Order. Even if the Ninth Circuit dismisses the appeal soon, it will be difficult to maintain the trial date of June 20, 2024, if the defendant continues to refuse to comply with the Standing Order. For example, on or before May 8, 2024, the parties must exchange objections to proposed jury instructions, meet and confer regarding a statement of the case, exchange exhibit lists, and meet and confer regarding admissibility of exhibits. Standing Order ¶¶G(4), G(1), 6(a). Motions in limine, the statement of the case, voir dire, witness lists, jury instructions, a verdict form, and exhibits lists are due on or before May 15, 2024. Standing Order ¶¶ F, G(1), G(2), G(3), G(4), G(5), 6(a). Because of these imminent deadlines, the government respectfully requests this <u>ex parte</u> relief to confirm that the defendant has not been relieved from the pretrial deadlines listed in the Standing Order. Additionally, by issuing the requested order, the defendant will be unable to rely on his noncompliance with the Court's deadlines as a basis for a continuance of the trial date.

### IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court issue an order requiring the defendant to comply with the pretrial deadlines in the Court's Standing Order and exchange proposed jury instructions immediately.

# DECLARATION OF DEREK E. HINES

I, Derek E. Hines, declare as follows:

1. I am the Senior Assistant Special Counsel and represent the government in the prosecution of United States of America v. Robert Hunter Biden, No. CR 23-cr-00599-MCS.

2. On May 1, 2024, the government sent defense counsel an email which included an attachment with proposed jury instructions, pursuant to the Court's Standing Order ¶G(4). Exhibit 1. As of the filing of this motion, defense counsel has not exchanged their proposed jury instructions with the government. In an email response on May 1, 2024, Mr. Lowell stated, ". . . the appeal has divested the district court of jurisdiction to move forward and that includes deadlines for exchanging or filing pretrial documents contemplated in a scheduling order." Id. In an email reply on May 2, 2024, the government stated that, "Nothing has been filed, let alone ruled on, in the Central District of California that relieves you of complying with the Court's deadlines." Id.

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed in the Commonwealth of Pennsylvania on May 6, 2024.

DEREK E. HINES
Senior Assistant Special Counsel

1