# Exhibit 2

# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | C.A. No. 24-2333 |
| | ) | D.C. No. CR 23-00599-MCS |
| Plaintiff-Appellee, | ) | (Central Dist. Cal.) |
| | ) | |
| v. | ) | **GOVERNMENT'S MOTION TO** |
| | ) | **DISMISS FOR LACK OF** |
| ROBERT HUNTER BIDEN, | ) | **JURISDICTION;** |
| | ) | **MEMORANDUM OF POINTS** |
| Defendant-Appellant. | ) | **AND AUTHORITIES; EXHIBIT** |
| | ) | |
| | ) | **[RELIEF REQUESTED BY** |
| | ) | **MAY 14, 2024]** |
| | ) | |
| | ) | |

Plaintiff-Appellee United States of America, by and through its

counsel of record, hereby moves this Court to dismiss this interlocutory

appeal for lack of jurisdiction.  Immediate dismissal is appropriate

because the orders at issue are not subject to interlocutory appeal.

This motion is made pursuant to Federal Rule of Appellate

Procedure 27 and is based on the attached Memorandum of Points and

Authorities; the exhibit hereto; the additional files and records in this

case; and such further argument or evidence as may be presented to the

Court.  Defendant-Appellant Robert Hunter Biden is on personal

recognizance awaiting trial.  No court reporter is in default with regard to any designated transcript.

DATED: April 22, 2024     Respectfully submitted,

DAVID C. WEISS
Special Counsel

Leo J. Wise
Principal Senior Assistant Special
Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant-Appellant Robert Hunter Biden ("defendant") filed eight motions to dismiss the indictment in this case in the district court. The district court denied them in a single 82-page order, which defendant appealed.  (CA 24-2333).  Interlocutory appeal of these denials is improper because they are not final orders under 28 U.S.C. § 1291 nor do they fall under the "collateral order" doctrine.  Accordingly, this appeal should be dismissed for lack of jurisdiction.

## II.  BACKGROUND

The factual and procedural background of this interlocutory appeal is set forth in the district court's order (GEX 2-6).[1]  Only the facts relevant to this jurisdictional motion are set forth here.

On December 7, 2023, a grand jury in the Central District of California returned an indictment charging the defendant with: willfully failing to pay at least $1.4 million in federal taxes he owed for tax years 2016–2019 in violation of 26 U.S.C. § 7203, willfully failing to

---

[1] "GEX" refers to the exhibit attached to this motion and is followed by the applicable page number.

file tax returns for tax years 2017 and 2018 in violation of 26 U.S.C. §
7203, tax evasion for tax year 2018 in violation of 26 U.S.C. § 7201, and
filing false and fraudulent tax forms for tax year 2018 in violation of 26
U.S.C § 7206.  (GEX 2.)

On February 20, 2024, the defendant filed eight pretrial motions,
each of which will be discussed below.  On April 1, 2024, the district
court denied all eight motions in an 82-page written order that is the
subject of this appeal.  (GEX 1-82.)

### III. ARGUMENT

Before a court proceeds to the merits of a dispute, it must be
established that the court has jurisdiction.  *Steel Co. v. Citizens for a
Better Env't,* 523 U.S. 83, 94-95 (1998).  The burden of establishing
jurisdiction "rests upon the party asserting jurisdiction."  *Kokkonen v.
Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Title 28, United States Code Section 1291 grants the federal
courts of appeals jurisdiction to review "all final decisions of the district
courts."  *See also United States v. Romero–Ochoa*, 554 F.3d 833, 835
(9th Cir. 2009); *United States v. Austin*, 416 F.3d 1016, 1019 (9th Cir.
2005).  "Since this case involves a pretrial order, the order is not a final

decision appealable under 28 U.S.C. § 1291." *Austin*, 416 F.3d at 1019;

*United States v. Vela*, 624 F.3d 1148, 1151 (9th Cir. 2010).

"A small class of orders is final for purposes of 28 U.S.C. § 1291

under the collateral order doctrine set forth in *Cohen v. Beneficial*

*Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528

(1949)." *Austin*, 416 F.3d at 1019-20.  As this Court further explained

in *Austin*:

> The collateral order doctrine is actually considered a narrow
> exception to or a practical construction of the final judgment
> rule that treats orders by the district court that finally
> determine claims of right separable from, and collateral to,
> rights asserted in the action, too important to be denied
> review and too independent of the cause itself to require that
> appellate consideration be deferred until the whole case is
> adjudicated.

*Id*. at 1020 (cleaned up).  "For the District Court's order to fall under

the collateral order doctrine, it must '[1] conclusively determine the

disputed question, [2] resolve an important issue completely separate

from the merits of the action, and [3] be effectively unreviewable on

appeal from a final judgment.'" *Id*. quoting *Coopers & Lybrand v.*

*Livesay*, 437 U.S. 463, 468-69 (1978); *Romero-Ochoa*, 554 F.3d at 835–

36 (9th Cir. 2009) ("This three-pronged test is frequently referred to as

the *Cohen* test").  "Should the order fail to meet any one of these

requirements, it is not appealable under the collateral order doctrine."
*Austin,* 416 F.3d at 1020 (citing *Gulfstream Aerospace Corp. v.
Mayacamas Corp.*, 485 U.S. 271, 276 (1988)).  The analysis is
categorical: "[i]n fashioning a rule of appealability under § 1291," a
court "look[s] to categories of cases, not to particular injustices."  *Van
Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988).

The Supreme Court has found denials of only three types of
motions to be immediately appealable: motions to reduce bail, motions
to dismiss on double jeopardy grounds, and motions to dismiss under
the Speech or Debate Clause.  *Austin*, 416 F.3d at 1022 (citing
*Flanagan*, 465 U.S. at 265-66).  None of the pretrial motions to dismiss
that defendant filed in the district court fall into these three categories.

"In the criminal context, specifically, the Supreme Court has
interpreted the collateral order doctrine 'with the utmost strictness' as a
result of 'the compelling interest in prompt trials.'" *Austin*, 416 F.3d at
1020 (citing *Flanagan v. United States*, 465 U.S. 259, 265 (1984)).  Here,
trial is scheduled for June 20, 2024, and, therefore, the prompt
dismissal of the defendant's appeal is necessary to vindicate that
interest.

Under controlling Supreme Court and Ninth Circuit authority, the final order rule precludes interlocutory appeal of the order at issue here. And none of the district court's dismissals are appealable under the collateral order doctrine. Therefore, defendant's appeal should be dismissed.

## A. The Order is Not Appealable

### (1) Motion to Dismiss the Indictment Based on Immunity Conferred by Defendant's Diversion Agreement

The defendant moved to dismiss the indictment arguing that a pretrial diversion agreement between himself and the government was in effect and that that agreement immunized him from the charged crimes. (GEX 6). The district court denied the defendant's motion. (GEX 19).

This Court has held that it lacks jurisdiction to hear an interlocutory appeal of a district court's denial of a defendant's claim that he was immune from prosecution. In *United States v. Solano*, defendants moved to dismiss an indictment arguing they had been granted immunity from prosecution pursuant to plea agreements. 605 F.2d 1141 (9th Cir. 1979). The district court denied their motion and the defendants filed an interlocutory appeal. This Court noted that

"*Abney* allows pre-trial appeals from denials of double jeopardy claims
alone," and concluded that defendant's immunity claims were not based
on double jeopardy.  *Id.; United States v. Foakes*, No. 17-CR-00533-
EMC-2, 2023 WL 2394533, at *2 (N.D. Cal. Mar. 6, 2023).  On that
basis, this Court held that "… because claims relating to allegedly
violated plea bargains are not strictly based upon the Double Jeopardy
Clause, we will not consider such arguments in a pre-trial Abney
appeal."  *Solano*, 605 F.2d at 1143 (9th Cir. 1979). [2]

---

[2] This Court's decisions in *United States v. Morales*, 465 Fed.Appx.
734, 736 (9th Cir. 2012) and *United States v. Sandoval-Lopez*, 122 F.3d
797, 799-800 (9th Cir. 1997) are consistent with *Solano*.  In both those
cases, defendants moved to dismiss indictments against them prior to
judgment as barred by double jeopardy and as a breach of their plea
agreements.  In the instant case, defendant has not claimed, nor could
he, that his prosecution is barred by double jeopardy.  And the absence
of such a claim makes this case distinguishable from *Morales* and
*Sandoval Lopez*.  A district court in this circuit reached a similar
conclusion in *Foakes*.  2023 WL 2394533 at * 2.  In that case, in denying
the defendant's motion to stay the trial, the district court found there
was no appellate jurisdiction on which to bring an interlocutory appeal.
*Id*.  The district court reasoned:

> Although the Ninth Circuit in *Sandoval-Lopez* accepted the
> interlocutory appeal of the defendants' breach of plea
> agreement claim and double jeopardy claim (notably, just
> because the court ruled on non-constitutional grounds
> doesn't mean that the double jeopardy claim wasn't a basis
> for interlocutory appellate jurisdiction in the first instance),
> the instant case does not have a double jeopardy claim to

(continued . . .)

Following *Solano*, in *United States v. Dederich*, this Court held
that a denial of a motion to dismiss based on a state grant of
transactional immunity was not appealable before final judgment.  825
F.2d 1317 (9th Cir. 1987), *overruled on other grounds by Midland
Asphalt Corp. v. United States*, *supra*.  Specifically, this Court held that:

> The guarantee afforded by the immunity can be adequately
> protected by appeal after conviction. Their rights will not be
> irretrievably lost if interlocutory appeal is denied.  Theirs is
> not an "*immunity from suit* rather than a mere defense to
> liability."

*Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). This Court's
decision in *Dederic*h reflects that this Court has "interpreted Supreme
Court precedent as limiting review of interlocutory appeals in criminal
cases 'to instances ... where there are statutory or constitutional
guarantees against the defendants standing trial.'" *Austin*, 416 F.3d
1022–23 *quoting United States v. Hickey*, 367 F.3d 888, 896 (9th

---

anchor the interlocutory appeal. Unlike *Sandoval-Lopez*, and
like *Solano*, this case only involves an appeal of the non-
constitutional breach claim. There is no double jeopardy
claim.
*Id.*

7

Cir.2004), amended by 400 F.3d 658 (9th Cir.2005); *Midland Asphalt,*
489 U.S. at 801l; *United States v. Hollywood Motor Car Co.*, 458 U.S.
263, 269 (1982) (per curiam)).  The immunity the defendant claims to
enjoy comes from the diversion agreement, a purported contract
between the parties that he argued was in effect.  That is different from
a right not to be tried that rests upon an explicit statutory or
constitutional guarantee.

Consistent with the Supreme Court's holding in *Midland Asphalt*,
and this Court's holding in *Solano* and *Dederich*, all circuit courts that
have addressed the immediate appealability of denials of motions to
dismiss based on claims of immunity conferred through plea
agreements, nonprosecution agreements, cooperation agreements,
grants of transactional immunity and testimony immunity have held
that such denials do not fall within the collateral order doctrine. *United
States v. Bailey*, 34 F.3d 683, 691 (8th Cir. 1994) (nonprosecution
agreement and immunized statements); *John Doe Corp. v. United
States*, 714 F.2d 604, 606–07 (6th Cir. 1983) (plea agreement); *United
States v. Bird*, 709 F.2d 388, 392 (5th Cir. 1983) (nonprosecution
agreement); *United States v. Brizendine*, 659 F.2d 215, 226 (D.C. Cir.

1981) (plea bargain process); *United States v. Eggert*, 624 F.2d 973, 975–76 (10th Cir. 1980) (plea bargain); *United States v. Cavin*, 553 F.2d 871, 872–74 (4th Cir. 1977) (immunized statements).[3] Only the Second Circuit has ever found that a plea agreement barring prosecution protected a defendant not merely from punishment, but from trial itself. *See United States v. Abbamonte*, 759 F.2d 1065, 1070–71 (2d Cir.1985). However, following the Supreme Court's decision in *Midland Asphalt*, the Second Circuit explicitly overruled *Abbamonte* and related rulings and found it lacked jurisdiction to hear an interlocutory appeal of an immunity claim rooted in a plea agreement, aligning the Second Circuit with all other circuits on this question. *United States v. Macchia*, 41 F.3d 35, 39 (2d Cir. 1994).

--------

[3] For the same reason, other circuits have held that denials of motions to dismiss based on violations of plea agreements, specifically agreements not to indict or otherwise prosecute a defendant, are not subject to the collateral order doctrine. *See, e.g., United States v. Ecker*, 232 F.3d 348, 350 (2d Cir. 2000) ("an order denying a motion to dismiss on the ground of an allegedly breached plea agreement is not appealable prior to the entry of final judgment") (citing *United States v. Green*, 139 F.3d 1002, 1004 (4th Cir. 1998)); *United States v. Lewis*, 844 F.3d 1007, 1010 (8th Cir. 2017) (same); *United States v. Ledon*, 49 F.3d 457, 459–60 (8th Cir.1995) (same); *United States v. Crosby*, 20 F.3d 480, 487 (D.C. Cir. 1994), (same); *United States v. Eggert*, 624 F.2d at 975–76 (same).

**(2)  Motion to Dismiss the Indictment Because Special Counsel Weiss was Unlawfully Appointed and the Prosecution Violates the Appropriations Clause**

The defendant moved to dismiss the indictment on the grounds that Special Counsel David C. Weiss was unlawfully appointed and, alternatively, because the United States Department of Justice's funding of Mr. Weiss in his role as Special Counsel violates the U.S. Constitution's Appropriations Clause.  (GEX 20).  As to the former, defendant argued that the Special Counsel's appointment violated a set of regulations promulgated by the Department regarding the appointment and supervision of "Special Counsel," contained in 28 C.F.R. Part 600.  (GEX 22).  The government argued that both Mr. Weiss's appointment as Special Counsel and the funding he received in that role are lawful.  *Id.*  The district court denied defendant's motion. (GEX 32).

The district court's denial of defendant's motion to dismiss does not satisfy the *Cohen* test and is, therefore, not appealable prior to the entry of a final order.  Specifically, the district court's denial of the motion to dismiss based on arguments about the Special Counsel's

appointment and funding can be reviewed on direct appeal from a final judgment.  *Romero-Ochoa*, 554 F.3d at 836.

While no court has found that a denial of a motion to dismiss based on claims that a special counsel was unlawfully appointed is subject to an interlocutory appeal,  courts have addressed an analogous argument concerning internal regulations of the Justice Department. For example, in *United States v. Morales*, a defendant moved to dismiss an indictment on the grounds that the Department of Justice was violating the "Petite policy," an internal departmental regulation that provides that "after a state trial a subsequent federal trial for the same conduct should not occur absent compelling reasons and prior approval by the Justice Department."  682 Fed. App'x. 690, 693 (10th Cir. 2017). The Tenth Circuit held that the *Petite* policy was not "capable of giving rise to an enforceable right in favor of the defendant," and that "a defendant is not entitled to dismissal of an indictment even if the government does not comply with its *Petite* policy."  *Id*. As a result, "'jurisdiction to entertain an interlocutory appeal' from the denial of such a motion 'does not exist.'" *Id.*  In this case, the district court similarly found that "[t]he DOJ was unambiguously clear that it was

not creating a substantive rule in promulgating the Part 600
regulations." (GEX 24). Thus, the Tenth Circuit's logic that there is no
interlocutory jurisdiction to hear a denial of a motion to dismiss
predicated on an alleged violation of department regulations applies
equally here.

**(3)    Motion to Dismiss the Indictment for Selective and
        Vindictive Prosecution and Breach of Separation of
        Powers and Motion to Dismiss Count 9 of the
        Indictment for Selective Prosecution**

Defendant moved the district court to dismiss all the counts in
indictment arguing it was a product of vindictive and selective
prosecution. (GEX 32). The district court found that "Defendant filed
his motion without any evidence." (GEX 33). The district court denied
defendant's motion to dismiss. (GEX 55).

Defendant also moved, separately, to dismiss Count 9 of the
indictment, which charged him with failing to timely pay the taxes he
owed for tax year 2019, on the basis that it was a product of selective
prosecution. (GEX 76). The district court denied defendant's motion.
(GEX 78).

The Supreme Court and this Court have held that denial of a
motion to dismiss based on claims of vindictive and selective

prosecution are not subject to interlocutory appeal. *United States v. Butterworth*, 693 F.2d 99, 101 (9th Cir. 1982) (citing *United States v. Hollywood Motor Car Co.*, *supra*). As this Court noted in *Butterworth*, "Appellants' right to be free from selective prosecution, like the right asserted in vindictive prosecution claims, may be vindicated in an appeal from the final judgment" and, therefore, any interlocutory appeal must be dismissed. 693 F.2d at 101 . Other courts outside of this circuit have found the same. *See, e.g.*, *United States v. Mulherin*, 710 F.2d 731, 743 (11th Cir. 1983) ("district court's order denying appellant's motions to dismiss the second indictment for government vindictiveness is not an appealable interlocutory order"); *United States v. Gregory,* 656 F.2d 1132, 1135 (5th Cir. 1981) (a claim of prosecutorial vindictiveness does not seek to protect a right of such a special nature that it presents a compelling need for immediate review).

Defendant also moved to dismiss claiming his prosecution violated principles of separation of powers. (GEX 32). The government called defendant's separation of powers argument frivolous. (GEX 33). The district court denied defendant's motion. (GEX 54-55),

The D.C. Circuit has addressed whether an order denying a
motion to dismiss an indictment on separation of powers grounds is
immediately appealable and found that it is not.  In *United States v.
Cisneros*, the defendant, the former Secretary of Housing and Urban
Development Henry Cisneros moved to dismiss charges that he violated
18 U.S.C. § 1001 when he lied during an FBI background investigation
as he prepared to join the Clinton Administration.  He argued that his
prosecution violated the separation of powers doctrine.  169 F.3d 763,
765 (D.C. Cir. 1999).  The D.C. Circuit found that the district court's
denial of Cisneros's motion to dismiss based on a violation of the
separation of powers did not fall within the collateral order doctrine
announced by the Supreme Court in *Cohen*.  *Id*. at 767.  Of particular
relevance here, the D.C. Circuit noted that Cisneros could not meet the
third *Cohen* factor:

> Cisneros, like any criminal defendant, may raise separation
> of powers as a defense. But it scarcely follows that whenever
> a defendant relies on the separation-of-powers doctrine, the
> defendant's right must be treated as if it rested on an
> explicit guarantee that trial will not occur. Most separation-
> of-powers claims are clearly not in that category. A few may
> be. For instance, a trial court's order denying a President's
> claim of separation-of-powers immunity from civil actions
> during his term of office falls within the collateral order

> doctrine: the right asserted would be irretrievably lost if
> there could be no immediate appeal.

*Id.* at 769 (cleaned up). Defendant's separation of powers argument,

like Cisneros's, is not the kind that falls into the narrow category in

which there is an "explicit … guarantee that trial will not occur."

*Midland Asphalt Corp.*, 489 U.S. at 801. As the D.C. Circuit further

held, "if there is merit to [the defendant's] claim about ... infringement

on the President's … prerogatives ... there will be time enough in an

appeal from the final judgment to vindicate the separation of powers."

*Cisneros*, 169 F.3d at 770-741.

### (4) Motion to Dismiss the Indictment for Due Process Violations Based on Outrageous Government Conduct

Defendant moved to dismiss the indictment for due process

violations based on outrageous government conduct, specifically

pointing to   whistleblower disclosures to Congress and the media of

alleged grand jury information in violation of Federal Rule of Criminal

Procedure 6(e) and confidential tax return information in violation of 26

U.S.C. § 6103 by two IRS agents involved in the investigation of

defendant. (GEX 55). In the alternative, defendant asked the district

court to dismiss the indictment in the exercise of its supervisory powers

due to the conduct of these two agents.  (GEX 56).  The district court

denied defendant's motion. (GEX 62 and 84).

The district court's denial of defendant's motion to dismiss does

not satisfy the *Cohen* test.  Specifically, the district court's denial of the

motion to dismiss based on outrageous government conduct can be

reviewed on direct appeal from a final judgment.  *Romero-Ochoa*, 554

F.3d at 836.

In *Midland Asphalt Corp.*, the Supreme Court held that an order

denying a motion to dismiss an indictment for an alleged violation of

Rule 6(e), which was one of the bases for defendant's outrageous

government conduct claim, does not satisfy our "stringent conditions for

qualification as an immediately appealable collateral order." 489 U.S. at

799 (citing *Flanagan*, 465 U.S. at 270).

More broadly, while this Court has not specifically addressed the

question of its jurisdiction to hear an interlocutory appeal of an order

denying dismissal based on outrageous government conduct, the Sixth

Circuit  found that it lacked jurisdiction to hear an interlocutory appeal

of such an order.  In *United States v. Andrews*, 857 F.3d 734, 742 (6th

Cir. 2017), the Sixth Circuit applied the *Cohen* test and found that

defendant's motion to dismiss would still be reviewable after subsequent proceedings in the district court. *Id.* The same analysis applies here.

**(5)  Motion to Dismiss Count 1 as Untimely or, in the Alternative, to Dismiss All Counts for Failure to State a Claim and Lack of Specificity**

Defendant moved to dismiss Count 1 of the indictment as untimely pursuant to Federal Rule of Criminal Procedure 12(b).  (GEX 66).  The district court denied defendant's motion. (GEX 68).

This Court has held that a denial of a motion to dismiss an indictment on statute of limitations grounds is not immediately appealable.  In *United States v. Rossman*, this Court held that "[T]he limitations statute ... creates a safeguard against unfair convictions arising from delinquent prosecutions but does not entail a right to be free from trial [and therefore] the irreparable harm criterion ... justify[ing] immediate appealability cannot be met. 940 F.2d 535, 536 (9th Cir. 1991) (citation omitted).  Other courts have found the same. *See, e.g., United States v. Levine*, 658 F.2d 113, 126 (3d Cir. 1981);

*United States v. Weiss*, 7 F.3d 1088 (2d Cir. 1993); *United States v. Davis*, 873 F.2d 900, 903 (6th Cir. 1989).[4]

Alternatively, defendant moved to dismiss all remaining counts for "failure to state a claim" pursuant to Federal Rule of Criminal

---

[4] In *Davis*, the Sixth Circuit reasoned that 18 U.S.C. § 3282, the statute of limitations applicable in that case,

> . . . seems to have been designed for a somewhat different purpose than the Double Jeopardy Clause. The Double Jeopardy Clause protects one against wrongly being tried or "placed in jeopardy," but statutes of limitations, as the Third Circuit noted in an exhaustive discussion of this question, "acknowledge the state's right to try certain persons, but then set boundaries on the exercise of that power." *Id. citing United States v. Levine*, 658 F.2d 113, 127 (3d Cir. 1981) . . . As the Levine opinion says, the purpose that a statute of limitations is supposed to serve resembles the purpose of the Speedy Trial Clause of the Constitution. And in *United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), the Supreme Court held that denial of a pretrial motion to dismiss a criminal prosecution on speedy trial grounds is not an appealable interlocutory order under Cohen. "Unlike the protection afforded by the Double Jeopardy Clause," Justice Blackmun wrote, "the Speedy Trial Clause does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." Id. at 861, 98 S.Ct. at 1553.

873 F.2d at 903. The Sixth Circuit's reasoning is sound and the analogy to Speedy Trial claims addressed by the Supreme Court in *MacDonald* is apt.

Procedure 12(b)(3)(B)(v) and for violating the specificity requirements of
Rules 7(c) and 12(b)(3)(III).  (GEX 66).  The district court denied
defendant's alternative bases for dismissal (GEX 69-70).

In *Abney v. United States*, the Supreme Court held that the denial
of a pretrial motion to dismiss an indictment for failure to state an
offense was not immediately appealable. 431 U.S. 651, 663 (1977).
The Supreme Court reasoned that:

> First, an order denying a motion to dismiss an indictment for
> failure to state an offense is plainly not "collateral" in any
> sense of that term; rather it goes to the very heart of the
> issues to be resolved at the upcoming trial. Secondly, the
> issue resolved adversely to petitioners is such that it may be
> reviewed effectively, and, if necessary, corrected if and when
> a final judgment results. We therefore conclude that the
> Court of Appeals had no jurisdiction under § 1291 to pass on
> the merits of petitioners' challenge to the sufficiency of the
> indictment at this juncture in the proceedings.

*Id.*[5] While the defendant in *Abney* specifically challenged his
indictment on the ground that it failed to state an offense, the Supreme

---

[5] In addition to the Supreme Court's decision in *Abney*, this Court
has addressed the immediate appealability of motions to dismiss for
failure to state a claim pursuant to Federal Rule of Civil Procedure
12(b)(6) and has found that it lacks jurisdiction.  In *State of Alaska v.
United States*, this Court explained why:

> Because the legal inquiry (whether the plaintiff's claim falls
> within the language of a statute or common law cause of
>                                                    (continued . . .)

Court's decision addressed challenges to the sufficiency of an indictment more broadly. This would include defendant's claim that the indictment lacked specificity as required by Federal Rule of Criminal Procedure 7(c) and should therefore be dismissed pursuant to Rule 12(b)(3)(B)(iii).

Accordingly, this Court lacks jurisdiction to hear an interlocutory appeal of the district court's denial of defendant's motion to dismiss Count 1 as untimely or all the counts in the indictment for failure to state an offense or for lack of specificity.

### (6) Motion to Dismiss Counts 2, 4, and 6 of the Indictment in Part for Duplicity

Defendant moved to dismiss Counts 2, 4, and 6 of the indictment claiming they contain duplicative charges. (GEX 71). The district court denied defendant's motion. (GEX 73 and 75).

---

action) is highly fact-specific, appellate resources would be squandered if appeals were heard before the relevant facts have been fully developed.

64 F.3d 1352, 1357–58 (9th Cir. 1995); *see also SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*, 859 F.3d 720, 726 (9th Cir. 2017). In its decision, the district court found that defendant was asking it to make a "factual determination as to when willfulness arose on all counts." (GEX 69). That is precisely the kind of inquiry this Court said was improper in *State of Alaska.*

The Supreme Court's decision in *Abney* makes clear that a denial of a motion to dismiss for duplicity is not immediately appealable.  In *Abney*, the petitioners challenged the indictment on grounds of duplicity of offenses, claiming that its single count improperly charged both a conspiracy and an attempt to violate the Hobbs Act."  431 U.S. at 654. The defendants were convicted but on direct appeal, the Third Circuit reversed petitioners' convictions, finding, among things that the indictment was duplicitous.  *Id*.  On remand, the government elected to proceed on the conspiracy charge.  *Id*.  Petitioners then moved to dismiss the indictment, arguing: (a) that retrial would expose them to double jeopardy; and (b) that the indictment, as modified by the election, failed to charge an offense. The district court denied the motion, and the petitioners immediately appealed to the court of appeals.  The Supreme Court held that the defendant's double jeopardy claim was immediately appealable but was similarly clear that "[i]n determining that the courts of appeals may exercise jurisdiction over an appeal from a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds, we, of course, do not hold that other claims

contained in the motion to dismiss are immediately appealable as well." 431 U.S. at 662–63.

The district court's order in this case does not satisfy the *Cohen* test and is, therefore not appealable prior to the entry of a final order. The district court's denial of the motion to dismiss Counts 2, 4 and 6 for duplicity can be reviewed on direct appeal from a final judgment. *Romero-Ochoa*, 554 F.3d at 836. Indeed, this Court routinely addresses challenges to convictions based on duplicity after judgements are entered. *See, e.g., United States v. Mancuso*, 718 F.3d 780, 794 (9th Cir. 2013) (vacating conviction after entry of final judgment on grounds that challenged count was duplicitous); *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (same); *United States v. Gordon*, 844 F.2d 1397, 1402 (9th Cir. 1988) (same).

### (7)   Motion to Dismiss Counts 1–4 for Improper Venue

Defendant moved to dismiss Counts 1-4 for improper venue (GEX 79). The district court denied defendant's motion. (GEX 82).

The district court's order does not satisfy the *Cohen* test and is, therefore not appealable prior to the entry of a final order. Specifically, the district court's denial of the motion to dismiss Counts 1-4 for improper venue can be reviewed on direct appeal from a final judgment. *Romero-Ochoa*, 554 F.3d at 836. Indeed, this Court routinely addresses challenges to convictions based on venue arguments after judgements are entered. *See, e.g., United States v. Fortenberry,* 89 F.4th 702, 713 (9th Cir. 2023) (vacating conviction for improper venue); *United States v. Ghanem,* 993 F.3d 1113, 1123 (9th Cir. 2021) (same); *United States v. Moran-Garcia*, 966 F.3d 966, 972 (9th Cir. 2020) (same).

## B. This Court Should Provide Relief by May 14, 2024

Finally, pursuant to Ninth Circuit Rule 27-1(3), the government requests that this Court provide relief by May 14, 2024. While this Court has set a briefing schedule for defendant's appeal, the opening brief would not be due until July 5, 2024—more than two weeks after trial is scheduled to begin on June 20, 2024. (Dkt. 2, No. 24-2333). To avoid the need for a continuance and to ensure that the parties have adequate time to prepare for trial, the government requests that this Court issue a decision by May 14, 2024, which is five weeks in advance

of the June 20, 2024, trial date. That is also the day before the district

court has required various trial related filings including motions in

limine, a statement of the case, proposed voir dire, witness lists,

proposed jury instructions, a proposed verdict form and exhibit lists.

That date is also two weeks before the final pretrial conference.

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss defendant's

interlocutory appeal of the district court's order.

DATED: April 22, 2024          Respectfully submitted,

DAVID C. WEISS
Special Counsel

Leo J. Wise
Principal Senior Assistant Special
Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

## CERTIFICATE OF COMPLIANCE

I certify that:

1.     This brief complies with the 5,200-word length limit permitted by Ninth Circuit Rules 27-1(1)(d) and 32-3(2) because the brief contains 5,195 words, excluding the portions exempted Fed. R. App. P. 32(f), if applicable.

2.     This brief complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016.

DATED:  April 22, 2024

LEO J. WISE
Attorney for Plaintiff-Appellee
UNITED STATES OF AMERICA