# Exhibit 4

# IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant-Defendant. | ) C.A. No. 24-2333<br>) D.C. No. CR 23-00599-MCS<br>) (Central Dist. Cal.)<br>)<br>) **GOVERNMENT'S REPLY IN**<br>) **SUPPORT OF MOTION TO**<br>) **DISMISS FOR LACK OF**<br>) **JURISDICTION;**<br>) **MEMORANDUM OF POINTS**<br>) **& AUTHORITIES; EXHIBITS**<br>)<br>) **[RELIEF REQUESTED BY**<br>) **MAY 14, 2024]**<br>) |

Plaintiff-Appellee United States of America, by and through its

counsel of record, hereby files this reply in support of its motion to

dismiss defendant's interlocutory appeal of pretrial orders that do not

fall within the collateral order doctrine for lack of jurisdiction.

DATED: May 6, 2024     Respectfully submitted,

DAVID C. WEISS
Special Counsel

_Leo J. Wise_

Leo J. Wise
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Appellant-Defendant Robert Hunter Biden ("Defendant") appeals the denial of three of his pretrial motions to dismiss the indictment. He filed these same three motions in the United States District Court for the District of Delaware where they were also all denied. Thus, this is the rare case where two United States District Court judges, sitting on opposite sides of the country, found the same motions to be totally meritless. Defendant now takes the extraordinary step of trying to appeal the district court's order even though it is blackletter law that this Court lacks jurisdiction to hear such an appeal.

In his Opposition to Appellee's Motion to Dismiss (hereafter "Response") (Dkt. No. 9-1) defendant argued interlocutory appellate jurisdiction exists because: (1) he moved to "enjoin" the Special Counsel, even though he never did; (2) the district court's denial of his diversion agreement motion to dismiss was immediately appealable even though this Court has held that an agreement not to prosecute is not a right not to be tried; (3) this Court has mandamus jurisdiction even though he never filed a motion for a petition of writ of mandamus and he

cannot satisfy the *Bauman* factors; (4) his separation of powers claims are immediately appealable as collateral orders even though the collateral order doctrine is limited to Double Jeopardy claims, Speech and Debate claims and appeals of bail orders, which are not at issue here; and (4) this Court has pendent jurisdiction over these same claims, even though they are not pendent to any issue over which this Court can exercise jurisdiction. Because this Court lacks jurisdiction, the motion to dismiss should be granted immediately.

## II. ARGUMENT

Defendant's attempt to appeal the district court's denials of his pretrial motions invites exactly the kind of piecemeal litigation the Supreme Court has said must be avoided. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) ("Permitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation."). Further, if not immediately denied, its effect will be to delay the trial of this case, an outcome that must also be avoided. *Cobbledick v. United States*, 309 U.S. 323, 325 (1940) (". . . encouragement of delay is fatal to the

vindication of the criminal law."). This tactic should be resoundingly
rejected because it asks this Court to treat this defendant differently
from all other criminal defendants who cannot appeal such orders and
thus offends the rule of law.

### A. Defendant never sought injunctive relief in the district court.

In his Response, Defendant claims that he sought to "enjoin"
Special Counsel David Weiss," in his "Motion to Dismiss the Indictment
Because the Special Counsel was Unlawfully Appointed and the
Prosecution Violates the Appropriations Clause." (Dkt. No. 9-1 at 1)
He did not.  Defendant never requested injunctive relief in his
"NOTICE OF MOTION AND **MOTION TO DISMISS**," GEX 83
(emphasis added), in his memorandum in support, *id.*, in the proposed
order he submitted with it, or in his reply, GEX 96. In fact, the word
"enjoin," never appears in any of his filings and the word "injunction"
only appears once in a parenthetical cite to this Court's opinion in
*United States v. Pisarski*, 965 F.3d 738, 743 (9th Cir. 2020), which
Defendant cited in support of his argument that the indictment should
be dismissed. GEX 89. Ultimately, and this fact is most fatal to
Defendant's claim that there is jurisdiction pursuant to 28 U.S.C. §

3

1292(a)(1), the order that Defendant is appealing nowhere contains a denial of a motion for an injunction. GEX 1-82.

In his Response, Defendant claims "In Delaware, the Special Counsel argued Appropriations Clause challenges are 'best seen as requests for injunctions.'" (Dkt. No. 9-1 at 3) Defendant misrepresents the record. The quote that Defendant misattributes to the government is a quote from the First Circuit's decision in *United States v. Bilodeau*, 24 F.4th 705 (1st Cir. 2022). In that case the First Circuit held that the specific claims before it, not all Appropriations Clause challenges, are "best seen as requests for injunctions." *Id*. at 711 n.6. Defendant also claims that, "[t]his Court often finds jurisdiction to hear Appropriations Clause interlocutory appeals in criminal cases." (Dkt. No. 9-1 at 3) But none of the cases he cites are cases where a defendant sought an interlocutory appeal of a denial of a motion to dismiss an indictment.

Not surprisingly, Defendant never addressed the law related to injunctions anywhere in his motion to dismiss. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that

an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). Defendant never addressed any of these factors in his motion nor any of the related case law from this Circuit. And the district court did not make findings as to the *Winter* factors.

### B. Claims based on the Appropriations Clause and unlawful appointment issues are not "rights not to be tried."

In his Response, Defendant argues that the district court's denial of his Motion to Dismiss the Indictment Because the Special Counsel was Unlawfully Appointed and the Prosecution Violates the Appropriations Clause" is appealable as a collateral order. (Dkt. No. 9-1 at 5) In support of that argument, Defendant cites the Supreme Court's decision in *Axon Enterprises. v. FTC*, 598 U.S. 175, 192 (2023) arguing that the Court in *Axon* analogizing to "established immunity doctrines," explained, "[t]here, we have identified certain rights 'not to stand trial' or face other legal processes." The problem with Defendant's argument, and his reliance on *Axon*, is that "appropriation clause and unlawful appointment issues," as he refers to them, have never been recognized

by any court as among the rights "not to stand trial" or "face other legal

processes." The immunity doctrines that are recognized as a basis for

interlocutory appeal were summarized most recently in this Court's

decision in *Childs v. San Diego Fam. Housing, LLC* and include only

orders denying motions to dismiss on the grounds of absolute immunity;

qualified immunity; a state's Eleventh Amendment immunity; and

rights under the Double Jeopardy Clause. 22 F.4th 1092, 1096 (9th Cir.

2022). The right to be free from a prosecution where there are

"appropriation clause and unlawful appointment issues" is not among

them.[1]

### C. An agreement not to prosecute confers on a defendant the right not to be convicted or punished, not a right to avoid trial.

In his Response, Defendant argues the "Supreme Court allows an

immediate appeal concerning the Fifth Amendment's Double Jeopardy

Clause because it is a right not to be tried," citing *Abney v. United*

---

[1] Defendant's citation to *United States v. Williams*, 68 F.4th 564, 569 (9th Cir. 2023) is misplaced because *Williams* addressed whether a disqualification order of an entire U.S. Attorney's Office warrants immediate appellate review under the collateral order doctrine. It offers no support to Defendant who raises no such claim.

*States* and that "the right not be prosecuted under the Diversion

Agreement is no different." (Dkt. No. 9-1 at 7) And they are not

different, according to Defendant, because the diversion agreement is

enforceable under the Fifth Amendment's Due Process Clause and

"[t]he Due Process Clause is in the same Fifth Amendment as the

Double Jeopardy Clause." *Id*.

Defendant misunderstands the law. The Supreme Court's decision

in *Abney* rests on a textual interpretation of the Double Jeopardy

Clause, not the fact that it is located in the Fifth Amendment:

> The Constitution of the United States, in the Fifth
> Amendment, declares, "nor shall any person be subject (for
> the same offense) to be twice put in jeopardy of life or limb."
> The prohibition is not against being twice punished, but
> against being twice put in jeopardy …

431 U.S. 651, 661 (1977) (cleaned up); *see also Richardson v. United*

*States*, 468 U.S. 317, 320 (1984).

Further, this Court expressly rejected Defendant's Due Process

argument in *United States v. Solano* 605 F.2d 1141, 1142 (9th Cir.

1979) as the government explained in its motion to dismiss. ECF 6 at 5-

6.  In the Response, Defendant claims that in *Solano* this Court

"rejected the defendant's request for the 'court to exercise its inherent

supervisory power over district court proceedings" and "*Solano* means only the Ninth Circuit will not use its inherent supervisory authority to review such during an *Abney* appeal." (Dkt. No. 9-1 at 8) Not so. Defendant's partial quote from the Court's opinion omits that portion of the holding that directly forecloses his appeal. This is what the Court said in *Solano*:

> Several of the appellants present **arguments that are based on the Due Process Clause** and other appellants ask this court to exercise its inherent supervisory power over district court proceedings. Insofar as such arguments do not directly invoke the Double Jeopardy Clause, they are not properly the subject of an *Abney* appeal and we decline to consider them at this stage of the proceedings.

*Id.* (emphasis added). The Court declined to hear an interlocutory appeal as an exercise of its supervisory power, as Defendant acknowledges, but it also found it lacked jurisdiction to hear Due Process claims other than Double Jeopardy ones. Similarly, in *Solano*, this Court also held that, "because claims relating to allegedly violated plea bargains are not strictly based upon the Double Jeopardy Clause, we will not consider such arguments in a pre-trial *Abney* appeal. *Id.* at 1143. Thus, *Solano* also rejects Defendant's claim that this Court has jurisdiction to hear such appeals.

8

**D. Defendant never filed a petition for a writ of mandamus, but even if he had, he can't satisfy the *Bauman* factors.**

Defendant claims in his Response that "[i]f the Court finds appellate jurisdiction lacking, the Court should grant mandamus," for his diversion agreement immunity claims, even though he has not filed a petition for a writ of mandamus. (Dkt. No. 9-1 at 10) Even if he had filed a petition for a writ of mandamus, Defendant could not satisfy the *Bauman* factors. *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977). "[T]he absence of factor three—clear error as a matter of law—will always defeat a petition for mandamus," and that is certainly the case here. *In re Bundy*, 840 F.3d 1034, 1041 (9th Cir. 2019) (internal quotations omitted).

In attempting to satisfy the third *Bauman* factor, which he cannot do, Defendant attacks Judge Scarsi for violating the "party presentation principle." (Dkt. No. 9-1 at 14) This argument is misplaced and without foundation.

"The party presentation principle is supple, not ironclad." *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020). Defendant argues that Judge Scarsi "correctly understood Ninth Circuit law construes such agreements under their plain language …" (Dkt. No. 9-1 at 13)

And that is what Judge Scarsi did: interpret the plain language of the
agreement. Judge Scarsi agreed with Defendant that the agreement
was in effect. GEX 19. He also agreed with the government that
Defendant had no immunity because a condition precedent had not been
satisfied—the approval of U.S. Probation. *Id*. While the government
argued that approval was a condition precedent to formation, Judge
Scarsi found it was a condition precedent to performance. In its
opposition to Defendant's motion to dismiss, the government briefed
both types of conditions precedent. GEX 125-128. None of the cases
Defendant cites foreclose a district court from reaching a conclusion in
interpreting a contract that is different from either parties' but
nonetheless within the possible interpretations the parties briefed.

### E. The Supreme Court's decision in *Axon* does not make Defendant's separation of powers claims immediately appealable.

In his Response, Defendant asserts that "the Supreme Court in
*Axon* recognized separation of powers claims as collateral orders."  (Dkt.
No. 9-1 at 19) It did not. *Axon* is not a broad ruling that all separation of
powers claims, in civil and criminal cases, are now collateral orders
appealable to a Circuit Court. In fact, the Supreme Court expressly

disclaimed such a framing of their decision: "[n]othing we say today
portends newfound enthusiasm for interlocutory review." *Axon*, 598
U.S. at 192. Rather, in *Axon*, the Supreme Court addressed the narrow
and highly technical question of a "special statutory review scheme."
Thus, *Axon* offers no support for Defendant's position.

### F. There is no pendent jurisdiction to hear Defendant's claims.

Defendant claims that this Court can exercise pendent jurisdiction
over his "diversion agreement issues." (Dkt. No. 9-1 at 18) But
Defendant misunderstands pendent appellate jurisdiction. He argues
that under the collateral order doctrine, this Court has jurisdiction to
hear an interlocutory appeal of the district court's denial of his
diversion agreement motion to dismiss. Pendent jurisdiction, however,
must first arise over claims independent of those related to his
diversion agreement, not the diversion agreement claim itself. Put
another way, the diversion agreement claims are not pendent to
anything that this Court has jurisdiction to hear on an interlocutory
basis.

Defendant also claims that this Court can exercise pendent
jurisdiction over his separation of powers claims. (Dkt. No. 9-1 at 21-22)

But Defendant argues that his motion to dismiss the indictment for violation for separation of powers was actually a motion for an injunction in disguise. If that were the case, and it is not, Section 1292(a)(1) would confer jurisdiction on this Court to hear the district court's denial of it. Thus, like his diversion claims, the imaginary denial of his separation of powers injunction is not "pendent" to anything and there is no basis for this Court to exercise jurisdiction.

## III.  CONCLUSION

For the foregoing reasons, this Court should immediately dismiss Defendant's interlocutory appeal of the district court's order.

DATED: May 6, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

Leo J. Wise
Principal Senior Assistant Special
Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that:

1.     This brief complies with the 2,600-word length limit permitted by Ninth Circuit Rules 27-1(1)(d) and 32-3(2) because the brief contains 2,451 words, excluding the portions exempted Fed. R. App. P. 32(f), if applicable.

2.     This brief complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016.

DATED:  May 6, 2024

LEO J. WISE
Attorney for Plaintiff-Appellee
UNITED STATES OF AMERICA

# GOVERNMENT'S EXHIBITS

DESCRIPTION                                                    PAGE

1. ORDER ON MOTIONS TO DISMISS
   Filed April 1, 2024
   Docket No. 67.............................................................1

2. DEFENDANT'S MOTION TO DISMISS INDICTMENT
   BECAUSE SPECIAL COUNSEL WEISS WAS UNLAWFULLY
   APPOINTED AND THIS PROSECUTION VIOLATES THE
   APPRORPRIATIONS CLAUSE
   Filed February 20, 2024
   Docket No. 26............................................................83

3. DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO
   DISMISS THE INDICTMENT BECAUSE SPECIAL COUNSEL
   WEISS WAS UNLAWFULLY APPOINTED AND THIS
   PROSECUTION VIOLATES THE APPRORPRIATIONS CLAUSE
   Filed March 18, 2024
   Docket No. 47............................................................96

4. GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
   TO DISMISS THE INDICTMENT BASED ON IMMUNITY
   CONFERRED BY HIS DIVERSION AGREEMENT
   Filed March 8, 2024
   Docket No. 35............................................................ 108