Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorneys for Robert Hunter Biden*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT HUNTER BIDEN,<br><br>　　　　Defendant. | **Case No. 2:23-cr-00599-MCS-1**<br><br>*Hon. Mark C. Scarsi*<br><br>**DEFENDANT'S RESPONSE TO EX PARTE APPLICATION**<br><br>[*Filed concurrently with Proposed Order*] |

# INTRODUCTION

The Special Counsel's *ex parte* application is both procedurally and substantively flawed.[1] Not only is the relief sought improper for an *ex parte* application, the Special Counsel flagrantly violated each requirement for seeking such relief under this Court's rules.

On the merits, the application is substantively wrong because the notice of appeal filed by Mr. Biden divested this Court of jurisdiction. Although the Special Counsel is correct that the appeal of an issue the Court of Appeals lacks jurisdiction to consider does not divest a district court of jurisdiction, no court has held that the Court of Appeals lacks jurisdiction over Mr. Biden's appeal. To the contrary, that issue is now fully briefed and pending before the Ninth Circuit.[2]

---

[1] The Special Counsel claims Mr. Biden "still has not briefed the Court on why the Court's order denying his motions is subject to an interlocutory appeal" (Application.2), which is an odd claim given that minutes before it filed this *ex parte* application, the Special Counsel filed a reply to Mr. Biden's opposition to the Special Counsel's Ninth Circuit motion to dismiss for lack of jurisdiction. Mr. Biden's opposition fully briefed why his appeal is appropriate. *See United States v. Biden*, No. 24-2333, D.E.9 (9th Cir. Apr. 29, 2024). The Special Counsel also distorts the record by claiming that Mr. Biden should have briefed the appealability of his motions in the motions themselves, before the Court even ruled upon them. Application.2. At the hearing on the pretrial motions, the Special Counsel claimed Mr. Biden's counsel "understand there's no basis for an interlocutory appeal here as well," and Mr. Lowell responded, "I don't believe that to be the case, Your Honor." (3/27/24 Tr. at 150–51). He added: "And one last thing, Judge. I couldn't possibly know whether or not we have the grounds for an interlocutory appeal until I know what you rule and why you rule, for example, separation of powers. So if I didn't say that clearly before, I want to make sure that I'm not saying something that everybody misunderstands." *Id.* at 153.

[2] Although the Special Counsel's *ex parte* application should be denied for violating this Court's rules and due to divestiture, Mr. Biden is compelled to note that many of the Special Counsel's claims concerning the pending motion to dismiss before the Ninth Circuit are gross distortions of the facts and law. The Special Counsel claims Mr. Biden "dishonestly" claimed to be seeking injunctive relief because he sought dismissal (Application.5), but Mr. Biden noted that injunctive relief is another possible remedy and this Court clearly understood that injunctive relief was being sought in his pleading.

## ARGUMENT

### I. THE *EX PARTE* APPLICATION IS PROCEDURALLY FLAWED

This Court's *ex parte* application rules begin, "[e]x parte applications are solely for extraordinary relief and are rarely granted," but there is nothing extraordinary about the Special Counsel's application that warrants the use of the *ex parte* process here. www.cacd.uscourts.gov/honorable-mark-c-scarsi (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)). No reason is offered by the Special Counsel for why this Court's usual briefing rules for motions could not be followed.[1]

---

[1] Cal.D.E.67 at 26 (Order) (framing the discussion by beginning: "A defendant may seek to enjoin a prosecution funded in violation of the Appropriations Clause."). Unquestionably, Mr. Biden alleged an Appropriations Clause violation that required a remedy and sought dismissal, understanding—as all litigants do—that a Court may not provide as extensive a remedy as the one being sought. Similarly, Mr. Biden never "falsely claimed that he filed a petition for writ of mandamus" (Application.5), but instead argued that the Ninth Circuit should treat his appeal as a petition for mandamus if it found appellate review unavailable. *See, e.g.*, *Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003) (en banc) (after finding no appealable order: "We can, however, as we have done in past similar situations, treat the notice of appeal as a petition for a writ of mandamus and consider the issues under the factors set forth in *Bauman*."). That makes sense because mandamus relief should not be pursued if appellate jurisdiction exists. The Special Counsel also makes a baffling claim that "the defendant argued the Ninth Circuit should be the first court to find that a denial of a motion to dismiss for a breach of separation of powers claim is immediately appealable as a collateral order, even though the collateral order doctrine is limited by precedent to Double Jeopardy claims, Speech and Debate claims, and bail orders." (Application.5). The Ninth Circuit, among other courts have found, separation of powers claims immediately appealable as collateral orders. *See, e.g.*, *United States v. Williams*, 68 F.4th 564, 569–70 (9th Cir. 2023); *United States v. Claiborne*, 727 F.2d 842, 844–45 (9th Cir. 1984). Additionally, the Courts of Appeals have identified additional categories of collateral orders beyond those the Special Counsel listed. *See, e.g.*, *United States v. Mendez*, 28 F.4th 1320, 1323–24 (9th Cir. 2022) (denial of diversion to juvenile justice system is a collateral order). Nor has "defendant invented the legal proposition that his claims are independently reviewable under the 'pendent jurisdiction' doctrine." Application.5. Mr. Biden argued that if the Ninth Circuit found appellate jurisdiction over any claim, it could find pendent appellate jurisdiction over the rest; exactly what pendent appellate jurisdiction means. *United States v. Biden*, No. 24-2333, D.E. 9 at 18, 21 (9th Cir. 2024).

Additionally, the Court's rules provide: "Ex parte applications that fail to conform to Local Rule 7-19, including a statement of opposing counsel's position, will not be considered, except on a specific showing of good cause." *Id.* Those requirements are not met either. The Special Counsel failed to comply with Local Rule 7-19.1, which provides: "It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." Likewise, this Court's instructions reiterate: "Counsel for the applicant must provide advance notice of the application by telephone and email to all other parties. In addition to the information required by Local Rule 7-19.1, the notice must advise the other parties of the anticipated deadline to oppose the application." None of this occurred.

Although the Special Counsel did inform Mr. Biden's counsel by email that it had a different interpretation of whether the Court's Standing Order remains in effect while this case is on appeal, the Special Counsel never advised Mr. Biden's counsel that it planned to file this *ex parte* application, nor asked Mr. Biden's counsel's position on the application, nor advised on an anticipated deadline to file an opposition. Moreover, in those email discussions, Mr. Biden's counsel twice requested a call to discuss the issue (D.E.72-1 at 2-3 (May 1 and May 2, 2024 emails from A. Lowell).) Both times the Special Counsel refused, the last time stating only: "In light of the position you're taking we don't think a call would accomplish anything." (*Id.* at 2 (May 2, 2024 email from L. Wise).) It is now clear that the prosecutors intended to file their motion and could easily have used Mr. Biden's counsel's request for a call to discuss the application, rather than invoke imaginary "extraordinary" circumstances in seeking an *ex parte* application.

## II. THE *EX PARTE* APPLICATION IS SUBSTANTIVELY FLAWED

The Special Counsel maintains that litigation in this Court continues to proceed simultaneously, including under the Court's Standing Order and Scheduling Order, despite this case being on appeal to the Ninth Circuit, but he is wrong because the appeal

divested this Court of jurisdiction. "An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *see Griggs*, 459 U.S. at 58 ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal") (per curiam). "That *Griggs* principle reflects a longstanding tenet of American procedure." *Coinbase*, 599 U.S. at 749.

With Mr. Biden filing his Notice of Appeal, "the district court is *automatically* divested of jurisdiction to proceed with trial pending appeal." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (emphasis added). "Once a notice of appeal is filed jurisdiction is vested in the Court of Appeals, and the trial court thereafter has no power to modify its judgment in the case *or proceed further* except by leave of the Court of Appeals." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885–86 (9th Cir. 2001) (quoting *Visioneering Constr. & Dev. Co. v. United States Fidelity & Guar.*, 661 F.2d 119, 124 n.6 (9th Cir. 1981)) (emphasis added); *see United States v. D'Uva*, 106 F.3d 409, *1 (9th Cir. 1997) (unpublished) ("Ordinarily, if a defendant's interlocutory claim is considered immediately appealable . . . the district court loses its power to proceed *from the time the defendant files its notice of appeal until the appeal is resolved*.") (quoting *United States v. LaMere*, 951 F.2d 1106, 1108 (9th Cir. 1991) (alterations in *D'Uva*)) (emphasis added). In cases like *Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007), cited by the Special Counsel (Application.1), there was a *judicial* finding by the Ninth Circuit that it had no jurisdiction over the appeal. No case allows an appellee to restore jurisdiction to a District Court by simply claiming itself the appeal is improper.

The Ninth Circuit finds that District Courts err by addressing "pre-trial matters," *United States v. Hickey*, 580 F.3d 922, 927 (9th Cir. 2009), or by deciding "pre-trial

4

motions" while an appeal was pending, *Claiborne*, 727 F.2d at 850. In *Hickey*, the Ninth Circuit emphasized: "we want to impress upon district courts that acting before the mandate has issued or after the mandate has been recalled risks acting without jurisdiction and wasting judicial resources." 580 F.3d at 927. Illustrating the damage that may be done by ignoring the divestiture rule, a "trial [that] took several months, consuming thousands of hours of court and lawyer time," had to be vacated for such an error in *United States v. DeFries*, 129 F.3d 1293, 1302–03 (D.C. Cir. 1997). There, the defendant brought an interlocutory appeal during jury selection that was denied by the D.C. Circuit and the district court continued with jury selection and empaneled a jury before the D.C. Circuit's mandate issued. The trial that followed was rendered void because the district court had no jurisdiction to empanel the jury before the mandate issued. *Id.*

Emphasizing the importance of divestiture, the Supreme Court explains, "whether the litigation may go forward in the district court is precisely what the court of appeals must decide[,] . . . it makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one." *Griggs*, 459 U.S. at 58; *see Coinbase*, 599 at 739–44. The need to stop all proceedings in the district court pending an appeal is further highlighted because Mr. Biden claims on appeal that he has immunity from prosecution, which encompasses "an entitlement not to stand trial or *face the other burdens of litigation*." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added). A defendant appealing a "right not to be tried" claim "would be irreparably harmed if the trial court continued to proceed to trial prior to the disposition of the appeal." *Claiborne*, 727 F.2d at 850. Relying on *Forsyth*, the Ninth Circuit explains immunity "avoid[s] the real-world *costs of prolonged litigation*." *Green v. Miss United States of Am. LLC*, 52 F.4th 772, 802 (9th Cir. 2022) (emphasis added); *see also Blassingame v. Trump*, 87 F.4th 1, 29 (D.C. Cir. 2023) (explaining this burden includes discovery, with such obligations ending with the appeal). Thus, Mr. Biden should not be burdened with drafting proposed jury instructions and other burdens of pretrial litigation while the Ninth Circuit decides whether those burdens should be placed on him.

As the D.C. District Court recognized in a case brought by a different Special Counsel, a defendant's "appeal automatically stays any further proceedings that would *move this case towards trial or impose additional burdens of litigation* on Defendant," and found that the appeal stayed all deadlines under a scheduling order. *United States v. Trump*, 2023 WL 8615775, at *1 (D.D.C. Dec. 13, 2023) ("If jurisdiction is returned to [the trial] court, it will . . . consider at that time whether to retain or continue the dates of any still-future deadlines and proceedings, including the trial scheduled") (emphasis added). Cases make specific mention of suspending scheduling orders because they impose pre-trial and trial burdens that appeals may obviate. *See Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 2018 WL 8997442, at *2 (D.D.C. Nov. 1, 2018) (district court set a scheduling order and the defendant filed an appeal; the district court stayed the case and schedule on its own because of divestiture); *Hallock v. Bonner*, 2023 WL 22519644, at *2 (N.D.N.Y. Nov. 4, 2003) (relying on *Chuman*, district court denied request for scheduling order because appeal divested it of jurisdiction); *Barnes-Wallace v. Boy Scouts of Am.*, 2003 WL 27384299, at *2 (S.D. Cal. Sept. 17, 2023) (failure to comply with scheduling order excused because appeal automatically divested the court of jurisdiction).

The Special Counsel is correct that an appeal where appellate jurisdiction is lacking does not divest a District Court of jurisdiction, but he gets the procedure backward. Ignoring the automatic divestiture rule, the Special Counsel erroneously claims "this Court was not automatically divested of jurisdiction" by the Notice of Appeal because Mr. Biden "has not sought a stay." Application.1. The Special Counsel ignores that there is a well-established process for them to pursue their argument that Mr. Biden's appeal is "improper." That process seeks to have a court make a finding that an appeal is frivolous. Not surprisingly, jurisdiction is not restored to a district court whenever an appellee says so, by self-proclaiming the appellant's appeal as "improper." The Courts of Appeals, including the Ninth Circuit, have adopted the procedure outlined in *United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980) (en banc)). *See Coinbase*, 599 U.S. at 742 n.4

(citing, inter alia, *LaMere*, 951 F.2d at 1108, as adopting *Dunbar*). *Dunbar* requires a district court to "make written findings determining whether the motion is frivolous or nonfrivolous." 611 F.2d at 988.

"'In the absence of such certification,' however, 'the district court is automatically divested' of its authority 'to proceed with trial pending appeal.'" *Rodriguez v. City of Los Angeles*, 891 F.3d 776, 779 (9th Cir. 2018) (quoting *Chuman*, 960 F.2d at 105). It is not sufficient that a district court denied appellant's motion, as that would be true in every case. *See, e.g.*, *Process & Indus. Devs.*, 2018 WL 8997442, at *2 (rejecting the merits of issue under appeal, but refusing to certify the appeal as frivolous and staying the court's scheduling order). Even a district court's denial of a motion and expressed "displeasure" with the appellant's tactics (there, an appeal on the eve of trial viewed as dilatory) cannot substitute for a written certification of frivolousness. *BancPass Inc. v. Highway Toll Admin. LLC*, 863 F.3d 391, 399 (5th Cir. 2017). There was no need for Mr. Biden to seek a stay of this Court's Standing Order and Scheduling Order, as filing his Notice of Appeal automatically achieved the same result by divesting this Court of jurisdiction.

This Court has not certified Mr. Biden's appeal as frivolous, nor has the Special Counsel asked the Court to do so.[3] Nor would it be proper for the Court do so here. "To certify an appeal as frivolous for this purpose, the Court must find that it is 'wholly without merit', or that the result of the appeal is 'obvious.'" *Adams v. Garcia*, 2018 WL 6137604, at *2 (C.D. Cal. Oct. 1, 2018) (first quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n. 3 (9th Cir. 2002); second quoting *Wilcox v. Commissioner*, 848 F.2d 1007, 1009 (9th Cir. 2008)). The Court must find that "'the disposition is so plainly correct that nothing can be said on the other side', or that the appellate arguments 'have no arguable basis in fact of law.'" *Id.* (first quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) (Easterbrook, J.), second quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see id.* (explaining "if there appeared to be even an arguable basis for

---

[3] The Special Counsel should understand the *Dunbar* process, as Mr. Biden explained it in the Delaware proceeding just weeks ago. *United States v. Biden*, No. 1:23-cr-00061-MN, D.E.109 (D. Del. Apr. 22, 2024).

appellate jurisdiction over plaintiff's . . . appeal, this Court would decline to certify the appeal as frivolous"). This Court devoted much of its 82-page opinion addressing the issues that Mr. Biden has appealed, which would have been entirely unnecessary if the issues raised by Mr. Biden were frivolous. D.E.67. And as this Court is likely aware, its rulings on some of the motions were based on divergent grounds from the District Court in Delaware addressing the same motions. This too undermines any claim that Mr. Biden's appeal is frivolous.

The Seventh Circuit emphasizes: "Such a power must be used with restraint, just as the power to dismiss a complaint for lack of jurisdiction because it is frivolous is anomalous and must be used with restraint." *Apostol*, 870 F.2d at 1339. Additionally,

> [a] party aggrieved by a finding of frivolousness or forfeiture . . . may seek a stay from [the Court of Appeals], for we have jurisdiction to determine our jurisdiction. If we conclude that the appeal invokes our power and presents a genuine issue, the trial must be postponed until the appeal is resolved. In the absence of the district court's reasoned finding of frivolousness or forfeiture, however, the trial is automatically put off; it should not be necessary for the defendants to come to this court, hat in hand, seeking relief that is theirs by virtue of *Forsyth*, which authorizes *pre-trial* appeals.

*Id.* The Ninth Circuit adopted *Apostol* in *Chuman*, specifically noting that a certification of frivolousness can be appealed in seeking a stay of the decision. 960 F.2d at 105 n.1.

Not only has the Special Counsel not moved this Court to certify the appeal as frivolous, but it has taken actions that divest the ability of this Court to do so now. The Special Counsel claims Mr. Biden's appeal is "improper" because the Ninth Circuit has no jurisdiction, but the Special Counsel already has moved to dismiss the appeal in the Ninth Circuit on this basis. *United States v. Biden*, No. 24-2333, D.E. 6 (9th Cir. May 6, 2024). This Court has been divested of jurisdiction to determine the Ninth Circuit's jurisdiction because that very question is before the Ninth Circuit.

      Nor does it make sense for this Court to wade into that thicket. The Special Counsel's motion to dismiss is now fully briefed and pending before the Ninth Circuit. There is no point in reinitiating that briefing process again in this Court, particularly when either side could then appeal this Court's decision to the Ninth Circuit. Given that the issue already is before the Ninth Circuit, the prudent course is to wait for its decision.

Dated: May 7, 2024            Respectfully submitted,

                                         By: */s/ Angela M. Machala*
                                         Angela M. Machala (SBN: 224496)
                                         AMachala@winston.com
                                         WINSTON & STRAWN LLP
                                         333 S. Grand Avenue, 38th Fl.
                                         Los Angeles, CA 90071-1543
                                         Telephone: (213) 615-1700
                                         Facsimile: (213) 615-1750

                                         Abbe David Lowell (*admitted pro hac vice*)
                                         AbbeLowellPublicOutreach@winston.com
                                         Christopher D. Man
                                         CMan@winston.com
                                         WINSTON & STRAWN LLP
                                         1901 L Street NW
                                         Washington, DC 20036
                                         Telephone : (202) 282-5000
                                         Facsimile:  (202) 282-5100

                                         *Attorneys for Robert Hunter Biden*