DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail: LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>    Defendant. | No. CR 23-cr-00599-MCS<br><br>REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER REQUIRING DEFENDANT TO COMPLY WITH COURT'S STANDING ORDER AND EXCHANGE PROPOSED JURY INSTRUCTIONS WITH GOVERNMENT |

    The United States of America, by and through its counsel of record, hereby submits this reply in support of its ex parte application for an order that requires the Defendant to exchange proposed jury instructions with the government pursuant to the Court's Standing Order.

Dated: May 7, 2024

Respectfully submitted,

DAVID WEISS
Special Counsel

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Defendant's decision to file a notice of appeal of this Court's denial of his meritless motions to dismiss is a stunt to delay the trial. That is amply demonstrated by the fact that Defendant has decided, unilaterally, that he can ignore the schedule set by the Court, and defy the orders issued by the Court implementing that schedule. This is a "heads I win, tails you lose" litigation strategy. If the Ninth Circuit does not promptly rule on the government's motion to dismiss the appeal, the trial will have to be continued, according to his argument. Even if the Circuit rules soon, if the pretrial deadlines set by the Court have not been adhered to by the Defendant, he will likely claim he needs more time to prepare as a basis for a continuance of the trial. The Court should reject the Defendant's attempt to put himself above the law and game the system.

Under Defendant's unsupported view of the divestiture doctrine, agency over the trial date and the Court's schedule belongs exclusively to the Defendant. Each and every time he decides to file a notice of appeal, whenever and whatever the circumstances, this Court is automatically divested of jurisdiction and the proceeding comes to a screeching halt until the government moves to dismiss the notice of appeal and the Ninth Circuit acts on the government's motion or concludes it lacks jurisdiction following merits briefing. According to his argument, even if the Ninth Circuit grants the pending motion to dismiss, the Defendant can file notices of appeal of the other motions that were denied and doing so would again stop the proceedings in the district court. He could do that the day after the Ninth Circuit grants the Government's motion to dismiss, he could do it on the first day of trial, and at any point in between. Even if he is past the deadline for noticing an appeal, the untimely notice of appeal would nonetheless automatically strip this Court of jurisdiction until the Ninth Circuit found the appeal untimely. The Defendant even takes the position that he can appeal this Court's resolution of this application and that the act of filing a notice of appeal would again automatically deprive the Court of jurisdiction until the Ninth Circuit determined it lacked jurisdiction to hear

that appeal. And of course, the fact that the Ninth Circuit does not have jurisdiction to hear any of these appeals is, according to Defendant, irrelevant. Because his argument is unsupported by the law, the Court should grant the government's application.

## II. ARGUMENT

### A. The Government's ex parte application is not procedurally flawed.

It is ironic that the Defendant alleges that the government has not complied with a local rule requiring it to give notice to the Defendant of its intention to file an ex parte application and to apprise the Defendant of his deadline for a response when the whole reason for that filing is because the Defendant decided, unilaterally, that it could ignore the Court's scheduling order and, in so doing, jeopardize the trial date. Resp. at 2. In any event, the government's application establishes why there is good cause that the requirements of Local Rule 7-19.1 could not be met. As required by Rule 7-19.1, the government submitted with its application a declaration, under oath, of one of the attorneys representing the United States in this matter that described the government's interaction with defense counsel, via email, and those emails were also submitted with the government's application. What those emails show is that defense counsel took the maximalist position that "The Notice of Appeal is what was filed in the California action that immediately divested the district court of jurisdiction" and that "the appeal has divested the district court of jurisdiction to move forward and that includes deadlines for exchanging or filing pretrial documents contemplated in a scheduling order." ECF 76-1 at page 2-3. Having taken the position that this Court does not have jurisdiction, there was no reason to advise Defendant of the government's intention to file an application to enforce the Court's scheduling order and their deadline to respond or to seek their position on such an application since they obviously wouldn't be filing anything before a Court that lacks jurisdiction to hear the matter. To the government's surprise, and in contradiction of their position that this Court lacks jurisdiction, Defendant filed an opposition to the government's application this morning. At further odds with their position that this Court lacks jurisdiction to even hear the motion, Defendant asked the

1  Court to enter an order denying it, something the Court could not do if it lacked
2  jurisdiction in the first place.  In any event, the team of lawyers that represent the
3  Defendant had responded to the ex parte motion within the 24 hours prescribed by the
4  local rules and have not raised any prejudice.

        **B.**    **The Defendant relies on the wrong case law when addressing the procedural deficiency of his appeal**

       In the ex parte application, the government raised a *procedural* deficiency with the Defendant's notice of appeal—because he appealed a nonappealable order, this Court had not been divested of jurisdiction, the Court's Standing Order therefore remains a live order, and the Defendant is required to comply with it, rather than simply ignoring it.

       Rather than address this issue, in his response, the Defendant relies entirely on case law addressing *substantive* frivolousness in an appeal of an appealable order where one party seeks a certification from the district court for it to retain jurisdiction based on the lack of merits to the appeal.  That is not the issue here and at the end of his response, the Defendant even acknowledges that the government has not moved this Court to certify his appeal as frivolous.  Doc. No. 77, p. 8.  The reason the government has not raised whether the Defendant's appeal is frivolous is because as a threshold matter his appeal is procedurally defective since the order he appeals from is not a final order or one covered by the collateral order doctrine.  Doc. No. 76 at p. 4-5, Exhibits 2, 4.

       None of the cases cited by the Defendant involve a procedural deficiency with an appeal.  For example, while the Defendant argues *Chuman v. Wright* means that this Court was "automatically" divested of jurisdiction when he filed his notice, *Chuman* involved an appeal from an order that could be appealed on an interlocutory basis, not a jurisdictional question of whether it could be. 960 F.2d 104 (9th Cir. 1992). The Defendant cites *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001) but that case involved a district court that had certified an interlocutory appeal of its order and then issued a subsequent order after a notice of appeal was filed. Such is not the case here. While the unreported *D'Uva* case that the Defendant relies on found that

3

"it was not error for the trial court to continue the proceedings despite its failure to find D'Uva's appeal frivolous," that case involved an appeal of an appealable order denying a double jeopardy claim, not an appeal of a non-final order like the one the Defendant seeks to appeal here. *United States v. D'Uva*, 106 F.3d 409 (9th Cir. 1997).

      The Defendant next cites to cases where appellate courts have cautioned district courts against addressing pretrial matters while an appeal of a final, appealable order is pending—again, not the issue raised in the government's application.  For example, the Defendant cites *United States v. Hickey*, 580 F.3d 922 (9th Cir. 2009) for the argument that a district court errs by addressing "pretrial matters" before a mandate has issued. But that case involved the district court's finding that an appeal of a denial of a double jeopardy claim was substantively frivolous, not a procedurally deficient appeal from a nonappealable order.  The Defendant cites *State v. DeFries*, 129 F.3d 1292 (D.C. Cir. 1997) and claims, "the Defendant brought an interlocutory appeal during jury selection that was denied by the D.C. Circuit and the district court continued with jury selection and empaneled a jury before the D.C. Circuit's mandate issued." Doc. No. 77 at 6.  That is not correct-the government brought an interlocutory appeal over the dismissal of a mail fraud count, which was reversed on appeal, but the trial commenced before the mandate had issued.  Again, there was no procedural deficiency in that appeal like there is in the Defendant's appeal here.  Indeed, the *DeFries* Court recognized the distinction between substantively frivolous appeals (citing *United States v. Lamere*, 951 F.2d 1106 (9th Cir. 1991) and procedurally deficient appeals from non-appealable orders (citing *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989). *Id.* at 1302-03.  The Defendant relies on case law discussing the former (indeed he cites *Lamere*) while the issue raised by the government's application involves the latter—attempted interlocutory appeals from a non-appealable order.

      Thus, the Defendant's response offers nothing to rebut the procedural cases relied on by the government which do not require the court to make a certification that the appeal is substantively frivolous. *See* Doc. No. 76 at p. 3-4.  He does not even address

them and Ninth Circuit law is clear that "[w]here the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Sec'y of U. S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966). Thus, this Court maintains jurisdiction to proceed with a criminal trial even while the notice of appeal is pending and even if the Ninth Circuit has not ruled on the pending motion to dismiss prior to the trial date. *United States v. Garner*, 663 F.2d 834, 837–38 (9th Cir. 1981).

### C. District courts can and do determine whether they continue to exercise jurisdiction after the filing of a notice of appeal.

None of the cases Defendant cites support his argument that the mere filing of a notice of appeal automatically divests the district court of jurisdiction without regard to whether there was interlocutory jurisdiction to hear the appeal. Further, all of the cases the Defendant cites are ones where the *district court* considered whether the orders that were the subject of the appeal could be heard on an interlocutory basis. Thus, they all directly undermine Defendant's position. According to the Defendant's view of the divestiture doctrine, the district courts he cites had no jurisdiction to hear the motions they ruled on in the first place. What these cases shows is that government's view is the correct one, namely, that this Court does have jurisdiction to decide whether to enforce the pretrial schedule even after a notice of appeal has been filed.

The defendant relies on *United States v. Trump*, No. CR 23-257 (TSC), 2023 WL 8615775, at *1 (D.D.C. Dec. 13, 2023) where the district court denied the Defendant's motion to dismiss based on Presidential immunity. In that case, the defendant filed a notice of appeal and moved to stay the proceedings in the district court. The *district court* decided that it no longer had jurisdiction because the D.C. Circuit had found that the defendant's claim of presidential immunity was "an entitlement not to stand trial or face the other burdens of litigation," such as discovery obligations and that a denial of such a claim was a collateral order immediately appealable under *Cohen*.

5

Similarly, in *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, No. 18-CV-594 (CRC), 2018 WL 8997442, at *1 (D.D.C. Nov. 1, 2018) the district court set a scheduling order and then, after the defendant filed a notice of appeal asserting sovereign immunity, the *district court* stayed its order concluding it no longer had jurisdiction. In deciding whether it continued to exercise jurisdiction, the *district court* noted that:

> It is settled that a notice of appeal from an unappealable order does not divest the district court of jurisdiction." *McKesson HBOC, Inc. v. Islamic Republic of Iran*, 315 F. Supp. 2d 63, 66 (D.D.C. 2004). In such instances, "a notice of appeal [is] so baseless that it does not invoke appellate jurisdiction," and the district court can retain jurisdiction. *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989).

*Id*.

In *Hollock v. Bonner*, 2003 WL 22519644 at *1 ((N.D.N.Y. Nov. 4, 2003), a *Bivens* action where the Defendants were various law enforcement officers, the plaintiff moved the district court to enter an order setting a schedule for pretrial discovery after the district court denied the defendants' motion to dismiss seeking enforcement of the Federal Tort Claims Act judgment bar contained in 28 U.S.C. § 2676. The defendants opposed the motion before the district court. The *district court* found that its denial of the defendants' motion to dismiss was immediately appealable citing case law on assertions of qualified immunity. *Id*. at *2.

Finally, in *Barnes-Wallace v. Boy Scouts of Am.*, 2003 WL 27384299, at *2 (S.D. Cal. Sept. 17, 2003) the defendant moved to stay proceedings after filing a notice of appeal and the *district court* granted the defendant's motion. These cases support the government's application that this Court has authority to enter the requested order.

### III.  CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court issue an order requiring the Defendant to comply with the pretrial deadlines in the Court's Standing Order and exchange pretrial jury instructions immediately.