DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:   (771) 217-6091
    E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00599-MCS |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF THIRD CIRCUIT'S DECISION GRANTING GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S INTERLOCUTORY APPEAL AND DENIAL OF PETITION FOR A WRIT OF MANDAMUS |
| v. | |
| ROBERT HUNTER BIDEN, | |
| Defendant. | |

    The United States of America, by and through its counsel of record, hereby submits this notice of supplemental authority in support of its ex parte application for an order that requires the Defendant to exchange proposed jury instructions with the government pursuant to the Court's Standing Order. (Dkt. No. 76)

    On April 1, 2024, this Court issued an order denying all of defendant's pretrial motions (ECF No. 82)  On April 12, 2024, the defendant filed a notice of appeal of this Court's order.  (ECF No. 70)  On April 22, 2024, the government filed a motion to dismiss defendant's appeal in the Ninth Circuit.  (*United States v. Robert Hunter Biden*,

Cr. No. 2333 Dkt. No. 6)  In his response to the government's motion to dismiss, defendant claimed that he "appeals denials of his motions addressing the Special Counsel's invalid appointment and funding violation of the Appropriations Clause, the Diversion Agreement immunizing Biden from prosecution, and a separation of powers violation due to congressional pressure to indict," claiming that the Ninth Circuit had jurisdiction to hear these appeals "under 28 U.S.C. §§ 1291, 1292(a), 1651 and pendent appellate jurisdiction."  (*Id*.)  Defendant appealed the same claims to the Third Circuit citing the same bases for appellate jurisdiction after motions in which they were made were denied by Judge Noreika in the United States District Court for the District of Delaware.  (*United States v. Robert Hunter Biden*, C.A. 24-1703, Dkt. No. 15)

Today, the Third Circuit issued an order in *United States v. Robert Hunter Biden*, C.A. 24-1703, which found that the Third Circuit lacked jurisdiction over the defendant's appeal of orders denying the same three motions to dismiss that he seeks to appeal in this case.  (Exhibit 1)

First, with respect to the District of Delaware's denial of the defendant's motion to dismiss based on immunity purportedly conferred by a diversion agreement, the Third Circuit held that the district court's denial does not qualify as an immediately appealable collateral order and the non-prosecution clause in that agreement did not implicate a right not to be tried or any other right that can be collaterally appealed. (Order at 2) The Third Circuit also denied the defendant's request for mandamus. (*Id.*)

Second, the Third Circuit held that the district court's denial of the defendant's separation of powers claim was not a collateral order, finding the defendant's reliance on *Axon Enterprises, Inc. v. FTC*, 143. S.Ct. 890 (2023) to be "misplaced" because "criminal defendants must show more: a right not to be tried stemming from a statutory or constitutional guarantee," which the defendant could not do. (Order at 3, FN 1)

Third, the district court's denial of the defendant's motion to dismiss based on an alleged improper special counsel appointment and appropriations funding was not appealable as a collateral order, the Third Circuit held. (Order at 4) The Third Circuit

2

found that the defendant did not ask for an injunction, nor did the district court refuse an injunction, but even if he had sought an injunction, he could not meet the standard to establish that immediate review of an injunction denial was warranted. (Order at 4)

Thus, the Third Circuit considered the exact same issues that the defendant appeals to the Ninth Circuit from the Central District of California and concluded "The defendant's appeal is DISMISSED for lack of appellate jurisdiction and his alternative request for writ of mandamus is DENIED." (Order at 4)

The government respectfully requests that this Court grant the government's application to compel defendant's compliance with the Court's standing order (ECF No. 76) As the government described in its application, while the trial in this matter is scheduled for June 20, 2024, the defendant is currently refusing to comply with this Court's standing order and ignoring the deadlines that order imposes, jeopardizing that date. Without moving to stay the proceeding, defendant began ignoring these deadlines because he asserts, incorrectly, that this Court is automatically divested of jurisdiction by the mere act of the filing of a notice of appeal, no matter that it is deficient because this Court's order is not immediately appealable. As explained in the government's motion and the appellate briefs attached to the motion, this Court was not divested of jurisdiction over the defendant's interlocutory appeal of a non-appealable order. The Third Circuit's order further shows that this Court's decision is not subject to an interlocutory appeal. Because the defendant has failed to cite a single case where interlocutory appellate jurisdiction exists over an appeal of the three issues he seeks to appeal to the Ninth Circuit, this Court should enforce its Standing Order.

| | | |
|---|---|---|
| 1 | Dated: May 9, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | DAVID WEISS<br>Special Counsel |
| 4 | | |
| 5 | | /s/ _____<br>LEO J. WISE |
| 6 | | Principal Senior Assistant Special Counsel |
| 7 | | DEREK E. HINES |
| 8 | | Senior Assistant Special Counsel |