UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | Case No. 2:23-cr-00599-MCS-1<br><br>**ORDER RE: EX PARTE APPLICATION FOR ORDER REQUIRING DEFENDANT TO COMPLY WITH COURT'S STANDING ORDER AND EXCHANGE PROPOSED JURY INSTRUCTIONS WITH GOVERNMENT (ECF NO. 76)** |

1

The Government applies ex parte for an order requiring Defendant Robert Hunter Biden to comply with the Court's standing order regarding the exchange of proposed jury instructions and other pretrial documents in anticipation of trial. (Appl., ECF No. 76.) Mr. Biden filed a brief opposing the application, (Opp'n, ECF No. 77), and the Government filed a reply, (Reply, ECF No. 78). The Court assumes without deciding that relief on an ex parte basis is warranted and does not reach the parties' arguments on the propriety of emergency relief.

The Government argues that the Court retains the authority to proceed to trial in this matter because the Ninth Circuit Court of Appeals lacks jurisdiction to consider Mr. Biden's interlocutory appeal of the Court's order denying Mr. Biden's motions to dismiss. The Government contends that under the appropriate standards for interlocutory review, the Court's nonfinal order is not appealable on an interlocutory basis. According to the Government, because Mr. Biden has not sought a stay of proceedings while the interlocutory appeal is pending, he must comply with the trial schedule. Mr. Biden asserts that his notice of interlocutory appeal divested the Court of jurisdiction, so the Court may not proceed to trial absent an order certifying Mr. Biden's interlocutory appeal as frivolous. The Government responds that the authorities Mr. Biden invokes concern situations in which an interlocutory appeal is substantively frivolous, not situations where, as here, the notice of appeal is procedurally defective, as the Government alleges that Mr. Biden seeks interlocutory review of a nonfinal order not subject to interlocutory review.

Although the parties and many courts employ the term *jurisdiction*, a statutory concept, in connection with a discussion of whether a district court's authority to proceed is divested upon the filing of a notice of appeal, the divestiture rule is a nonjurisdictional doctrine of judicial creation. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018). Thus, a court *is not* without jurisdiction when a notice of appeal is filed, including when the appellate court *is* without jurisdiction over the appeal. *See id.* at 791 ("[A]n error in following our circuit's divestiture procedure does

not entirely eliminate the authority of the district court to hear a case."); *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply."); *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.").

Mr. Biden, resting on his conviction that no stay is necessary given his understanding of the divestiture rule, has not sought a stay of this Court's orders regarding trial preparation. To be clear, the Court has not vacated the pretrial schedule, and absent a request for relief, Mr. Biden ignores the Court's orders at his own peril. If the Ninth Circuit dismisses the interlocutory appeal for lack of jurisdiction, the Court intends to proceed to trial without significant delay.

The Government asks the Court to expressly recognize the Ninth Circuit's lack of jurisdiction over Mr. Biden's appeal.[1] As discussed, divestiture is a prudential rule.

---

[1] The parties dispute whether the determination must be accompanied by a certification that the appeal is frivolous. (Opp'n 6–8; Reply 3–5.) The case law the parties cite does not provide clear guidance on whether the frivolity standard governs when a district court facing divestiture considers appellate jurisdiction over an interlocutory appeal. *Compare Rodriguez*, 891 F.3d at 791 (observing divestiture is automatic in the absence of a certification that an appeal is frivolous or waived), *with Nascimento*, 508 F.3d at 908, 910 (upholding district court's orders entered while appeals over which the appellate court lacked jurisdiction were pending without discussing certification). In such situations, this Court has both expressly issued a frivolity certification, *compare Curtis v. Transamerica Premier Life Ins. Co.*, No. 2:23-cv-01413-MCS-AGR, 2023 U.S. Dist. LEXIS 178315, at *3 (C.D. Cal. Aug. 21, 2023) (Scarsi, J.) (certifying appeal as frivolous on same grounds for which the court denied leave to appeal in forma pauperis), *with* Order Re: Mot. & Aff. for Leave to Appeal In Forma Pauperis 2, *Curtis v. Transamerica Premier Life Ins. Co.*, No. 2:23-cv-01413-MCS-AGR (C.D. Cal. Aug.

Prudential concerns of judicial economy and comity among the federal courts counsel against this Court rendering an opinion on the Ninth Circuit's jurisdiction in response to this emergency application. The Ninth Circuit's jurisdiction over Mr. Biden's interlocutory appeal is already the subject of a fully briefed motion to dismiss pending in that court. (Mot. Exs. 2–4, ECF Nos. 76-2 to -4.) The Government asked the Ninth Circuit to resolve this motion on an expedited basis. (Mot. Ex. 2, at 23–24.) Given the swiftness with which the Third Circuit resolved a motion to dismiss the interlocutory appeal of similar nonfinal orders in Mr. Biden's other criminal case, the Court anticipates that the Ninth Circuit may resolve the motion before it in a similarly expeditious manner. *See* Order, *United States v. Biden*, No. 24-1703 (3d Cir. May 9, 2024), ECF No. 17 (resolving motion to dismiss within three days of conclusion of briefing). The Court, therefore, declines at this time to substitute its judgment for the judgment of the Ninth Circuit on its own jurisdiction.

The application is denied.

**IT IS SO ORDERED.**

Dated: May 9, 2024

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

---

7, 2023), ECF No. 39 (finding appeal of unappealable interlocutory order frivolous), and recognized its power to proceed without making an express finding of frivolity, *see Pham v. Talkdesk, Inc.*, No. 2:22-cv-05325-MCS-JPR, 2023 U.S. Dist. LEXIS 212810, at *3–7 (C.D. Cal. Sept. 13, 2023) (Scarsi, J.) (recognizing authority to consider motion for sanctions both under inherent power to police bad faith conduct in litigation and because a pending appeal concerned a nonfinal order). For reasons discussed below, the Court does not resolve the parties' dispute at this time.