Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:  (202) 282-5000
Facsimile:   (202) 282-5100

*Attorneys for Robert Hunter Biden*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT HUNTER BIDEN,<br><br>　　　　Defendant. | **Case No. 2:23-CR-00599-MCS-1**<br><br>*Hon. Mark C. Scarsi*<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL**<br><br>Date:　June 3, 2024<br>Time:　3:00 PM<br>Place:　Courtroom 7C |

# NOTICE OF MOTION AND MOTION

TO: SPECIAL COUNSEL DAVID WEISS, PRINCIPAL SENIOR ASSISTANT SPECIAL COUNSEL LEO J. WISE, SENIOR ASSISTANT SPECIAL COUNSEL DEREK E. HINES

PLEASE TAKE NOTICE that at 3:00 p.m. on Monday June 3, 2024, or as soon as this Court deems appropriate, Defendant Robert Hunter Biden, by and through his attorneys of record, will, and hereby does, respectfully move this Court for an order granting Mr. Biden's Motion to Stay Pending Appeal.[1]

Mr. Biden respectfully requests that this Court stay all proceedings in this case pending his interlocutory appeal to the United States Court of Appeals for the Ninth Circuit.

Mr. Biden's counsel told the prosecution during a teleconference on May 10, 2024, that Mr. Biden intended to file the instant motion. The prosecution has indicated it intends to oppose.

Dated: May 10, 2024

Respectfully submitted,

WINSTON & STRAWN LLP

By: /s/ Angela M. Machala
Angela M. Machala (SBN: 224496)
Abbe David Lowell
Christopher D. Man

*Attorneys for Robert Hunter Biden*

---

[1] Under the Court's rules, the first date counsel can notice for the hearing on this motion is June 3rd. Because that date is after the now scheduled final pretrial conference on May 29, defense counsel will confer with the prosecution about agreeing on an expedited schedule for briefing and hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND FACTUAL BACKGROUND.**

While the Court recognizes Mr. Biden maintains his position that this Court was divested of jurisdiction upon filing of his notice of appeal (DE 70), Mr. Biden appreciates the caution this Court expressed in yesterday's order that "absent a request for [a stay], Mr. Biden ignores the Court's orders at his own peril." (DE 80 at 3.) Accordingly, Mr. Biden respectfully requests that this Court stay the proceedings in this case pending the return of the mandate from the Ninth Circuit. As the Court has pointed out, "[t]he Ninth Circuit's jurisdiction over Mr. Biden's interlocutory appeal is already the subject of a fully briefed motion to dismiss pending in that court." (DE 80 at 2.) The Court's "concerns of judicial economy and comity among the federal courts" would best be addressed by a stay of these proceedings until the Ninth Circuit resolves the pending appeal. *Id.*

Mr. Biden's counsel is currently handling filings in four separate criminal proceedings, (*United States v. Biden*, No. 23-cr-00599-MCS (C.D. Cal.); *United States v. Biden*, No. 24-2333 (9th Cir. filed Apr. 15, 2024); *United States v. Biden*, No. 23-cr-00061-MN-1 (D. Del.); *United States v. Biden*, 24-1703 (3d Cir. filed Apr. 17, 2024)),[2] while simultaneously still trying to move ahead and prepare for two trials—one before this Court and one in the District of Delaware—both presently scheduled to begin in weeks. *See* Ex. 3 at 11. Converging deadlines and overlapping issues create the risk of additional conflicting orders from different courts, a result that has already occurred in the orders in this Court and Delaware concerning the Diversion Agreement.

Despite the enormous time and logistical pressures of the pleadings and proceedings in recent weeks, counsel has continued to prepare for the coming trial in

---

[2] Mr. Biden, in his concurrently filed Request for Judicial Notice ("RJN"), requests that this Court take notice of the recent filings in his cases pending before the Ninth Circuit, the Third Circuit, and the District of Delaware.

this case. Counsel's diligent trial preparation has included reviewing voluminous financial records, attempting to and now finalizing the retention of defense experts (including on the critical issue of tax), identifying possible exhibits, researching and drafting jury instructions, locating fact witnesses and seeing if they can meet and eventually testify, and identifying and conferring with Special Counsel on issues (some complicated) for possible evidentiary motions in limine. Preparing for this trial is uniquely challenging, given the high-profile and politically charged environment. Indeed, counsel has spoken with numerous prospective expert witnesses who have eventually declined to participate in the case, either due to expressed fear for their careers and safety or because the organizations with which they are associated would not permit them to work on what is perceived as a high-profile and divisive case. *See* Declaration of Angela M. Machala at ¶¶ 3–4.

As counsel for Mr. Biden continues to work on four different fronts—considering further proceedings in the Third Circuit, awaiting a jurisdictional decision in the Ninth Circuit and formulating potential next steps in those courts, and addressing the pretrial schedule and preparation required in this Court and in Delaware—we do not wish to proceed at Mr. Biden's peril. To the contrary, counsel has been working around the clock to satisfy our constitutional, legal, and ethical obligations to Mr. Biden, whose interests in having us provide competent and effective assistance of counsel are threatened absent a stay of proceedings pending appeal and the ability to address all the pending issues in all the courts.

## II.   LEGAL STANDARD

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with

economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (explaining that courts have the power "to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand") (citation omitted). This Court has applied *Landis* where there is a request for a stay based on an interlocutory appeal.[3] *See Peck v. County of Orange*, 528 F.Supp.3d 1100, 1105–06 (C.D. Cal. 2021); *McPeters v. United States*, 220 F. Supp. 3d 1024, 1026–27 (C.D. Cal. 2016) ("When deciding whether to exercise its discretion to stay a civil *or criminal proceeding*, a federal court in the Ninth Circuit must balance several potentially competing interests." (citing *Landis* test)) (emphasis added).

Courts consider the following three factors to determine if a stay of proceedings is appropriate: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254–55).

---

[3] One criminal case in this District—*United States v. Olivar*, 2014 WL 12707482 (C.D. Cal. Mar. 31, 2014)—analyzed a motion to stay pending appeal under an alternative test outlined in *Nken v. Holder*, 556 U.S. 418, 426 (2009). However, *Olivar* concerned a motion to stay an *order*, specifically, an order revoking the defendant's citizenship. *Olivar*, 2014 WL 12707482, at *1. As this Court has explained, "the *Nken* test 'is applicable when there is a request to stay a district court's *judgment or order* pending appeal of the same case,' while *Landis* applies to the decision to stay *proceedings* …." *Peck*, 528 F. Supp. 3d at 1106 (citing *Kuang v. U.S. Dep't of Def.*, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (citation omitted) (emphasis in original)). Here, as in other cases involving a stay of proceedings, "the overarching question is [] whether going forward with the litigation will be inefficient for the parties and the court…" *Peck*, 528 F. Supp. 3d at 1106 (citing *Kuang*, 2019 WL 1597495, at *3); *see Hart v. Charter Comms, Inc.*, 2019 WL 7940684, at *4 (C.D. Cal. Aug. 1, 2019) (explaining that "[u]nlike a stay of an order or judgment, a stay of proceedings does not require the court to interfere with the authority of another court or administrative agency.").

## III. ARGUMENT

### A. Mr. Biden's Appeal Is Grounded in Existing Ninth Circuit Law

In its recent filings, the Government repeatedly disparages Mr. Biden for pursuing an interlocutory appeal and for presenting arguments to the Ninth Circuit in support of the appeal. *See* DE 76 (accusing Mr. Biden of "dishonest[y]", making "false" claims, and "invent[ing a] legal proposition."); *see also United States v. Biden*, 24-2333 (9th Cir. 2024) (DE 13.1 at 2–3) (mischaracterizing appeal as a "tactic" "to delay the trial of this case"). In fact, Mr. Biden's right to pursue an interlocutory appeal is grounded in existing Ninth Circuit law. *See, e.g.*, *United States v. Morales*, 465 F. App'x 734, 736 (9th Cir. 2012); *United States v. Sandoval-Lopez*, 122 F.3d 797, 799–800 (9th Cir. 1997). In light of these Ninth Circuit decisions, Mr. Biden's appeal is far from being a false claim or a delaying tactic—it is based in existing case law from this Circuit, and it is well within his rights to pursue, especially because the right being asserted includes "an entitlement not to stand trial or *face the other burdens of litigation.*" *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added).

Nor has Mr. Biden has chosen intentionally to "ignore" or "defy" the Court's orders, as the Special Counsel repeatedly claims. *See, e.g.,* DE 78 at 1. Although Mr. Biden has operated under his good faith belief that the appeal automatically divested the District Court of jurisdiction and that such divestment included the deadlines set forth in the Scheduling Order, Mr. Biden appreciates the Court's analysis of the divestiture rule and, in particular, the Court's statement that "having failed to seek a stay of this Court's orders regarding trial preparation, . . . Mr. Biden ignores the Court's orders at his own peril." (DE 80 at 3.) Mr. Biden has not and would never intentionally ignore or defy the Court's orders, and, therefore, seeks through this motion a stay of the existing deadlines in this case during the pendency of his appeal.

### B. All Relevant Factors Weigh In Favor Of A Stay Pending Appeal

All of the factors that courts apply in deciding whether a stay is appropriate under *Landis* weigh in favor of issuing a stay pending appeal in this case. See *Lockyer*, 398 F.3d at 1110.

### 1. No Damage Would Result From Granting Mr. Biden's Request for a Stay

First, there is no "damage which may result from the granting of a stay." *Id.* The possibility of damage to the Government from a stay of these proceedings is basically nonexistent, as it is unlikely to "dramatically postpone the timeline of this case" (*Peck*, 528 F. Supp. 3d at 1107), as this "Court anticipates that the Ninth Circuit may resolve the motion before it in a similarly expeditious manner" as the Third Circuit. (DE 80 at 2.) The Government would not be prejudiced by a stay—this case was only filed 5 months ago (DE 1), and no continuances have been sought or granted to date.

### 2. Mr. Biden Will Suffer Significant Hardship If This Trial Proceeds As Scheduled

Second, by contrast, "the hardship or inequity which a party may suffer in being required to go forward" absent a stay would be considerable. *Lockyer*, 398 F.3d at 1110. Although Mr. Biden is not required to "make a clear case of hardship or inequity in being required to go forward" as there is no "fair possibility that the stay for which he prays will work to damage someone else," he nonetheless clearly meets such a standard. *Landis*, 299 U.S. at 255.

Mr. Biden would stand to suffer significant prejudice in the absence of a stay; namely, punishment for pursing his right not to be tried. Every minute that Mr. Biden's attorneys devote toward vindicating his right not to be tried is a minute not spent preparing for trial. *See Ride & Show Eng'g, Inc. v. Walt Disney Parks & Resorts, L.L.C.*, 2006 WL 8435021, at 5 (C.D. Cal. 2006) (explaining that the hardship of preparing for trial in two different courts at the same time "is a matter of proper concern to this Court in assessing the merits of the present motion."). As there are only so many minutes in

the day, Mr. Biden "will suffer irreparable damage and a miscarriage of justice" in the absence of a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Nevertheless, as discussed above, Mr. Biden's counsel has not neglected trying to both pursue his appellate issues and diligently preparing for not one, but two trials virtually back-to-back on two coasts. In doing so, counsel has encountered unexpected difficulties which make compliance with the current trial schedule a nearly insurmountable hardship, particularly while continuing to pursue Mr. Biden's appeals. As explained above, finding qualified expert witnesses willing to address the complex tax issues involved in the case has been difficult, in part because of the high profile and politically charged nature of the matter. Likewise, devising a jury selection process that will protect Mr. Biden's right to a fair and impartial jury is exceedingly difficult, given his last name alone. These unexpected difficulties in trial preparation, coupled with all of the ongoing appellate litigation, seriously threaten counsel's ability to provide competent and effective counsel to Mr. Biden—and not for want of working as hard as possible.

### 3. Judicial Economy Weighs in Favor of a Stay

Third, "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"—*i.e.*, judicial economy—weigh strongly in favor of staying the case. *Lockyer*, 398 F.3d at 1110. In the context of the *Landis* test "'considerations of judicial economy are highly relevant.'" *Long v. Weeks*, 2023 WL 8165527, at *4 (C.D. Cal. Mar. 16, 2023) (citing *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (citation omitted)). As Your Honor's recent order explained, "[p]rudential concerns of judicial economy and comity among the federal courts counsel against this Court rendering an opinion on the Ninth's Circuit's jurisdiction in response to this emergency application." (DE 80 at 2.) Those same concerns—judicial economy and comity among the federal courts—support granting Mr. Biden's request

for a stay. The pleadings in all four courts are inextricably intertwined. If proceedings in this Court continue on the current schedule, "[t]he parties and the courts will waste time and resources litigating and adjudicating the cases contemporaneously, and parallel litigation runs the risk of inconsistent rulings and judgments." *Alcantara v. United Furniture Indus., Inc.*, 2023 WL 8114867, at *2 (C.D. Cal. Oct. 18, 2023) (Scarsi, J.).

### IV. CONCLUSION

For these reasons, Mr. Biden respectfully requests this Court to stay proceedings in this case pending his interlocutory appeal.

Date: May 10, 2024

Respectfully submitted,

By: */s/ Angela M. Machala*
Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorneys for Robert Hunter Biden*