DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:   (771) 217-6091
    E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT HUNTER BIDEN,<br><br>    Defendant. | No. CR 23-cr-00599-MCS<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY PENDING APPEAL**<br><br>Hearing Date:   June 3, 2024<br>Hearing Time:   3:00 p.m.<br>Location:          Courtroom 7C |

    The United States of America, by and through its counsel of record, hereby submits this response to defendant's motion for stay pending appeal. (ECF No. 81) The defendant's motion should be denied since the government's motion to dismiss is fully briefed and the Ninth Circuit has been asked to rule by May 14, 2024.

1

| | | |
|---|---|---|
| 1 | Dated: March 14, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | DAVID C. WEISS<br>Special Counsel |
| 4 | | |
| 5 | | /s/ _____<br>LEO J. WISE |
| 6 | | Principal Senior Assistant Special Counsel |
| 7 | | DEREK E. HINES |
| 8 | | Senior Assistant Special Counsel |
| 9 | | Attorneys for Plaintiff |
| 10 | | UNITED STATES OF AMERICA |

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The problems about which the defendant complains, litigating in the Third and Ninth Circuits while preparing for trial in this case and in the case in the United States District Court for the District of Delaware where he is facing gun charges, are entirely of his own making. The defendant previously agreed to a trial in this case starting on June 20, 2024, and in the Delaware case on June 3, 2024. At the time he agreed to both trial dates he undoubtedly concluded he could prepare for both trials. The only thing that has changed is that he took the extraordinary step of attempting to appeal on an interlocutory basis the denial of pretrial orders for which there is clearly no jurisdiction. His chosen litigation strategy does not justify a stay.[1]

## II. ARGUMENT

"Although the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) *quoting Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972).

A stay is not warranted under either line of authority district courts in this circuit apply, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), which the defendant cites in support of his request, or *Nken v. Holder*, 556 U.S. 418, 426 (2009). *See Peck v. County of Orange*, 528 F. Supp. 3d 1100, 1105 (C.D. Cal. 2021) ("District courts in this circuit have catalogued a divide regarding the appropriate standard by which a district court is to exercise its discretion in whether to grant a stay pending an interlocutory appeal.") (internal citations and quotation omitted)).

---

[1] Defendant has also taken the position that even though this Court has not granted a stay, he will not abide by the deadlines and other requirements in the Standing Order, as the government described in its Ex Parte Application to Compel Defendant's Compliance with Court's Standing Order. ECF 76.

**A. The defendant has not satisfied the *Landis* factors.**

The *Landis* factors described by the Ninth Circuit in *Lockyer v. Mirant Corporation* are: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." 398 F.3d 1098, 1109 (9th Cir. 2005).

    1. *Damage will result from a stay—delay of the trial in this matter*.

As to the first factor, the damage done by a stay will be to almost certainly cause a continuance of the trial date. As the Supreme Court noted in *Cobbledick v. United States*, "encouragement of delay is fatal to the vindication of the criminal law." 309 U.S. 323, 325 (1940). The trial in this case is set to begin in a little over a month, discovery is complete, and a final pretrial conference is scheduled for two weeks from tomorrow. Just like in *Murray v. City of Carlsbad*, delay of a case in this posture is damage to the government. 2010 WL 4822744, at *1 (S.D. Cal. Nov. 22, 2010).

    2. *It is not a hardship to prepare for trial*.

As to the second factor, hardship, "[t]he party moving for a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.'" *Id.* citing *Landis*, 299 U.S. at 255. Here the defendant's "hardship" is one he has created for himself. The defendant was indicted by a lawfully constituted grand jury in this district. (ECF 1) He had an arraignment on the charges and the current trial date, which he agreed to, was set. (ECF 11) The defendant thereafter filed a series of motions to dismiss the indictment, all of which were denied. (ECF 67) He filed some of the same motions in the United States District Court for the District of Delaware, where he is facing firearms charges, and they were denied there, too. *See United States v. Biden*, Cr. No. 23-61-MN, ECF 97-101, 113 and 114. The defendant then took the extraordinary step of attempting to appeal these pretrial orders, even though they are not immediately

4

appealable in both circuits. *See United States v. Biden*, No. 24-2333 (9th Cir. filed Apr. 15, 2024) and *United States v. Biden*, 24-1703 (3d Cir. filed Apr. 17, 2024). The government moved to dismiss those notices of appeals in both the Ninth Circuit, *see* ECF 81-3, and the Third Circuit, *see* ECF 81-4, and as of the date of this filing the Third Circuit granted the government's motion to dismiss. (ECF 81-4) The government's motion to dismiss in the Ninth Circuit is fully briefed and the government has requested that the Ninth Circuit rule by May 14, 2024. (*See* ECF 81-3) Preparing for trial rather than pursuing interlocutory appeals of denials of pretrial orders, where the Circuit Court has no jurisdiction, is not a "hardship." "Bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship." *Cobbledick*, 309 U.S. at 325. It is what is required of the defendant like anyone else who stands accused.

The defendant claims he is "diligently preparing" for trial, but his motion is inconsistent on his troubles with experts – on page 6 of his motion he says his failure to find qualified experts "seriously threaten counsel's ability to provide competent and effective counsel" to the defendant, but on page 2 of his motion he claims he is "now finalizing the retention of defense experts." If he is now finalizing his experts then there is no issue, much less one that justifies a stay.

The defendant also claims he needs a stay because he is "devising a jury selection process," a claim he also made in Delaware several months ago. (Mot. at 6) But the court is responsible for the jury selection process, not the defendant, and if he has issues with the current jury selection process, he should simply raise them—a stay is not justified because a stay would not allow the Court to consider his concerns.

The defendant claims his jurisdictionless appeals means he will not be able to spend time preparing for trial. Yet, he concedes that his "interlocutory appeal is already the subject of a fully briefed motion to dismiss pending in that court." (Mot. at 3) (citing the Court's order) Thus, if the Ninth Circuit grants the motion, there is no work for him to do. He alludes that he is "considering further proceedings in the Third Circuit" but a

5

mere consideration is a hypothetical, not grounds for this Court to stay proceedings. Moreover, there is no causal link between Third Circuit appellate litigation and a need to stay these proceedings in the Central District of California.

Finally, the defendant throws in a kitchen sink of other tasks that his counsel is falling behind in completing, such as drafting jury instructions, preparing witnesses, and devising motions in limine. The defendant's problem isn't that his pending appeal, which is fully briefed at the motion stage, is causing his legal team to fall behind. Instead, it was his decision to unilaterally ignore the Court's orders, which the Court has already explained he did at his own peril. The Court's ruling denying the government's ex parte application says nothing about consideration of a stay, rather, it says the opposite: "If the Ninth Circuit dismisses the interlocutory appeal for lack of jurisdiction, the Court intends to proceed to trial without significant delay." (Doc. No. 80 at p. 3) A stay would lead to significant delay. Since the defendant is seeking a stay but there is no hardship that justifies it, the motion should be denied.

3. *Judicial economy favors maintaining the current pretrial schedule*.

Third, as to the "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay," this factor also counsels against a stay. *Lockyer*, 398 F.3d at 1110. The Third Circuit has already found that they have no jurisdiction to hear the pretrial orders the defendant has attempted to appeal. (*See* ECF 81-4) The government anticipates the Ninth Circuit will shortly reach the same conclusion. The two cases that defendant has cited in several pleadings, *United States v. Morales*, 465 F. App'x 734 (9th Cir. 2012) and *United States v. Sandoval-Lopez*, 122 F.3d 797 (9th Cir. 1997), as the government has explained, do not stand for the proposition that the orders the district court denied here are immediately appealable. In both those cases the defendants made Double Jeopardy claims and plea agreement breach claims. Here the defendant has not and cannot claim any Double Jeopardy violation and no court, not in the Ninth Circuit or any other circuit, has held that a free-standing plea agreement breach claim is immediately

appealable. Thus, the likely granting of the government's motion to dismiss will not "simplify[] or complicat[e] …issues, proof, and questions of law." *Lockyer*, 398 F.3d at 1110. Rather, the Ninth Circuit's decision will reaffirm blackletter law that holds that denials of motions to dismiss are not immediately appealable. Indeed, as the Ninth Circuit described in *United States v. Austin*, the Supreme Court has found denials of only three types of motions to be immediately appealable: motions to reduce bail, motions to dismiss on Double Jeopardy grounds, and motions to dismiss under the Speech or Debate Clause. 416 F.3d 1016, 1019, 1022 (9th Cir. 2005). None of the pretrial motions to dismiss that defendant filed in the district court fall into these three categories. Thus, the "the orderly course of justice," will not be affected in the likely event that the Ninth Circuit dismisses the defendant's appeals. *Lockyer*, 398 F.3d at 1109.

Moreover, the defendant's motion actually undermines the relief he is seeking because he admits "[t]he pleadings in all four courts are inextricably intertwined." Mot. at 7. The defendant has lost in three of those courts, and one court will be ruling soon. Having now had his issues heard by five judges who were each unpersuaded, there is no reason to believe that the Ninth Circuit panel will find differently. The orderly course of justice militates in favor of denying the defendant's motion to stay, not rewarding a defendant who seeks to delay his trial through jurisdictionless appeals.

**B. The defendant has not satisfied the *Nken* factors.**

Under *Nken*, courts examine: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 556 U.S. at 426. "[T]he *Nken* test is applicable when there is a request to stay a district court's judgment or order pending an appeal of the same case, while *Landis* applies to the decision to stay proceedings ...." *Peck*, 528 F.Supp.3d at 1106 (internal quotation and citations omitted). Here, the defendant is appealing this Court's order denying his pretrial motions where he claimed a right to not stand trial. Thus, for practical purposes,

7

he is appealing an order of this Court. While his arguments fall short of satisfying the *Landis* factors, he falls even further short of satisfying the *Nken* ones, which is likely why he argues the former applies as opposed to the latter.

In any event, the defendant cannot "ma[k]e a strong showing that he is likely to succeed on the merits," *Nken*, 556 U.S. at 426, because no court has ever found that a claim of a breach of a plea agreement, absent a related Double Jeopardy claim, is immediately appealable. The defendant has already lost in the Third Circuit and a similar ruling from the Ninth Circuit is expected. For the reasons stated above, the second and third *Nken* factors also favor the government. Finally, the "public interest lies," in the timely resolution of the charges against the defendant. Thus, delay is unwarranted. *Id. See also Cobbledick*, 309 U.S. at 325.

### III. CONCLUSION

For the foregoing reasons, the defendant's motion for a stay should be denied.