Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Abbe David Lowell (admitted pro hac vice)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:  (202) 282-5000
Facsimile:   (202) 282-5100

*Attorneys for Robert Hunter Biden*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT HUNTER BIDEN,<br><br>　　　　　Defendant. | Case No. 2:23-CR-00599-MCS-1<br><br>*Hon. Mark C. Scarsi*<br><br>***EX PARTE* APPLICATION TO EXPEDITE HEARING ON DEFENDANT'S MOTION TO STAY PENDING APPEAL** |

Mr. Biden, by and through his counsel, hereby applies *ex parte* to expedite the hearing on his Motion to Stay Pending Appeal filed on May 10, 2024. (DE 81.) Under this Court's rules, the first date counsel could notice for the hearing on the motion is June 3, 2024, which is after the pretrial conference, scheduled for May 29, 2024. (DE 64.) However, also under this Court's rules, the last day to hear motions is the date of the pretrial conference. Moreover, Mr. Biden's criminal trial in Delaware is scheduled to begin on June 3rd, so counsel will be unavailable that day. Accordingly, Mr. Biden applies *ex parte* to expedite hearing of his Motion to Stay Pending Appeal. (DE 81.) Special Counsel filed their opposition to the Motion to Stay Pending Appeal earlier today (May 14, 2024). (DE 82.)

In the alternative, Mr. Biden would ask the Court to exercise its discretion to (1) dispense with oral argument on the Motion and decide it on the papers (Local Rule 7-15), or (2) permit Mr. Biden's counsel to appear telephonically for a hearing on the Motion before June 3, 2024.

Mr. Biden's counsel informed the Special Counsel via email on May 10, 2024 that Mr. Biden intended to seek expedited hearing of his Motion to Stay Pending Appeal and asked to meet and confer regarding whether it would oppose such an *ex parte* motion or, alternatively, would agree on an expedited schedule for briefing and hearing the motion. *See* Machala Decl., ¶ 3 and Ex. 1. During a teleconference on May 10, 2024, the Special Counsel informed Mr. Biden's counsel they intended to oppose the Motion to Stay Pending Appeal and that they would wait to see the motion before deciding whether to oppose this *ex parte* application. *See* Machala Decl., ¶ 4. On May 12, 2024, Mr. Biden's counsel emailed the Special Counsel asking for their position on this *ex parte* motion, but Special Counsel did not respond. *See* Machala Decl., ¶ 5 and Ex. 1. On May 14, 2024 at 4:55 p.m. EST, Mr. Biden's counsel advised Special Counsel that Mr. Biden intended to file this *ex parte* application on May 14, thus making the deadline to oppose the application 24 hours later, on May 15. *See* Machala Decl., ¶ 6

and Ex. 1.  The Special Counsel promptly responded, stating that <u>they do not oppose expedited resolution of Mr. Biden's Motion to Stay Pending Appeal</u>.  *Id.*

Dated:  May 14, 2024

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Angela M. Machala*
    Angela M. Machala (SBN: 224496)
    Abbe David Lowell
    Christopher D. Man

*Attorneys for Robert Hunter Biden*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND FACTUAL BACKGROUND

Mr. Biden seeks expedited hearing of his Motion to Stay Pending Appeal. On May 9, 2024, this Court entered an order stating that "absent a request for [a stay], Mr. Biden ignores the Court's orders at his own peril." (DE 80 at 3.) While Mr. Biden maintains his position that this Court was divested of jurisdiction upon filing of his notice of appeal (DE 70), upon learning of the Court's position that a request for a stay was necessary, Mr. Biden filed his Motion for Stay Pending Appeal. (DE 81.)

Under this Court's rules, all motions must be filed 14 days prior to the hearing date. *See Initial Standing Order for Criminal Cases Assigned to Mark C. Scarsi* ("Criminal Standing Order") at 8. This Court hears motions on Mondays, and if Monday is a national holiday, motions are heard on the following Monday. *See Initial Standing Order for Civil Cases Assigned to Judge Mark C. Scarsi* ("Civil Standing Order") at 6. Because Mr. Biden's Motion to Stay Pending Appeal was filed on May 10, the first day the motion could be heard is June 3, as May 27 is Memorial Day, a national holiday. However, this Court's rules dictate that the last day to hear motions is the date of the pretrial conference (Criminal Standing Order at 8), which is scheduled for May 29. *See* DE 64. Moreover, Mr. Biden's criminal trial in Delaware is still scheduled to begin on June 3rd, so counsel will be unavailable that day. Accordingly, Mr. Biden seeks expedited hearing of his Motion to Stay Pending Appeal. In the alternative, Mr. Biden would ask the Court to exercise its discretion to (1) dispense with oral argument on the Motion and decide it on the papers (Local Rule 7-15) or (2) permit Mr. Biden's counsel to appear telephonically for a hearing on the Motion before June 3, 2024.

### II. LEGAL STANDARD

A party seeking *ex parte* relief must establish, by "evidence… that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to the regularly noticed motion procedures," and "that the moving party is without fault

in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see* Civil Standing Order at 2–3.

### III. ARGUMENT

#### A. Mr. Biden's Case Will Be Irreparably Prejudiced If His Motion to Stay Pending Appeal Cannot Be Heard On An Expedited Basis

Mr. Biden will suffer irreparable prejudice in the absence of *ex parte* relief because his Motion to Stay Pending Appeal is likely to succeed on the merits and harm is threatened given the pressing need for prompt resolution. "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion… If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits. If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm." *Mission Power*, 883 F. Supp. at 492.

As explained in the Motion to Stay Pending Appeal, all relevant factors weigh in favor of a stay: (1) no damage will result from granting the stay, as the stay is unlikely to significantly postpone the timeline of the case,[1] (2) Mr. Biden will suffer significant hardship if this trial proceeds as scheduled, and (3) prudential concerns of judicial economy and comity among the federal courts support granting Mr. Biden's request for a stay. *See* DE 81 at 4–6. Thus, Mr. Biden's Motion to Stay Pending Appeal is likely to succeed on the merits.

In addition, Mr. Biden will be "irreparably prejudiced if the underlying motion is heard according to the regular noticed motion procedures" (*Mission Power*, 883 F.

---

[1] With the Delaware trial still scheduled to begin on June 3, the parties now are reworking the pretrial filing deadlines in that case, all of which will occur between now and June 3. The current filing dates in California overlap. As hard as Mr. Biden's counsel are working, all that is required in both district courts cannot be done at the same time, and Mr. Biden's counsel seeks an extension in this case should the Ninth Circuit rule that a trial in California can occur.

Supp. at 492) because the pretrial conference, and all of the associated deadlines, would have passed before his Motion to Stay Pending Appeal has been heard. By that point, the harm Mr. Biden's motion is attempting to prevent—punishment for pursuing his right not to be tried—will have already occurred, as Mr. Biden's counsel will be forced to attempt to simultaneously pursue his right not to be tried and prepare for two different trials. *See Ride & Show Eng'g, Inc. v. Walt Disney Parks & Resorts, L.L.C.*, 2006 WL 8435021, at 5 (C.D. Cal. 2006) (explaining that the hardship of preparing for trial in two different courts at the same time "is a matter of proper concern to this Court in assessing the merits of the present motion."). Moreover, the first available date for a hearing on the motion is June 3, 2024, the same day trial is set to begin in Mr. Biden's Delaware criminal case. The granting of this expedited request will enable this Court to consider the Motion to Stay in a shortened timeframe and prior to the expiration of the relevant deadlines. Absent *ex parte* relief, Mr. Biden stands to be irreparably harmed.

### B. Upon Issuance of the Court's May 9 Order, Mr. Biden Took Immediate Action to Seek a Stay

Mr. Biden only became aware on May 9, 2024 of this Court's position that "having failed to seek a stay of this Court's orders regarding trial preparation, … Mr. Biden ignores the Court's orders at his own peril." (DE 80 at 3). In response to the Court's order, Mr. Biden filed his Motion to Stay Pending Appeal the very next day. *See* DE 81. Accordingly, Mr. Biden is without fault for failing to bring his Motion to Stay Pending Appeal on the current schedule because, while maintaining there is a basis for his understanding of the effect of his appeal in this Court, Mr. Biden nonetheless moved alacrity to address the issue upon the issuance of the Court's May 9 Order. *See Securities and Exchange Comm. v. Johnson*, 2022 WL 1591712, at *1 (C.D. Cal. Feb. 11, 2022) (finding that defendant was without fault for failing to bring a motion for reconsideration to be heard by the deadline because the Court did not issue its summary judgment order until after the time for a timely motion had passed) (Scarsi, J.).

1    Should this Court determine that Mr. Biden had a part in the delayed filing, Mr. Biden easily satisfies the standard for excusable neglect. In determining whether neglect is excusable, courts consider (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). All four factors weigh in favor of a finding of excusable neglect.

First, there is no risk of prejudice to the Special Counsel; they have already indicated that they do not oppose expedited resolution of the motion. *See* Machala Decl., at ¶ 6 and Ex. 1. Clarity sooner rather than later regarding whether a stay is granted is equally beneficial to the Special Counsel. Second, granting this application would result in no delay—rather, granting the application would result in the motion being heard *sooner* and within the timeframe set forth by the Court in its Criminal Standing Order. Third, as explained above, the reason for the delay—that Mr. Biden was not aware of the Court's position regarding a motion to stay—was not within Mr. Biden's control. Specifically, Mr. Biden was not aware of this Court's position that "absent a request for [a stay], Mr. Biden ignores the Court's orders at his own peril" (DE 80 at 3) until May 9, 2024, after the period to timely file such a motion had passed. Finally, Mr. Biden's conduct was in good faith—not a result of "deviousness or willfulness." *Lemoge v. United States*, 587 F.3d 1188, 1197 (9th Cir. 2002) (internal quotation marks omitted). Counsel for Mr. Biden have been working around the clock to satisfy their constitutional, legal, and ethical obligations to Mr. Biden, and filed the Motion to Stay Pending Appeal immediately in a desire to heed the caution offered by the Court. (DE 80 at 3.) In fact, Mr. Biden filed the Motion to Stay Pending Appeal the day after the order was issued. Therefore, even if this Court determines Mr. Biden

had a hand in creating the delay, any such conduct should be considered excusable negligence.

## IV. CONCLUSION

For the foregoing reasons, Mr. Biden respectfully requests that this Court expedite hearing on his pending motion or exercise discretion to dispense with oral argument or allow Mr. Biden's counsel to attend the hearing on the Motion telephonically.

Date: May 14, 2024

Respectfully submitted,

By: */s/ Angela M. Machala*
Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorneys for Robert Hunter Biden*