1  DAVID C. WEISS
2  Special Counsel
   LEO J. WISE
3  Principal Senior Assistant Special Counsel
   DEREK E. HINES
4  Senior Assistant Special Counsel
5       950 Pennsylvania Avenue NW, Room B-200
        Washington, D.C. 20530
6       Telephone:    (771) 217-6091
7       E-mail:       LJW@USDOJ.GOV, DEH@USDOJ.GOV

8  Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              **UNITED STATES DISTRICT COURT**
11
12       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13  UNITED STATES OF AMERICA,          No. 23-cr-00599-MCS

14              Plaintiff,             **GOVERNMENT'S PROPOSED JURY**
15                                     **INSTRUCTIONS**
              v.
16
    ROBERT HUNTER BIDEN,               Trial Date:    June 20, 2024
17                                     Trial Time:    9:00 a.m.
              Defendant.               Location:      Courtroom of the
18                                                     Hon. Mark Scarsi
19

20

21

22

23       Plaintiff United States of America, by and through its counsel of record, the Special

24  Counsel David C. Weiss, Principal Senior Assistant Counsel Leo J. Wise, and Senior

25  Assistant Special Counsel Assistant Derek E. Hines, submits its Proposed Jury Instructions

26  for the trial of defendant Robert Hunter Biden. The government respectfully reserves the

27  right to supplement these jury instructions as needed.

28                                      1

Pursuant to the Court's "Initial Standing Order for Criminal Cases Assigned to Judge Mark C. Scarsi," the government emailed proposed joint jury instructions to the defense on May 1, 2024. As of this filing, the government has not received objections from the defense to the proposed instructions, nor did the government receive any additional proposed instructions from the defense.

Unless otherwise noted, the United States has used the most recent version (as of December 2023) of the Jury Instructions found on the Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

Dated: May 15, 2024

Respectfully submitted,

DAVID WEISS
Special Counsel

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

# I.  INDEX OF GOVERNMENT'S PROPOSED JURY INSTURCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1 | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) [Duty of Jury] | 1 |
| 2 | Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No 1.2 (2022 ed.) [Presumption of Innocence] | 2 |
| 3 | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No 1.3 (2022 ed.) [What is Evidence] | 3 |
| 4 | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No 1.4 (2022 ed.) [What is Not Evidence] | 4 |
| 5 | Direct & Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No 1.5 (2022 ed.) [Direct and Circumstantial Evidence] | 5 |
| 6 | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No 1.6 (2022 ed.) [Ruling on Objections] | 6 |
| 7 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No 1.7 (2022 ed.) [Credibility of Witnesses] | 7 |
| 8 | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.8 (2022 ed.) [Conduct of the Jury] | 9 |
| 9 | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.9 (2022 ed.) [No Transcript Available to Jury] | 12 |
| 10 | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No 1.10 (2022 ed.) [Taking Notes] | 13 |
| 11 | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No 1.11 (2022 ed.) [Outline of Trial] | 14 |
| 12 | Questions to Witnesses by Jurors | Ninth Circuit Model Criminal Jury Instructions, No 1.12 (2022 ed.) [Questions to Witnesses by Jurors] | 15 |

i

| 13 | Bench Conferences & Recesses | Ninth Circuit Model Criminal Jury Instructions, No 1.16 (2022 ed.) [Bench Conferences and Recesses] | 16 |
| 14 | Cautionary Instructions | Ninth Circuit Model Criminal Jury Instructions, No 2.1 (2022 ed.) [Cautionary Instructions] | 17 |
| 15 | Stipulations of Facts | Ninth Circuit Model Criminal Jury Instructions, No 2.3 (2022 ed.) [Stipulations of Facts] | 19 |
| 16 | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No 3.1 (2022 ed.) [Statements by Defendant or Codefendant] | 20 |
| 17 | Impeachment Evidence – Witness | Ninth Circuit Model Criminal Jury Instructions, No 3.8 (2022 ed.) [Impeachment Evidence - Witness] | 21 |
| 18 | Testimony of Witnesses Involving Special Circumstances | Ninth Circuit Model Criminal Jury Instructions, No 3.9 (2022 ed.) [Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea] | 22 |
| 19 | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No 3.14 (2022 ed.) [Opinion Evidence, Expert Witness] | 23 |
| 20 | Charts & Summaries Not Admitted into Evidence | Ninth Circuit Model Criminal Jury Instructions, No 3.16 (2022 ed.) [Charts and Summaries Not Admitted into Evidence] | 24 |
| 21 | Charts & Summaries Admitted into Evidence | Ninth Circuit Model Criminal Jury Instructions, No 3.17 (2022 ed.) [Charts and Summaries Admitted into Evidence] | 25 |
| 22 | Duty of Jury to Find Facts & Follow Law | Ninth Circuit Model Criminal Jury Instructions, No 6.1 (2022 ed.) [Duty of Jury to Find Facts and Follow Law] | 26 |
| 23 | Charge Against Defendant Not Evidence – Presumption of | Ninth Circuit Model Criminal Jury Instructions, No 6.2 (2022 ed.) [Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof] | 27 |

| | Innocence – Burden of Pro | | |
|---|---|---|---|
| 24 | Defendant's Decision Not to Testify | Ninth Circuit Model Criminal Jury Instructions, No 6.3 (2022 ed.) [Defendant's Decision Not to Testify] | 28 |
| 25 | Defendant's Decision to Testify | Ninth Circuit Model Criminal Jury Instructions, No 6.4 (2022 ed.) [Defendant's Decision to Testify] | 29 |
| 26 | Reasonable Doubt - Defined | Ninth Circuit Model Criminal Jury Instructions, No 6.5 (2022 ed.) [Reasonable Doubt - Defined] | 30 |
| 27 | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No 6.6 (2022 ed.) [What is Evidence] | 31 |
| 28 | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No 6.7 (2022 ed.) [What is Not Evidence] | 32 |
| 29 | Direct & Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No 6.8 (2022 ed.) [Direct and Circumstantial Evidence] | 33 |
| 30 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No 6.9 (2022 ed.) [Credibility of Witnesses] | 34 |
| 31 | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No 6.10 (2022 ed.) [Activities Not Charged] | 36 |
| 32 | Separate Consideration of Multiple Counts | Ninth Circuit Model Criminal Jury Instructions, No 6.11 (2022 ed.) [Separate Consideration of Multiple Counts] | 37 |
| 33 | On or About Defined | Ninth Circuit Model Criminal Jury Instructions, No 6.18 (2022 ed.) [On or About Defined] | 38 |
| 34 | Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203) | Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)] | 39 |
| 35 | Willful Failure to Pay Tax or File Tax | Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful | 41 |

iii

| | | Return (26 U.S.C. § 7203) | Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)] | |
|---|---|---|---|---|
| | 36 | Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201) | Ninth Circuit Model Criminal Jury Instructions, No 22.1 (2022 ed.) [Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)] | 43 |
| | 37 | Government Not Required to Prove Precise Amount of Tax Due and Owing | United States v. Marashi, 913 F.2d 724, 735 (9th Cir. 1990) | 45 |
| | 38 | Filing False Tax Return (26 U.S.C. § 7206(1))] | Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))] | 46 |
| | 39 | Willfully—Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207) | Ninth Circuit Model Criminal Jury Instructions, No 22.6 (2022 ed.) [Willfully—Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207)] | 49 |
| | 40 | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No 6.19 (2022 ed.) [Duty to Deliberate] | 50 |
| | 41 | Consideration of Evidence – Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No 6.20 (2022 ed.) [Consideration of Evidence – Conduct of the Jury] | 52 |
| | 42 | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No 6.21 (2022 ed.) [Use of Notes] | 54 |
| | 43 | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No 6.22 (2022 ed.) [Jury Consideration of Punishment] | 55 |
| | 44 | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No 6.23 (2022 ed.) [Verdict Form] | 56 |
| | 45 | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No 6.24 (2022 ed.) [Communication with Court] | 57 |

iv

# I.   PRELIMINARY INSTRUCTIONS
## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
### Duty of Jury

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) [Duty of Jury]

1

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 2**

**Presumption of Innocence**

This is a criminal case brought by the United States government. The government charges the defendant with willfully failing to pay at least $1.4 million in federal taxes he owed for tax years 2016–2019 in violation of 26 U.S.C. § 7203, willfully failing to file tax returns for tax years 2017 and 2018 in violation of 26 U.S.C. § 7203, tax evasion for tax year 2018 in violation of 26 U.S.C. § 7201, and filing false and fraudulent tax forms for tax year 2018 in violation of 26 U.S.C § 7206.  The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.2 (2022 ed.) [Presumption of Innocence]

2

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

### What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.


Source: Ninth Circuit Model Criminal Jury Instructions, No 1.3 (2022 ed.) [What is Evidence]

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

## What Is Not Evidence

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.4 (2022 ed.) [What is Not Evidence]

4

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 5
### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.5 (2022 ed.) [Direct and Circumstantial Evidence]

5

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
### Ruling on Objections

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.6 (2022 ed.) [Ruling on Objections]

6

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about

7

something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.7 (2022 ed.) [Credibility of Witnesses]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

### Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

9

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

10

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.8 (2022 ed.) [Conduct of the Jury]

11

1

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

### No Transcript Available to Jury

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.9 (2022 ed.) [No Transcript Available to Jury]

12

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

### Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.10 (2022 ed.) [Taking Notes]

13

1

2

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

### Outline of Trial

3

4

5

6

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

7

8

9

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

10

11

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

12

After that, you will go to the jury room to deliberate on your verdict.

13

14

15

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.11 (2022 ed.) [Outline of Trial]

16

17

18

19

20

21

22

23

24

25

26

27

28

14

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

### Questions to Witnesses by Jurors

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.12 (2022 ed.) [Questions to Witnesses by Jurors]

15

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

### Bench Conferences and Recesses

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.16 (2022 ed.) [Bench Conferences and Recesses]

16

## II.   **INSTRUCTIONS DURING THE TRIAL**

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 14
### Cautionary Instruction

*At the End of Each Day of the Case*:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

*At the Beginning of Each Day of the Case*:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (*in open court*): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (*during voir dire with each juror, individually*): Have you

17

learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

Source: Ninth Circuit Model Criminal Jury Instructions, No 2.1 (2022 ed.) [Cautionary Instructions]

18

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 15**

**Stipulations of Fact**

[IF APPLICABLE]

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.


Source: Ninth Circuit Model Criminal Jury Instructions, No 2.3 (2022 ed.) [Stipulations of Facts]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

### Statements by Defendant

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.1 (2022 ed.) [Statements by Defendant or Codefendant]

20

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

### Impeachment Evidence—Witness

[IF APPLICABLE]

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.8 (2022 ed.) [Impeachment Evidence - Witness]

21

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 18**

**Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea**

You have heard testimony from [*name of witness*], a witness who

[received immunity.  That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

For [this] [these] reason[s], in evaluating the testimony of [*name of witness*], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s].  In addition, you should examine the testimony of [*name of witness*] with greater caution than that of other witnesses.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.9 (2022 ed.) [Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea]

22

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 19

### Opinion Evidence, Expert Witness

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.14 (2022 ed.) [Opinion Evidence, Expert Witness]

23

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 20**

**Charts and Summaries Not Admitted into Evidence**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.16 (2022 ed.) [Charts and Summaries Not Admitted into Evidence]

24

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 21

### Charts and Summaries Admitted into Evidence

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 3.17 (2022 ed.) [Charts and Summaries Admitted into Evidence]

25

### III.   INSTRUCTIONS AT END OF CASE
### GOVERNMENT'S PROPOSED INSTRUCTION NO. 22
#### Duty of the Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.1 (2022 ed.) [Duty of Jury to Find Facts and Follow Law]

26

1

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 23

2

### Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of

3

### Proof

4        The indictment is not evidence. The defendant has pleaded not guilty to the charges.

5    The defendant is presumed to be innocent unless and until the government proves the

6    defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to

7    testify or present any evidence. The defendant does not have to prove innocence; the

8    government has the burden of proving every element of the charges beyond a reasonable

9    doubt.

10

11    <u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.2 (2022 ed.) [Charge

12    Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    27

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 24

### Defendant's Decision Not to Testify

[IF APPLICABLE]

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.3 (2022 ed.) [Defendant's Decision Not to Testify]

28

1   **GOVERNMENT'S PROPOSED INSTRUCTION NO. 25**

2   **Defendant's Decision to Testify**

3   [IF APPLICABLE]

4   The defendant has testified.  You should treat this testimony just as you would the

5   testimony of any other witness.

6

7   <u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.4 (2022 ed.) [Defendant's

8   Decision to Testify]

29

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 26**

**Reasonable Doubt – Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.5 (2022 ed.) [Reasonable Doubt - Defined]

30

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 27**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.6 (2022 ed.) [What is Evidence]

31

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 28
### What Is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.7 (2022 ed.) [What is Not Evidence]

32

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 29

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.8 (2022 ed.) [Direct and Circumstantial Evidence]

33

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 30

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.

Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the

other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.9 (2022 ed.) [Credibility of Witnesses]

35

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 31

### Activities Not Charged

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.


Source: Ninth Circuit Model Criminal Jury Instructions, No 6.10 (2022 ed.) [Activities Not Charged].

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 32**

**Separate Consideration of Multiple Counts**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.11 (2022 ed.) [Separate Consideration of Multiple Counts]

37

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 33

## On or About – Defined

The indictment charges that the offenses alleged in counts one through nine were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in counts one through nine of the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.18 (2022 ed.) [On or About Defined]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 34
### Failure to Pay (26 U.S.C. § 7203)

The defendant is charged in Counts One, Two, Four and Nine of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

As to Count One,

First, the defendant owed taxes for the calendar year ending December 31, 2016,

Second, the defendant failed to pay by April 18, 2017, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay first became willful on or about June 12, 2020.

As to Count Two,

First, the defendant owed taxes for the calendar year ending December 31, 2017,

Second, the defendant failed to pay by April 17, 2018, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 17, 2018, or was willful on or about February 19, 2020.

As to Count Four,

First, the defendant owed taxes for the calendar year ending December 31, 2018

Second, the defendant failed to pay by April 15, 2019, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 15, 2019, or was willful on or about February 19, 2020.

As to Count Nine,

First, the defendant owed taxes for the calendar year ending December 31, 2019;

Second, the defendant failed to pay by June 15, 2020, as required by Title 26 of the United States Code; and

39

Third, in failing to pay by June 15, 2020, the defendant acted willfully.

In counts 2 and 4, the willful failure to pay is alleged to have occurred on at least one of two dates.  In order to convict on these counts you must unanimously agree on one of the dates.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)].

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 35

### Willful Failure to File Tax Return

The defendant is charged in Counts Three and Five of the Indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

As to Count Three,

First, the defendant was required to file a return for the calendar year ending December 31, 2017;

Second, the defendant failed to file an income tax return by October 15, 2018, as required by Title 26 of the United States Code; and,

Third, in failing to do so, the defendant acted willfully.

As to Count Five,

First, the defendant was required to file a return for the calendar year ending December 31, 2018;

Second, the defendant failed to file an income tax return by October 15, 2019, as required by Title 26 of the United States Code; and,

41

Third, in failing to do so, the defendant acted willfully.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 36
### Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)

The defendant is charged in Count Six of the indictment with evasion of assessment for 2018 in violation of Section 7201 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed more federal income tax for the calendar year 2018 than was declared due on the defendant's income tax return for that calendar year;

Second, the defendant knew that more federal income tax was owed than was declared due on the defendant's income tax return;

Third, the defendant made an affirmative attempt to evade or defeat such additional tax, including at least one of the following affirmative acts:

a.   Preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service;

b.   Using, and causing to be used, Owasco, PC funds to pay for personal expenses and later deducting, and causing to be deducted, these same personal expenses as corporate expenses on the Owasco, PC tax return on Form 1120;

c.   Claiming personal expenses, paid with personal funds, were business expenses of Owasco, PC and deducting and causing to be deducted, these same personal expenses as corporate expenses on the Owasco, PC tax return on Form 1120; and

d.   Paying, and causing to be paid, by Owasco, PC certain salary and healthcare benefit expenses of individuals who performed no work on behalf of Owasco,

43

PC while on payroll, and deducting and causing to be deducted, these same expenses as corporate expenses on the Owasco, PC tax return on Form 1120.

Fourth, in attempting to evade or defeat such additional tax, the defendant acted willfully.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.1 (2022 ed.) [Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)]

1

2

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 37

3

### Government Not Required to Prove Precise Amount of Tax Due and Owing

4

Although the government must prove a willful attempt to evade the assessment of

5

income tax with respect to Count Six, the government is not required to prove the precise

6

amount of tax due and owing. However, the government must prove beyond a reasonable

7

doubt that some tax was due and owing.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

45

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 38
### Filing False Tax Return (26 U.S.C. § 7206(1))

The defendant is charged in Counts Seven and Eight of the indictment with filing a false and fraudulent tax return in violation of Section 7206(1) of Title 26 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

As to Count Seven,

First, the defendant signed and filed a tax return for the year 2018, specifically U.S. Individual Tax return for 2018, on Internal Revenue Service Form 1040,  that he knew contained false information as to a material matter, specifically, that Form 1040 reported on line 6 total income in the amount of $2,187,286, whereas, as Defendant knew, his income was greater because he had claimed false business deductions on Owasco, PC's Form 1120 that were in fact additional income to him.;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

As to Count Eight,

46

First, the defendant signed and filed a tax return for the year 2018, specifically a U.S. Corporate Income Tax Return, on Internal Revenue Service Form 1120, that he knew contained false information as to a material matter, specifically, the 2018 Form 1120 contained false information on:

a.     line 26 and in Statement 3 in the return and elsewhere including but not limited to the following:

i.     Claiming false "Travel, Transportation and Other" deductions including, but not limited to, luxury vehicle rentals, house rentals for his then-girlfriend, hotel expenses, and New York City apartment rent for his daughter;

ii.     Claiming false "Office and Miscellaneous" deductions, including, but not limited to, the purchase of luxury clothing, payments to escorts and dancers, and payments for his daughter's college advising services;

iii.     Claiming false "Legal Professional and Consulting" deductions, including, but not limited to, payment of his daughter's law school tuition and his personal life insurance policy;

iv.     Claiming false deductions for payments from Owasco, PC's account to pay off the business line of credit, specifically by allocating 80 percent to "Travel Transportation and Other" and 20 percent to "Meals," when in truth and in fact most of the business line of credit expenses were personal, including to a website providing pornographic content, payments at a strip club, and additional rent payments for his daughter; and

47

v.    Claiming false deductions for payments from Owasco, PC's account to JP Morgan Chase, specifically that these were for "consulting," when in truth and in fact, these transfers included payments to various women who were either romantically involved with or otherwise performing personal services for the Defendant, including a $10,000 payment for the Defendant's membership in a sex club.

b.    on line 13, specifically, claiming false payroll deductions, including, deductions for "wages" paid to women with whom he had personal relationships including a woman who was then pregnant with his child.

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))]

48

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 39
### Willfully – Defined

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.6 (2022 ed.) [Willfully—Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207)]

49

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 40

### Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

50

Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.19 (2022 ed.) [Duty to Deliberate]

51

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 41**

**Consideration of Evidence – Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

52

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.20 (2022 ed.)

[Consideration of Evidence – Conduct of the Jury]

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 42**

**Use of Notes**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.21 (2022 ed.) [Use of Notes]

54

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 43

### Jury Consideration of Punishment

The punishment provided by law for these crimes is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.22 (2022 ed.) [Jury Consideration of Punishment]

.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 44

### Verdict Form

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.23 (2022 ed.) [Verdict Form]

56

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 45

### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me-- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.24 (2022 ed.)
[Communication with Court]