Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Abbe David Lowell (admitted pro hac vice)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorneys for Robert Hunter Biden*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>              Plaintiff,<br><br>vs.<br><br>ROBERT HUNTER BIDEN,<br><br>              Defendant. | **Case No. 2:23-CR-00599-MCS-1**<br><br>*Hon. Mark C. Scarsi*<br><br>***EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AS TO ENJOIN FUTURE APPROPRIATIONS CLAUSE VIOLATIONS** |

Mr. Biden, by and through his counsel, hereby applies *ex parte* for a temporary restraining order as to enjoin future Appropriations Clause violations. On May 14, 2024, the Ninth Circuit dismissed Mr. Biden's interlocutory appeal. *United States v. Biden*, 24-2333, DE 16.1. This application seeks to remedy the perceived error noted by the Ninth Circuit that "the record reflects that appellant did not seek, and the district court did not deny, injunctive relief." *Id.* at 3.

During a teleconference on May 15, 2024, Mr. Biden's counsel informed the Special Counsel that Mr. Biden intended to file this *ex parte* application. *See* Lowell Decl., ¶ 3. On May 15, 2024 at 2:11 p.m. EST, Mr. Biden's counsel advised Special Counsel that Mr. Biden intended to file this *ex parte* application on May 15, thus making the deadline to oppose the application 24 hours later, on May 16. *See* Lowell Decl., ¶ 4 and Ex. 1. The Special Counsel promptly responded, stating they would oppose this *ex parte* filing. *See* Lowell Decl., ¶ 5 and Ex. 1.

Dated:  May 15, 2024

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Angela M. Machala*
    Angela M. Machala (SBN: 224496)
    Abbe David Lowell
    Christopher D. Man

*Attorneys for Robert Hunter Biden*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION AND FACTUAL BACKGROUND

Mr. Biden seeks a temporary restraining order as to enjoin future Appropriations Clause violations.  Mr. Biden believes the Ninth Circuit Motions Panel's *per curiam* decision dismissing his appeal on May 14, 2024 was wrongly decided, and he intends to petition for rehearing by the Panel and rehearing *en banc*, but there is one defect found by the Panel that Mr. Biden seeks to cure now.  The Panel rejected jurisdiction over the denial of an Appropriations Clause injunction under 28 U.S.C. § 1291(a) finding that "the record reflects that appellant did not seek, and the district court did not deny, injunctive relief."  *United States v. Biden*, 24-2333, DE 16.1 at 3.  Although that finding does not properly address the statements by the Court and parties,[1] it is not difficult to remedy that error now.  Biden now explicitly moves for this Court to enjoin the Special Counsel from continuing to fund its investigation and prosecution of Biden in violation of the Appropriations Clause from now into the future.

If this Court denies Biden's Appropriations Clause motion to enjoin, finding no violation of the Clause now, as it did previously, Biden will have the basis to take an immediate appeal to address future violations, which is entirely appropriate under 28 U.S.C. § 1292(a)(1).  That will provide the Ninth Circuit an opportunity to address this issue when considering Biden's forthcoming petition for rehearing and rehearing *en banc*.

In his initial Appropriations Clause motion, Biden favored a remedy at law, dismissal to remedy the Special Counsel's *past* constitutional violation of improperly funding his investigation and initiating its prosecution, but the injunctive relief he seeks

---

[1] Biden cited the availability of injunctive relief as an Appropriations Clause remedy in his motion to dismiss. (DE 26 at 2 (citing "*United States v. Pisarski*, 965 F.3d 738, 743 (9th Cir. 2020) (affirming injunction against further prosecution because the prosecution violated the Appropriations Clause)").)  This Court understood that, as it began its discussion of the Appropriations Clause issue by explaining: "A defendant may seek to enjoin a prosecution funded in violation of the Appropriations Clause." (DE 67 at 26.)  Thus, when this Court denied the motion upon finding that there was no violation of the Clause, it denied all remedies for the violation, including the injunctive relief this Court found could otherwise be available.

here is different, as "an injunction looks only to the future." *Goltra v. Weeks*, 271 U.S. 536, 549 (1926); *see Douglas v. City of Jeannette*, 319 U.S. 157, 165 (1943) ("an injunction looks to the future").  Biden continues to believe that dismissal is the preferred remedy for *past* violations, but even the Special Counsel acknowledged in its filings that an injunction is an appropriate remedy to guard against *future* Appropriations Clause violations. *United States v. Biden*, No. 23-cr-00061-MN, DE 72 at 24.

For Biden, pursuing dismissal as a remedy first made sense because, under "the basic doctrine of equity jurisprudence that courts of equity should not act . . . to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparably injury if denied equitable relief." *Sprint Comm's., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)) (alterations in *Sprint*).  Biden would hope that, if told by this Court that his actions violated the Appropriations Clause through the legal remedy of dismissing the indictment, the Special Counsel would stop doing it, such that an injunction would be unnecessary.  But this Court gave the Special Counsel no such instruction, and the case continues.  And when criminal enforcement actions are threatened or imminent, injunctive relief is appropriate. *Morales v. TWA, Inc.*, 504 U.S. 374, 381 (1992); *Bennie v. Munn*, 822 F.3d 392, 397 (8th Cir. 2016) (court can "enjoin acts that are already illegal" when government agent's promises to stop doing so are not adequate to ensure compliance).  That is the situation here with the prosecution pressing this case forward.[2]

---

[2] While Mr. Biden previously moved to dismiss based on the Special Counsel's *past* decision to indict, nothing prevents Mr. Biden from seeking to enjoin *future* constitutional violations.  The parties continue to file pretrial motions and the Special Counsel cannot be given a blank check to indefinitely spend unappropriated federal funds in violation of the Appropriations Clause.  The need to explicitly seek injunctive relief did not arise until the Ninth Circuit Motion Panel's May 14, 2024 decision dismissed the appeal under 28 U.S.C. § 1292(a) because injunctive relief was not explicitly requested, and the Court declined to hear Biden's claim for relief at law (dismissal) on an interlocutory basis.  Biden files this motion the very next day.  Parties frequently seek to cure defects identified by opinions, for example, plaintiffs often file amended complaints and prosecutors file superseding indictments following motions to dismiss all the time, and the situation is no different here.  The Court has not limited the Special Counsel or Mr. Biden's from objecting to any kind of future conduct.

## II. LEGAL STANDARD

The standard for a temporary restraining order and a preliminary injunction are identical. *Frontline Med. Assocs., Inc. v. Coventry Healthcare Workers Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009) (citation omitted). The moving party must establish: a likelihood of success on the merits, a likelihood of irreparable harm, and the balance of equities and public interest favor an injunction. *Id.* All factors weigh in favor of granting Mr. Biden's requested relief.

## III. ARGUMENT

### A. Ninth Circuit Case Law Supports Mr. Biden Injunction

Mr. Biden's injunction is likely to succeed on the merits. In recognizing the availability of an injunction against a criminal prosecution for Appropriations Clause violations in *United States v. McIntosh*, the Ninth Circuit recognized that an order that "does not, on its face deny an injunction [does] not fall precisely within that language of section 1292(a)(1)," but such an order can nevertheless be appealed if the order has 'the 'practical effect' of denying an injunction, provided that the would-be appellant shows that the order 'might have a serious, perhaps irreparable, consequence.'" 833 F.3d 1163, 1171 (9th Cir. 2016) (quoting *Shee Atika v. Sealaska Corp.*, 39 F.3d 247, 249 (9th Cir. 1994) (Canby, J.) (quoting *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981)). With respect to the added requirements for an order having the "practical effect" of denying an injunction, Judge Canby wrote for the Court in *Shee Atika*: "We find nothing in *Carson* to suggest that the requirement of irreparable injury applies to appeals from orders specifically denying injunctions." 39 F.3d at 249; *accord NRDC v. Cty. of Los Angeles*, 840 F.3d 1098, 1101 (9th Cir. 2016) (explaining *Shee Atika* "clarified that *Carson*'s 'requirement of irreparable injury' does not apply to 'appeals from the direct denial of a request for an injunction'"); *Mcintosh*, 833 F.3d at 1171.

4

*EX PARTE* APPLICATION TO FOR TEMPORARY RESTRAINING ORDER AS TO ENJOIN FUTURE
APPROPRIATIONS CLAUSE VIOLATIONS
CASE NO. 2:23-CR-00599-MCS-1

### B. Mr. Biden is Likely to Suffer Irreparable Harm in the Absence of Relief

Absent injunctive relief, Mr. Biden will *continue* to be subject to the constitutional violation of being subject to the Special Counsel's improperly funded investigation and prosecution in violation of the Appropriations Clause. "We have stated than an alleged constitutional infringement will often alone constitute irreparable harm." *Associated Gen. Contractors of Ca., Inc. v. Coalition for Econ. Equity*, 950 F.2d 1401, 1412 (9th Cir. 1991) (citation omitted). In the Appropriations Clause injunction context, the First Circuit—citing the Ninth Circuit's decision in *McIntosh*—found it could "safely treat" the appeal as a "collateral order" because "the alleged wrong is not the prosecution per se, but rather the use of federal funds . . . Absent an injunction, the funds will be spent and cannot be unspent." *United States v. Bilodeau*, 24 F.4th 705, 712 (1st Cir. 2022).

### C. The Balance of Equities and Public Interest Tip in Favor of Granting an Injunction

Because a constitutional violation has occurred, the interests of the general public are served—and the balance of equities require—granting of the injunction. *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (explaining that the public interest tips "sharply in his favor because it is 'always in the public interest to prevent the violation of a party's constitutional rights.'") (quoting *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 731 (9th Cir. 2022)) (citation omitted).

### D. All Relevant Factors Weigh in Favor of *Ex Parte* Relief

A party seeking *ex parte* relief must establish, by "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to the regularly noticed motion procedures," and "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As explained above, Mr. Biden will be irreparably prejudiced

5

*EX PARTE* APPLICATION TO FOR TEMPORARY RESTRAINING ORDER AS TO ENJOIN FUTURE APPROPRIATIONS CLAUSE VIOLATIONS
CASE NO. 2:23-CR-00599-MCS-1

absent *ex parte* relief. Mr. Biden also is not at fault for creating this crisis, as this application is sought in response to a ruling by the Ninth Circuit issued just yesterday, May 14, 2024. *See United States v. Biden*, 24-2333 (DE 16.1).

Should this Court determine that Mr. Biden had a part in the delayed filing, Mr. Biden easily satisfies the standard for excusable neglect. In determining whether neglect is excusable, courts consider (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). All four factors weigh in favor of a finding of excusable neglect.

First, Mr. Biden seeking to prevent continuing constitutional violations possesses no risk of prejudice to the Special Counsel. Second, preventing these continuing constitutional violations would effectively terminate these proceedings, saving valuable judicial resources in managing an unconstitutional case. Third, Mr. Biden sought this relief the day after the Ninth Circuit's ruling, meaning the reason for this delay was completely out of Mr. Biden's control and he took immediate action in response. Finally, any suggestion that Mr. Biden's attempts to prevent himself from suffering additional constitutional violations is not in good faith is not credible. Mr. Biden has every right to pursue this action and does so in good faith.

## IV.   CONCLUSION

For these reasons, Mr. Biden respectfully requests this Court issue a temporary restraining order as to enjoin future appropriations clause violations.

Date: May 15, 2024                               Respectfully submitted,

                                                 By: */s/ Angela M. Machala*

6

*Ex Parte* Application to for Temporary Restraining Order as to Enjoin Future Appropriations Clause Violations
Case No. 2:23-CR-00599-MCS-1

Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile:  (202) 282-5100

*Attorneys for Robert Hunter Biden*