# EXHIBIT 1

| | |
|---|---|
| **From:** | Wise, Leo (USAMD) |
| **To:** | Lowell, Abbe |
| **Cc:** | Machala, Angela M.; Man, Christopher; Kolansky, David A.; DEH (JWPT); Markarian, Lara |
| **Subject:** | RE: U.S. v. Robert Hunter Biden |
| **Date:** | Wednesday, May 15, 2024 2:38:26 PM |



We oppose both.

---

**From:** Lowell, Abbe <ADLowell@winston.com>
**Sent:** Wednesday, May 15, 2024 2:11 PM
**To:** Wise, Leo (USAMD) <lwise@usa.doj.gov>
**Cc:** Machala, Angela M. <AMachala@winston.com>; Man, Christopher <CMan@winston.com>; Kolansky, David A. <DKolansky@winston.com>; DEH (JWPT) <DEH@usdoj.gov>; Markarian, Lara <LMarkarian@winston.com>
**Subject:** [EXTERNAL] RE: U.S. v. Robert Hunter Biden

Leo,

We will try to respond to your list as soon as possible and maybe the MIL issues in DE (and also email you our issues for CA). Might not happen till later than your 5 PM EASTERN time request.

In addition, we intend to file to file two *ex parte* motions in California this afternoon. The first will be an *ex parte* application for an order continuing the trial date to September 5, 2024 so that the existing trial preparation and trial in Delaware as well as the filings in California can be accomplished. The second will be an *ex parte* application to enjoin future appropriations clause violations. Can you confirm whether or not you will oppose these *ex parte* applications? The anticipated deadline to oppose these applications will be 24 hours after our filings today.


**Abbe David Lowell**

**Partner**
**Co-Chair, Government Investigations,**
**Enforcement, and Compliance**

Winston & Strawn LLP
1901 L Street, N.W.
Washington, DC 20036

D: +1 202-282-5875

F: +1 202-282-5100

200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-3305

F: +1 212-294-4700

VCard | Email | winston.com



**From:** Wise, Leo (USAMD) <Leo.Wise@usdoj.gov>
**Sent:** Wednesday, May 15, 2024 1:40 PM
**To:** Lowell, Abbe <ADLowell@winston.com>
**Cc:** Machala, Angela M. <AMachala@winston.com>; Man, Christopher <CMan@winston.com>; Kolansky, David A. <DKolansky@winston.com>; DEH (JWPT) <DEH@usdoj.gov>
**Subject:** FW: U.S. v. Robert Hunter Biden

Abbe,

We oppose your motion to continue.

We intend to file motions in limine in the Central District of California on topics 2, 6, 8 and 9 that were addressed in your May 10 email exchange with us (see highlights below).  We assume you will take the same position in the Central District of California as you did in the District of Delaware and we will represent that in our filings.  If that is not the case, please let us know by 5 pm EDT today.

We are also considering filing the following additional motions in limine in the Central District of California:

1. Exclude evidence/argument/questioning related to claims that other taxpayers were not/are not prosecuted for conduct similar to the defendant's
2. Exclude evidence/argument/questioning related to claims that the defendant's conduct should have been subject to an audit or civil proceeding rather than criminal investigation and prosecution
3. Exclude evidence/argument/questioning related to selective prosecution claims on Count 9
4. Exclude evidence/argument/questioning related to claims of outrageous government conduct
5. Exclude evidence/argument/questioning related to the payment of outstanding taxes
6. Require the defendant to provide advance notice of any reliance on counsel defense

Please let us know your position on these additional motions by 5 pm EDT.  If we don't hear from you we will represent that you have not taken a position in our filings.

**From:** Lowell, Abbe <ADLowell@winston.com>
**Sent:** Friday, May 10, 2024 4:15 PM
**To:** DEH (JWPT) <DEH@usdoj.gov>
**Cc:** Wise, Leo (USAMD) <lwise@usa.doj.gov>; bdalton_bdaltonlaw.com <bdalton@bdaltonlaw.com>; Man, Christopher <CMan@winston.com>; Kolansky, David A. <DKolansky@winston.com>

**Subject:** [EXTERNAL] RE: U.S. v. Robert Hunter Biden

Derek and Leo,

Thanks for your time this morning.  To try to keep moving cooperatively, I had a few minutes to review this and see the below.  However, we have not had time to write our questions that you answered as for our need or lack of need for MILs (again, in our view, why bringing the Court up to date that we made progress on today's call but are working on it still makes sense).

Somehow or another, we will make a filing today in DE seeking that the current May 13th deadline be extended until a date set at the next day's status conference.

Abbe

****

Here are the pretrial motions we discussed on our call:

1. Exclude argument/questioning that suggests government must show contemporaneous use of controlled substance at time of gun purchase and possession.  WE DO NOT AGREE WITH THIS ONE

2. ==Admit excerpts of Mr. Biden's Book and Audiobook Beautiful Things – please let us know if you can agree to authenticity and admissibility pursuant to FRE 801(d)(2) for the excerpts that were previously provided with our April 24 letter. SUBJECT TO REVIEWING THE SPECIFIC EXCERPTS (WHICH I CANNOT DO FROM MY REMOTE MEETINGS), I DO NOT SEE THIS ANY ISSUE AS TO AUTHENTICITY AND ADMISSIBILITY ALSO SUBJECT TO RELEVANCE, 403 AND RESERVE ALL RIGHTS RE: THE RULE OF COMPLETENESS FOR BOTH AUDIO SAMPLES AND TEXT.==

3. Admit business records from Starquest that were referenced in our April 24 letter pursuant to FRE 902(11) and 803(6).  THINK THIS WILL BE OK.  BUT I HAVE TO CHECK ON WHICH RECORDS AND, AGAIN, IF YOU ARE CALLING THE SHOP SELLER OR OWNER, THIS WILL NOT BE AN ISSUE BECAUSE THEY CAN AUTHENTICATE. FROM WHAT YOU SAID, THIS STIPULATION OR TESTIMONY WOULD BE THAT THE COPY SENT AS AN ATTACHMENT TO THE OCTOBER 2018 E-MAIL WAS WHAT WAS SENT BUT, GIVEN WHAT YOU SAID ABOUT THE OTHER VERSION, THEY NOR A STIPULATION CAN STATE WHEN THE FORM OBTAINED LATER WAS DONE OR SUPPLEMENTED?

4. Exclude challenge to authenticity of six files (four from Apple, two from laptop/hard drive) identified in April 24 letter which were extracted by FBI/IRS forensic personnel and certified under 902(14).  I DO NOT SEE THIS AN ISSUE AS TO AUTHENTICITY AND ADMISSIBILITY AS TO WHAT WAS OBTAINED FROM THE MAC SHOP OR A CLOUD STORAGE DEVICE WITHOUT CONCEDEING THAT BY THE TIME LAW ENFORCEMENT GOT THAT DATA IT MAY NOT HAVE BEEN AN ACCURATE VERSION OF WHAT MR. BIDEN HAD PUT ON ANY OF HIS DEVICES.  THEREFORE, WE RESERVE THE RIGHT TO CHALLENGE HOW CERTAIN OF THE FILES OBTAINED

    FROM THE LATOP/HARD DRIVE WERE INITIALLY ACCESSED, SEIZED, OR FIRST SUBPOENAED AND THIS TOO WOULD BE SUBJECT TO RELEVANCE, 403 AND THE RULE OF COMPLETENESS.

5. Permit use of a 1006 summary chart for voluminous electronic evidence. We intend to send a draft of this to you Monday, but for now can you let us know whether you will agree we can proceed with using the form of a 1006 summary chart for electronic evidence from Apple and the laptop/hard drive. AGREED SUBJECT TO COMPLETENESS, 403, RELEVANCY, REDACTIONS FOR FAMILY OR EXTREME LANGUAGE/OVER THE TOP TEXTS.

6. Exclude argument/questioning related to claims made in defendant's motion for vindictive and selective prosecution. AS STATED, WE WILL NOT BE SEEKING TO ARGUE OR QUESTIONS ON THOSE LEGAL ARGUMENTS. UNDERYLING ASPECTS (E.G., IF A WITNESS MADE AN EXTRAJUDICIAL STATEMENT MIGHT GO TO CREDIBILITY OR BIAS)

7. Exclude argument/questioning related to frequency of these gun charges being brought or that defendant was singled out for prosecution. AS STATED, WE WILL NOT ARGUE THAT LEGAL ISSUE. AS I ALSO TRIED TO EXPLAIN, I COULD SEE A QUESTION ABOUT A WITNESS SAYING OR DOING SOMETHING AS A QUESTION BUT NOT AS "BEING SINGLED OUT FOR PROSECUTION"

8. Exclude argument/questioning related to punishment, failed plea negotiations, the diversion agreement, or the July 26, 2023 hearing. AGREED UNLESS A WITNESS OPENS THAT DOOR OR, IF MR. BIDEN TESTIFIES, YOU ASK A QUESTION THAT DOES SO

9. Exclude argument/questioning suggesting prosecution is due to or part of a Russian malign election influence operation. AGREED

10. Exclude argument/questioning suggesting unconstitutionality of gun charges. AGREED

11. Exclude argument/questioning suggesting prior charging decisions were made by state or federal authorities. AS STATED, I CAN SEE A WITNESS WHO MIGHT BE ASKED WHETHER IN 2018 WHEN THE EVENT OCCURRED AND SHORTLY THEREAFTER IT IS TRUE THAT THEIR AGENCY DID NOT BRING A CHARGE. YOU SAID THAT MIGHT BE BECAUSE MR. BIDEN DID NOT COOPERATE, AND WE SAID THAT IS A FINE QUESTION FOR RE-DIRECT.

12. Exclude argument/questioning related to the defendant's sobriety beginning in summer of 2019 or that he has since been living a law-abiding life. AGREE THAT MR. BIDEN'S SOBRIETY IN 2019 AND AFTER WOULD NOT BE A LINE OF QUESTIONS, AGAIN UNLESS MR BIDEN TESTIFIED HIMSELF.

Please let us know your position today since these are due on Monday. Also let us know about the five proposed stipulations in our April 24 letter.

As to the proposed stipulations outlined in the government's April 24, 2024 letter:

1. OK;

2. OK EXCEPT FOR 478.11 (see MIL #1 above)
3. OK;
4. OK;
5. DO NOT AGREE TO STIPULATE TO THIS TESTING ISSUE.

We can discuss these further as well.  We will follow up over the weekend or on Monday sometime regarding possible proposed and revised dates for DE pretrial schedule.

Abbe


**Abbe David Lowell**

**Partner**
**Co-Chair, Government Investigations,**
**Enforcement, and Compliance**

Winston & Strawn LLP
1901 L Street, N.W.
Washington, DC 20036

D: +1 202-282-5875

F: +1 202-282-5100

200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-3305

F: +1 212-294-4700

VCard | Email | winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.