DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:   (771) 217-6091
    E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00599-MCS |
|---|---|
| Plaintiff, | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER TO ENJOIN FUTURE APPROPRIATIONS CLAUSE VIOLATIONS** |
| v. | |
| ROBERT HUNTER BIDEN, | |
| Defendant. | |

    The United States of America, by and through its counsel of record, hereby submits this response to defendant's *Ex Parte* Application for a Temporary Restraining Order to Enjoin Future Appropriations Clause Violations. (ECF No. 86). The defendant's application should be denied because the defendant has not made the necessary showing that he is entitled to a temporary restraining order or any other form of injunctive relief.

1

Dated: May 16, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/ _____
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The defendant's claims of Appropriations Clause violations have been rejected in two district courts and two circuit courts. The defendant has now returned to this Court, just over a month before his trial is scheduled to begin, to ask for injunctive relief based on those already-rejected arguments.

For the reasons that follow, his latest request must also be denied.

**II.  ARGUMENT**

The defendant is not entitled to a temporary restraining order or an injunction[1] for alleged Appropriations Clause violations because he cannot satisfy the four *Winter* factors:

> A plaintiff seeking a preliminary injunction must establish that he is likely to [1] succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.

*Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008); s*ee also*, *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). In his Application, the defendant has come forward with no evidence in support of his request for an injunction; there is only one declaration attached, executed by counsel, and it does not set forth any facts in support of the relief sought. ECF 86.

**A. The Defendant Is Unlikely to Succeed on the Merits**

The defendant is not likely to succeed on the merits of his Appropriations Clause argument and therefore cannot meet the first *Winter* factor. *Department of Parks and Recreation of the State of California v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1123–24 (9th Cir. 2006) ("'If the plaintiff shows no chance of success on the merits, ... the injunction should not issue,' because '[a]s an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require

---

[1] As explained in Section III, it is not exactly clear whether the defendant is seeking a TRO or an injunction (preliminary or permanent) or both. Regardless, he is entitled to neither.

3

litigation," quoting *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987)).

Unlike with many requests for injunctions, the Court here has the benefit of thorough briefing on the merits of defendant's Appropriations Clause claims. In fact, the defendant has already fully briefed these arguments in this Court. *See, e.g.*, Motion to Dismiss the Indictment Because Special Counsel Weiss was Unlawfully Appointed and the Prosecution Violates the Appropriations Clause (ECF No. 26). The Court also heard from defense counsel at length on this issue at a hearing on March 27, 2024, and rejected the defendant's arguments. April 1, 2024 Order (ECF No. 26). For the reasons this Court has already articulated, *id.*, he was not successful. Specifically, in its memorandum order, this Court examined and rejected the defendant's contention "that the indefinite appropriation incorporated the now-lapsed Ethics in Government Act's definition of 'independent,' and thus is unavailable to fund Mr. Weiss." *Id*. at 27. This Court found that:

>   (1) The Ethics in Government Act never "explicitly defined the term 'independent' or 'independent counsel.'" (citing 28 U.S.C. §§ 591–99).
>
>   (2) [T]he plain language of the appropriation unambiguously refers to independent counsel appointed *pursuant to other statutory authority*." (citing Pub. L. No. 100-202, tit. II, 101 Stat. 1329 (1987)).

*Id*. (emphasis added). The Court's 82-page ruling contained an extensive analysis of statutory text, ultimately concluding that "Special Counsel Weiss is lawfully funded through the indefinite appropriation, and the Appropriations Clause has not been violated." *Id*. at 28-32. Because the defendant did not succeed on the merits when he made Appropriations Clause claims in the context of a motion to dismiss and now offers no new facts or law in support of his request for an injunction, he cannot possibly show a chance of success on the merits, and the injunction, therefore, should not issue. *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (internal citation omitted). Because the defendant cannot satisfy this first *Winter* factor, the Court need not even consider whether he has met the other three. E.g., *Jones v. Felker*, Case No. 2010 WL 582131, *2 (E.D. Cal.

Feb. 12, 2010) (because plaintiff "failed to show that he is likely to succeed on the merits of his claims, he is not entitled to a TRO or preliminary injunction and the court need not consider whether he has made the requisite showings of irreparable harm, favorable balance of the equities, or public interest"); *see also Dudum v. City and County of San Francisco*, 2010 WL 1532365, *11 (N.D. Cal. Apr. 16, 2010).

### B. The Defendant Will Not Be Irreparably Harmed by Facing Trial

Even if he had met the first *Winter* factor, the defendant cannot show that he will suffer irreparable harm if this criminal prosecution continues. Because a preliminary injunction is an extraordinary remedy, the defendant must articulate a threatened injury that is immediate. *See Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief"). "The smaller the probability of success, the greater must be the showing of irreparable harm." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005).

After this Court rejected his meritless Appropriations Clause argument in his motion to dismiss, the only potentially "irreparable consequence" the defendant faces as a result of the adverse ruling is being required to stand trial for the criminal charges brought against him. Standing trial does not constitute serious and irreparable harm. The Supreme Court has explicitly held that being indicted and forced to assert a defense is not irreparable injury. *Cobbledick v. United States*, 309 U.S. 323, 325 (1940) (criminal prosecution is not an irreparable harm). Similarly, in denying a civil injunction of a criminal prosecution brought under an allegedly unconstitutional state law, the Supreme Court has explained, "The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid." *Younger v. Harris*, 401 U.S. 37, 46 (D.C. Cir. 1987) (internal quotation omitted).

The defendant also cannot show irreparable harm because even if his

Appropriations Clause claim had merit, he will again have the opportunity for the Ninth Circuit to review it on an appeal from final judgment. In *Deaver v. Seymour,* the D.C. Circuit considered and rejected an injunction request brought by a former deputy chief of staff to enjoin prosecution by an independent counsel based on the alleged unconstitutionality of the Ethics in Government Act. 822 F.2d 66 (D.C. Cir. 1987). The court determined that defendant's claims could be vindicated by a reversal of conviction. *Id*. at 71.

Finally, the timing of the defendant's injunction request belies his allegation now that the harm he faces is immediate and irreparable. He was indicted on December 7, 2023, and has only now sought injunctive relief.[2] The Third Circuit considered the defendant's appeal of this exact same issue in *United States v. Robert Hunter Biden*, 24-1703, Dkt. 17-1 (3d. Cir. May 9, 2024). Like the Ninth Circuit, the Third Circuit found that the defendant did not ask for an injunction before the district court. A unanimous panel of the Third Circuit further found that "the defendant has not shown the order has a 'serious, perhaps irreparable, consequence' and can be 'effect[tually] challenged only by immediate appeal.'" *Id*. at 3 (citing cases).

**C. The Balance of Equities and Public Interest Do Not Tip in Defendant's Favor**

The defendant points to his argument that a constitutional right was violated as the sole reason that the third and fourth *Winter* factors are satisfied, but his failure to demonstrate a likelihood of success on the merits undercuts his claim that the public interest will be served by the issuance of an injunction. *See Preminger*, 422 F.3d at 826 ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution" but noting that failure to show a likelihood of success on the merits weighed against finding that the public interest would be served").

---

[2] The defendant attempted to anticipate this problem with his new request and argued in his motion for an injunction "excusable neglect," setting forth the standard but failing to show how he meets it (because he cannot) other than to state that he made the request after his appeal was denied. ECF 86 at 6.

6

Moreover, the injunction defendant seeks (to end his prosecution) will affect no one other than him. The very personal nature of this relief weighs against a finding that an injunction would serve the public. "In passing the Speedy Trial Act, Congress recognized that the public has a substantial interest in the resolution of prosecutions without needless delay." *United States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980) *quoting* H.R.Rep. No. 1508, 93d Cong., 2d Sess. 1: "The purpose of this bill is to assist in reducing crime and the danger of recidivism by requiring speedy trials and by strengthening the supervision over persons released pending trial"). The public's interest in the resolution of this prosecution militates against a finding the final *Winter* factors satisfied.

### D. The Injunction Request is Frivolous

On the second page of his most recent filing, the defendant acknowledges that this is a clean-up exercise which he presumes will automatically obtain the result he really seeks: divesting this court of jurisdiction immediately before trial. He plans to "take an immediate appeal to address future violations." ECF 86 at p. 2.

He assumes that this will be the case, even though such an appeal would be frivolous, but the Ninth Circuit has adopted a process for just such situations. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Where, as here, trial is inevitable and it is apparent that there can be no legitimate challenge to the case proceeding to trial, divesting the district court of the jurisdiction to require defendant to appear for trial injures the legitimate interests of the judicial system. Therefore, this Court should certify any appeal as frivolous. Such a certification would allow this Court to ignore the notice of appeal and proceed as if no notice had been filed. *See United States v. Leppo*, 634 F.2d 101, 105 (3rd Cir. 1980).

The Special Counsel was appointed on August 11, 2023, and the defendant was indicted in this case on December 7, 2023. He waited more than five months before seeking this injunction. Such dilatory conduct, coming, as it does, on the heels of the denial of a request to stay deadlines for a trial set to begin next month, *see, e.g.*, ECF 81, cannot be permitted to waste this Court's time and "induce needless paper shuffling." *United*

*States v. LaMere*, 951 F.2d 1106, 1108–09 (9th Cir. 1991) (quoting 9 J. Moore, Federal Practice, ¶ 203.11 at 3-44 n. 1 (1980)). In *LaMere*, the Ninth Circuit held that the district court did not err in finding the defendant's double jeopardy motion to be frivolous, and that court did not lose jurisdiction to proceed to trial notwithstanding the filing of his notice of appeal. *Id*. at 1109.

The Ninth Circuit follows the dual jurisdiction rule set forth by the Fifth Circuit in *United States v. Dunbar*, 611 F.2d 985, 987-89 (5th Cir. 1980) (*en banc*; twenty-five judges): "appeal from the denial of a frivolous motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous." This approach has been uniformly adopted by other circuits. *See United States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980); *United States v. Head*, 697 F.2d 1200, 1204 n. 4 (4th Cir.1982); *United States v. Lanci*, 669 F.2d 391, 394 (6th Cir. 1982); *United States v. Cannon*, 715 F.2d 1228 (7th Cir.1983); *United States v. Grabinski*, 674 F.2d 677, 679 (8th Cir. 1982) (*en banc*); *Stewart v. Donges*, 915 F.2d 572, 576–577 (10th Cir. 1990).

Certifying an appeal as frivolous "enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings." *Behrens v. Pelletier*, 516 U.S. 299, 310–11 (1996). A "ritualistic application of the divestiture rule … conflicts with the public policy favoring rapid adjudication of criminal prosecutions." *Leppo*, 634 F.2d at 104. Even in *Abney v. United States,* 431 U.S. 651, 662, n. 8 (1977), the Supreme Court recognized that "[i]t is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims."

This Court should deny the defendant's injunction request and this Court should certify to the Court of Appeals that the defendant's request is frivolous and proceed with trial.

E.   **The Defendant's Problematic Filing is a Transparent Divestiture Effort**

While the defendant notes that the standard for a temporary restraining order and a preliminary injunction are identical, TRO App., ECF 68 at p. 4, he does not specify

8

which relief he seeks. The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until a hearing can be held on a preliminary injunction. *See Reno Air Racing Association, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). The defendant's proposed order, which fails to comply with Federal Rule of Civil Procedure 65 (governing requests for preliminary injunctions and TROs) is of little help in discerning what exactly he is asking this Court to do. He proposes only that this Court grant his Application, failing to provide any of the suggested language that an actual TRO or injunction order would require: reasons for issuance, specific terms and detailing the acts restrained or required. *Id.*[3] These shortcomings, combined with his explicit statements in the Application, make clear that this is nothing more than a perfunctory effort to delay the trial in this case. The defendant has not fully articulated the relief to which he claims he is entitled or complied with the relevant rules. He, does, however plainly state his plan to utilize this Court's denial to appeal, a maneuver that could postpone the inevitable trial. *See* TRO App. p. 2 (ECF 86) (he intends to give the Ninth Circuit the opportunity "to address his issue" when he petitions for rehearing by the Panel and rehearing *en banc*).

Other than the fact that the defendant claims he intends to seek re-hearing in the Ninth Circuit of his other denied appeals, the defendant offers nothing to establish why he seeks this relief on *an ex parte* basis, which is appropriate only in the face of "real urgency." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 194 (C.D. Cal. 1989). His *ex parte* filing is procedurally improper because he cannot show that "bypassing the regular noticed motion procedure is necessary." *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). He cannot show, as he must, (1) his "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) that he is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id*. There is nothing excusable about the defendant waiting until a month before trial to seek to enjoin the

---

[3] Additionally, Local Rule 65-1 requires, among other things, that a "proposed TRO" be submitted with any TRO application.

prosecution of a case indicted more than five months ago. In his filing, the defendant even acknowledges his awareness that injunctive relief was a possible remedy he could have sought months ago. TRO App. p. 2, n. 1 ("Biden cited the availability of injunctive relief as an Appropriations Clause remedy in his motion to dismiss [filed on Feb. 20, 2024].")

## III. CONCLUSION

For the foregoing reasons, this Court should deny the defendant's request for a temporary restraining order or any other form of injunctive relief.