Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:  (202) 282-5000
Facsimile:   (202) 282-5100

*Attorneys for Robert Hunter Biden*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | **Case No. 2:23-CR-00599-MCS-1**<br><br>*Hon. Mark C. Scarsi*<br><br>**DEFENDANT ROBERT HUNTER BIDEN'S *EX PARTE* APPLICATION FOR ORDER CONTINUING TRIAL DATE FROM JUNE 20, 2024 TO SEPTEMBER 5, 2024 OR, IN THE ALTERNATIVE, TO HOLD A STATUS CONFERENCE PRIOR TO THE SCHEDULED PRETRIAL CONFERENCE** |

# EX PARTE APPLICATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Local Rule 7-19, Mr. Biden, by and through his counsel, hereby applies *ex parte* for an order continuing the trial and related pretrial deadlines or, in the alternative, to hold a status conference to address the scheduling in the case prior to the currently calendared May 29 pretrial conference. Mr. Biden respectfully requests that the Court continue the trial from June 20, 2024 to September 5, 2024 or another date thereafter that is convenient for the Court. Mr. Biden seeks the requested relief on an *ex parte* basis because the deadlines imposed by this Court's Scheduling Order are imminent and/or have passed while Mr. Biden was awaiting decision on his interlocutory appeal to the United States Court of Appeals for the Ninth Circuit and also pursuing relief in the Third Circuit. In addition, the various pretrial dates in this case and Mr. Hunter's Delaware criminal case now overlap, and the Delaware trial, still scheduled to occur on June 3, 2024, is likely to carry over through the week of June 10 without taking into consideration jury deliberations. Good cause exists to grant Mr. Biden's *ex parte* application because of these reasons and events, as well as the unusual delays in Mr. Biden securing experts for this case, providing such experts with massive amounts of documents to review, and the need to speak with witnesses in various states. As Mr. Biden's counsel described in their Motion to Stay Pending Appeal (DE 81 at 1-2), they have not been idle while pursuing their client's appellate issues.

On May 15, the Court ordered that it will "hear any further request to modify the schedule at the May 29th pretrial conference." (DE 84.) Should the Court prefer to not consider this *ex parte* application, Mr. Biden suggests a status conference or expedited hearing at an earlier date to address these issues for an additional reason that arose today. Mr. Biden's lead counsel was informed today that the funeral of a decades-long, dear friend who passed last week will be held in Washington, DC on May 29–an event

1

*EX PARTE* APPLICATION FOR ORDER CONTINUING TRIAL DATE OR TO HOLD A STATUS CONFERENCE
PRIOR TO THE SCHEDULED PRETRIAL CONFERENCE
CASE NO. 2:23-CR-00599-MCS-1

his friend's family asked him to and for which he sincerely wishes to attend. Declaration of Abbe Lowell ("Lowell Decl.") at ¶ 10. In addition, Mr. Biden's Delaware criminal trial begins June 3, just 4 days before the May 29, 2024 pretrial conference here. Lowell Decl., at ¶ 3. Given all of the associated filings, preparation, and travel involved for the Delaware trial, much of which overlap with the current pretrial deadlines in this matter, it will be exceedingly difficult (even if he does not attend his friend's funeral) for Mr. Biden's lead trial counsel to appear in person on May 29, 2024 to argue for a trial continuance.

Mr. Biden requests this continuance based upon the facts outlined in the memorandum of points and authorities, which he believes demonstrate good cause to support the appropriate findings under the Speedy Trial Act and the Ninth Circuit factors guiding criminal trial continuances. As the Supreme Court has noted, while courts exercise discretion in deciding whether to grant a request for a continuance, "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (internal citation omitted).

Pursuant to Local Rule 17-19, on May 15, 2024, Mr. Biden's counsel informed the Special Counsel that he intends to seek a continuance of the trial and related dates on an *ex parte* basis. Lowell Decl., at ¶ 4 and Exhibit 1. On the same day, Special Counsel informed Mr. Biden's counsel that they would oppose such a request. *Id.* On May 16, 2024 at 3:00 p.m. PST, Mr. Biden's counsel advised the Special Counsel that Mr. Biden intended to file this *ex parte* application on May 16, thus making the deadline to oppose the application 24 hours later, on May 17. *See* Lowell Decl., ¶ 5 and Ex. 1. The parties have not previously requested a continuance of trial deadlines that are the subject of this application. *See* Lowell Decl., ¶ 6.

Dated: May 16, 2024                Respectfully submitted,

                                   WINSTON & STRAWN LLP

                                   By: */s/ Angela M. Machala*
                                       Angela M. Machala (SBN: 224496)
                                       Abbe David Lowell
                                       Christopher D. Man

                                       *Attorneys for Robert Hunter Biden*

3

*EX PARTE* APPLICATION FOR ORDER CONTINUING TRIAL DATE OR TO HOLD A STATUS CONFERENCE
PRIOR TO THE SCHEDULED PRETRIAL CONFERENCE
CASE NO. 2:23-CR-00599-MCS-1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

Mr. Biden respectfully applies *ex parte* for an order continuing trial from June 20, 2024 until September 5, 2024 or another date thereafter that is convenient for the Court, in the alternative, to schedule a status conference before the current May 29 pretrial conference to address the schedule in this case. The indictment in this case was filed just a little over five months ago on December 7, 2023. (DE 1.) Mr. Biden made his initial appearance on January 11, 2024. (DE 11.) Since then, counsel for Mr. Biden have worked diligently to file numerous motions, review thousands of pages of discovery, and handle four separate criminal proceedings at once (*United States v. Biden*, No. 23-cr-00599-MCS (C.D. Cal.); *United States v. Biden*, No. 24-2333 (9th Cir. filed Apr. 15, 2024); *United States v. Biden*, No. 23-cr-00061-MN-1 (D. Del.); *United States v. Biden*, 24-1703 (3d Cir. filed Apr. 17, 2024), all while simultaneously moving ahead and preparing for two trials—one before this Court and one in the District of Delaware. On May 14, 2024, the Court in Delaware (*United States v. Biden*, No. 23-cr-00061-MN-1 (D. Del) confirmed that trial there will begin on June 3, 2024. Lowell Decl., at ¶ 3. The parties are in the process of discussing various pretrial deadlines for that case from now until June 3, 2024, and Mr. Biden's counsel will be in Delaware for trial prep and then trial from approximately June 1 to June 14, 2024 based on an anticipated 1-2 days of jury selection and 5-7 days of trial (not taking into account jury deliberations). Lowell Decl., at ¶ 3. In the meantime, trial is scheduled in this case for June 20, 2024, with pretrial deadlines that have already expired and more in the coming weeks, several of which overlap with similar filings due in Delaware.

Mr. Biden needs a limited reprieve from the converging deadlines and is asking for the first time for a brief continuance. His request is based on good cause and grounded in speedy trial exceptions. While his counsel have been working diligently to prepare for the upcoming trial while seeking to protect his rights by filing and briefing

4

*Ex Parte* Application For Order Continuing Trial Date Or To Hold A Status Conference Prior To The Scheduled Pretrial Conference
Case No. 2:23-cr-00599-MCS-1

interlocutory appeals, they require a small amount of additional time to adequately prepare for trial in order to provide adequate and effective counsel to Mr. Biden. This is especially true due to the uniquely challenging and high-profile nature of this case, as well as the fact Mr. Biden and the same counsel will be starting trial in Delaware just two and a half weeks before this trial is set to begin.

## II. GOOD CAUSE EXISTS TO GRANT MR. BIDEN *EX PARTE* RELIEF

A party seeking *ex parte* relief must establish, by "evidence… that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to the regularly noticed motion procedures," and "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

The relief requested here is necessary to preserve Mr. Biden's ability to defend himself effectively without suffering irreparable prejudice and would not prejudice the prosecution in any way. The deadlines imposed by this Court's Scheduling Order are imminent and/or have passed while Mr. Biden was awaiting decision on his interlocutory appeal to the United States Court of Appeals for the Ninth Circuit. In addition, given the extreme time constraints, the next two weeks are critical and Mr. Biden's defense will be irreparably prejudiced if he is not able to advocate for continuance prior to the May 29 pretrial conference. (DE 84.) Should the Court prefer an expedited status conference in lieu of a decision on this *ex parte* application, Mr. Biden remains ready and willing to present his arguments in favor of a continuance at the first opportunity, including any time prior to the pretrial conference. As stated in this application, Mr. Biden's Delaware criminal trial begins June 3, just 4 days before the May 29, 2024 pretrial conference here. Additionally, Mr. Biden's lead counsel just learned that the funeral of a decades-long, close friend will take place in Washington, DC on May 29. His friend's family has asked Mr. Lowell to attend which he would

5

*EX PARTE* APPLICATION FOR ORDER CONTINUING TRIAL DATE OR TO HOLD A STATUS CONFERENCE PRIOR TO THE SCHEDULED PRETRIAL CONFERENCE
CASE NO. 2:23-CR-00599-MCS-1

very much want to do. *See* Lowell Decl., at ¶ 10. Given all of the associated filings, preparation, and travel involved for the Delaware trial, much of which overlap with the current pretrial deadlines in this matter, it will be exceedingly difficult (even if he does not attend the friend's funeral) for Mr. Biden's lead trial counsel to appear in person on May 29, 2024 to argue for a trial continuance.

Mr. Biden has repeatedly asserted his good faith understanding, grounded in case law, that proceedings in this Court were automatically stayed while his interlocutory appeal was pending before the Ninth Circuit. *See, e.g.*, DE 81 at 4. Nevertheless, his counsel continued to work on pretrial issues, including reviewing hundreds of thousands of documents, finding, interviewing and securing the help of tax and other experts, arranging meetings with such experts to go over the massive amount of discovery, locating and interviewing fact witnesses, preparing pretrial filings, and responding, where possible, to the Special Counsel's requests (e.g., views on motions in limine). Following issuance of the Ninth Circuit's order dismissing his appeal (*United States v. Biden*, No. 24-2333, DE 16.1) and the Court's denial of Mr. Biden's motion for a stay pending appeal on the grounds that it was moot (DE 84), Mr. Biden took immediate action to seek *ex parte* relief.

### III. LEGAL STANDARD

Courts have the power "to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citation omitted). Four factors guide whether a Court should grant a continuance: (1) the defendant's diligence in preparing the defense prior to the trial date; (2) the likelihood that a continuance would satisfy the defendant's need; (3) the inconvenience a continuance will cause to the court and the government; and (4) the extent to which the defendant will suffer harm if a continuance is denied. *See United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000) (citations omitted). The fourth factor is most critical. *Id. (*citing *United States v. Mejia*, 69 F.3d 309, 316

(9th Cir. 1995). While courts exercise discretion in deciding whether to grant a request for a continuance, "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (internal citation omitted).

The Speedy Trial Act also contains certain considerations for trial continuances "recognizing the need for flexibility depending on the circumstances of each case." *Zedner v. United States*, 547 U.S. 489, 497, (2006). 18 U.S.C. § 3161(h)(7)(A) provides that the court must exclude periods of delay resulting from a continuance granted by a judge "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In deciding whether to grant an "ends of justice" continuance, district judges must consider, in relevant part: (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice; (ii) Whether the case is so unusual or so complex, due to the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section; and (iv) Whether the failure to grant such a continuance in a case would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(i, ii, iv).

## IV. ARGUMENT

### A. Good Cause Exists to Continue Trial

All four factors enumerated in *Zamora-Hernandez* for guiding criminal trial continuance decisions lean in favor of Mr. Biden's continuance request. *See* 222 F.3d 1046, 1049 (9th Cir. 2000). The continuance should be granted because the defense has not been dilatory in its efforts, the continuance is needed to properly prepare for trial in light of the unique circumstances of this case, and the continuance should not

inconvenience the court or the government. The requested delay is the first one and comes for a case that is just five months old. By contrast, proceeding with the current trial date would harm Mr. Biden's rights to present a complete defense, his rights to effective assistance of counsel, and his rights to a fair trial.

Mr. Biden's counsel has remained diligent while pursuing his appellate issues in preparing for not one, but two, virtually back-to-back trials on two coasts. Counsel's trial preparation has included (among other items) reviewing voluminous financial records, attempting to and finalizing the retention of defense experts (including on the critical issue of tax), identifying possible exhibits, researching and drafting jury instructions, locating fact witnesses and seeing if they can meet and eventually testify, and identifying and conferring with Special Counsel on various complicated issues.

Despite their constant efforts, defense counsel requires more time to adequately prepare for trial due to the unique circumstances present here. On May 14, 2024, the court in *United States v. Biden*, No. 23-cr-00061-MN-1 (D. Del.) confirmed that trial in Delaware will proceed on June 3, 2024. After jury selection, which could take 1-2 days given the high-profile nature of this case, the parties have estimated the Delaware trial will take 5-7 days (without taking into account jury deliberations). Lowell Decl., at ¶ 3. Mr. Biden has started to make his pre-trial filings in that case with more to occur on May 17, 20, 22, and 24. Lowell Decl., at ¶ 7. The current pretrial filing dates in California which Mr. Biden has suggested to the Special Counsel overlap with the Delaware deadlines. For example, filings from expert disclosures to motions in limine to jury instructions, voir dire and more will be due between May 17 through June 14. Lowell Decl., at ¶ 7. Mr. Biden's lead counsel should be involved in many of the same trial preparation events (e.g., meeting with witnesses) and preparing his client for potential testimony in both cases. As much as has been and is being done, all that is required in both district courts cannot be done at the same time.

In addition, neither Special Counsel nor the court should be prejudiced or

inconvenienced by a brief continuance. The continuance requested is reasonable and carefully considered. This case was only filed a little over 5 months ago (DE 1), and no continuances have been sought or granted to date. Special Counsel is equally involved in the Delaware trial and, even though they oppose a continuance, certainly would not be prejudiced to have a brief cushion between the two cases. There is no reason why the two cases must go to trial on such a condensed and overlapping schedule, particularly when doing so poses severe risks of prejudice.

On the other hand, the brief continuance requested is necessary to avoid prejudice to Mr. Biden. Proceeding with the current dates threatens a miscarriage of justice because it would impede and prevent adequate trial preparation within the time limits established by the Court. It is essential that Mr. Biden's counsel receive additional time to effectively prepare and provide their client with effective assistance of counsel.

Besides the clear prejudice of having to prepare for two bi-coastal criminal trials at one time, counsel has encountered unexpected and unique difficulties which make it impossible to meet current deadlines, especially given the uniquely challenging, high-profile and politically charged nature of this case. For example, finding qualified expert witnesses willing to address the complex tax issues involved in the case has been difficult. Lowell Decl., at ¶ 9. These difficulties, coupled with the ongoing appellate litigation and Delaware trial preparation, have impeded counsel's efforts to provide competent and effective counsel to Mr. Biden—and not for want of working as hard as possible. Failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation and representation. The denial of the continuance request, at this point, would constitute "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Morris*, 461 U.S. at 11.

### B. The Ends of Justice Are Served By a Trial Continuance

Moreover, under the Speedy Trial Act, the Court should exclude the limited delay

resulting from the requested continuance because "the ends of justice served by taking such action out-weigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  First, a denial of a continuance would impact Mr. Biden's rights to present a complete defense, to effective assistance of counsel, and to a fair trial. In addition, as stated in detail above, this case is exceedingly unusual and complex due to the nature of the prosecution, the politically charged circumstances and the high-profile defendant, and the impact of these unique circumstances on Mr. Biden's case planning and preparation.  Mr. Biden's counsel, due to the competing pretrial and trial deadlines, require additional time to complete the pre-trial preparation tasks required for an effective defense, taking into account the exercise of due diligence on the part of counsel. 18 U.S.C. § 3161(h)(8)(B)(i, ii, iv).  Mr. Biden is requesting a reasonable period of delay in order to prepare for trial considering the upcoming June 3 trial in Delaware and all of the facts set forth above.

For purposes of computing time under the Speedy Trial Act within which trial must commence, the time period between June 20, 2024 and September 5, 2024 (or another date thereafter that is convenient for the Court) can be deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and 3161(h)(8)(B)(iv) because the time period would pertain to a continuance granted by the Court at the defendant's request, on the basis of the Court's finding that the ends of justice are served by taking such action. Mr. Biden has been apprised of his Speedy Trial rights and concurs with his counsel that continuing the trial is necessary to enable his counsel to be in a position to represent him effectively.  Lowell Decl. at ¶ 8.  Mr. Biden requests a limited continuance of the trial date and related deadlines to adequately prepare for trial. *See e.g., United States v. Patterson*, 872 F.3d 426, 436 (7th Cir. 2017) (delay of 4.5 years between the defendant's indictment and trial did not violate Sixth Amendment right to speedy trial); *United States v. Lane*, 561 F.2d 1075, 1078 (2d Cir. 1977) (delay of 58 months did not violate Speedy Trial Act).  In addition, Mr. Biden's lead counsel also asks the Court to consider

the unexpected occurrence of his close friend's funeral on the date presently set by the Court to hear these scheduling issues.

## V.  CONCLUSION

For the reasons stated above, a denial of a trial continuance here would amount to a "miscarriage of justice." *See* 18 U.S.C. § 3161(h)(7)(B)(i). Accordingly, Mr. Biden respectfully requests this Court continue trial from June 20, 2024 to September 5, 2024 or another date thereafter that is convenient for the Court. In the alternative, Mr. Biden respectfully requests that the Court schedule a status conference or hearing before the now-scheduled pretrial conference on May 29, 2024 in order to allow Mr. Biden an opportunity to further explain his reasons to seek a continuance of the trial and for his counsel to attend to a personal matter.

Date: May 16, 2024

Respectfully submitted,

By: */s/ Angela M. Machala*
Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile:  (202) 282-5100

*Attorneys for Robert Hunter Biden*