FILED

MAY 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>ROBERT HUNTER BIDEN,<br><br>　　　　Defendant - Appellant. | No. 24-2333<br><br>D.C. No.<br>2:23-cr-00599-MCS-1<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before: CANBY, TASHIMA, and KOH, Circuit Judges.

　　Appellee's motion (Docket Entry No. 6) to dismiss this appeal for lack of jurisdiction is granted because the district court's April 1, 2024, order denying appellant's motions to dismiss the indictment is not a final judgment or an immediately appealable collateral order. *See* 28 U.S.C. § 1291; *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798-99 (1989) (describing collateral order doctrine).

　　The Supreme Court has "interpreted the collateral order exception 'with the utmost strictness' in criminal cases," *Midland Asphalt*, 489 U.S. at 799, concluding that the "right not to be tried in the sense relevant to the [collateral order doctrine] rests upon an explicit statutory or constitutional guarantee that trial will not occur," *id.* at 801. Contrary to appellant's arguments, the issues he wishes to raise on

interlocutory appeal do not implicate a statutory or constitutional "right not to be tried," and therefore do not fall within the collateral order exception. *Id.* at 801.

This is so even though dismissal of the indictment would be the proper remedy if appellant were to prevail on his substantive claims. *See id.* ("[A]ny legal rule can be said to give rise to a 'right not to be tried' if failure to observe it requires the trial court to dismiss the indictment or terminate the trial. But that is assuredly not the sense relevant for purposes of the exception to the final judgment rule."); *see also United States v. MacDonald*, 435 U.S. 850, 860 n.7 (1978) ("Admittedly, there is value—to all but the most unusual litigant—in triumphing before trial, rather than after it, regardless of the substance of the winning claim. But this truism is not to be confused with the quite distinct proposition that certain claims (because of the substance of the rights entailed, rather than the advantage to a litigant in winning his claim sooner) should be resolved before trial. Double jeopardy claims are paradigmatic."); *United States v. Solano*, 605 F.2d 1141, 1143 (9th Cir. 1979) (finding no jurisdiction over interlocutory "claims relating to allegedly violated plea bargains,[ as they] are not strictly based upon the Double Jeopardy Clause"). Appellant's reliance on *United States v. Sandoval-Lopez*, 122 F.3d 797 (9th Cir. 1997), is misplaced, because that case, unlike this one, involved a "paradigmatic" double jeopardy claim.

Appellant's arguments regarding the immediate appealability of his unlawful appointment and Appropriations Clause challenges are similarly unavailing because this court has found that such challenges may be reviewed on appeal following final judgment. *See, e.g., United States v. Plesinski*, 912 F.2d 1033, 1036 (9th Cir. 1990), *United States v. Prueitt*, 540 F.2d 995 (9th Cir. 1976), and *United States v. Zucker*, 743 F. App'x 835 (9th Cir. 2018), *as amended on denial of reh'g* (Aug. 31, 2018) (considering on direct appeal appellant's challenge that the Department of Justice was barred from spending funds to prosecute him). We also reject appellant's claim that the denial of his motion to dismiss based on alleged Appropriations Clause violations is immediately appealable under 28 U.S.C. § 1292(a)(1); the record reflects that appellant did not seek, and the district court did not deny, injunctive relief.

Finally, appellant provides no persuasive argument to show that his separation of powers argument may be heard on interlocutory appeal, and the case law he cites is factually and legally distinct from the instant case. *See Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 191 (2023) (constitutional challenge to the fundamental structure of two agencies); *United States v. Williams*, 68 F.4th 564, 570 (9th Cir. 2023) (challenge to wholesale disqualification of a U.S. Attorney's office).

Appellant asks this court to treat his appeal, in the alternative, as a petition for a writ of mandamus. Even if this request is procedurally proper, the petition is denied because appellant has not shown that he "will be damaged or prejudiced in a way not correctable on appeal." *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-56 (9th Cir. 1977).

**DISMISSED.**