DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:   (771) 217-6091
    E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00599-MCS |
|---|---|
| Plaintiff, | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR ORDER CONTINUING TRIAL DATE FROM JUNE 20, 2024 TO SEPTEMBER 5, 2024 OR, IN THE ALTERNATIVE, TO HOLD A STATUS CONFERENCE PRIOR TO THE SCHEDULED PRETRIAL CONFERENCE; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION WITH EXHIBIT 1** |
| v. | |
| ROBERT HUNTER BIDEN, | |
| Defendant. | |

    The United States of America, by and through its counsel of record, hereby submits this response in opposition to defendant's *ex parte* application for an order continuing the trial date from June 20, 2024 to September 5, 2024 or, in the alternative, to hold a status conference prior to the scheduled pretrial conference. (ECF No. 97). The defendant's

1

application should be denied as set forth in the accompanying memorandum of points and authorities because he is not entitled to a 77-day continuance and justice does not so require. Specifically, on April 11, 2023, defense counsel agreed to commence trial in the defendant's criminal case in Delaware on June 3, 2024, at which time the June 20, 2024 trial in this case had been scheduled for three months.

Dated: May 17, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In his latest effort to delay trial (an application for a continuance), defendant's lead counsel's primary reason is the weeklong June 3, 2024, trial in Delaware at which he is one of the lawyers representing the defendant with respect to firearms charges. But on March 13, 2024, and again on April 11, 2024, lead counsel told the Delaware court he was able to try the gun case in Delaware on June 3, 2024, with full knowledge that this trial would begin on June 20, 2024, per this Court's order several months earlier. *See* Declaration of Leo J. Wise at ¶2 and Ex. 1 thereto. At the time he agreed to both trial dates, including just last month, lead counsel undoubtedly concluded he could prepare for both trials, particularly, given that he has separate teams of lawyers working with him on each case. Otherwise, he would not have told the Delaware court he was available.

The only things that have changed since then are that the defendant (1) lost all his motions, and (2) took unsuccessful interlocutory appeals from denials of pretrial orders in both cases, and his appeals were dismissed by unanimous panels in both circuits. See Order, *United States v. Biden*, No. 24-1703 (3d Cir. May 9, 2024), ECF No. 17; Order, *United States v. Biden*, No. C.A. No. 24-2333 (9th Cir. May 14, 2024), ECF No. 16. The simple act of filing a "notice of appeal" with the district court and then drafting a single response to the government's motion to dismiss in each case, do not provide cause for delaying this trial. No defendant would be afforded a continuance because he wrongly chose to lodge a jurisdictionless appeal, and this defendant should be treated no differently. Defense counsel offers a handful of other reasons why he wants a trial delay of 77 days, but none of them warrant a continuance. The motion should be denied.

## II. ARGUMENT

This Court has "broad discretion" in determining whether to grant or deny a motion for continuance. *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). "A trial court clearly abuses its discretion only if denial of the continuance was arbitrary or unreasonable." *United States v. Wills*, 88 F.3d 704, 711 (9th

Cir. 1996) (internal quotation and citation omitted).In reviewing whether a district court has abused its discretion in denying motions for continuance, the Ninth Circuit considers four factors: (1) the extent of the defendant's diligence in readying his defense prior to the date set for trial; (2) the likelihood that the continuance would serve a useful purpose; (3) the extent to which a continuance would inconvenience the district court, the parties, or witnesses; and (4) the extent of prejudice, if any, that the defendant would suffer from denying a continuance. *Flynt*, 756 F.2d at 1359; *United States v. Mejia*, 69 F.3d 309, 314-16 (9th Cir. 1995). The "most critical question" is the final factor—whether a defendant will be prejudiced from a continuance denial. *Mejia*, 69 F.3d at 316. In fact, a defendant cannot prevail on any appeal of the denial of a continuance if he fails to show prejudice as a result. *Flynt*, 756 F.2d at 1359; *United States v. Mitchell*, 744 F.2d 701, 704 (9th Cir. 1984) ("To demonstrate reversible error, the defendant must show that the denial resulted in actual prejudice to his defense").

**A. The "Diligence" Factor Does Not Weigh in Favor of a Continuance**

In his application, the defendant references his diligence four times and his trial preparation five times. He claims that he is "working diligently to prepare for his upcoming trial," ECF 97, p. 4, and explains that his diligence includes filing "numerous motions, review[ing] thousands of pages of discovery, and handl[ing] four separate criminal proceedings at once… all while simultaneously moving ahead and preparing for two trials" *Id*. If he has, in fact, been diligently preparing for trial, then his failure to comply with the pretrial deadlines ordered by this Court was the result of a conscious choice. For instance, his failure to provide proposed jury instructions to the government two and half weeks ago was the result, apparently, of his hope that efforts to divest this Court of jurisdiction may succeed. If while "awaiting decision," ECF 97, p. 1, on his appeal defense counsel had prepared jury instructions, proposed voir dire and a statement of the case but held off on complying with the deadlines pending the Ninth Circuit's decision, he could have made the required exchanges and filings in this Court as soon as he received the appellate court's ruling on May 14. One can only infer that he has again

chosen not to make those filings on the hope that his recently filed motion for an injunction and his promise of further filings in the Ninth Circuit will delay the trial.

But counsel also states that deadlines are "imminent and/or have passed while Mr. Biden was awaiting decision on his interlocutory appeal to the United States Court of Appeals for the Ninth Circuit." ECF 97 at p. 5. If the defendant's intention was merely to "await" rulings, he could have asked for a continuance in early April when his motions were denied and he noticed an appeal. Instead, he waited until 13 days before the pretrial conference in this matter to bring his request on an emergency basis.

The defendant also claims that "The parties are in the process of discussing various pretrial deadlines" ECF 97, p. 4 and that he is "working diligently with the Special Counsel to agree on pretrial deadlines in this case and the case in Delaware," ECF 97-1 ¶ 7. This is not so. The pretrial deadlines in both cases were set by the <u>courts</u> and are not matters within the parties' discretion or open for debate and discussion. The defendant has simply refused to comply with the pretrial deadlines set by this Court in its standing order. "[T]he fact Mr. Biden and the same counsel will be starting trial in Delaware just two and a half weeks before this trial is set to begin," ECF 97, p.5, is a problem of the defendant's own making. He agreed to the Delaware trial date months after this Court had already ordered trial in this case to commence on June 20. See Ex. 1 to Declaration of Leo J. Wise.

Indeed, during a status conference with the Delaware Court on March 13, 2024, Mr. Lowell agreed to a trial date of June 3, 2024. *United States v. Robert Hunter Biden*, 23-61-MN (D. Del.) Trans. of March 13, 2024 proceedings (Doc. No. 94). The court scheduled the trial date for June 3, 2024 and, following this conference, over the course of several weeks, the parties carefully negotiated a schedule of dates that the parties proposed in a joint motion to the court in advance of the June 3, 2024 trial date. *United States v. Robert Hunter Biden*, 23-61-MN (D. Del.) (Doc. No. 95, 95-1). Thus, the defendant's choice to schedule a weeklong trial in a not-complicated gun case for June 3 is a problem of his own making, not one that can militate in favor of a continuance here.

Defense counsel cites difficulties obtaining experts based upon the nature of this case which he describes as "high-profile and divisive." ECF 97-1 ¶ 9. The fact that some experts declined seems to have limited relevance, particularly because last week the defendant claimed that he was "now finalizing the retention of defense experts." ECF. 81, p. 2 (May 11, 2024). If he was finalizing his experts last week, there should be no need for a continuance request now, much less a 77-day continuance.

Moreover, while the defendant's application provides a declaration from Mr. Lowell, it must be pointed out that he has more than one attorney working with him on these cases. Winston & Strawn's west coast chair of the government investigations practice, attorney Angela Machala, also represents the defendant in the tax case. See Declaration of Leo J. Wise at ¶3. In the gun case, in addition to Mr. Lowell, the defendant is also represented by Christopher Man and according to the Winston and Strawn website he is a partner with the firm and a highly regarded trial lawyer. *Id*. In the gun case, the defendant has also retained lawyers with the Dalton law firm. *Id*. Moreover, based on email exchanges with counsel that have copied other lawyers at the Winston & Strawn law firm, it appears that there are multiple teams of associates working on each matter. *Id*. *See* ECF 97-1, ¶ 7 ("my few colleagues"). Thus, lead counsel's decision that he could prepare for two trials has no connection to the work of the other attorneys separately assigned to each matter.

Finally, the briefing in the Third and Ninth Circuits was not so extensive as to require more than two briefs in response to the government's motions in each circuit, *id.*, which calls into question counsel's assertions regarding his team's diligence as the justification for a continuance. This factor does not tip in favor of a continuance.

**B. The Defendant Has Not Shown that a Continuance Would be "Useful"**

The defendant claims that he requires only "a *small* amount of additional time to adequately prepare" ECF 97, p. 5 (emphasis added). However, he asks for this "limited reprieve," ECF 97, p. 4, of 77 days without providing any details about how those two and half months would be utilized. His filing is simply unclear about what the defendant would

actually do with any additional time. His perception of this case as "uniquely challenging and high-profile," ECF 97, p. 5, is unlikely to change if a continuance is granted. The fact that there may be more press coverage of this trial than others does not affect the preparation required by counsel in any way. This is a straightforward tax case, and the defendant has not alleged otherwise. He is not above the rule of law and should be treated like any other defendant. Every case has pretrial deadlines; the fact that they exist here cannot support a continuance request. Given the complete lack of specificity as to what needs to happen between now and trial (other than compliance with the usual pretrial deadlines which the defendant has known about since January), the factor of usefulness does not support a continuance.

To be sure, any trial continuance provides counsel with more time, but the law requires more than the convenience that comes with having additional time to prepare. Where courts have found the "usefulness" factor to be met, it has been tied to a specific utility. *See, e.g., Flynt*, 756 F.2d at 1360 (continuance allowed defendant to present witnesses regarding his diminished capacity); *Mejia*, 69 F.3d at 315-316 ("useful" factor met because the trial court could assess the demeanor of witnesses who were critical to a suppression motion); *United States v. Rivera-Guerrero*, 426 F.3d 1130, 1140-41 (9th Cir. 2005) (continuance was useful where it allowed presentation of defense evidence regarding competency to stand trial / involuntary medication).

Here the defendant has not shown "that evidence helpful to his position could be produced" with additional time. *Id*. at 1140. He points to no evidence he would be unable to produce or any defense strategy he would be unable to pursue if trial begins on June 20. He offers only conclusory assertions in support of the vague notion that additional time will give him the ability to "defend himself effectively." ECF 97, p. 5.

### C. The Government, Witnesses and the Court Will be Inconvenienced by a Continuance

The defendant is not seeking a modest delay of a few days to obtain a piece of evidence or to procure a witness. He seeks a 77-day delay in a case the government has extensively prepared for following a detailed and lengthy investigation. This will inconvenience the United States. For instance, the government anticipates calling more than thirty witnesses, most of them out-of-state. See Declaration of Leo J. Wise, at ¶4 . Trial subpoenas began being sent to these witnesses over a month ago. *Id*. Many of these individuals are represented; the witnesses and their counsel have planned their summer schedules to account for this trial commencing in June and concluding in July.

Given the anticipated trial length and courthouse resources required for this case, the government assumes that there would also be significant inconvenience to the Court in granting a 77-day continuance. While alone, inconvenience to the Court or the government may not justify denying an otherwise well-founded and reasonable continuance, the inconvenience here, like the other factors already discussed, does not support the continuance he requests.

### D. The Defendant Has Not Shown That He Will be Prejudiced by Any Denial of a Continuance

The defendant has not created a record from which this Court could find that he will be prejudiced by the current trial schedule. He has failed to show how any continuance will actually be useful to him. His diligence with respect to readying his defense is far from clear. Given defense counsel's statements, the record provides no basis for the Court to find that the defendant will be better able to pursue a defense strategy, interview witnesses, or review discovery or anything else if the Court continues trial for another 77 days, as opposed to proceeding on the current schedule.

### E. The Defendant's Right to Counsel Will Not Be Jeopardized by a Denial

The Ninth Circuit has explained that, when a continuance "arguably implicates a defendant's Sixth Amendment right to counsel, the court must consider the effect of its

decision on this fundamental right." *United States v. Garrett*, 179 F.3d 1143, 1147 (9th Cir. 1999). Here, despite the defendant's statements invoking his right to effective representation under the Sixth Amendment, *see* ECF 97 at p. 8, the rest of the application lacks specific or compelling reasons why, suddenly, counsel cannot proceed to trial next month and what benefit an additional 77 days will serve.

For the reasons set forth above, the Court should find that commencing trial on June 20, more than six months post-indictment with counsel that have represented the defendant since he was charged will prejudice his Sixth Amendment right to counsel. *Garrett*, 179 F.3d at 1147. There is no basis to continue trial under the Speedy Trial Act. Under the circumstances here, it would not be a miscarriage of justice or unreasonable for the defendant and his counsel to be ready for trial on June 20, 2024.

## III.  CONCLUSION

For the foregoing reasons, the defendant's application for a continuance should be denied.