Angela M. Machala (SBN: 224496)
AMachala@winston.com
Winston & Strawn LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone:  (202) 282-5000
Facsimile:  (202) 282-5100

*Attorneys for Robert Hunter Biden*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT HUNTER BIDEN,<br><br>　　　　　Defendant. | **Case No. 2:23-cr-00599-MCS**<br><br>*Hon. Mark C. Scarsi*<br><br>**MR. BIDEN'S FOURTH MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO HIS "EXTRAVAGANT" LIFESTYLE AND SALACIOUS DETAILS ABOUT SPENDING ON PERSONAL EXPENSES**<br><br>Hearing Date:  May 29, 2024<br>Hearing Time:  1:00 p.m.<br>Courtroom:　　7C |

|   |   |
|---|---|
| 1 | Defendant Robert Hunter Biden, by and through his counsel of record, hereby files this Motion *in Limine* to exclude any reference to his purportedly "extravagant" lifestyle and any salacious details about his personal expenses.  This evidence should be excluded under the Federal Rule of Evidence 403 balancing test, as the risk of unfair prejudice, confusing the issues, and misleading the jury far outweighs any purported probative value of including such specific unnecessary details.  On May 17, 2024, Mr. Biden's counsel asked for the Special Counsel's position on this proposed motion *in limine*.  On May 20, 2024, the Special Counsel indicated he intends to oppose such a motion. |

Dated: May 21, 2024

Respectfully submitted,

*/s/ Angela M. Machala*
Angela M. Machala

Abbe David Lowell
Christopher D. Man

*Attorneys for Robert Hunter Biden*

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Biden moves to exclude any evidence, testimony, or reference to his alleged "extravagant" lifestyle during the time period in question and any salacious details about money purportedly spent on certain personal expenses, including, but not limited to, reference to sex workers, adult entertainment, a sex club membership, pornography, and strip clubs.[1]  To the extent the Court is inclined to allow into evidence that Mr. Biden spent money on items other than his taxes in the years charged, Mr. Biden would agree to stipulate that he spent money on other, generalized "personal expenses."

The Special Counsel's focus on Mr. Biden's payment for items sexual in nature, referenced repeatedly in the Indictment, would be unfairly prejudicial beyond any possible probative value and would pose a danger of confusing the issues and misleading the jury.  Fed. R. Evid. 403; *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 949 (9th Cir. 2009) (failure to exclude song lyrics referencing prostitution was an error because they had no probative value and were unfairly prejudicial in light of their offensive nature); *United States v. Rakow*, 2006 WL 8445943, at *5 (C.D. Cal. July 3, 2006) (prohibiting government from highlighting specific expenditures from a credit card statement as prejudicial); *Kitsch LLC v. Deejayzoo, LLC*, 2023 WL 4291445, at *5 (C.D. Cal. May 8, 2023) (on motion to exclude derogatory or inflammatory descriptions about plaintiff or its products, such as "knockoff," "Chinese," or "pirate," the court excluded such terms under Rule 403, and stated "parties shall make their arguments in neutral, non-inflammatory terms.").  None of the evidence on this issue is relevant to any of the elements that the Special Counsel needs to prove in this tax-focused Indictment.

Unnecessary salacious details—especially relating to collateral alleged sexual

---

[1] Mr. Biden raised concerns with this type of language in his Motion to Strike Surplusage.  (DE 33.)  The Court issued an order stating that it is not this Court's practice to read the Indictment, or provide a copy of it, to the petit jury.  (DE 34.)  However, that order does not remedy the issue of presenting the jury with prejudicial language through evidence and testimony at trial.

conduct—is exactly the type of prejudicial, inflammatory evidence that makes a conviction more likely because it provokes an emotional response in the jury. *See United States v. Yazzie*, 59 F.3d 807, 822 (9th Cir. 1995). The Special Counsel may wish to introduce such evidence for the very reason that it is salacious and would pique the interest of the jury, but for the same reasons and because such evidence would distract the jury from the crimes charged, such information would also be highly prejudicial to Mr. Biden. Introduction of this evidence would be an improper use of character evidence and is irrelevant to prove that Mr. Biden allegedly committed the crimes charged in the Indictment.

Accordingly, Mr. Biden respectfully requests that the Court exclude reference to his purportedly "extravagant" lifestyle and salacious details about money spent on certain personal expenses, including, but not limited to, sex workers, adult entertainment, a sex club membership, pornography, and strip clubs.

Date: May 21, 2024

Respectfully submitted,
By: */s/ Angela M. Machala*
Angela Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: (213) 615-1924
Fax: (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
Christopher D. Man
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com
CMan@winston.com

*Attorneys for Robert Hunter Biden*