Angela M. Machala (SBN: 224496)
AMachala@winston.com
Winston & Strawn LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone:  (202) 282-5000
Facsimile:  (202) 282-5100

*Attorneys for Robert Hunter Biden*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT HUNTER BIDEN,<br><br>　　　　Defendant. | **Case No. 2:23-cr-00599-MCS**<br><br>*Hon. Mark C. Scarsi*<br><br>**MR. BIDEN'S FIFTH MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO ALLEGED IMPROPER POLITICAL INFLUENCE AND/OR CORRUPTION**<br><br>Hearing Date:  May 29, 2024<br>Hearing Time:  1:00 p.m.<br>Courtroom:  7C |

Defendant Robert Hunter Biden, by and through his counsel of record, hereby files this Motion *in Limine* to exclude from trial reference to any allegation that Mr. Biden (1) acted on behalf of a foreign principal to influence U.S. policy and public opinion, (2) violated FARA, (3) improperly coordinated with the Obama Administration, (4) received direct compensation from any foreign state, (5) received compensation for actions taken by his father that impacted national or international politics, or (6) funneled money to his father or any related alleged corruption (together, allegations of "improper political influence and/or corruption").  This evidence should clearly be excluded under the Federal Rules of Evidence 403 balancing test, as the risk of unfair prejudice is significantly outweighed by any marginal probative value.  On May 17, 2024, Mr. Biden's counsel asked for the Special Counsel's position on this proposed motion *in limine*.  On May 20, 2024, the Special Counsel indicated that he opposes this motion.

Dated: May 21, 2024                             Respectfully submitted,

                                                */s/ Angela M. Machala*
                                                Angela M. Machala

                                                Abbe David Lowell
                                                Christopher D. Man

                                                *Attorneys for Robert Hunter Biden*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Robert Hunter Biden, by and through his counsel of record, hereby files this Motion *in Limine* to exclude reference to allegations that Mr. Biden (1) acted on behalf of a foreign principal to influence U.S. policy and public opinion, (2) violated FARA, (3) improperly coordinated with the Obama Administration, (4) received direct compensation from any foreign state, (5) received compensation for actions taken by his father that impacted national or international politics, or (6) funneled money to his father or any related alleged corruption (together, improper political influence and/or corruption").

For years, Mr. Biden has been the target of politically motivated attacks and conspiracy theories related to the allegations above. These baseless claims are the subject of widespread dissemination and discussion among a certain portion of the electorate, frequent media attention, and congressional inquiries. Mr. Biden is not, and never has been, charged with any crime relating to these unfounded allegations, and the Special Counsel should thus be precluded from even raising such issues at trial.

### I. ARGUMENT

Any evidence or testimony related to allegations of Mr. Biden's supposed improper political influence and/or corruption is not relevant, and thus is inadmissible. Fed. R. Evid. 401, 402; *see United States v. Vallejo*, 237 F.3d 1008, 1015 (9th Cir. 2001). Specifically, none of the crimes he is charged with have anything to do with allegations that Mr. Biden (1) acted on behalf of a foreign principal to influence U.S. policy and public opinion, (2) violated FARA, (3) improperly coordinated with the Obama Administration, (4) received direct compensation from any foreign state, (5) received compensation for actions taken by his father that impacted national or international politics, or (6) funneled money to his father or any related alleged corruption. For example, as to Counts One, Two, Three, Four, Five and Nine, the government must prove that Mr. Biden willfully failed to file or pay taxes owed. 26 U.S.C. § 7203. For Count Six, the government must prove that Mr. Biden knew he

owed more tax for the calendar year 2018 than was declared due on his tax return, and that he took some affirmative act to evade or defeat such additional tax. With regard to Counts 7 and 8, the government must prove that Mr. Biden willfully filed a false and fraudulent tax return for the calendar year 2018. None of these alleged crimes involve evidence or testimony relating to conspiracy theories about Mr. Biden's supposed improper political influence and/or corruption, and such evidence or testimony is wholly irrelevant in this case.

Even if the Court finds reference to improper political influence and/or to somehow be relevant, the probative value of these unsubstantiated claims is dwarfed by the risk of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403; *see United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury."). The likelihood of unfair prejudice is substantially increased because of the salacious and politically charged nature of the subject matter. *See United States v. Figueroa-Juarez*, 2023 WL 8053742, at *1 (9th Cir. Nov. 21, 2023) (district court did not abuse discretion by excluding government report because "the court reasonably found that admission would pose a significant risk of prejudice because it could have led jurors to make decisions based on their view of the immigration system, rather than the trial evidence.").

Further, evidence and testimony relating to improper political influence and/or corruption pose significant risk of confusing the issues, misleading the jury, and wasting time. Fed. R. Evid. 403; *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury."). Although the Special Counsel's filed exhibit list (DE 88) contains upwards of forty descriptions that are totally insufficient to identify what

document is being referred to (*see*, *e.g.*, "Text Messages" (#073), "Notes" (#318)), it is clear that many exhibits the Special Counsel intends to introduce relate to allegations of improper political influence and/or corruption that are wholly outside of the scope of the Indictment. *See, e.g.*, "Email from Eric Schwerin to Antony Blinken re: My Remarks In Latvia" (GX-267), "Email from Eric Schwerin to Sally Painter re: Amos Hochstein" (GX-262). Allowing in evidence or testimony related to the unsubstantiated claims of improper political influence and/or corruption run a real risk of the jury convicting Mr. Biden based on facts and allegations outside of the Indictment.

Defense counsel notes that it is ironic that the Special Counsel has filed a motion *in limine* to exclude evidence "alleging the prosecution of the defendant is somehow due to or part of a Russian malign election influence campaign," which Mr. Biden did not object to. (DE 92 at 4.) Yet, the Special Counsel opposes the instant motion, which would preclude him from putting forward similar politically charged information to the jury. To prevent this trial from becoming a trial on politics rather than a trial on the charges in the Indictment, this Court should grant both the Special Counsel's motion as it relates to a "Russian malign election influence campaign" and this Motion.

Accordingly, Mr. Biden respectfully moves this Court to exclude any evidence and testimony relating to allegations of improper political influence and/or corruption discussed herein.

Date: May 21, 2024

Respectfully submitted,

By: */s/ Angela M. Machala*
Angela Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: (213) 615-1924
Fax: (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
Christopher D. Man

WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com
CMan@winston.com

*Attorneys for Robert Hunter Biden*