1  Angela M. Machala (SBN: 224496)
   AMachala@winston.com
2  Winston & Strawn LLP
   333 S. Grand Avenue, 38th Fl.
3  Los Angeles, CA 90071
   Telephone:   (213) 615-1700
4  Facsimile:   (213) 615-1750

5  Abbe David Lowell (*admitted pro hac vice*)
   AbbeLowellPublicOutreach@winston.com
6  Christopher D. Man
   CMan@winston.com
7  WINSTON & STRAWN LLP
   1901 L Street NW
8  Washington, DC 20036
   Telephone:   (202) 282-5000
9  Facsimile:   (202) 282-5100

10 *Attorneys for Robert Hunter Biden*

11

12

13

14

15

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES<br><br>                    Plaintiff,<br><br>        vs.<br><br>ROBERT HUNTER BIDEN,<br><br>                    Defendant. | **Case No. 2:23-cr-00599-MCS**<br><br>*Hon. Mark C. Scarsi*<br><br>**MR. BIDEN'S RESPONSE TO THE SPECIAL COUNSEL'S THIRD MOTION *IN LIMINE* TO EXCLUDE DELINQUENT PAYMENT OF THE DEFENDANT'S TAXES**<br><br>Hearing Date:   May 29, 2024<br>Hearing Time:   1:00 p.m.<br>Courtroom:       7C |

1
2
3
4
5

Defendant Robert Hunter Biden, by and through his counsel of record, hereby opposes the Special Counsel's Motion *in Limine* to exclude the delinquent payment of his taxes.  (DE 94.)    The Special Counsel asked for Mr. Biden's position on this proposed motion *in limine*.  On May 15, 2024, Mr. Biden's counsel indicated his opposition to this motion.

6
7
8
9

Dated: May 21, 2024                    Respectfully submitted,

10
11

*/s/ Angela M. Machala*
Angela M. Machala

12
13

Abbe David Lowell
Christopher D. Man

14
15

*Attorneys for Robert Hunter Biden*

16
17
18
19
20
21
22
23
24
25
26
27
28

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Mr. Biden opposes much of Special Counsel's self-serving recitation of the alleged "facts" from the Indictment in his motion *in limine* to exclude evidence of payment of Mr. Biden's outstanding tax bill.  (DE 94 at 1-2.)  While Mr. Biden does not concede the alleged "facts" as stated therein, the instant motion does not require an analysis or review of any of those facts.  The only relevant information required by this Court to decide this motion *in limine* is that in October 2021, a third party paid Mr. Biden's outstanding individual income taxes, penalties, and interest for tax years 2016 through 2019.  In total, Mr. Biden caused to be paid $2,600,158 for various tax years.

In addition, while Special Counsel insists—without evidence or much basis in the record—that the third party's payment was tied to Mr. Biden's knowledge of a tax investigation, implying that Mr. Biden would not otherwise have made a payment, his interpretation of events is both wrong and prejudicial. As is widely documented, Mr. Biden has been sober since June 2019 at which time he sought to get his business and personal affairs in order, including taking steps to begin the payment of his delinquent taxes, which were paid in October 2021.  This process included, among other things, retaining and meeting with new accountants based in California.

Lastly, evidence of the October 2021 payment is relevant to the extent that the Indictment alleges Mr. Biden failed to pay his outstanding tax debt for 2019 on July 15, 2020.  (Indict. ¶ 160.)  To the extent required for explaining his tax obligations during trial, Mr. Biden's payment of his outstanding 2019 tax obligation in the following year should not be excluded.

Special Counsel is mistaken in his predictions of why and how Mr. Biden may use evidence of the October 2021 tax payment.  This evidence will not be used to argue that the payment means he complied with all of his prior tax obligations. There are other relevant and probative uses of this evidence that will not mislead the jury.

1  **I. LEGAL STANDARD**

2       In the legal standards section of the instant motion in limine, Special Counsel

3  argues that evidence of payment of delinquent taxes is "irrelevant" and that courts have

4  found that evidence of remedial action taken by a taxpayer after he knows he is under

5  investigation is irrelevant. (DE 94 at 2-3). However, as correctly noted by Special

6  Counsel, courts have widely recognized that whether evidence of belated payment is

7  relevant in these sorts of cases must be evaluated on "a case-by-case basis." *See, e.g.*,

8  *United States v. Beavers*, 756 F.3d 1044, 1050 (7th Cir. 2014). Courts have recognized

9  that the filing of amended returns with payment could have probative value under the

10 right factual circumstances. *See United States v. Baras*, 624 F. App'x 560, 561 (9th Cir.

11 2015) ("[Defendant" has not established that the factual differences justify a contrary

12 result.")

13      The question thus comes down to whether this evidence (1) "has any tendency to

14 make a fact more or less probable than it would be without the evidence," and (2) "the

15 fact is of consequence in determining the action." Fed. R. Evid. 401. As also stated by

16 Special Counsel, "determinations of relevance under Rule 401 - just like determinations

17 of prejudice or confusion under Rule 403 - must be made "in the context of the facts

18 and arguments in a particular case, and thus are generally not amenable to broad per se

19 rules." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008).

20      This is one of those cases where the relevance outweighs any prejudice, and Mr.

21 Biden should be able to use this evidence as needed to explain to the jurors the facts and

22 circumstances of what was going on during the relevant time period.

23 **II. ARGUMENT**

24      Special Counsel's unsubstantiated position that Mr. Biden will "argue that he

25 complied with this tax obligations" because he made a payment in October 2021 is not

26 Mr. Biden's proffered use for this testimony. (DE 94 at 5.)  Rather, Mr. Biden may use

27 this evidence, for example, to (1) demonstrate that once he became sober in 2019 he

28 made strides to begin addressing his tax delinquencies, (2) explain, in a comparative

fashion, the differences between his state of mind (required for the willfulness standard of all of the charged tax violations) in prior years versus 2020 and 2021, and (3) illustrate an important timeline of what happened in 2020 (when the government claims he willfully violated the tax laws) and 2021. In particular, Mr. Biden reserves the right to introduce evidence of the October 2021 payment to the extent necessary to refute Count 9, which alleges events from 2020. All of these points illustrate the relevance and probative value of the October 2021 payment for Mr. Biden's case.

In addition, Special Counsel has not shown why there is unfair prejudice or misleading of the jury if the evidence is used in the way potentially anticipated by Mr. Biden.  Late payment (or any payment at all) goes to more than just jury nullification as claimed by the Special Counsel; it can demonstrate, as one example, that once sober, Mr. Biden demonstrated an intent to make things right, get current, and resolve his outstanding tax issues, which he did by October 2021.

### III. CONCLUSION

For the foregoing reasons, Mr. Biden should be allowed to present evidence of the October 2021 payment of his delinquent tax bills.


Date: May 21, 2024                    Respectfully submitted,

By: */s/ Angela M. Machala*
Angela Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: (213) 615-1924
Fax: (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
Christopher D. Man
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com
CMan@winston.com

*Attorneys for Robert Hunter Biden*

MR. BIDEN'S RESPONSE TO THE SPECIAL COUNSEL'S THIRD MOTION *IN LIMINE*
CASE NO. 2:23-CR-00599-MCS-1