Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

Abbe David Lowell (admitted *pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:   (202) 282-5000
Facsimile:    (202) 282-5100

*Attorneys for Robert Hunter Biden*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT HUNTER BIDEN, <br><br> Defendant. | No. 23-cr-00599-MCS <br><br> **DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED JURY INSTRUCTIONS** <br><br> Trial Date:  June 20, 2024 <br> Trial Time:  9:00 a.m. <br> Location:   Courtroom of the Hon. Mark Scarsi |

Defendant Robert Hunter Biden, by and through his counsel of record, submits his Proposed Jury Instructions. Mr. Biden respectfully reserves the right to supplement these jury instructions as needed.

The Special Counsel filed his jury instructions with the Court on May 15, 2024. In the spirit of compliance with this Court's order on jury instructions, Mr. Biden provides below (1) a list of the Special Counsel's instructions with which he agrees to as written (jury instructions with a red (UNOPPOSED) designation), (2) a list of the Special Counsel's instructions he agrees to with additional or modified language (jury instructions with a red (DEFENDANT'S PROPOSED MODIFICATIONS BELOW) designation, (3) a list of the Special Counsel's instructions that he opposes in their entirety (jury instructions with a red (OPPOSED) designation), and (4) additional proposed instructions not suggested by the Special Counsel (jury instructions titled "Defendant's Proposed Jury Instruction" and lettered No. A through U). To prevent confusion, Mr. Biden has placed the instructions in the correct order in which they would be presented by this Court to the jury.

Date: May 21, 2024

Respectfully submitted,

By: */s/ Angela M. Machala*
Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000

Facsimile:  (202) 282-5100

*Attorneys for Robert Hunter Biden*

# 1.  LIST OF GOVERNMENT INSTRUCTIONS THAT DEFENDANT ROBERT HUNTER BIDEN AGREES TO WITH NO MODIFICATIONS

| No. | Title | Source | Page |
|---|---|---|---|
| 1 | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) [Duty of Jury] | 1 |
| 2 | Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No 1.2 (2022 ed.) [Presumption of Innocence] | 2 |
| 3 | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No 1.3 (2022 ed.) [What is Evidence] | 3 |
| 4 | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No 1.4 (2022 ed.) [What is Not Evidence] | 4 |
| 5 | Direct & Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No 1.5 (2022 ed.) [Direct and Circumstantial Evidence] | 5 |
| 6 | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No 1.6 (2022 ed.) [Ruling on Objections] | 6 |
| 7 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No 1.7 (2022 ed.) [Credibility of Witnesses] | 7 |
| 8 | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.8 (2022 ed.) [Conduct of the Jury] | 9 |
| 9 | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.9 (2022 ed.) [No Transcript Available to Jury] | 11 |
| 12 | Questions to Witnesses by Jurors | Ninth Circuit Model Criminal Jury Instructions, No 1.12 (2022 ed.) [Questions to Witnesses by Jurors] | 15 |
| 13 | Bench Conferences & Recesses | Ninth Circuit Model Criminal Jury Instructions, No 1.16 (2022 ed.) [Bench Conferences and Recesses] | 16 |
| 17 | Impeachment Evidence – Witness | Ninth Circuit Model Criminal Jury Instructions, No 3.8 (2022 ed.) [Impeachment Evidence - Witness] | 23 |
| 18 | Testimony of Witnesses Involving | Ninth Circuit Model Criminal Jury Instructions, No 3.9 (2022 ed.) [Testimony of | 24 |

| | | Special Circumstances | Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea] | |
|---|---|---|---|---|
| | 19 | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No 3.14 (2022 ed.) [Opinion Evidence, Expert Witness] | 25 |
| | 20 | Charts & Summaries Not Admitted into Evidence | Ninth Circuit Model Criminal Jury Instructions, No 3.16 (2022 ed.) [Charts and Summaries Not Admitted into Evidence] | 26 |
| | 21 | Charts & Summaries Admitted into Evidence | Ninth Circuit Model Criminal Jury Instructions, No 3.17 (2022 ed.) [Charts and Summaries Admitted into Evidence] | 27 |
| | 22 | Duty of Jury to Find Facts & Follow Law | Ninth Circuit Model Criminal Jury Instructions, No 6.1 (2022 ed.) [Duty of Jury to Find Facts and Follow Law] | 29 |
| | 24 | Defendant's Decision Not to Testify | Ninth Circuit Model Criminal Jury Instructions, No 6.3 (2022 ed.) [Defendant's Decision Not to Testify] | 32 |
| | 25 | Defendant's Decision to Testify | Ninth Circuit Model Criminal Jury Instructions, No 6.4 (2022 ed.) [Defendant's Decision to Testify] | 33 |
| | 27 | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No 6.6 (2022 ed.) [What is Evidence] | 36 |
| | 28 | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No 6.7 (2022 ed.) [What is Not Evidence] | 37 |
| | 29 | Direct & Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No 6.8 (2022 ed.) [Direct and Circumstantial Evidence] | 38 |
| | 30 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No 6.9 (2022 ed.) [Credibility of Witnesses] | 39 |
| | 31 | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No 6.10 (2022 ed.) [Activities Not Charged] | 41 |

| 32 | Separate Consideration of Multiple Counts | Ninth Circuit Model Criminal Jury Instructions, No 6.11 (2022 ed.) [Separate Consideration of Multiple Counts] | 42 |
|----|----|----|----|
| 33 | On or About Defined | Ninth Circuit Model Criminal Jury Instructions, No 6.18 (2022 ed.) [On or About Defined] | 43 |
| 40 | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No 6.19 (2022 ed.) [Duty to Deliberate] | 73 |
| 41 | Consideration of Evidence – Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No 6.20 (2022 ed.) [Consideration of Evidence – Conduct of the Jury] | 75 |
| 43 | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No 6.22 (2022 ed.) [Jury Consideration of Punishment] | 77 |
| 44 | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No 6.23 (2022 ed.) [Verdict Form] | 78 |
| 45 | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No 6.24 (2022 ed.) [Communication with Court] | 79 |

## 2. LIST OF DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTIONS WITH MODIFIED LANGUAGE FROM GOVERNMENT PROPOSED INSTRUCTIONS

| No. | Title | Source | Page |
|----|----|----|----|
| 10 | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No 1.10 (2022 ed.) [Taking Notes] | 12 |
| 11 | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No 1.11 (2022 ed.) [Outline of Trial] | 14 |
| 14 | Cautionary Instructions | Ninth Circuit Model Criminal Jury Instructions, No 2.1 (2022 ed.) [Cautionary Instructions] | 17 |
| 15 | Stipulations of Facts | Ninth Circuit Model Criminal Jury | 19 |

| | | Instructions, No 2.3 (2022 ed.) [Stipulations of Facts] | |
|---|---|---|---|
| 16 | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No 3.1 (2022 ed.) [Statements by Defendant or Codefendant] | 22 |
| 23 | Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No 6.2 (2022 ed.) [Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof] | 30 |
| 26 | Reasonable Doubt - Defined | Ninth Circuit Model Criminal Jury Instructions, No 6.5 (2022 ed.) [Reasonable Doubt - Defined] | 34 |
| 36 | Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201) | Ninth Circuit Model Criminal Jury Instructions, No 22.1 (2022 ed.) [Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)] | 59 |
| 37 | Government Not Required to Prove Precise Amount of Tax Due and Owing | United States v. Marashi, 913 F.2d 724, 735 (9th Cir. 1990) | 61 |
| 39 | Willfully—Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207) | Ninth Circuit Model Criminal Jury Instructions, No 22.6 (2022 ed.) [Willfully—Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207)] | 70 |

## 3. LIST OF GOVERNMENT INSTRUCTIONS THAT DEFENDANT ROBERT HUNTER BIDEN OPPOSES IN THEIR ENTIRETY

| No. | Title | Source | Page |
|---|---|---|---|
| 34 | Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203) | Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)] | 44 |
| 35 | Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203) | Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)] | 55 |

| 38 | Filing False Tax Return (26 U.S.C. § 7206(1))] | Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))] | 63 |

## 4. LIST OF DEFENDANT ROBERT HUNTER BIDEN'S ADDITIONAL PROPOSED INSTRUCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| A | Judicial Notice | Ninth Circuit Model Criminal Jury Instructions, No 2.4 (2022 ed.) [Judicial Notice] | 20 |
| B | Evidence for a Limited Purpose | Ninth Circuit Model Criminal Jury Instructions, No 2.12 (2022 ed.) [Evidence for a Limited Purpose] | 21 |
| C | Diminished Capacity | Ninth Circuit Model Criminal Jury Instructions, No 5.11 (2022 ed.) [Diminished Capacity]; Third Circuit Model Criminal Jury Instructions, § 4.21 [Credibility of Witnesses - Testimony of Addict or Substance Abuser] | 28 |
| D | Failure to Pay – Count One (26 U.S.C. § 7203) | Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS] | 46 |
| E | Venue – Count One | Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18; 26 U.S.C. § 6091(b)(1)(A)(i). | 47 |
| F | Failure to Pay – Count Two (26 U.S.C. § 7203) | Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS] | 48 |
| G | Venue – Count Two | Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; | 49 |

| | | | |
|---|---|---|---|
| | | Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18; 26 U.S.C. § 6091(b)(1)(A)(i). | |
| H | Specific Issue Unanimity – Count Two | Ninth Circuit Model Criminal Jury Instructions, No 6.27 (2022 ed.), Comment [Specific Issue Unanimity]; United States v. Garcia-Rivera, 353 F. 3d 788, 792 (9th Cir. 2003) | 50 |
| I | Failure to Pay – Count Four (26 U.S.C. § 7203) | Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS] | 51 |
| J | Venue – Count Four | Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18; 26 U.S.C. § 6091(b)(1)(A)(i). | 52 |
| K | Specific Issue Unanimity – Count Four | Ninth Circuit Model Criminal Jury Instructions, No 6.27 (2022 ed.), Comment [Specific Issue Unanimity]; United States v. Garcia-Rivera, 353 F. 3d 788, 792 (9th Cir. 2003) | 53 |
| L | Failure to Pay – Count Nine (26 U.S.C. § 7203) | Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS] | 54 |
| M | Failure to File Tax Return – Count Three (26 U.S.C. § 7203) | Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS] | 56 |
| N | Venue – Count Three | Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; CTM §§ 10.05[7], 10.06[5] (2024); 26 U.S.C. | 57 |

| | | | |
|---|---|---|---|
| | | § 6091(b)(1)(A)(i); United States v. Hicks, 947 F.2d 1356, 1361 (9th Cir. 1991). | |
| O | Failure to File Tax Return – Count Five (26 U.S.C. § 7203) | Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN— ELEMENTS] | 58 |
| P | Specific Issue Unanimity – Count Six | Ninth Circuit Model Criminal Jury Instructions, No 6.27 (2022 ed.), Comment [Specific Issue Unanimity]; United States v. Garcia-Rivera, 353 F. 3d 788, 792 (9th Cir. 2003). | 62 |
| Q | Filing False Tax Return (26 U.S.C. § 7206(1)) – Count Seven | Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))]; Third Circuit Model Criminal Jury Instructions, § 6.26.7206-5 False Income Tax Return - Unanimity as to Falsity; Fifth Circuit Pattern Jury Instructions (2019 edition) [2.104A FALSE STATEMENTS ON INCOME TAX RETURN 26 U.S.C. § 7206(1)]. | 66 |
| R | Filing False Tax Return (26 U.S.C. § 7206(1)) – Count Eight | Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))]; Third Circuit Model Criminal Jury Instructions, § 6.26.7206-5 False Income Tax Return - Unanimity as to Falsity; Fifth Circuit Pattern Jury Instructions (2019 edition) [2.104A FALSE STATEMENTS ON INCOME TAX RETURN 26 U.S.C. § 7206(1)]. | 68 |
| S | Defense to Willfulness | United States v. Jurka, 818 F.2d 1427, 1432 (9th Cir. 1987) | 72 |
| T | Post-Discharge Instruction | Ninth Circuit Model Criminal Jury Instructions, No 6.31 (2022 ed.) [Post-Discharge Instruction] | 80 |
| U | Theory of the Defense | United States v. Hayes, 794 F.2d 1348, 1350–51 (9th Cir. 1986); United States v. Washington, 819 F.2d 221, 225 (9th Cir.1987) (same). | 81 |

## **GOVERNMENT'S PROPOSED INSTRUCTION NO. 1 <span style="color:red">(UNOPPOSED)</span>**

### **Duty of Jury**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) [Duty of Jury]

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 2 <span style="color:red">(UNOPPOSED)</span>

## Presumption of Innocence

This is a criminal case brought by the United States government. The government charges the defendant with willfully failing to pay at least $1.4 million in federal taxes he owed for tax years 2016–2019 in violation of 26 U.S.C. § 7203, willfully failing to file tax returns for tax years 2017 and 2018 in violation of 26 U.S.C. § 7203, tax evasion for tax year 2018 in violation of 26 U.S.C. § 7201, and filing false and fraudulent tax forms for tax year 2018 in violation of 26 U.S.C § 7206. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.2 (2022 ed.) [Presumption of Innocence]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3 (UNOPPOSED)

### What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received in evidence; and

(3)     any facts to which the parties agree.


Source: Ninth Circuit Model Criminal Jury Instructions, No 1.3 (2022 ed.) [What is Evidence]

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 4 (UNOPPOSED)**

**What Is Not Evidence**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.4 (2022 ed.) [What is Not Evidence]

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 5 (UNOPPOSED)**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.5 (2022 ed.) [Direct and Circumstantial Evidence]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6 (UNOPPOSED)

### Ruling on Objections

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.6 (2022 ed.) [Ruling on Objections]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7 (UNOPPOSED)

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

7

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.7 (2022 ed.) [Credibility of Witnesses]

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 8 (UNOPPOSED)**

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or

media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.8 (2022 ed.) [Conduct of the Jury]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9 (UNOPPOSED)

### No Transcript Available to Jury

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.9 (2022 ed.) [No Transcript Available to Jury]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
### (DEFENDANT'S PROPOSED MODIFICATIONS BELOW)
### Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Here are some other specific points to keep in mind about note-taking:

(1) Note-taking is permitted, but it is not required. You are not required to take notes. How many notes you want to take, if any, is entirely up to you.

(2) Please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness. You also need to decide whether and how much to believe each witness. That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying. You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

(3) Your notes are memory aids; they are not evidence. Notes are not a record or written transcript of the trial. Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

—(4) In your deliberations, do not give any more or less weight to the views of a fellow juror just because that juror did or did not take notes. Do not assume that just because something is in someone's notes that it necessarily took place in court. It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly. Notes are not entitled to any greater weight than

each jurors independent memory of the evidence. You should rely on your individual and collective memories when you deliberate and reach your verdict.[1]

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.10 (2022 ed.) [Taking Notes]; Model Criminal Jury Instructions, 3d Circuit, § 1.05 (Option 1).

---

[1] Mr. Biden believes that the instructions on note-taking should be more fulsome in order to make jurors feel more comfortable about their decision whether or not to take notes and to provide further guidance on the utility and purpose of note-taking during trial.

13

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 11**

**(DEFENDANT'S PROPOSED MODIFICATIONS BELOW)**

**Outline of Trial**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.[2] I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.11 (2022 ed.) [Outline of Trial]

---

[2] The Ninth Circuit Model Rules propose either of the options submitted by the government or Defendant here. Mr. Biden believes the order of operations should be closing arguments prior to instructions on the law that applies to the case.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 12 (UNOPPOSED)**

**Questions to Witnesses by Jurors**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.12 (2022 ed.) [Questions to Witnesses by Jurors]

15

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 13 (UNOPPOSED)**

**Bench Conferences and Recesses**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.16 (2022 ed.) [Bench Conferences and Recesses]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

### (DEFENDANT'S PROPOSED MODIFICATIONS BELOW)

### Cautionary Instruction

*At the End of Each Day of the Case:*

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

*At the Beginning of Each Day of the Case:*

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. ~~To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.~~[3]

~~[ALTERNATIVE 1 (*in open court*):~~ If you think that you might have done so, even if it was accidental, please let me know now by raising your hand. [Wait for a show of hands].

---

[3] Mr. Biden proposes this deletion and modification in the interest of preventing unnecessary anxiety or intimidation of the jury members. Mr. Biden does not oppose a cautionary instruction at the beginning of each day but believes jurors should not be called out in individual voir dire in front of the other jurors; rather, the Court should ask them as a group to indicate whether anyone has learned information about the case from sources outside the courtroom. If any juror so indicates, the Court should discuss this with the individual juror not in the presence of other jurors so that their responses are not prejudicial to the other members of the jury and so that they may feel comfortable revealing the circumstances of receiving out of court information, especially in light of the high-profile nature of this case.

[If Applicable] I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[If Applicable] I see a raised hand. Have you learned about any information about the case from sources outside the courtroom? . . . (*Court to discuss individually with juror not in the presence of other jurors*).

[ALTERNATIVE 2 (*during voir dire with each juror, individually*): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

Source: Ninth Circuit Model Criminal Jury Instructions, No 2.1 (2022 ed.) [Cautionary Instructions]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

### (DEFENDANT'S PROPOSED MODIFICATIONS BELOW)

### Stipulations of Fact

[IF APPLICABLE]

~~The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.~~

The Government and the defendant(s) have agreed that certain stipulated facts are true. You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.[4]

Source: ~~Ninth Circuit Model Criminal Jury Instructions, No 2.3 (2022 ed.) [Stipulations of Facts]~~ Third Circuit Model Criminal Jury Instructions, § 2.03 [Stipulation of Fact]

---

[4] Mr. Biden's proposed modification is a more accurate reflection of the juror's duty to weigh and evaluate the evidence received in the case and to decide the facts.  Ultimately, the jury is the decider of all facts under the Sixth Amendment, not the parties.  *See, e.g.,* Government's Proposed Instruction No. 22 (UNOPPOSED) (Duty of the Jury to Find Facts and Follow Law) (based on Ninth Circuit Model Criminal Jury Instructions, No 6.1 (2022 ed.)).

# DEFENDANT ROBERT HUNTER BIDEN'S

# PROPOSED INSTRUCTION NO. A

## Judicial Notice

I have decided to accept as proved the fact that [insert fact noticed], even though no evidence was presented on this point [,] [because this fact is of such common knowledge].  You may accept this fact as true, but you are not required to do so.

Source: Ninth Circuit Model Criminal Jury Instructions, No 2.4 (2022 ed.) [Judicial Notice]

## DEFENDANT ROBERT HUNTER BIDEN'S

## PROPOSED INSTRUCTION NO. B

### Evidence for a Limited Purpose

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Source: Ninth Circuit Model Criminal Jury Instructions, No 2.12 (2022 ed.) [Evidence for a Limited Purpose]

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 16**

**(DEFENDANT'S PROPOSED MODIFICATIONS BELOW)**

**Statements by ~~Defendant~~a Person[5]**

You have heard testimony that ~~the defendant~~a person made a statement.  It is for you to decide (1) whether the ~~defendant~~ a person made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the ~~defendant~~ person may have made it.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 3.1 (2022 ed.) [Statements by Defendant or Codefendant]

---

[5] These factors for evaluating whether a person made a statement and how to weigh it apply to all statements attributed to a person, so it is improper to single the defendant out.  Doing so may improperly suggest that statements by the defendant are more questionable than statements made by other persons.

22

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 17 (UNOPPOSED)**

**Impeachment Evidence—Witness**

[IF APPLICABLE]

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

<u>Source</u>:  Ninth Circuit Model Criminal Jury Instructions, No 3.8 (2022 ed.) [Impeachment Evidence - Witness]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 18 (UNOPPOSED)

## Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea

You have heard testimony from [*name of witness*], a witness who

[received immunity.  That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

For [this] [these] reason[s], in evaluating the testimony of [*name of witness*], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s].  In addition, you should examine the testimony of[*name of witness*]with greater caution than that of other witnesses.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 3.9 (2022 ed.) [Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea]

24

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 19 (UNOPPOSED)**

**Opinion Evidence, Expert Witness**

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.14 (2022 ed.) [Opinion Evidence, Expert Witness]

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 20 (UNOPPOSED)**

**Charts and Summaries Not Admitted into Evidence**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.\

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.16 (2022 ed.) [Charts and Summaries Not Admitted into Evidence]

26

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 21 (UNOPPOSED)**

**Charts and Summaries Admitted into Evidence**

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.17 (2022 ed.) [Charts and Summaries Admitted into Evidence]

# DEFENDANT ROBERT HUNTER BIDEN'S

# PROPOSED INSTRUCTION NO. C

## Diminished Capacity

Evidence has been admitted that the defendant may have been intoxicated at the time that the crime charged was committed. Intoxication can result from being under the influence of alcohol or drugs or both and may have had an effect on defendant's ability to perceive, remember, or relate specific events.

You may consider evidence of the defendant's intoxication in deciding whether the government has proved beyond a reasonable doubt that the defendant acted with the intent to act willfully required to commit Counts 1 - 9.

Source: Ninth Circuit Model Criminal Jury Instructions, No 5.11 (2022 ed.) [Diminished Capacity]; Third Circuit Model Criminal Jury Instructions, § 4.21 [Credibility of Witnesses - Testimony of Addict or Substance Abuser].[6]

---

[6] The Special Counsel cites this Third Circuit instruction in the Delaware proceeding, and Mr. Biden opposes it there because it is improper to single out the testimony of the defendant and other witnesses through a jury instruction. Jurors will know that intoxication may impact the reliability of a person's memory and that can be explored by counsel in questioning the witness. Here, instead, a clarifying jury instruction is needed on the legal concept of diminished capacity and how it relates to the government's burden of proving intent.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 22 (UNOPPOSED)

### Duty of the Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.1 (2022 ed.) [Duty of Jury to Find Facts and Follow Law]

29

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 23

### (DEFENDANT'S PROPOSED MODIFICATIONS BELOW)

### Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.[7]

The defendant, Robert Hunter Biden, pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proven guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty, and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove to each of you each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted

---

[7] The Ninth Circuit's Model Criminal Jury Instruction, § 6.2 merely identifies that the government bears the burden of proof and provides some explanation of presumption of innocence, but it does not explain those concepts fully and does not highlight that the government must prove each and every element of the offenses. The Third Circuit Instruction, included here by Mr. Biden, provides a more fulsome explanation.

based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Source: ~~Ninth Circuit Model Criminal Jury Instructions, No 6.2 (2022 ed.) [Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof]~~ Model Criminal Jury Instructions, 3d Circuit, § 3.06.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 24 (UNOPPOSED)**

**Defendant's Decision Not to Testify**

[IF APPLICABLE]

   A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


Source: Ninth Circuit Model Criminal Jury Instructions, No 6.3 (2022 ed.) [Defendant's Decision Not to Testify]

32

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 25 (UNOPPOSED)**

**Defendant's Decision to Testify**

[IF APPLICABLE]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.


Source: Ninth Circuit Model Criminal Jury Instructions, No 6.4 (2022 ed.) [Defendant's Decision to Testify]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 26

### (DEFENDANT'S PROPOSED MODIFICATIONS BELOW)

### Reasonable Doubt – Defined

The government has the burden of proving the defendant is guilty beyond a reasonable doubt and if it fails to do so you must find the defendant not guilty. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.[8]

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

---

[8] The Ninth Circuit's Model Criminal Jury Instructions, § 6.5 merely identifies that the government bears the burden of proof beyond a reasonable doubt and provides some explanation of reasonable doubt, but it does not explain that it is a different standard than that applied in civil cases or explain how it differs from the civil standard. The defense submits that this additional guidance explaining the difference between the civil and criminal standard is fundamental to a fair trial, see *Taylor v. Kentucky*, 436 U.S. 478, 483-86, 490 (1978); *Estelle v. Williams*, 425 U.S. 501, 503 (1976); *In re Winship*, 397 U.S. 358, 364 (1970), and should be fully explained to the jury. This instruction is a slight modification of Federal Judicial Center Pattern Criminal Jury Instruction No. 1, see FJC, Pattern Criminal Jury Instructions, No. 21 (1988). The Fifth Circuit, for example, has upheld an instruction that it described as "nearly identical" to this instruction. *United States v. Williams*, 20 F.3d 125, 131 (5th Cir. 1994). The last two sentences of the first paragraph are particularly important. "It is this feature, the juxtaposition of the requisite standard of proof in civil cases with the more stringent criminal trial standard of proof beyond a reasonable doubt, that is the FJC instruction's greatest asset [because]. . . contrasting the civil and the criminal standards of proof is an effective means of framing the issue for the jury." *United States v. Walton*, 207 F.3d 694, 704-06 (4th Cir. 2000) (en banc) (equally divided court) (King, J., dissenting) (quoting *Williams*, 20 F.3d at 132 n.5). Several Supreme Court justices have opined that this sort of instruction is superior to the alternatives. *Victor v. Nebraska*, 511 U.S. 1, 27 (1994) (Ginsburg, J., concurring); *Id.* at 34 (Blackmun, J., joined by Souter, J., concurring and dissenting in part). In *Williams*, the Fifth Circuit specifically pointed to Justice Ginsburg's endorsement of the "firmly convinced" language. *Williams*, 20 F.3d at 131. Williams noted that the Fifth Circuit's Pattern Jury Instruction provides an "alternative" definition, but explained that the Fifth Circuit "do[es] not require the use of this instruction." *Id.* at 129 n.2. The pattern instructions are intended to facilitate appellate review because they have been tested, but the defense's proposed instruction already has been found adequate by the Fifth Circuit in *Williams* and other cases. *Id.*; *see also Price v. Cain*, 1995 WL 450218, at *3 (5th Cir. July 6, 1995) (noting FJC "firmly convinced" instruction meets constitutional muster); *United States v. Hunt*, 784 F.2d 1095, 1100 (5th Cir. 1986) (affirming use of the FJC "firmly convinced" instruction).

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.5 (2022 ed.) [Reasonable Doubt - Defined]; Federal Judicial Center Pattern Criminal Jury Instruction No. 1; *see e.g.*, *Victor v. Nebraska*, 511 U.S. 1, 27 (1994).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 27 (UNOPPOSED)**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.6 (2022 ed.) [What is Evidence]

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 28 (UNOPPOSED)**

**What Is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.7 (2022 ed.) [What is Not Evidence]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 29 (UNOPPOSED)

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.8 (2022 ed.) [Direct and Circumstantial Evidence]

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 30 (UNOPPOSED)

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.

Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.9 (2022 ed.) [Credibility of Witnesses]

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 31 (UNOPPOSED)**

**Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.10 (2022 ed.) [Activities Not Charged].

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 32 (UNOPPOSED)**

**Separate Consideration of Multiple Counts**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.11 (2022 ed.) [Separate Consideration of Multiple Counts]

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 33 (UNOPPOSED)**

**On or About – Defined**

The indictment charges that the offenses alleged in counts one through nine were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in counts one through nine of the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.18 (2022 ed.) [On or About Defined]

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 34

## (OPPOSED)[9]

### Failure to Pay (26 U.S.C. § 7203)

The defendant is charged in Counts One, Two, Four and Nine of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

As to Count One,

First, the defendant owed taxes for the calendar year ending December 31, 2016, Second, the defendant failed to pay by April 18, 2017, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay first became willful on or about June 12, 2020.

As to Count Two,

First, the defendant owed taxes for the calendar year ending December 31, 2017, Second, the defendant failed to pay by April 17, 2018, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 17, 2018, or was willful on or about February 19, 2020.

As to Count Four,

First, the defendant owed taxes for the calendar year ending December 31, 2018 Second, the defendant failed to pay by April 15, 2019, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 15, 2019, or was willful on or about February 19, 2020.

As to Count Nine,

First, the defendant owed taxes for the calendar year ending December 31, 2019;

[9] Mr. Biden opposes this instruction because it combines Counts One, Two, Four and Nine and is therefore likely to confuse the jury. Failing to modify this instruction would risk violating Mr. Biden's Fifth and Sixth Amendment rights by causing the jury confusion or to misapprehend the law.  Mr. Biden therefore proposes a separate instruction for each of Counts One, Two, Four and Nine.

Second, the defendant failed to pay by June 15, 2020, as required by Title 26 of the United States Code; and

Third, in failing to pay by June 15, 2020, the defendant acted willfully.

In counts 2 and 4, the willful failure to pay is alleged to have occurred on at least one of two dates. In order to convict on these counts you must unanimously agree on one of the dates.

Source: Ninth Circuit Model Criminal Jury Instructions, No. 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)].

### DEFENDANT ROBERT HUNTER BIDEN'S
### PROPOSED INSTRUCTION NO. D
### Failure to Pay – Count One (26 U.S.C. § 7203)

The defendant is charged in Count One of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed taxes for the calendar year ending December 31, 2016;

Second, the defendant failed to pay by April 18, 2017, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay first became willful on or about June 12, 2020, that is, he knew that he was required by law to pay an income tax return and intentionally failed to do so.[10]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS]

---

[10] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

46

### DEFENDANT ROBERT HUNTER BIDEN'S
### PROPOSED INSTRUCTION NO. E
#### Venue – Count One

The Defendant has the right to be tried in the judicial district where the alleged crime took place. Even if you conclude beyond a reasonable doubt that a defendant committed the crime charged, you may not convict the defendant unless you conclude the crime occurred in this judicial district. You may hear this requirement of being tried in the judicial district in which the trial occurred referred to as venue. The geographical reach of this judicial district includes Los Angeles, Ventura, San Luis Obispo, Santa Barbara, Orange, Riverside and San Bernardino counties.

With respect to the failure to pay claim in Count One, venue is proper in the district in which the taxpayer maintained his legal residence at the time payment of taxes was due.

"Legal residence" means the permanent fixed place of the abode which one intends to be his residence and to return to despite temporary residences elsewhere, or absences.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18; 26 U.S.C. § 6091(b)(1)(A)(i).

# DEFENDANT ROBERT HUNTER BIDEN'S

## PROPOSED INSTRUCTION NO. F

### Failure to Pay – Count Two (26 U.S.C. § 7203)

The defendant is charged in Count Two of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed taxes for the calendar year ending December 31, 2017;

Second, the defendant failed to pay by April 17, 2018, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 17, 2018, or was willful on or about February 19, 2020, that is, he knew that he was required by law to pay an income tax return and intentionally failed to do so.[11]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN— ELEMENTS]

---

[11] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

### DEFENDANT ROBERT HUNTER BIDEN'S

### PROPOSED INSTRUCTION NO. G

#### Venue – Count Two

The Defendant has the right to be tried in the judicial district where the alleged crime took place. Even if you conclude beyond a reasonable doubt that a defendant committed the crime charged, you may not convict the defendant unless you conclude the crime occurred in this judicial district. You may hear this requirement of being tried in the judicial district in which the trial occurred referred to as venue. The geographical reach of this judicial district includes Los Angeles, Ventura, San Luis Obispo, Santa Barbara, Orange, Riverside and San Bernardino counties.

With respect to the failure to pay claim in Count Two, venue is proper in the district in which the taxpayer maintained his legal residence at the time payment of taxes was due.

"Legal residence" means the permanent fixed place of the abode which one intends to be his residence and to return to despite temporary residences elsewhere, or absences.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18; 26 U.S.C. § 6091(b)(1)(A)(i).

**DEFENDANT ROBERT HUNTER BIDEN'S**

**PROPOSED INSTRUCTION NO. H**

**Specific Issue Unanimity – Count Two[12]**


The defendant is charged with willfully failing to pay income taxes due on April 17, 2018 and February 18, 2020 for the same tax year in Count Two.


The government has presented evidence of more than one act to prove that the defendant committed these offenses. You must not find the defendant guilty unless you all agree that the government has proved that the defendant committed at least one of these acts on one specific occasion and you all agree on which act he committed. You may not convict the defendant if you are unanimous that the defendant committed the offense, but are not unanimous about the date the defendant's willful violation occurred. To convict, you must be unanimous that the defendant committed the same offense at the same time.


In the jury room you will have a verdict slip on which to record your verdict. Your foreperson will mark the verdict slip to indicate either that you have unanimously found the defendant not guilty, or that you have unanimously found the defendant guilty based on at least one of the acts included in Count Two.


Source: Ninth Circuit Model Criminal Jury Instructions, No 6.27 (2022 ed.), Comment [Specific Issue Unanimity]; *United States v. Garcia-Rivera*, 353 F. 3d 788, 792 (9th Cir. 2003)

---

[12] In the Court's Order on Defendant's motion to dismiss Counts 2, 4, and 6 of the indictment in part for duplicity, the Court agreed that "Defendant's concerns regarding the possibility of a jury unanimity issue are reasonable." (DE 67 at 75.) The Court established that "Defendant's fear that a jury verdict may lack unanimity as to the conduct underlying a conviction can be quelled by the administration of an appropriate jury instruction." (*Id.*) The government has also indicated that the risk of a conviction despite a lack of unanimity is possible for Counts 2, 4 and 6 and "could potentially require that the court administer a specific unanimity instruction." (DE 39 at 3.) Mr. Biden thus proposes this instruction for the Court's approval.

# DEFENDANT ROBERT HUNTER BIDEN'S

## PROPOSED INSTRUCTION NO. I

### Failure to Pay – Count Four (26 U.S.C. § 7203)

The defendant is charged in Count Four of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed taxes for the calendar year ending December 31, 2018;

Second, the defendant failed to pay by April 15, 2019, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 15, 2019, or was willful on or about February 19, 2020, that is, he knew that he was required by law to pay an income tax return and intentionally failed to do so.[13]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS]

---

[13] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

51

## DEFENDANT ROBERT HUNTER BIDEN'S
## PROPOSED INSTRUCTION NO. J
### Venue – Count Four

The Defendant has the right to be tried in the judicial district where the alleged crime took place.  Even if you conclude beyond a reasonable doubt that a defendant committed the crime charged, you may not convict the defendant unless you conclude the crime occurred in this judicial district.  You may hear this requirement of being tried in the judicial district in which the trial occurred referred to as venue.  The geographical reach of this judicial district includes Los Angeles, Ventura, San Luis Obispo, Santa Barbara, Orange, Riverside and San Bernardino counties.

With respect to the failure to pay claim in Count Four, venue is proper in the district in which the taxpayer maintained his legal residence at the time payment of taxes was due.

"Legal residence" means the permanent fixed place of the abode which one intends to be his residence and to return to despite temporary residences elsewhere, or absences.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18; 26 U.S.C. § 6091(b)(1)(A)(i).

## DEFENDANT ROBERT HUNTER BIDEN'S
## PROPOSED INSTRUCTION NO. K
### Specific Issue Unanimity – Count Four[14]

The defendant is also charged with willfully failing to pay income taxes due on April 15, 2019 and February 18, 2020 for the same tax year in Count Four.

The government has presented evidence of more than one act to prove that the defendant committed these offenses. You must not find the defendant guilty unless you all agree that the government has proved that the defendant committed at least one of these acts on one specific occasion and you all agree on which act he committed. You may not convict the defendant if you are unanimous that the defendant committed the offense, but are not unanimous about the date the defendant's willful violation occurred. To convict, you must be unanimous that the defendant committed the same offense at the same time.

In the jury room you will have a verdict slip on which to record your verdict. Your foreperson will mark the verdict slip to indicate either that you have unanimously found the defendant not guilty, or that you have unanimously found the defendant guilty based on at least one of the acts included in Count Four.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.27 (2022 ed.), Comment [Specific Issue Unanimity]; *United States v. Garcia-Rivera*, 353 F. 3d 788, 792 (9th Cir. 2003)

---

[14] In the Court's Order on Defendant's motion to dismiss Counts 2, 4, and 6 of the indictment in part for duplicity, the Court agreed that "Defendant's concerns regarding the possibility of a jury unanimity issue are reasonable." (DE 67 at 75.) The Court established that "Defendant's fear that a jury verdict may lack unanimity as to the conduct underlying a conviction can be quelled by the administration of an appropriate jury instruction." (*Id.*) The government has also indicated that the risk of a conviction despite a lack of unanimity is possible for Counts 2, 4 and 6 and "could potentially require that the court administer a specific unanimity instruction." (DE 39 at 3.) Mr. Biden thus proposes this instruction for the Court's approval.

53

# DEFENDANT ROBERT HUNTER BIDEN'S

## PROPOSED INSTRUCTION NO. L

### Failure to Pay – Count Nine (26 U.S.C. § 7203)

The defendant is charged in Count Nine of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed taxes for the calendar year ending December 31, 2018,

Second, the defendant failed to pay by April 15, 2019, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 15, 2019, or was willful on or about February 19, 2020, that is, he knew that he was required by law to pay an income tax return and intentionally failed to do so.[15]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS]

---

[15] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 35

## (OPPOSED)[16]

### Willful Failure to File Tax Return

The defendant is charged in Counts Three and Five of the Indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

As to Count Three,

First, the defendant was required to file a return for the calendar year ending December 31, 2017;

Second, the defendant failed to file an income tax return by October 15, 2018, as required by Title 26 of the United States Code; and,

Third, in failing to do so, the defendant acted willfully.

As to Count Five,

First, the defendant was required to file a return for the calendar year ending December 31, 2018;

Second, the defendant failed to file an income tax return by October 15, 2019, as required by Title 26 of the United States Code; and,

Third, in failing to do so, the defendant acted willfully.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]

---

[16] Mr. Biden opposes this instruction because it combines Counts Three and Five and is therefore likely to confuse the jury. Failing to modify this instruction would risk violating Mr. Biden's Fifth and Sixth Amendment rights by causing the jury confusion or to misapprehend the law.  Mr. Biden therefore proposes a separate instruction for each of Counts Three and Five.

## DEFENDANT ROBERT HUNTER BIDEN'S

## PROPOSED INSTRUCTION NO. M

### Failure to File Tax Return – Count Three (26 U.S.C. § 7203)

The defendant is charged in Count Three of the Indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was required to file a return for the calendar year ending December 31, 2017;

Second, the defendant failed to file an income tax return by October 15, 2018, as required by Title 26 of the United States Code; and,

Third, in failing to do so, the defendant acted willfully, that is, he knew that he was required by law to file an income tax return and intentionally failed to do so.[17]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS]

---

[17] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

56

### DEFENDANT ROBERT HUNTER BIDEN'S

### PROPOSED INSTRUCTION NO. N

#### Venue – Count Three

The Defendant has the right to be tried in the judicial district where the alleged crime took place. Even if you conclude beyond a reasonable doubt that a defendant committed the crime charged, you may not convict the defendant unless you conclude the crime occurred in this judicial district. You may hear this requirement of being tried in the judicial district in which the trial occurred referred to as venue. The geographical reach of this judicial district includes Los Angeles, Ventura, San Luis Obispo, Santa Barbara, Orange, Riverside and San Bernardino counties.

With respect to the failure to file claim in Count Three, venue is proper in the district in which the taxpayer maintained his legal residence because that is the district in which he was required to file his taxes. "Legal residence" means the permanent fixed place of the abode which one intends to be his residence and to return to despite temporary residences elsewhere, or absences.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; CTM §§ 10.05[7], 10.06[5] (2024); 26 U.S.C. § 6091(b)(1)(A)(i); *United States v. Hicks*, 947 F.2d 1356, 1361 (9th Cir. 1991).

## DEFENDANT ROBERT HUNTER BIDEN'S

## PROPOSED INSTRUCTION NO. O

### Failure to File Tax Return – Count Five (26 U.S.C. § 7203)

The defendant is charged in Count Five of the Indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was required to file a return for the calendar year ending December 31, 2018;

Second, the defendant failed to file an income tax return by October 15, 2019, as required by Title 26 of the United States Code; and,

Third, in failing to do so, the defendant acted willfully, that is, he knew that he was required by law to file an income tax return and intentionally failed to do so.[18]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN— ELEMENTS]

---

[18] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 36
## (DEFENDANT'S PROPOSED MODIFICATIONS BELOW)
### Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)

The defendant is charged in Count Six of the indictment with evasion of assessment for 2018 in violation of Section 7201 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed more federal income tax for the calendar year 2018 than was declared due on the defendant's income tax return for that calendar year;

Second, the defendant knew that more federal income tax was owed than was declared due on the defendant's income tax return;

Third, the defendant made an affirmative attempt did some affirmative act to evade or defeat such additional tax; any conduct that is likely to have a misleading or concealing effect can constitute an affirmative act. A lawful act can serve as an affirmative act if it is done with the intent to evade income tax. The mere failure to file a tax return is not an affirmative act.; , including at least one of the following affirmative acts:

    a.    Preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service;

    b.    Using, and causing to be used, Owasco, PC funds to pay for personal expenses and later deducting, and causing to be deducted, these same personal expenses as corporate expenses on the Owasco, PC tax return on Form 1120;

    c.    Claiming personal expenses, paid with personal funds, were business expenses of Owasco, PC and deducting and causing to be deducted, these same personal expenses as corporate expenses on the Owasco, PC tax return on Form 1120; and

59

d.   ~~Paying, and causing to be paid, by Owasco, PC certain salary and healthcare benefit expenses of individuals who performed no work on behalf of Owasco, PC while on payroll, and deducting and causing to be deducted, these same expenses as corporate expenses on the Owasco, PC tax return on Form 1120.~~[19]

Fourth, in attempting to evade or defeat such additional tax, the defendant acted willfully, that is, the law imposed a duty on the defendant, the defendant knew of that duty, and the defendant voluntarily and intentionally violated that duty.[20]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.1 (2022 ed.) [Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7201 ATTEMPT TO EVADE OR DEFEAT TAX—ELEMENTS]; Fifth Circuit Pattern Jury Instructions (2019 edition) [2.103 TAX EVASION 26 U.S.C. § 7201].

---

[19] Mr. Biden removed the specific affirmative acts from the government's proposed instructions and included instead a definition of affirmative acts based on those used in other circuits (such as the Fifth and Seventh Circuits), which clarifies the meaning of that phrase. The specific language offered by the government is confusing and erroneously suggests to the jury that some or all of these affirmative acts occurred. The language is prejudicial to the extent it emphasizes one theory, issue, or side of the case and inappropriately comments on the evidence. Failing to remove these "examples" of affirmative acts would risk violating Mr. Biden's Fifth and Sixth Amendment rights by causing the jury confusion or to misapprehend the law.

[20] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 37

## (DEFENDANT'S PROPOSED MODIFICATIONS BELOW)

### Government Not Required to Prove Precise Amount of Tax Due and Owing

For Count 6, the first element that the government must prove beyond a reasonable doubt is that defendant had a substantial tax deficiency due and owing, that is that defendant owed substantially more federal income tax than he reported on his tax return.[21]

Although the government must prove a willful attempt to evade the assessment of income tax with respect to Count Six, the government is not required to prove the precise amount of tax due and owing. However, the government must prove beyond a reasonable doubt that some substantial amount of income tax was due and owing.

Source: Criminal Tax Manual Jury Instructions (Title 26 Offenses) [GOVERNMENT PROPOSED JURY INST. NO. 26.7201-14 and 23]; Model Criminal Jury Instructions for the Third Circuit, 6.26.7201-1 (2010 ed.).

---

[21] *United States v. Marashi*, 913 F.2d 724, 735 (9th Cir. 1990), which the government cites for its version of this rule, does not stand for the proposition that the government is not required to prove the precise amount of tax due and owing. The modifications proposed here comport with the model Criminal Tax Manual Jury Instructions.

### DEFENDANT ROBERT HUNTER BIDEN'S

### PROPOSED INSTRUCTION NO. P

### Specific Issue Unanimity – Count Six[22]

The defendant is charged with evasion of assessment based on allegations he prepared or caused to be prepared a false or fraudulent 2018 Form 1040 and a 2018 Form 1120 for the same tax year in Count Six.

The government has presented evidence of more than one act to prove that the defendant committed these offenses. You must not find the defendant guilty unless you all agree that the government has proved that the defendant committed at least one of these acts on one specific occasion and you all agree on which act he committed. You may not convict the defendant if you are unanimous that the defendant committed the offense, but are not unanimous about the date the defendant's willful violation occurred. To convict, you must be unanimous that the defendant committed the same offense at the same time.

In the jury room you will have a verdict slip on which to record your verdict. Your foreperson will mark the verdict slip to indicate either that you have unanimously found the defendant not guilty, or that you have unanimously found the defendant guilty based on at least one of the acts included in Count Six.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.27 (2022 ed.), Comment [Specific Issue Unanimity]; *United States v. Garcia-Rivera*, 353 F. 3d 788, 792 (9th Cir. 2003).

---

[22] In the Court's Order on Defendant's motion to dismiss Counts 2, 4, and 6 of the indictment in part for duplicity, the Court agreed that "Defendant's concerns regarding the possibility of a jury unanimity issue are reasonable." (DE 67 at 75.) The Court established that "Defendant's fear that a jury verdict may lack unanimity as to the conduct underlying a conviction can be quelled by the administration of an appropriate jury instruction." (*Id.*) The government has also indicated that the risk of a conviction despite a lack of unanimity is possible for Counts 2, 4 and 6 and "could potentially require that the court administer a specific unanimity instruction." (DE 39 at 3.) Mr. Biden thus proposes this instruction for the Court's approval.

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 38

## (OPPOSED)[23]

### Filing False Tax Return (26 U.S.C. § 7206(1))

The defendant is charged in Counts Seven and Eight of the indictment with filing a false and fraudulent tax return in violation of Section 7206(1) of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

As to Count Seven,

First, the defendant signed and filed a tax return for the year 2018, specifically U.S. Individual Tax return for 2018, on Internal Revenue Service Form 1040, that he knew contained false information as to a material matter, specifically, that Form 1040 reported on line 6 total income in the amount of $2,187,286, whereas, as Defendant knew, his income was greater because he had claimed false business deductions on Owasco, PC's Form 1120 that were in fact additional income to him.;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

As to Count Eight,

First, the defendant signed and filed a tax return for the year 2018, specifically a U.S. Corporate Income Tax Return, on Internal Revenue Service Form 1120, that he

---

[23] Mr. Biden opposes this instruction because it combines Counts Seven and Eight and is therefore likely to confuse the jury. Mr. Biden also removed the specific acts from the government's proposed instruction. That language is confusing and erroneously suggests to the jury that some or all of these specific acts occurred. Failing to remove these "examples" of specific acts would risk violating Mr. Biden's Fifth and Sixth Amendment rights by causing the jury confusion or to misapprehend the law. Mr. Biden also opposes the introduction of extraneous and irrelevant descriptions of "false information" that the government has included in this instruction. These descriptions are prejudicial, inflammatory, argumentative, and will mislead the jury by creating a false impression and giving a distorted representation of "false information." The language is also prejudicial to the extent it emphasizes one theory, issue, or side of the case and inappropriately comments on the evidence.

1    knew contained false information as to a material matter, specifically, the 2018 Form
2    1120 contained false information on:

3           a.     line 26 and in Statement 3 in the return and elsewhere including but not
4    limited to the following:

5           i.     Claiming false "Travel, Transportation and Other" deductions including,
6    but not limited to, luxury vehicle rentals, house rentals for his then-girlfriend, hotel
7    expenses, and New York City apartment rent for his daughter;

8           ii.    Claiming false "Office and Miscellaneous" deductions, including, but not
9    limited to, the purchase of luxury clothing, payments to escorts and dancers, and
10   payments for his daughter's college advising services;

11          iii.   Claiming false "Legal Professional and Consulting" deductions, including,
12   but not limited to, payment of his daughter's law school tuition and his personal life
13   insurance policy;

14          iv.    Claiming false deductions for payments from Owasco, PC's account to pay
15   off the business line of credit, specifically by allocating 80 percent to "Travel
16   Transportation and Other" and 20 percent to "Meals," when in truth and in fact most of
17   the business line of credit expenses were personal, including to a website providing
18   pornographic content, payments at a strip club, and additional rent payments for his
19   daughter; and

20          v.     Claiming false deductions for payments from Owasco, PC's account to JP
21   Morgan Chase, specifically that these were for "consulting," when in truth and in fact,
22   these transfers included payments to various women who were either romantically
23   involved with or otherwise performing personal services for the Defendant, including a
24   $10,000 payment for the Defendant's membership in a sex club.

25          b.     on line 13, specifically, claiming false payroll deductions, including,
26   deductions for "wages" paid to women with whom he had personal relationships
27   including a woman who was then pregnant with his child.

28

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))]

1
2
3
4

### DEFENDANT ROBERT HUNTER BIDEN'S
### PROPOSED INSTRUCTION NO. Q
### Filing False Tax Return (26 U.S.C. § 7206(1)) – Count Seven

5    The defendant is charged in Count Seven of the indictment with filing a false and
6    fraudulent tax return in violation of Section 7206(1) of Title 26 of the United States
7    Code.

8    For the defendant to be found guilty of that charge, the government must prove
9    each of the following elements beyond a reasonable doubt:

10    First, the defendant signed and filed a tax return for the year 2018, specifically U.S.
11    Individual Tax return for 2018, on Internal Revenue Service Form 1040, that he knew
12    contained false information as to a material matter;

13    Second, the return contained a written declaration that it was being signed subject
14    to the penalties of perjury; and

15    Third, in filing the false tax return, the defendant acted willfully, that is, with intent
16    to violate a known legal duty. [24]

17

18    A matter is material if it had a natural tendency to influence, or was capable of
19    influencing, the decisions or activities of the Internal Revenue Service. The government
20    is not required to prove that all of the items alleged contained false information as to a
21    material matter. However, each of you must agree with each of the other jurors that the
22    same item is materially false. Unless you unanimously agree that the government has
23    proved the same item was materially false beyond a reasonable doubt, you must find the
24    defendant not guilty.[25]

25

26

---

27    [24] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.
28    [25] Mr. Biden believes an additional clarifying instruction on the requirement for unanimity amongst the jury here is vital as the government will allege many "materially false" acts in its case-in-chief.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))]; Third Circuit Model Criminal Jury Instructions, § 6.26.7206-5 False Income Tax Return - Unanimity as to Falsity; Fifth Circuit Pattern Jury Instructions (2019 edition) [2.104A FALSE STATEMENTS ON INCOME TAX RETURN 26 U.S.C. § 7206(1)].

# DEFENDANT ROBERT HUNTER BIDEN'S
# PROPOSED INSTRUCTION NO. R
## Filing False Tax Return (26 U.S.C. § 7206(1)) – Count Eight

The defendant is charged in Count Eight of the indictment with filing a false and fraudulent tax return in violation of Section 7206(1) of Title 26 of the United States Code.

For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant signed and filed a tax return for the year 2018, specifically a U.S. Corporate Income Tax Return, on Internal Revenue Service Form 1120, that he knew contained false information as to a material matter;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully that is, with intent to violate a known legal duty. [26]

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service. The government is not required to prove that all of the items alleged contained false information as to a material matter. However, each of you must agree with each of the other jurors that the same item is materially false. Unless you unanimously agree that the government has proved the same item was materially false beyond a reasonable doubt, you must find the defendant not guilty.[27]

---

[26] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

[27] Mr. Biden believes an additional clarifying instruction on the requirement for unanimity amongst the jury here is vital as the government will allege many "materially false" acts in its case-in-chief.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))]; Third Circuit Model Criminal Jury Instructions, § 6.26.7206-5 False Income Tax Return - Unanimity as to Falsity; Fifth Circuit Pattern Jury Instructions (2019 edition) [2.104A FALSE STATEMENTS ON INCOME TAX RETURN 26 U.S.C. § 7206(1)].

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 39

### (DEFENDANT'S PROPOSED MODIFICATIONS BELOW)

### Willfully – Defined

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that known legal duty. Defendant's conduct was not willful if he acted through negligence, mistake, accident, or due to a good faith misunderstanding of the requirements of the law.[28]

A good faith belief is one that is honestly and genuinely held. A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Because an essential element of the crimes charged is that defendant acted with a corrupt intent, it follows that good faith on the part of defendant is a complete defense to the charges. The burden of proving good faith does not rest with the defendant because he does not have an obligation to prove anything in this case. It is the government's burden to prove beyond a reasonable doubt that defendant is guilty and did not act with good faith.[29]

Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

---

[28] The Ninth Circuit's Model Criminal Jury Instruction, § 22.6 identifies and provides some explanation for the concept of "willfulness," but it does not explain the concept fully and in easy to understand terms. The added definition from the Third Circuit provides a more fulsome explanation.

[29] A further definition and instruction on "good faith" is required here to clarify that term of art for the jury. *United States v. Henry*, 136 F.3d 12, 17 n.3 (1st Cir. 1998) (affirming a good faith instruction that included in part: "The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. It is the government's burden to prove beyond a reasonable doubt that the defendant is guilty of conspiracy.").

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.6 (2022 ed.) [Willfully—Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207)]; Third Circuit Model Criminal Jury Instructions, § 6.26.7201-4 Tax Evasion - Willfully Defined.

# DEFENDANT ROBERT HUNTER BIDEN'S

# PROPOSED INSTRUCTION NO. S

## Defense to Willfulness

In a prosecution for a specific intent crime such as the crimes alleged in Counts 1-9, voluntary intoxication of a high degree may constitute a defense to the element of willfulness.

Source: *United States v. Jurka*, 818 F.2d 1427, 1432 (9th Cir. 1987)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 40 (UNOPPOSED)

### Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

73

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.19 (2022 ed.) [Duty to Deliberate]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 41 (UNOPPOSED)

### Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.20 (2022 ed.) [Consideration of Evidence – Conduct of the Jury]

75

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 42

## (DEFENDANT'S PROPOSED MODIFICATIONS BELOW)

### Use of Notes

Some of you have taken notes during the trial. If you elected to take notes during the trial, your notes should be used only as memory aids. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.[30] You should not be overly influenced by your notes or those of your fellow jurors.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.21 (2022 ed.) [Use of Notes]; Model Criminal Jury Instructions, 3d Circuit, § 3.16.

---

[30] Mr. Biden believes that the instructions on the use of notes during jury deliberations should be more fulsome to provide further guidance on the utility and purpose of note taking during trial and deliberations.

76

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 43 (UNOPPOSED)**

**Jury Consideration of Punishment**

The punishment provided by law for these crimes is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.22 (2022 ed.) [Jury Consideration of Punishment]

77

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 44 (UNOPPOSED)

### Verdict Form

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.23 (2022 ed.) [Verdict Form]

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 45 (UNOPPOSED)

### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me-- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.24 (2022 ed.) [Communication with Court]

**DEFENDANT ROBERT HUNTER BIDEN'S**

**PROPOSED INSTRUCTION NO. T**

**Post-Discharge Instruction**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence.  Please respect the privacy of the views of the other jurors.

If you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.31 (2022 ed.) [Post-Discharge Instruction]

## DEFENDANT ROBERT HUNTER BIDEN'S

## PROPOSED INSTRUCTION NO. U

### Theory of the Defense

[Defendant intends to request an instruction on the defense theory of the case. Defendants reserve their right to submit that request at the close of trial.]

Source: *See e.g., United States v. Hayes*, 794 F.2d 1348, 1350–51 (9th Cir. 1986) ("A defendant is entitled to a jury instruction on a defense theory if the theory has a basis in law and in the record."); *United States v. Washington*, 819 F.2d 221, 225 (9th Cir.1987) (same).