UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00599-MCS-1 |
|---|---|
| Plaintiff, | **ORDER RESETTING PRETRIAL CONFERENCE, TERMINATING MOTIONS (ECF NOS. 92–95, 102–07), AND EXCLUDING TIME** |
| v. | |
| ROBERT HUNTER BIDEN, | |
| Defendant. | |

At a hearing on May 22, 2024, the Court orally granted Defendant Robert Hunter Biden's ex parte application to continue trial and reset the first day of trial to begin September 5, 2024, at 8:30 a.m.

The Court on its own motion resets the pretrial conference for August 14, 2024, at 1:00 p.m. For docket management purposes, the Court terminates all pending pretrial motions. (ECF Nos. 92–95, 102–06.)[1] The parties may resubmit motions in limine by the deadlines provided in Initial Standing Order for Criminal Cases § F as applied to the new pretrial conference date. The parties also may amend their pretrial filings required by Initial Standing Order for Criminal Cases § G by the deadlines provided in that order as applied to the new pretrial conference date. The Court orders counsel to meet and confer thoroughly on the motions in limine and pretrial filings to narrow any disputes.

At the May 22 hearing, the Court invited the parties to submit a Speedy Trial Act stipulation. The parties have not filed such a stipulation. In the interest of judicial economy, the Court orders as follows:

The Court resolved pretrial motions filed on February 20, 2024, in an order dated April 1, 2024. The time period of February 20, 2024, to April 1, 2024, is excluded in computing the time within which trial must commence, pursuant to 18 U.S.C. § 3161(h)(1)(D).

For the reasons stated in Mr. Biden's ex parte application to continue trial and at the May 22 hearing, the Court finds that: (i) the ends of justice served by a continuance outweigh the best interests of the public and the defendant in a speedy trial; (ii) failure to grant a continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation,

---

[1] Mr. Biden's ex parte application for a temporary restraining order (ECF No. 86) remains under submission.

taking into account the exercise of due diligence. The time period of April 1, 2024, to September 5, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. § 3161(h)(7)(A)–(B).

**IT IS SO ORDERED.**

Dated: May 29, 2024

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE