UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT HUNTER BIDEN,<br><br>    Defendant. | Case No. 2:23-cr-00599-MCS-1<br><br>**ORDER TO SHOW CAUSE RE: MOTION TO DISMISS FOR LACK OF JURISDICTION (ECF NO. 133)** |

1

Defendant Robert Hunter Biden moves to dismiss the indictment on the basis that Special Counsel David Weiss's prosecution of this case violates the Appointments and Appropriations Clauses of the United States Constitution. (Mot., ECF No. 133.)

The Court orders Mr. Biden's counsel to show cause why sanctions should not be imposed for making false statements in the motion. The local rules of this Court require compliance with the California Rules of Professional Conduct. C.D. Cal. R. 83-3.1.2; *see* C.D. Cal. Crim. R. 57-1 ("When applicable directly or by analogy, the Local Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified."). Violation of a professional responsibility rule may serve as the basis for discipline, striking of pleadings, or imposition of other sanctions. C.D. Cal. Rs. 83-3.1, 83-3.1.2; *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991). Rule 3.3(a)(1) of the California Rules of Professional Conduct prohibits lawyers from "knowingly mak[ing] a false statement of fact . . . to a tribunal."

In support of his motion, Mr. Biden asserts, several times, that Special Counsel Weiss "brought no charges [against Mr. Biden] until after he received the Special Counsel title . . . ." (Mot. 5; *accord id.* at 6 ("Special Counsel Weiss . . . brought no charges in this investigation with his U.S. Attorney position but, as Special Counsel, initiated legal proceedings on both sides of the country against Mr. Biden in Delaware and California . . . ."); *id.* at 7 ("Mr. Weiss . . . sought Special Counsel status before bringing any charges.").) These statements, however, are not true, and Mr. Biden's counsel knows they are not true.

In his role as U.S. Attorney for the District of Delaware, Mr. Weiss brought charges by Information, including two of the misdemeanor offenses subsequently charged by indictment in this Court. Information, *United States v. Biden*, No. 1:23-cr-00061-MN (D. Del. June 20, 2023), ECF No. 2; Information, *United States v. Biden*, No. 1:23-mj-00274-MN (D. Del. June 20, 2023), ECF No. 2; *see* Fed. R. Crim. P.

7(c)(1), (e) (using the verb *charge* to refer to offenses stated in an indictment or information); (*cf.* Indictment ¶¶ 89, 107, ECF No. 1). And, in an earlier motion before this Court, Mr. Biden's counsel recognized that U.S. Attorney Weiss brought criminal charges against Mr. Biden prior to his Special Counsel appointment. Specifically, counsel acknowledged that U.S. Attorney David Weiss:

> filed two separate Informations against Mr. Biden on June 20, 2023. One information *charged* Mr. Biden with a single count of felony unlawful possession of a firearm as a user of a controlled substance under 18 U.S.C. § 922(g)(3). The other Information *charged* Mr. Biden with two misdemeanor tax offenses: (1) failure to timely pay taxes due April 17, 2018 under 26 U.S.C. § 7203, and (2) failure to timely pay taxes due April 15, 2019 under 26 U.S.C. § 7203.

(Immunity Mot. 1, ECF No. 25 (emphases added).)[1]

The misstatements in the current motion are not trivial. Mr. Weiss's institution of charges against Mr. Biden in his capacity as U.S. Attorney offers a meaningful distinction between this case and the nonbinding district court decision on which Mr. Biden bases his motion. But Mr. Biden's motion does not engage with this distinction; instead, counsel avoids the issue by misrepresenting the history of the proceedings.

This Court has little tolerance for lack of candor from counsel. *See, e.g.*, *Carroll Shelby Licensing, Inc. v. Halicki*, 643 F. Supp. 3d 1048, 1053–54 (C.D. Cal. 2022) (Scarsi, J.) (admonishing parties for "embellish[ing] facts in their briefing," and reminding counsel to "be mindful of their obligations to be candid with the Court"); *Sliding Door Co. v. Glass Door Co., Inc.*, No. 2:22-cv-07500-MCS-MAA, 2023 U.S.

---

[1] As Mr. Biden recognized, U.S. Attorney David Weiss brought these charges on June 20, 2023. Attorney General Merrick Garland appointed Mr. Weiss to serve as a Special Counsel for the Department of Justice on August 11, 2023. (*See* Geragos Decl. Ex. C, ECF No. 133-4.)

Dist. LEXIS 231510, at *2–3 (C.D. Cal. June 23, 2023) (Scarsi, J.) (directing correction of briefs in light of counsel's "continuing obligation of candor to the Court"); *Reliastar Life Ins. Co. v. M.S.*, No. 2:19-cv-09628-MCS-AGR, 2022 U.S. Dist. LEXIS 236223, at *17–18, 17 n.8 (C.D. Cal. Dec. 15, 2022) (Scarsi, J.) (declining to make a disciplinary referral but noting "several issues" with counsel's representation "ripe for inclusion on a law school professor's professional responsibility examination, such as . . . candor"); *cf. United States v. Mitchell*, No. CR-22-01545-001-TUC-RM (EJM), 2024 U.S. Dist. LEXIS 83638, at *12–14 (D. Ariz. May 7, 2024) (admonishing counsel for failure to comport with the duty of candor); *United States v. Carson*, No. SA CR 09-77-JVS, 2010 U.S. Dist. LEXIS 166122, at *10–12 (C.D. Cal. Oct. 21, 2010) (same); *United States v. Vega-Soto*, No. 06cr1241 DMS, 2008 U.S. Dist. LEXIS 146154, at *35–38 (S.D. Cal. July 7, 2008) (imposing monetary sanctions on counsel for failure to comply with the duty of candor).

Counsel for Mr. Biden shall respond in writing to this order to show cause within seven days. Failure to file a timely and satisfactory response will result in sanctions without further notice. Mr. Biden may withdraw or amend the motion, *see* Cal. R. Prof. Conduct 3.3(a)(1) (requiring counsel "to correct a false statement of material fact . . . previously made to the tribunal by the lawyer"), but doing so will not obviate counsel's obligation to respond to this order.

**IT IS SO ORDERED.**

Dated: July 24, 2024

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

4