Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone:   (213) 625-3900
Facsimile:    (213) 232-3255

Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:   (202) 282-5000
Facsimile:    (202) 282-5100

*Attorneys for Robert Hunter Biden*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br>vs.<br><br>ROBERT HUNTER BIDEN,<br><br>  Defendant. | **Case No. 2:23-CR-00599-MCS-1**<br><br>*Hon. Mark C. Scarsi*<br><br>**DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE RE: MOTION TO DISMISS FOR LACK OF JURISDICTION (ECF NO. 133)** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On July 18, 2024, Defendant Hunter Biden filed a motion to dismiss the indictment for lack of jurisdiction (hereafter "Motion") based on recent legal developments. D.E. 133. On July 24, 2024, before the government filed its opposition to the Motion, the Court *sua sponte* issued an order for "Mr. Biden's counsel to show cause why sanctions should not be imposed for making false statements in the motion." D.E. 138 at 2. The allegedly false statements are the references in Mr. Biden's motion to "charges" not being brought by Special Counsel Weiss prior to his appointment as Special Counsel. Specifically, the Court takes issue with the following three statements in Mr. Biden's motion:

- As U.S. Attorney he had years to bring whatever charges he believed were merited, but he brought no charges until after he received the Special Counsel title that he sought. D.E. 133 at 5.
- That is true of Special Counsel Weiss who brought no charges in this investigation with his U.S. Attorney position but, as Special Counsel, initiated legal proceedings on both sides of the country against Mr. Biden in Delaware and California, as well as in Nevada and California against Alexander Smirnov. *Id.* at 6.
- Again, Mr. Weiss did not seek a delegation of authority under Section 510; he sought Special Counsel status before bringing any charges. *Id.* at 7.

Defense counsel, perhaps inartfully, intended this use of the word "charges" to refer to the current charges brought by indictment against Mr. Biden, not the lack of any charges at all. Here, context matters. Defense counsel has never tried to mislead the Court about the fact that Mr. Weiss, as the U.S. Attorney in Delaware, brought charges by way of two now-dismissed Informations that were initially docketed in Delaware for the purposes of facilitating a resolution through a plea agreement and

1  diversion agreement.  In fact, the opposite is reflected in the record in this matter which
2  is replete with instances in which defense counsel specifically referenced those
3  Informations in Delaware.  In addition, counsel even previously requested that the
4  Court take *judicial notice* of those charges – a request that the Court granted.  However,
5  because an issue with the use of the word "charges" in the Motion has now been raised
6  by the Court, the defense will amend its Motion to substitute the word "indictments" in
7  the place of "charges" in the three sentences identified above on pages 5 through 7 of
8  the Motion.  Nevertheless, there is no basis on which to sanction Mr. Biden's counsel
9  for the use of that one word, which was not misleading in the context in which the two
10 prior Informations had been repeatedly addressed with the Court.

## ARGUMENT

In the order to show cause, the Court refers to an earlier motion wherein "Mr. Biden's counsel recognized that U.S. Attorney Weiss brought criminal charges against Mr. Biden prior to his Special Counsel appointment." D.E. 138 at 3 (citing D.E. 25). That is just one of many of defense counsel's references to the charges brought by Weiss by way of information that were initially docketed in Delaware to facilitate a resolution through a plea agreement and diversion agreement. *See, e.g.,* D.E. 25 at 2 (advising the Court that "Mr. Biden and the prosecution resolved the Information with a gun charge on July 26, 2023 through a Diversion Agreement, . . . [and t]he Delaware court granted the prosecution's motion to dismiss the gun charge Information on October 11, 2023, due to a subsequent Delaware felony gun Indictment."); *id.* ("The misdemeanor tax charges in Delaware preexisted the Diversion Agreement and could have been prosecuted there under the Plea Agreement, but the prosecution motion to dismiss the tax Information was granted on August 17, 2023."); *id.* at 3 ("If Mr. Biden complied with his obligations under the Diversion Agreement, the prosecution would not bring new charges against Mr. Biden for his past conduct and proceedings on the Information would not be pursued."); *id.* at 4 ("On July 26, 2023, the same day the

parties signed the Diversion Agreement, Mr. Biden also entered into a Plea Agreement with the prosecution to resolve the Information with the misdemeanor tax charges."); D.E. 27 at 3 ("DOJ then leapt from a two-count misdemeanor Information to a nine-count Indictment with felonies"); *id.* at 16 ("The prosecution could have brought these charges years ago and then agreed not to multiple times, only to pull the deal, deny it was made, and pile on felony indictments."); D.E. 48-2 at 1 (providing a detailed chronology of events including that on June 20, 2023, "Counsel for Biden and U.S. Attorney's Office in Delaware agree to a resolution of two tax misdemeanors and one diverted gun charge, and two Informations are filed on the docket in Delaware"); *id.* at 2 (on August 9, 2023, "DOJ notifies Biden's counsel that it intends to move to dismiss the tax information without prejudice and pursue charges in another district where venue lies"); *id.* (on August 11, 2023, "DOJ moves to dismiss the criminal tax Information without prejudice against Biden, so that tax charges can be brought in another district"). Mr. Weiss, however, decided to abandon the plea agreement and diversion agreement and, therefore, had those Informations (tied only to a possible agreed-upon resolution) dismissed.

Moreover, Mr. Biden even previously requested that the Court take *judicial notice* of the misdemeanor tax Information filed on June 20, 2023, and the felony firearm Information filed on June 20, 2023, in the District of Delaware (in order to contrast these two Informations with the instant charges). *See* D.E. 53 at 5, 7 & D.E. 53-1. And the Court granted Mr. Biden's request and took judicial notice of the two Informations. *See* D.E. 67 at 80 n.60. Given the numerous references by defense counsel to the Informations that were previously filed and dismissed, plainly there was not an attempt by defense counsel to mislead the Court that no such Informations were filed.

As further evidence that Mr. Biden's counsel did not intend to mislead the Court, attached to Mr. Biden's Motion was an exhibit containing an October 27, 2023 article

in *Politico* which referenced the previous charges brought by Weiss in Delaware. *See* D.E. 133-2 at 3 ("Weiss charged Biden with gun crimes last month in Delaware, and he has indicated in court documents that he may soon file tax charges in California. But so far, no tax charges have been brought.") (emphasis added).

Having disclosed the previously filed and dismissed Informations, Mr. Biden's Motion was addressing the pending Indictment that was filed by the Special Counsel. Indeed, it is the fact that the Indictment was filed by an unauthorized Special Counsel—as opposed to any action that Mr. Weiss took in his capacity as the U.S. Attorney in Delaware—that is the whole basis for that Motion.[1]

For the sake of clarity, the defense will amend its Motion to substitute the word "indictments" in the place of "charges" in the three sentences identified above on pages 5 through 7 of the motion. However, even without this amendment, with the explanation provided in this response, there should be no basis on which to sanction Mr. Biden's counsel.

As the U.S. Supreme Court has explained, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991). In order for sanctions to be justified, there must be a finding that a party acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46. In contrast to using a single word that counsel thought (perhaps wrongly but innocently) conveyed the record accurately, cases state that sanctions are barred if the sanctionable conduct amounts to only recklessness and nothing more. *Fink v. Gomez,* 239 F.3d 989, 994-95 (9th Cir. 2001). *See also* C.D. Cal. R. 83-7 (permitting sanctions if the Court finds that the conduct was "willful, grossly negligent, or reckless"). Again, in context of the entire record in this case, there was no "bad faith,"

---

[1] Mr. Biden's Motion does not concern any action that Mr. Weiss took in his capacity as the U.S. Attorney for the District of Delaware. It is a motion to this Court to dismiss an Indictment filed in this California court by Mr. Weiss in his capacity as Special Counsel—an Indictment Mr. Weiss would not otherwise be authorized to file in his capacity as a U.S. Attorney on the other side of the country.

"willful" or "wanton" conduct, or even "reckless" or "grossly negligent" action. Consequently, it would be inappropriate to impose sanctions on defense counsel.

The cases cited by the Court do not support the imposition of sanctions in this case. In *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991), the Ninth Circuit held that sanctions were *not* warranted for Plaintiff's error in exceeding the page limitation in violation of the local rules. Given the context, the use of the word "charges" versus "indictment" is not a more serious offense. And in *Ready Transportation, Inc. v. AAR Manufacturing, Inc.,* 627 F.3d 402, 403 (9th Cir. 2010), the Ninth Circuit held that the district court had jurisdiction pursuant to its inherent powers to strike an improperly filed confidential settlement agreement from the public docket. The Ninth Circuit's decision turned solely on the scope of the inherent power, and not the exercise thereof. *See id.* at 404. It therefore declined to direct the district court to act one way or another on the notion to strike and remanded for the district court's exercise of its sound discretion in consideration of the circumstances surrounding the filing of the confidential settlement agreement. *Id.* at 405. *Compare Monster Energy Co. v. Vital Pharms., Inc.,* No. EDCV 18-1882-JGB (SHKx), 2023 WL 9419597, at *7 (C.D. Cal. Dec. 14, 2023) (denying plaintiff's motion for sanctions based on defendants' submission of a declaration containing an unauthorized signature and false and misleading statements because Defendants' actions did not rise to the level of bad faith).

Here, given the context that prior to the Motion being filed, the Court had been made aware by Mr. Biden's counsel on numerous occasions that "charges" by way of information had been brought against Mr. Biden in Delaware, defense counsel clearly did not intend to make false statements or mislead the Court. Moreover, the imposition of sanctions against a criminal defendant's counsel this close to pre-trial and trial proceedings based on a single word would chill the vigorous defense of Mr. Biden and have the improper effect of dissuading defense counsel from raising appropriate issues. In addition, just the filing of the Court's order to show cause accusing Mr. Biden's

counsel of making false statements to the tribunal has been widely publicized. *See, e.g.,* Priscilla DeGregory and Josh Christenson, *Judge threatens sanctions against Hunter Biden's lawyers for 'lying' in court papers,* NEW YORK POST (Jul. 25, 2024), *available at* https://nypost.com/2024/07/25/us-news/judge-threatens-sanctions-against-hunter-bidens-lawyers-for-lying/; Alanna Durkin Richer, *Judge threatens to sanction Hunter Biden's legal team over 'false statements' in a court filing,* A.P. NEWS (Jul. 25, 2024), *available at* https://apnews.com/article/hunter-biden-tax-case-special-counsel-99b85ad3de045dea631d1fd1a6b48fb8; Marshall Cohen, *Judge rebukes Hunter Biden's lawyers for 'false statements' in their bid to toss tax indictment,* CNN (Jul. 25, 2024), *available at* https://edition.cnn.com/2024/07/25/politics/hunter-biden-lawyers-tax-indictment/index.html. That filing and an imposition of sanctions against Mr. Biden's counsel on the basis of a properly-intentioned description of the proceedings to date could easily taint the jury pool and deprive Mr. Biden of a fair trial.

## CONCLUSION

The Court should not impose sanctions against the defense.

Dated: July 28, 2024                              Respectfully submitted,

/s/ *Mark J. Geragos*
Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone: (213) 625-3900
Facsimile:  (213) 232-3255

Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP

333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile:  (202) 282-5100

*Counsel for Robert Hunter Biden*

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2024, I filed the foregoing Defendant's Response to Order to Show Cause Re: Motion to Dismiss for Lack of Jurisdiction (ECF No. 133) with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Mark Geragos*
Mark Geragos

*Counsel for Robert Hunter Biden*