1  DAVID C. WEISS
2  Special Counsel
   LEO J. WISE
3  Principal Senior Assistant Special Counsel
4  DEREK E. HINES
   Senior Assistant Special Counsel
5      950 Pennsylvania Avenue NW, Room B-200
6      Washington, D.C. 20530
       Telephone:  (771) 217-6091
7      E-mail:     Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                     UNITED STATES DISTRICT COURT
11
12                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,            No. CR 23-cr-00599-MCS

14           Plaintiff,
                                         **GOVERNMENT'S FIRST MOTION *IN*
15           v.                          *LIMINE* TO PRECLUDE PROPOSED
                                         DEFENSE EXPERT JOSHUA LEE**
16  ROBERT HUNTER BIDEN,
                                         Hearing Date:   AUGUST 21, 2024
17           Defendant.                  Hearing Time:   1:00 p.m.
                                         Location:       Courtroom of the Hon.
18                                                       Mark C. Scarsi
19
20

21       Plaintiff United States of America, by and through its counsel of record, hereby files
22  its Motion in Limine to preclude the defendant from calling his proposed expert, Joshua
23  Lee, to testify at trial.
24       On July 30, 2024, government counsel contacted defense counsel to ask whether
25  the defendant still intended to call Dr. Lee at trial and whether they would oppose a motion
26  to exclude his testimony. On the afternoon of July 31, 2024, the same day that the parties'
27  motions in limine were due, defense counsel informed government counsel that they
28  intended to instead call Dr. Elie G. Aoun. Defense counsel stated that they are "working

on and will send an updated disclosure notice" but gave no indication of when that would occur. As of the filing of this motion, it has not. Even if they had, it would be too late.

The Court set the deadline to file motions in limine on July 31, 2024. Unlike the defendant, the government noticed its expert *and* provided the requisite disclosures on May 20, 2024, something the defendant has never done, giving the defendant ample time to file any motion in limine. The Court should preclude the defendant from noticing a new expert at this late stage of litigation.

Because the defendant noticed Dr. Lee in May 2024, the government therefore respectfully submits this motion in limine to exclude Dr. Lee's testimony because the defendant has failed to comply with Federal Rule of Criminal Procedure 16 and his testimony is otherwise inadmissible under Federal Rule of Evidence 702. This motion is based upon the attached memorandum of points and authorities, the indictment in this case, and any further evidence and argument as the Court may deem necessary.

The government also notes that the defendant's substitute expert, Dr. Elie Aoun, was already excluded from the defendant's trial in the District of Delaware. *See United States v. Biden*, No. 23-cr-61 (MN), Dkt. 206 at 3-6 (D. Del. June 2, 2024) (excluding Dr. Elie Aoun). Dr. Aoun's expert disclosure in the Delaware action was largely identical to the one that the defendant noticed for Dr. Lee in this case, and as explained further below, the Court excluded him for similar reasons why Dr. Lee should be excluded here. *See id.* Dkt. 166-2 at 1-2. The Court should preclude the defendant's attempt to rely on Dr. Aoun's testimony based on the grounds set forth below as well as the defendant's failure to notice this expert before the Court's deadline for motions in limine.

Dated: July 31, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

The United States, by and through undersigned counsel, respectfully moves to exclude the testimony of Dr. Joshua Lee, a proposed expert witness that the defendant noticed on May 20, 2024. *See* Exhibit 1, Defense letter dated May 20, 2024. According to the defendant, Dr. Lee is a "clinician-researcher focused on addiction pharmacotherapies in primary care and criminal justice populations." *Id*. at 2.

Dr. Lee's testimony should be excluded because (1) he does not satisfy Fed. R. Crim. P. 16 and (2) the testimony is inadmissible under F.R.E. 702.

## I. LEGAL STANDARDS

Federal Rule of Criminal Procedure 16 requires a defendant to provide the government with "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. Pro. 16(b)(1)(c)(iii). The proposed expert "must approve and sign the disclosure."[1] *Id*. at 16(b)(1)(C)(v). If a defendant does not comply with Rule 16, the Court may "prohibit [the defendant] from introducing the undisclosed evidence." *Id*. at 16(d)(2)(C).

A defendant seeking to admit expert testimony must also comply with the Federal Rules of Evidence. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

---

[1] There are two narrow exceptions to the requirement that the proffered expert sign their disclosure, neither of which applies here.

Fed. R. Evid. 702. These criteria boil down to two main considerations: "reliability and relevance." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) ("*Daubert I*"). The party seeking to submit expert testimony bears the burden of proving admissibility. *Lust ex rel. Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Encompassed in the determination of whether expert testimony is "relevant" is whether it is helpful to the trier of fact. *See Daubert I*, 509 U.S. at 590-93. The test for "reliability" is whether the testimony is "based on specialized knowledge, derived from sufficient facts or data, and obtained using scientific or other valid methods rather than "subjective belief or unsupported speculation." *Daubert I*, at 589-93. Here, the focus is not only on the methodology, but also on the expert's facts and data and application of the methodology to the data. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *United States v. W.R. Grace*, 504 F.3d 745, 762 (9th Cir. 2007). "The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *In re Silicone Gel Breast Implants Prod. Liab. Litig.*, 318 F. Supp. 2d 879, 890 (C.D. Cal. 2004) (citing Fed. R. Evid. 702 Advisory Committee's Notes).

The Court has a special "'gatekeeping' obligation" to exclude expert testimony that does not meet these standards. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). As the Ninth Circuit has noted, expert testimony poses "special dangers to the fact-finding process." *Daubert v. Merrell Down Pharms., Inc.*, 43 F.3d 1311, 1321 n.17 (9th Cir. 1995) (citation omitted) ("*Daubert II*"). Accordingly, "[p]roposed testimony must be supported by appropriate validation—*i.e.*, 'good grounds', based on what is known." *Daubert I*, 509 U.S. at 590, 593-94; *see* Fed. R. Evid. 702 advisory committee notes to 2000 amendments; *Kumho Tire*, 526 U.S. at 149-50.

2

## II. ARGUMENT

### A. The Court Should Exclude Joshua Lee's Testimony for Failure to Comply With Rule 16.

The Court should exclude Dr. Lee's proposed testimony because the defendant's skeletal expert notice fails to comply with numerous requirements of Federal Rule of Criminal Procedure 16. *See United States v. Boam*, No. 21-30272, 2023 WL 3722904, at *3 (9th Cir. May 30, 2023) (affirming exclusion of expert whose "cursory disclosures failed to provide . . . what opinions [the defendant] intended to elicit from the expert, the bases and reasons for the expert's opinions, the facts and data the expert relied upon, or the reliable principles and methods the expert used"). As a threshold matter, Dr. Lee has not signed the notice. Exhibit 1 at 2-4. It also does not appear from his curriculum vitae that Lee has been qualified as an expert in any trial in the last four years, or perhaps ever, which is not surprising since his areas of expertise appears to be research and clinical care. *See Id*. at 2.

What's more, the disclosure fails to provide *any* of Lee's opinions, let alone a "complete statement of all" of his opinions. Nor does it describe the "bases and reasons" for them. Rule 16 was amended in 2022 to address "the lack of adequate specificity regarding what information must be disclosed." Advisory Committee Notes to the 2022 Amendments. Rule 16 is "intended to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." Advisory Committee Notes to the 2022 Amendments. That cannot occur here because of what defense counsel has chosen to do.

The defendant's wholly deficient notice falls well short of meeting these aims. Indeed, the Delaware district court presiding over another case against the defendant already excluded one of the defendant's proffered addiction experts for failing to comply with Rule 16. *See United States v. Biden*, No. 23-cr-61 (MN), Dkt. 206 at 3-6 (D. Del. June 2, 2024) (excluding Dr. Elie Aoun). That expert disclosure looked nearly to the one the defendant continues to rely on here. *See id*. Dkt. 166-2 at 1-2. Even after receiving this

adverse ruling, the defendant chose not to supplement his expert disclosures in this case, despite having more than two months to do so, and his disclosures continue to be deficient. As the Delaware court explained, "none" of the topics listed in the defendant's disclosures "indicate what [the] expert opinions is." *Id*. at 5. And "there is no disclosure of the reasons or basis for" any potential opinion listed. *Id*. Once again, the defendant's disclosures are "nothing more than a listing of several assertions accompanied by some handwaving that those should be accepted as expert opinion simply because the speaker is an expert." *Id*.

          1.     The defendant has not disclosed any of Dr. Lee's actual opinions.

The defendant's letter of May 20, 2024 contains no disclosures about the opinions Dr. Lee will offer, let alone a complete statement of them or the bases for those opinions. This "failure to provide the required level of detail as to the expert's opinions and the bases, reasons, and sources of those opinions can [] lead to preclusion." *United States v. Ulbricht*, 2015 WL 413318, at 5 (S.D.N.Y. Feb. 1, 2015) (finding Rule 16 disclosures insufficient and stating that "while the defense's response contains additional high-level description of the testimony, and the Court might be able to guess as to various opinions, it contains no real opinions, no bases for opinions, no analysis, no methodology").

In the first section where he lists topics for testimony, the notice starts with the ambiguous statement that "Dr. Lee is expected to provide, *among other things*, opinions and related testimony *along the following lines* . . . ." Exhibit 1 at 1-2 (emphasis added). This mushy and ambiguous language that defense counsel uses to describe Dr. Lee's anticipated testimony alone betrays that they have fallen far short of what Rule 16 requires. The defendant then lists five topics. None of these five topics contain any disclosures about what actual opinions Lee will offer.

The first topic is "[a] description for the jury about the scope of addiction and that it cannot be objectively defined." *Id*. The notice provides no detail about what the "description" may be, so there is no way for the government or the Court to know if it is one that is based on science as opposed to Dr. Lee's "subjective belief." *Daubert*, 509 U.S.

4

at 590.  What is Dr. Lee's opinion about why addiction cannot be objectively defined? What is that opinion based on?

The second topic is "[a] description for the jury about how individuals with substance use disorders, especially during periods of heavy alcohol and drug use, plan for and view future obligations and how they may function in life in some ways but not others." *Id*. What is the description? How does it illuminate how addicts function in life? What are "some ways but not others"? Does Dr. Lee intend to offer any opinions about the defendant on this topic? If so, what are they and what are they based on?  If not, why are his opinions, whatever they may be, relevant?

The third topic is "[a]n analysis of certain statements made by Mr. Biden in text message conversations and in his memoir, *Beautiful Things*, as to his following Dr. Lee's view of how persons with substance use disorders behave while in active addiction." *Id*. This statement is hard to parse and again, raises more questions than it answers. What is Dr. Lee's opinion of how persons with addiction behave? The notice does not say. The notice also doesn't disclose whether or not, in Dr. Lee's opinion, the defendant follows this view, whatever it is. To state the obvious, what is this analysis? It's not in the notice. And what is his opinion about the defendant following Dr. Lee's view based on? Which statements did Lee review and analyze?

The fourth topic "[a]n analysis of rehabilitation, drug therapy, and other alcohol and substance use treatment programs that Mr. Biden enrolled in or attended between 2010 and 2019 as to his following Dr. Lee's view of the cycle of addiction." *Id*. at 2. The government has no idea what this sentence means because it contains a grammatical error that renders it almost nonsensical. But it does reference "Dr. Lee's view of the cycle of addiction," which raises the same question that all the other instances where Dr. Lee's view pops us raises—WHAT IS HIS VIEW? Dr. Lee presumably knows. Maybe defense counsel does, too, and if that is the case then they have deliberately chosen not to disclose it.  But, critically, the government and the Court don't because the notice doesn't state it. Further, what opinions does Dr. Lee have based on his analysis of "rehabilitation, drug

5

therapy, and other alcohol and substance use treatment programs that Mr. Biden enrolled in or attended between 2010 and 2019"? Were they effective? Were they not? And, of course, what is the basis for such opinions?

The fifth topic is "[a]n analysis of the impact of substance use disorders on mental health, including the relationship between substance use disorders and depression." *Id*. at 2. What is Dr. Lee's opinion on the impact of substance use disorders on mental health? Without a disclosure of it, the Court cannot determine if it is reliable.

        2.    <u>The defendant has not disclosed the bases of either Dr. Lee's opinions, whatever those opinions may be.</u>

As noted in discussing the vague topics (and that's all they are), nowhere in defense counsel's letter does it provide a sufficiently detailed disclosure of the actual bases for any opinions he proposes to offer or the specific methodologies he employed to reach his undisclosed opinions. Both are required by Rule 16. *See United States v. Tuzman*, 2017 WL 6527261, at *11 (S.D.N.Y. Dec. 18, 2017) ("It was not sufficient to disclose [the expert's] baseline conclusions that certain results were 'inconsistent' with preparation calculations that [the expert] used to reach his conclusions"); *United States v. Rakhit*, 2020 U.S. Dist. LEXIS 168666, at *33-34 (N.D. Ohio Sep. 15, 2020) (finding that a "single sentence" that contained the expert's "overall conclusions is insufficient" and although the summary referenced guidelines, there was no explanation of the expert's rationale for how the defendant satisfied them and therefore directing supplementation); *Ulbricht*, 2015 WL 413318, at 5 (rejecting disclosure that contained "no bases for opinions, no analysis, no methodology."). Instead, defense counsel merely provides a description, at the highest level of generality, of what presumably any medical professional relies on to reach any opinion about any patient in any context. This is all the expert notice says. Specifically, the notice does not disclose what "peer-reviewed academic literature" "clinical trial" or "secondary data research" he is relying on. Without that information, the government has no way to knowing whether the opinions are reliable.

The specific deficiencies in the expert notice are glaring. Paragraph 1 of the notice does not contain any information about what Dr. Lee is relying on to testify about the "scope of substance use disorders." *Id.* What articles or research studies is this opinion based on? Or is there some other basis? Paragraph 2 does not disclose what Dr. Lee is relying on to opine about "how individuals with substance use disorders . . . plan for and view future obligations and how they may function in life in some ways but not others." *Id.* This topic raises the same questions. Paragraph 3 of the notice does not contain a list of the text message(s) he is basing his opinions on. That information is required to be included in the defense's disclosures so that if, for instance, Lee has, in reaching his opinion(s) (whatever they may be) cherry-picked particular text messages, or was given only specific text messages by defense counsel, without regard to other texts or the entire volume of texts, the government can prepare its rebuttal and, most importantly, the Court can make an admissibility determination under F.R.E. 702. Paragraph 4 does not disclose what information, if any, Dr. Lee is relying on about the "rehabilitation, drug therapy, and other alcohol and substance use treatment programs that Mr. Biden enrolled in or attended between 2010 and 2019. *Id.* at 2.

The defendant's failure to disclose his expert's bases provides another ground for exclusion. *See United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002) (affirming district court's exclusion of expert witness testimony because Rule 16 disclosure "did not describe [the expert's] opinions beyond stating the conclusion he had reached and did not give the reasons for those opinions"); *United States v. Mavashev*, 2010 WL 234773 (E.D.N.Y. Jan. 14, 2010) (stating that an expert's testimony "may be excluded if the party has made no attempt at all to describe the bases and reasons for those opinions" in its disclosure) (citation and internal quotation marks omitted).

**B.  The Court Should Exclude Dr. Lee's Testimony for Violating Rule 702.**

To the extent that any opinions can be discerned from the defendant's bare bones disclosure, Dr. Lee's testimony should also be excluded for at least three reasons under

7

F.R.E. 702. *See Boam*, 2023 WL 3722904, at *3 (upholding exclusion of expert whose deficient disclosures failed to meet standards under both Rule 16 and F.R.E. 702).

*First*, it would not "help the trier of fact to understand the evidence or to determine a fact in issue" because it is irrelevant. *See Daubert*, 509 U.S. at 597 ("Rule 702 . . . assign[s] to the trial judge the task of ensuring that an expert's testimony . . . is relevant to the task at hand."). None of the topics described above are at issue in this case, and any testimony about them is irrelevant to the ultimate issues to be decided. The "scope of substance use disorders," is not something the jury has to determine in this case. Exhibit 1 at 1. If appropriate, the Court can instruct the jury on a diminished capacity defense, but the Ninth Circuit instruction identifies the substance use disorders they may consider. *See* Ninth Circuit Model Criminal Jury Instructions, No 6.9 (2022 ed.) [Diminished Capacity] ("Intoxication can result from being under the influence of alcohol or drugs or both.").

Similarly, a generic "description" of how "individuals with substance use disorders . . . plan for and view future obligations and how they may function in life in some ways but others," will not aid the jury. The Ninth Circuit diminished capacity instruction instructs the jury that they "may consider *evidence of the defendant's intoxication* in deciding whether the government has proved beyond a reasonable doubt that the defendant acted with the intent required to violate" the statutes charged in this case. *Id*. (emphasis added). But the testimony of Dr. Lee, as framed, does not address any evidence of the defendant's intoxication. An "analysis of rehabilitation, drug therapy, and other alcohol and substance use treatment programs that" the defendant enrolled in may be useful to the operators of those programs but not to the jury in this case, because Dr. Lee has not disclosed whether he intends to say anything about the defendant's participation in those programs. Exhibit 1 at 2. Nor does an "analysis of the impact of substance use disorders on mental health, including the relationship between substance use disorders and depression," speak to the defendant's conduct in this case. *Id*. at 2. To the extent that the defendant may argue that he did not have the required mental state to commit the charged offenses due to his substance abuse, "an expert witness cannot give an opinion as to her

legal conclusion, *i.e.*, an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). Moreover, any evidence that may be relevant to this argument can likely be comprehended by a lay jury without expert testimony. *See Beech Aircraft Corp. v. United States*, 51 F.3d 834, 842 (9th Cir. 1995).

*Second*, the expert disclosure fails to satisfy Rule 702's requirement that the opinion be based on sufficient facts or data. *See* Fed. R. Evid. 702 Advisory Committee's Notes. ("[T]he trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted."). Again, as described, the expert disclosure does not provide any description of the materials or analysis that Dr. Lee relied on for his opinion. For example, the notice states that Dr. Lee will offer "an analysis of certain statements made by Mr. Biden in text message conversations," but it does not even indicate which text messages Dr. Lee will purportedly analyze. That is grossly inadequate to establish a proper factual basis for his testimony. *Cf. Bakst v. Cmty. Mem'l Health Sys., Inc.*, No. 09-cv-08241, 2011 WL 13214315, at *20 (C.D. Cal. Mar. 7, 2011) (excluding expert whose conclusion was "entirely unsupported in the record").

*Third*, Dr. Lee's opinions are also not the product of any reliable principles or methods, nor do they reflect a reliable application of such principles and methods to the facts of this case. To the extent that Dr. Lee offers any cognizable opinions, the disclosure simply provides no description of the methodology that he applied. "An expert opinion requires some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion." *Riegel v. Medtronic*, Inc., 451 F.3d 104, 127 (2d Cir. 2006). And Dr. Lee's experience alone cannot establish the reliability of his testimony. *See United States v. Kelly*, No. 21-CR-00402-RS-1, 2023 WL 4032011, at *2 (N.D. Cal. June 14, 2023) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.") (quoting *Kumho Tire*, 526 U.S. at 157).

### C. Exclusion Is the Appropriate Remedy.

Exclusion is the appropriate remedy under the facts and circumstances of this case. *See, e.g.*, *United States v. Concessi*, 38 Fed. App'x 866, 868 (4th Cir. 2002) (upholding exclusion of expert testimony for failing to comply with Rule 16); *Amorgianos v. National Railroad Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002) (citations omitted); *United States v. Mahaffy*, 2007 WL 1213738, at *2-3 (E.D.N.Y. Apr. 24, 2007) (excluding expert testimony that "only proffered general topics and did not describe any opinions that would be offered by the witness on these topics" and was thus deficient under both Rule 16 and F.R.E. 702). Courts have precluded expert testimony when the disclosures fail to specify the expert's bases, reasons, and sources for their opinions. *E.g.*, *Concessi*, 38 Fed. App'x at 868; *United States v. Wilson*, 493 F. Supp. 2d 484, 487 (E.D.N.Y. 2006); *see also United States v. Sturman*, 1998 WL 126066 (S.D.N.Y. Mar. 20, 1998).

The defendant has had more than two months to supplement his cursory expert disclosures since he moved for a continuance and has opted not to. In fact, in his a motion to continue the trial from June to September, he claimed he needed more time precisely because he had just retained an expert and was working "diligently" with that expert. ECF 120 (May 22, 2024 H'rg Tr. at 29). These deficiencies are prejudicial because they hamper the government's ability to meaningfully challenge Mr. Lee's reasoning and to adequately prepare for examining him at trial. To reward the defendant by permitting him to supplement his disclosures would have the effect of endorsing and even rewarding his flagrant Rule 16 and *Daubert* violations. The defendant should not be permitted to gain a strategic advantage in this way, and these deficiencies warrant exclusion under both Rule 16(d)(2)(C) and F.R.E. 702.

### III. CONCLUSION

For these reasons, the Court should issue an order excluding Dr. Lee's testimony.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

/s/_____
Leo J. Wise
Principal Senior Assistant Special Counsel

Derek E. Hines
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA