DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
     950 Pennsylvania Avenue NW, Room B-200
     Washington, D.C. 20530
     Telephone:  (771) 217-6091
     E-mail:     Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>ROBERT HUNTER BIDEN,<br><br>     Defendant. | No. CR 23-cr-00599-MCS<br><br>**GOVERNMENT'S SECOND MOTION IN LIMINE TO PRECLUDE PROPOSED DEFENSE EXPERT THOMAS BISHOP**<br><br>Hearing Date:   AUGUST 21, 2024<br>Hearing Time:   1:00 p.m.<br>Location:       Courtroom of the Hon. Mark C. Scarsi |

     Plaintiff United States of America, by and through its counsel of record, hereby files its Motion in <u>Limine</u> to preclude the defendant from calling his proposed expert Thomas Bishop to testify at trial.

     On July 30, 2024, government counsel contacted defense counsel to ask whether the defendant still intended to call Thomas Bishop at trial and whether they would oppose a motion to exclude his testimony. On the afternoon of July 31, 2024, the same day that the parties' motions in limine were due, defense counsel informed government counsel

that they intended to call Mr. Bishop. Defense counsel stated that they are "working on and will send an updated disclosure notice" but gave no indication of when that would occur. As of the filing of this motion, it has not. Even if they had, it would be too late.

The Court set the deadline to file motions in limine on July 31, 2024. Unlike the defendant, the government noticed its expert *and* provided the requisite disclosures on May 20, 2024, something the defendant has never done, giving the defendant ample time to file any motion in limine. The Court should preclude the defendant from supplementing their deficient expert notice for Bishop at this late stage of litigation.

This motion is based upon the attached memorandum of points and authorities, the indictment in this case, and any further evidence and argument as the Court may deem necessary.

Dated: July 31, 2024    Respectfully submitted,

            DAVID C. WEISS
            Special Counsel

            /s/_____
            LEO J. WISE
            Principal Senior Assistant Special Counsel

            DEREK E. HINES
            Senior Assistant Special Counsel

            Attorneys for Plaintiff
            UNITED STATES OF AMERICA

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The United States, by and through undersigned counsel, respectfully moves to exclude the testimony of Thomas Bishop, a proposed expert witness that the defendant noticed on May 20, 2024. *See* Exhibit 1, Defense letter dated May 20, 2024. According to the defendant, Thomas Bishop is a retired accountant who "focuses predominantly on tax advocacy and controversy and white-collar litigation consulting services to attorneys with clients involved in civil and criminal matters." *Id*. at 3. The witness should be excluded because (1) he does not satisfy Fed. R. Crim. P. 16; and (2) the testimony is otherwise inadmissible under F.R.E. 702.

## I.   **LEGAL STANDARDS**

Federal Rule of Criminal Procedure 16 requires a defendant to provide the government with "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition."  Fed. R. Crim. Pro. 16(b)(1)(c)(iii). The proposed expert "must approve and sign the disclosure."[1] *Id*. at 16(b)(1)(C)(v). If a defendant does not comply with Rule 16, the Court may "prohibit [the defendant] from introducing the undisclosed evidence." *Id*. at 16(d)(2)(C).

A defendant seeking to admit expert testimony must also comply with the Federal Rules of Evidence. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the

---

[1] There are two narrow exceptions to the requirement that the proffered expert sign their disclosure, neither of which applies here.

product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. These criteria boil down to two main considerations: "reliability and relevance." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) ("*Daubert I*"). The party seeking to submit expert testimony bears the burden of proving admissibility. *Lust ex rel. Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Encompassed in the determination of whether expert testimony is "relevant" is whether it is helpful to the trier of fact. *See Daubert I*, 509 U.S. at 590-93. The test for "reliability" is whether the testimony is "based on specialized knowledge, derived from sufficient facts or data, and obtained using scientific or other valid methods rather than "subjective belief or unsupported speculation." *Daubert I*, at 589-93. Here, the focus is not only on the methodology, but also on the expert's facts and data and application of the methodology to the data. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *United States v. W.R. Grace*, 504 F.3d 745, 762 (9th Cir. 2007). "The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *In re Silicone Gel Breast Implants Prod. Liab. Litig.*, 318 F. Supp. 2d 879, 890 (C.D. Cal. 2004) (citing Fed. R. Evid. 702 Advisory Committee's Notes).

The Court has a special "'gatekeeping' obligation" to exclude expert testimony that does not meet these standards. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). As the Ninth Circuit has noted, expert testimony poses "special dangers to the fact-finding process." *Daubert v. Merrell Down Pharms., Inc.*, 43 F.3d 1311, 1321 n.17 (9th Cir. 1995) (citation omitted) ("*Daubert II*"). Accordingly, "[p]roposed testimony must be supported by appropriate validation—*i.e.*, 'good grounds', based on what is known." *Daubert I*, 509 U.S. at 590, 593-94; *see* Fed. R. Evid. 702 advisory committee notes to 2000 amendments; *Kumho Tire*, 526 U.S. at 149-50.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    ARGUMENT

### A.    The Court Should Exclude Mr. Bishop's Testimony for Failure to Comply With Rule 16.

The Court should exclude Thomas Bishop's proposed testimony because the defendant's skeletal expert notice fails to comply with numerous requirements of Federal Rule of Criminal Procedure 16. *See United States v. Boam*, No. 21-30272, 2023 WL 3722904, at *3 (9th Cir. May 30, 2023) (affirming exclusion of expert whose "cursory disclosures failed to provide . . . what opinions [the defendant] intended to elicit from the expert, the bases and reasons for the expert's opinions, the facts and data the expert relied upon, or the reliable principles and methods the expert used").

Rule 16 requires that a defendant disclose a "complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief," as well as the "bases and reasons for them." Fed. R. Crim. P. 16(b)(1)(c)(iii). This is because Rule 16 is "intended to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." Advisory Committee Notes to the 2022 Amendments. That cannot occur here because of what defense counsel has chosen to do.

As a threshold matter, Mr. Bishop has not signed his notice. Exhibit 1 at 2-4. What's more, the disclosure fails to provide *any* of Bishop's opinions, let alone a "complete statement of all" of his opinions. Nor does it describe the "bases and reasons" for them. Other district courts have recently held deficient Mr. Bishop's proposed testimony on exactly this basis. *See United States v. Kwok*, No. 23 CR. 118 (AT), 2024 WL 1773143, at *2 (S.D.N.Y. Apr. 24, 2024); *United States v. Bankman-Fried*, No. S6 22-CR-0673 (LAK), 2023 WL 6162865, at *1 (S.D.N.Y. Sept. 21, 2023).

The defendant's notice "[m]erely" identifies "the general topics about which the expert will testify, rather than the expert's actual opinions—a level of detail insufficient even before the recent amendment to Rule 16." *Kwok*, 2024 WL 1773143, at *2 (S.D.N.Y. Apr. 24, 2024) (citation omitted). Indeed, the Delaware district court presiding over

3

another case against the defendant already excluded one of the defendant's proffered experts for failing to comply with Rule 16. *See United States v. Biden*, No. 23-cr-61 (MN), Dkt. 206 at 3-6 (D. Del. June 2, 2024). Even after receiving this adverse ruling, the defendant chose not to supplement his expert disclosures in this case, despite having more than two months to do so, and his disclosures continue to be deficient. As the Delaware court explained, "none" of the topics listed in the defendant's disclosures "indicate what [the] expert opinions is." *Id*. at 5. And "there is no disclosure of the reasons or basis for" any potential opinion listed. *Id*. Once again, the defendant's disclosures are "nothing more than a listing of several assertions accompanied by some handwaving that those should be accepted as expert opinion simply because the speaker is an expert." *Id*.

1. <u>The defendant has not disclosed any of Mr. Bishop's actual opinions.</u>

The defendant's letter of May 20, 2024 contains no disclosures about the opinions Mr. Bishop will offer, let alone a complete statement of them or the bases for those opinions. This "failure to provide the required level of detail as to the expert's opinions and the bases, reasons, and sources of those opinions can [] lead to preclusion." *United States v. Ulbricht*, 2015 WL 413318, at 5 (S.D.N.Y. Feb. 1, 2015) (finding Rule 16 disclosures insufficient and stating that "while the defense's response contains additional high-level description of the testimony, and the Court might be able to guess as to various opinions, it contains no real opinions, no bases for opinions, no analysis, no methodology").

The notice starts with the ambiguous statement that "Mr. Bishop is expected to provide, *among other things*, opinions and related testimony *along the following lines . . .*" Exhibit 1 at 2 (emphasis added). As vague as the description is, it evidently does not even capture what it is that Bishop intends to testify about. The defendant then lists six general topics. None of these six topics contain any disclosures about what actual opinions Mr. Bishop will offer.

The first topic is "the manner in which Mr. Biden's tax materials were prepared from tax year 2016 through 2019." Exhibit 1 at 2. The disclosure provides no more

specificity about what this "manner" may be, or what opinion Mr. Bishop may offer about such a "manner." Due to this utter lack of detail, there is no way for the government or the Court to know if any opinion would be based on the state of the art in accounting or tax preparation as opposed to Mr. Bishop's "subjective belief." *See Daubert*, 509 U.S. at 590.

The second topic is "[t]he pattern of Mr. Biden's tax compliance prior to tax year 2016." *Id.* Again, the disclosure fails to explain what pattern Mr. Bishop has purportedly identified, or what *opinion* Mr. Bishop may be offering about it. Nor does the disclosure name what information Mr. Bishop has analyzed to identify such a "pattern" or his methodology in doing so.

The third topic is "[e]rrors, discrepancies, and/or deductions erroneously applied in the course of preparing Mr. Biden's and/or Owasco's taxes from tax year 2016 through 2019." *Id.* The disclosure fails to provide any more detail about any what Mr. Bishop believes these errors or discrepancies may be, or even what aspects of Mr. Biden's and Owasco's taxes his testimony would address. And yet again, this topic raises the question: what is Mr. Bishop's *opinion* here? And what would it even be based on?

The fourth topic is "[i]ncome and other events that were or were not included in Mr. Biden's tax year 2016 through 2018 tax filings." *Id.* The defendant cannot plausibly contend that this cursory assertion can pass as an opinion. What income? What "other events" does Mr. Bishop intend to offer an opinion on this subject?

The fifth topic is "[c]ompetence of accountants, tax consultants, preparers, and/or tax attorneys who prepared Mr. Biden's and/or Owasco's taxes from tax year 2016 through 2019." *Id.* at 3. The disclosure does not give any indication of what the baseline is for Mr. Bishop to opine on the "competence" of any of the individuals who prepared Mr. Biden's and/or Owasco's taxes, or what his opinion would be on this topic. Is it standards in accounting? Tax preparation? The notice provides nothing.

Finally, the sixth topic is "[t]he typical role of accountants, tax consultants, preparers, and/or tax attorneys in the preparation of an individual's and a corporation's

5

taxes." *Id.* Yet again, the disclosure offers no explanation of what Mr. Bishop's opinion on the "typical role" of a tax preparer would be, or what that is based on.

Without disclosing a single one of Mr. Bishop's opinions, the government is hamstrung as to how to "prepare to cross-examine" this expert witness, severely undercutting the Rule 16's aim at "facilitat[ing] trial preparation." Advisory Committee Notes to the 2022 Amendments. For this reason alone, Mr. Bishop's testimony should be excluded.

>    2.    <u>The defendant has not disclosed the bases of Mr. Bishop's opinions, whatever those opinions may be.</u>

As noted in discussing the specific topics the notice contains, nowhere in the disclosure does Mr. Bishop provide a sufficiently detailed disclosure of the bases for any opinions he proposes to offer. Similarly, there is no description of his methodology. Both are required by Rule 16. *See United States v. Tuzman*, 2017 WL 6527261, at *11 (S.D.N.Y. Dec. 18, 2017) ("It was not sufficient to disclose [the expert's] baseline conclusions that certain results were 'inconsistent' with preparation calculations that [the expert] used to reach his conclusions"); *United States v. Rakhit*, 2020 U.S. Dist. LEXIS 168666, at *33-34 (N.D. Ohio Sep. 15, 2020); *Ulbricht*, 2015 WL 413318, at 5 (rejecting disclosure that contained "no bases for opinions, no analysis, no methodology.").

The notice does not disclose what, if anything, Mr. Bishop has reviewed that forms the basis of his undisclosed opinions that are referred to in topics 1 through 6. In fact, the only basis offered is "Mr. Bishop's testimony is expected to be based on his career in the tax, financial investigative, and law enforcement fields," which indicates he hasn't reviewed any of the evidence in this case. Exhibit 1 at 3.

Topic 4 of Mr. Bishop's disclosure does not contain a description of which "income" or "other events" on which he is basing his opinion. The defense is required to include that information in its disclosures, so that if, for instance, Mr. Bishop has cherry picked certain "events" without regard to others, or defense counsel only provided facts related to certain events to him, the government can prepare its rebuttal and most

importantly, the Court can make an admissibility determination under F.R.E. 702. Topic 3 provides another example—the defendant does not indicate which "errors" or "discrepancies" about which Mr. Bishop may opine, hindering any ability of the government to respond.

The defendant's failure to disclose his expert's bases provides another ground for exclusion. *See United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002) (affirming district court's exclusion of expert witness testimony because Rule 16 disclosure "did not describe [the expert's] opinions beyond stating the conclusion he had reached and did not give the reasons for those opinions"); *United States v. Mavashev*, 2010 WL 234773 (E.D.N.Y. Jan. 14, 2010).

### 2. The Court Should Exclude Mr. Bishop's Testimony for Failure to Comply With F.R.E. 702.

To the extent that any opinions can be discerned from the defendant's bare bones disclosure, Mr. Bishop's testimony should also be excluded for at least four reasons under F.R.E. 702. *See Boam*, 2023 WL 3722904, at *3 (upholding exclusion of expert whose deficient disclosures failed to meet standards under both Rule 16 and F.R.E. 702).

*First*, fact testimony that the defense intends to elicit from Mr. Bishop does not satisfy Rule 702. *See United States v. Mejia*, 545 F.3d 179, 195-96 (2d Cir. 2008) (holding expert cannot testify to a factual assertion, rather, it must be proven by "competent evidence"). The first topic, the "manner" in which the defendant's tax materials were prepared from tax year 2016 through 2019 is a question of fact. Exhibit 1 at 2. Mr. Bishop has no first hand knowledge of how the defendant's tax materials were prepared and is not competent to testify to those facts. *Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1120 (E.D. Cal. 2020) (An expert "should not draw factual conclusions or speculate on the specifics of this particular case," because an expert "should not decide for the jurors what happened in critical moments for which he was not present."). Topic 2, the "pattern of Mr. Biden's tax compliance prior to tax year 2016" is also fact testimony, namely what he filed and when he filed it. Exhibit 1 at 2. Similarly, Topic 4, "income and other events that were or

were not included in Mr. Biden's tax year 2016 through 2018 tax filings," is fact testimony, not expert testimony. *Id.* Again, Mr. Bishop has no first hand knowledge of these facts and is therefore not competent to testify to them either. Fact witnesses who have first-hand knowledge of these topics will be called by the government in its case-in-chief. The defendant will have the opportunity to cross examine them and to call his own fact witnesses who participated in his tax preparation. But he cannot call an expert witness in place of a fact witness to testify on these topics. S*ee United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir.1994) ("A district court may commit manifest error by admitting expert testimony where the evidence impermissibly mirrors the testimony offered by fact witnesses, or the subject matter of the expert's testimony is not beyond the ken of the average juror.").

*Second*, the "[c]ompetence" of those who may have prepared the defendant's or Owasco's taxes is not something the jury will decide and, therefore, testimony on that subject will not aid the jury. *See* Exhibit 1 at 3. Mr. Bishop's opinion about the abilities of the defendant's tax preparers has no relationship to any of the elements of these charged offenses. *See United States v. Rosales*, 7 F. App'x 766 (9th Cir. 2001) (affirming exclusion of tax expert's testimony because the "expert appears to have been consulted only for trial and was not involved in the filing of" the defendant's taxes); *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999) (affirming exclusion of testimony about whether the defendant's accountant exercised the proper standard of care because it "would be a waste of time and would not assist the jury to understand the evidence or determine a fact in issue"). The defendant's accountants are not on trial—he is. Similarly, errors, discrepancies, and/or deductions erroneously applied in the course of preparing Mr. Biden's and/or Owasco's taxes from tax year 2016 through 2019, are also irrelevant. *See* Exhibit 1 at 2. The defendant is not charged with "errors" or "discrepancies," caused by his tax return preparers, to the extent there even were any. And the only deductions he is charged with taking are ones he decided to take.

*Third*, the expert disclosure fails to satisfy Rule 702's requirement that the opinion be based on sufficient facts or data. *See* Fed. R. Evid. 702 Advisory Committee's Notes. Again, as described, the expert disclosure is devoid of any description of the facts or data that Mr. Bishop relied on to form any purported opinion. For example, Mr. Bishop provides no indication of what he examined to form an opinion about the "manner" in which the defendant's taxes were prepared; about the defendant's "pattern" of tax compliance before 2016; or about the "competence" of those who prepared the defendant and/or Owasco's taxes. *See* Exhibit 1 at 2-3. The notice is also grossly inadequate in this respect. *Cf. Bakst v. Cmty. Mem'l Health Sys., Inc.*, No. 09-cv-08241, 2011 WL 13214315, at *20 (C.D. Cal. Mar. 7, 2011).

*Fourth*, Mr. Bishop's opinions—whatever they are—do not appear to be the product of any reliable principles or methods, nor do they reflect a reliable application of such principles and methods to the facts of this case. To the extent that Mr. Bishop offers any cognizable opinions, the disclosure simply provides no description of the methodology that he applied. "An expert opinion requires some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion." *Riegel v. Medtronic*, Inc., 451 F.3d 104, 127 (2d Cir. 2006). And Mr. Bishop's experience alone cannot establish the reliability of his testimony. *See United States v. Kelly*, No. 21-CR-00402-RS-1, 2023 WL 4032011, at *2 (N.D. Cal. June 14, 2023) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert.") (quoting *Kumho Tire*, 526 U.S. at 157). This dearth of information about Mr. Bishop's methodology "not only dooms" his testimony "under Rule 16, but also fails to provide the Court with enough information to conduct a "rigorous examination" of the experts' methodology, as required by its gatekeeping function under *Daubert*." *Kwok*, 2024 WL 1773143, at *3.

## C. Exclusion Is the Appropriate Remedy.

Exclusion is the appropriate remedy under the facts and circumstances of this case. *See, e.g.*, *United States v. Concessi*, 38 Fed. App'x 866, 868 (4th Cir. 2002) (upholding

exclusion of expert testimony for failing to comply with Rule 16); *Amorgianos v. National Railroad Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002) (citations omitted) ("[W]hen an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, Daubert and Rule 702 mandate the exclusion of that unreliable opinion testimony."); *United States v. Mahaffy*, 2007 WL 1213738, at *2-3 (E.D.N.Y. Apr. 24, 2007) (excluding expert testimony that "only proffered general topics and did not describe any opinions that would be offered by the witness on these topics" and was thus deficient under both Rule 16 and F.R.E. 702). Courts have precluded expert testimony when the disclosures fail to specify the expert's bases, reasons, and sources for their opinions. *E.g.*, *Concessi*, 38 Fed. App'x at 868; *United States v. Wilson*, 493 F. Supp. 2d 484, 487 (E.D.N.Y. 2006); *see also United States v. Sturman*, 1998 WL 126066 (S.D.N.Y. Mar. 20, 1998) (a "general description of possible bases" does not meet the requirements of Rule 16(b)(1)(C)).

The defendant has had more than two months to supplement his cursory expert disclosures, and has opted not to. These deficiencies are prejudicial because they hamper the government's ability to meaningfully challenge Mr. Bishop's reasoning and to adequately prepare for examining him at trial. To reward the defendant by permitting him to supplement his disclosures would have the effect of endorsing and even rewarding his flagrant Rule 16 and *Daubert* violations. The defendant should not be permitted to gain a strategic advantage in this way, and these deficiencies warrant exclusion under both Rule 16(d)(2)(C) and F.R.E. 702.

## III.   CONCLUSION

For all of these reasons, the Court should issue an order excluding Mr. Bishop's testimony.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

/s/_____
Leo J. Wise
Principal Senior Assistant Special Counsel

Derek E. Hines
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

11