DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:   (771) 217-6091
    E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | No. CR 23-cr-00599-MCS<br><br>**<u>GOVERNMENT'S THIRD MOTION IN LIMINE TO EXCLUDE ALLEGED DEFECTS IN THE INSTITUTION OF THE PROSECUTION</u>**<br><br>Hearing Date:  August 21, 2024<br>Hearing Time:  1:00 p.m.<br>Location:       Courtroom 7C |

     The United States of America, by and through its counsel of record, hereby submits this Motion in Limine to Exclude Alleged Defects in the Institution of the Prosecution of this matter.

     As discussed in its Motion, the United States seeks to exclude from trial:

        (1) Questioning and argument related to issues raised in the defendant's motion for vindictive and selective prosecution (ECF 27);

(2) Questioning and argument related to alleged outrageous government conduct with respect to the actions of certain IRS agents, as alleged in his motion (ECF 28);

(3) Questioning and argument alleging the prosecution of the defendant is somehow due to or part of a Russian malign election influence campaign, as claimed by the defendant in a filing (ECF 48);

(4) Questioning and argument alleging that the defendant was singled out for prosecution or that other taxpayers were not/are not prosecuted for conduct similar to the defendant's;

(5) Questioning and argument that suggests the defendant's conduct should have been subject to an audit or civil proceeding rather than criminal investigation and prosecution; and,

(6) Questioning and argument related to selective prosecution claims on Count 9 related to irrelevant and inapplicable COVID-era programs, as alleged in his motion (ECF 31).

As explained below, the government believes the defendant has consented to excluding the issues described in this motion, subject to some qualifications.

This motion is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 31, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

The United States, by and through undersigned counsel, respectfully moves this Court to exclude argument and questioning of any witness related to claims alleging defects in the institution of the prosecution of this matter, specifically questioning and argument: (1) related to issues raised in the defendant's motion for vindictive and selective prosecution (ECF 27);[1] (2) related to claims of alleged outrageous government conduct with respect to the actions of certain IRS agents, as alleged in his motion (ECF 28);[2] (3) alleging the prosecution of the defendant is somehow due to or part of a Russian malign election influence campaign (ECF 48);[3] (4) alleging that the defendant was singled out for prosecution or that other taxpayers were not/are not prosecuted for conduct similar to the defendant's;[4] (5) suggesting that the defendant's conduct should have been subject to an audit or civil proceeding rather than criminal investigation and prosecution;[5] and, (6)

---

[1] On May 15, 2024, counsel for the government conferred with defense counsel to determine whether the defendant consented or opposed the exclusion of the six issues described in this motion. The government believes the defendant has essentially consented to all issues described in this motion but the government includes their full position articulated in writing to government counsel. Defense counsel's position on this first issue was, "AS STATED, WE WILL NOT BE SEEKING TO ARGUE OR QUESTIONS ON THOSE LEGAL ARGUMENTS. UNDERYLING ASPECTS (E.G., IF A WITNESS MADE AN EXTRAJUDICIAL STATEMENT MIGHT GO TO CREDIBILITY OR BIAS)."

[2] Defense counsel's position on this issue was, "AS STATED, WE WILL NOT BE SEEKING TO ARGUE OR QUESTIONS ON THOSE LEGAL ARGUMENTS. UNDERYLING ASPECTS (E.G., IF A WITNESS MADE AN EXTRAJUDICIAL STATEMENT MIGHT GO TO CREDIBILITY OR BIAS)."

[3] Defense counsel's position on this issue was "AGREED."

[4] Defense counsel's position on this issue was, "We do not plan to argue that other taxpayers have not been prosecuted but the issue of the work that your witnesses or ours have done to support this case or their prior work may come up in examinations of those witnesses."

[5] Defense counsel's position on this issue was, "We do not plan to argue that other taxpayers have not been prosecuted but the issue of the work that your witnesses or ours have done to support this case or their prior work may come up in examinations of those witnesses."

related to the selective prosecution claims on Count 9 related to irrelevant and inapplicable COVID-era programs, as alleged in his motion (ECF 31).[6] Notwithstanding the fact that this Court has already ruled that there is no evidence for these claims, *see* this Court's Order on the Motions to Dismiss (ECF 67 at 33-34, 43-48, 50-52, 56, n. 42, 76), any inference or information regarding such claims is impermissible at trial based under the evidentiary rules.

In numerous pretrial filings, defense counsel has unsuccessfully alleged defects in the prosecution and improper prosecutorial motives, none of which have any place at trial. Federal Rule of Criminal Procedure 12(b)(3) provides that a "motion alleging a defect in instituting the prosecution" or a motion "alleging a defect in the indictment or information" must be raised before trial. With respect to claims of vindictive and selective prosecution or outrageous government conduct, the Ninth Circuit has clearly held that such claims may not be presented to a jury because such issues are legal matters for the Court, and are not theories of defense at trial. *United States v. Wylie*, 625 F.2d 1371, 1379 (9th Cir. 1980) (alleged "outrageous involvement by the government agents" is a question of law for the court and not a matter for the jury). *See also United States v. Sun Myung Moon*, 718 F.2d 1210, 1229 (2d Cir. 1983) (defendant who advances a claim of selective prosecution must do so in pretrial proceedings); *United States v. Avery*, 2011 WL 13136810, *2-*3 (C.D. Cal., Dec. 15, 2011) (granting the government's motion in limine to exclude selective prosecution issue from the jury); *United States v. Yagman*, 2007 WL 9724391, at *4–5 (C.D. Cal. May 16, 2007) (precluding defendant from arguing prosecutorial vindictiveness to the jury).

This Court has already ruled that the defendant presented no evidence to support any of his allegations regarding prosecutorial defects or improper prosecutorial motives;

---

[6] Defense counsel's position on this issue was, "AS STATED, WE WILL NOT BE SEEKING TO ARGUE OR QUESTIONS ON THOSE LEGAL ARGUMENTS. UNDERYLING ASPECTS (E.G., IF A WITNESS MADE AN EXTRAJUDICIAL STATEMENT MIGHT GO TO CREDIBILITY OR BIAS)."

they were all rejected in the April 1, 2024 Order on the Motions to Dismiss (ECF 67 at 33-34, 43-48, 50-52, 56, n. 42, 76).

In any event, such claims do not go to whether the defendant is guilty or not guilty with respect to the tax offenses and therefore are irrelevant at trial. The same is true with respect to any argument or inference that other taxpayers are not prosecuted for similar conduct. Moreover, even if such claims had some scintilla of probative value, it would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403. *See United States v. Re*, 401 F.3d 828, 833 (7th Cir. 2005) (Rule 403 barred admission of government's decision not to prosecute someone other than defendant because it would mislead and confuse the jury). *See also United States v. Goldfarb*, 2012 WL 1831508, at *2 (D. Ariz. May 18, 2012) (precluding the parties from using evidence of the government's charging decisions to establish, directly or indirectly, defendant's guilt or innocence).

The same logic applies to any argument that the defendant was entitled to an audit, or should have been given subject to civil, rather than criminal, proceedings, or that other taxpayers took advantage of COVID-era programs. Such arguments would be irrelevant to the jury's determination of the defendant's guilt or innocence, particularly where he was ineligible to participate in any of the programs enumerated in his motion on this issue and where this Court already determined that the defendant has not "met his burden to show similarly situated individuals have not been prosecuted for untimely payment of income tax." (ECF 67 at 78).

At trial, if the defense is permitted to suggest that a civil audit should have been conducted first, that will create a substantial risk of misleading the jury, prejudicing the government, and inviting jury nullification. Therefore, evidence or argument regarding the availability of IRS civil audits or other civil proceedings is routinely excluded as irrelevant in criminal tax cases. *See United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980) (explaining that the availability of civil remedies in a tax case "is irrelevant to the issue of criminal liability" and finding that a jury instruction regarding civil remedies "would serve

only to confuse the jury"); *United States v. DeMuro*, 677 F.3d 550, 565 (3d Cir. 2012) (district court properly excluded evidence of civil tax remedy because "it opened the door to jury nullification, by inviting the jury to reason that the IRS should have continued to pursue the matter civilly rather than criminally"); *United States v. Burkhart*, 501 F.2d 993, 996 (6th Cir. 1974) ("The matter of civil liability is not an issue when a jury is determining a defendant's criminal liability for tax evasion"); *United States v. Merrick*, 464 F.2d 1087, 1093 (10th Cir. 1972) ("no relevance" in a proposed but rejected jury instruction that a civil case might be brought against a defendant who was convicted of tax evasion).

Simply put, like evidence of improper prosecutorial motives, the availability of a civil tax audit and other civil remedies or programs is irrelevant to the jury's consideration of whether the evidence proves the elements of the crimes charged. *See* Fed. R. Evid. 401. Even assuming information about such civil remedies has some probative value, that value would be substantially outweighed by the risk of misleading or confusing the jury, prejudicing the government, and encouraging jury nullification. Fed. R. Evid. 403.

It is a basic rule that evidence of charging decisions made during an investigation should be excluded. *See United States v. Benson*, 957 F.3d 218 (4th Cir. 2020) ("As other courts have observed, non-prosecution decisions are irrelevant because they often take 'into consideration the availability of prosecutorial resources, alternative priorities, the expectation of prosecution by other authorities, or any number of other valid discretionary reasons.'"); *see also United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011) (collecting cases and noting that "several circuits have unanimously upheld the exclusion of evidence of prior charging decisions on the ground that many factors unrelated to guilt may influence those decisions and their admission therefore risks misleading the jury and confusing the issues").

"In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985) (quoting *United States v. Goodwin*, 457 U.S. 368, 380 n.11 (1982)). Therefore, courts consistently hold that evidence or argument regarding charging decisions including whether to accept a plea,

whether to prosecute specific individuals, or whether to reach any other disposition of a case against a potential defendant other than the defendant on trial should not be admitted at trial.

Moreover, evidence or argument related to the government's charging decisions are irrelevant because they would not make the existence of any fact that is of consequence to the action more probable or less probable and are thus irrelevant. They are not probative of the defendant's guilt or innocence and therefore should be excluded on that basis alone. Fed. R. Evid. 402.

For these reasons, the government requests that the Court grant this motion and exclude argument to the jury and the questioning of any witness related to claims alleging defects in the indictment or in the institution of the prosecution of this matter are excluded from trial.