DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail:    Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00599-MCS |
|---|---|
| Plaintiff, | |
| v. | **GOVERNMENT'S FOURTH MOTION *IN LIMINE* TO PRECLUDE DEFENSE OF RELIANCE ON ADVICE OF COUNSEL** |
| ROBERT HUNTER BIDEN, | |
| Defendant. | Hearing Date: August 21, 2024<br>Hearing Time: 1:00 p.m.<br>Location: Courtroom of the Hon. Mark C. Scarsi |

    Plaintiff United States of America, by and through its counsel of record, hereby files its Motion in Limine to preclude the defendant from asserting a defense of reliance on advice of counsel at trial.

    On May 15, 2024, the United States exchanged emails with defense counsel in which the government asked defense counsel's position on a proposed motion to require the defendant to provide advance notice of any reliance on counsel defense. Counsel for the defendant affirmatively represented that the defendant did not anticipate presenting

such a defense: "We do not plan a 'reliance on counsel' defense and will give you prompt notice if that changes. Of course, people who gathered materials, assisted in the forms, reviewed the forms, etc. will be factual evidence." As the defendant has foresworn an advice of counsel defense, the Court should preclude the defendant from introducing any evidence that the advice of counsel caused either his acts or omissions or had any impact on his willful failures to file his returns or pay his taxes, file a false return or evade the assessment.

      This motion is based upon the attached memorandum of points and authorities, the indictment in this case, and any further evidence and argument as the Court may deem necessary.

Dated: July 31, 2024            Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/ _____
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

The defendant failed to pay his individual income taxes for tax years 2016, 2017, 2018 and 2019 either at the time that the taxes were due, or, in the case of the returns filed for tax years 2016 through 2018, at the time he delinquently filed his tax returns for those years.

### I.   FACTS

In 2019, the defendant was embroiled in two separate lawsuits in which he was ordered to produce financial records, including delinquent individual and corporate income tax returns. ECF 1 ¶¶ 39-41. At the same time, the defendant was the subject of a Congressional inquiry. He was represented by separate counsel in each matter.

Unable to fend off the requests for his financial information, the defendant sought out and retained accountants to prepare and file the delinquent returns for 2017 and 2018. *Id*. ¶¶ 42, 110. From the inception of the process, the defendant enlisted the assistance of his long-time friend and attorney, George Mesires. Mesires initially acted as an intermediary between the defendant and the return preparers, relaying the defendant's responses to the accountants' questions and providing and helping them locate source documents. The defendant later befriended Kevin Morris, an attorney, who also interacted with the return preparers. In the course of the return preparation process, the accountants informed Mesires, Morris and others that they lacked critical source documents they deemed essential to the accurate preparation of the returns. *Id*. ¶¶ 112, 139. Never having received the information, and operating under deadlines imposed by the defendant, the accountants provided Mesires, Morris and others with drafts of the defendant's returns to be filed and solicited their input. *Id*. ¶¶ 112, 139. Neither Mesires nor Morris responded with either questions or comments. *Id*. ¶ 139. The defendant filed the returns, which contained material falsehoods, days later. *Id*. ¶ 140.

### II.  ARGUMENT

A defendant seeking to assert an advice of counsel or good faith defense based on advice of counsel must satisfy certain evidentiary predicates before doing so. Without a

specific showing and factual predicate, it would be improper for a defendant to argue this defense during opening statements, cross-examination of witnesses, or closing arguments, and it would be virtually impossible for the United States to move in limine to preclude improper arguments if it is not in possession of the pertinent evidence on this issue.

Raising an advice-of-counsel defense during trial, after jeopardy attaches, also risks causing substantial disruption and, absent a significant delay, would not afford the United States adequate time to respond to this fact-specific defense. Furthermore, it would have the potential to confuse the jury or, worse, allow a defendant to advance a backdoor advice of counsel defense without the requisite showing.

Recognizing that the defendant had retained counsel to represent him in two separate legal actions as well as a Congressional inquiry, and embroiled different attorneys in his return preparation process, the government directly posed the question as to whether the Defendant intended to raise an advice of counsel defense in this matter. The defendant has confirmed that he has no such intent.[1] Given that concession, and the government's reliance on it, the Court should exclude any evidence of reliance on advice of counsel.

### III.   CONCLUSION

As the defendant has affirmatively represented that he does not intend to rely on an advice of counsel defense, the Court should issue an order excluding any such evidence.

---

[1] Given that the attorneys were involved in the return preparation process, by filing the delinquent returns, the defendant effectively waived any privilege that could have attached. *See, e.g., United States v. Cote*, 456 F.2d 142, 144 (1972).

2

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

/s/_____
Leo J. Wise
Principal Senior Assistant Special Counsel

Derek E. Hines
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA