DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:   (771) 217-6091
    E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | No. CR 23-cr-00599-MCS<br><br>**GOVERNMENT'S FIFTH MOTION IN LIMINE TO EXCLUDE REFERENCE TO POTENTIAL PUNISHMENT, PLEA NEGOTIATIONS, THE DIVERSION AGREEMENT, OR THE JULY 26, 2023 HEARING**<br><br>PTC Date:      August 21, 2024<br>Hearing Time:  1:00 p.m.<br>Location:      Courtroom 7C |

    The United States of America, by and through its counsel of record, hereby submits this Motion in Limine to Exclude Reference to Potential Punishment, Plea Negotiations, the Diversion Agreement or the July 26, 2023 Hearing in the United States District Court for the District of Delaware.

    Argument and questioning related to the defendant's potential punishment, plea negotiations, the diversion agreement, or the July 26, 2023, hearing should be excluded from trial because (1) a defendant is not entitled to have the jury informed of sentencing

1

1  consequences and because (2) Federal Rule of Evidence 410 and Federal Rule of Criminal
2  Procedure 11(f) prohibit the admission of plea negotiations at trial.
3      The government has conferred with defense counsel, who consents to the exclusion
4  of the issues described in this motion.
5      This motion is based on the attached memorandum of points and authorities, the
6  files and records in this case, and such further evidence and argument as the Court may
7  permit.

Dated:  July 31, 2024                     Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/ _____
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

The United States, by and through undersigned counsel, respectfully moves this Court to exclude argument and questioning related to the defendant's potential punishment, plea negotiations, the diversion agreement, or the July 26, 2023 hearing because a defendant is not entitled to have the jury informed of sentencing consequences and because Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) prohibit the admission of plea discussions at trial. The defendant does oppose this motion.[1]

"It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (internal citations and quotations omitted). "[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id*. Moreover, "punishment should never be considered by the jury in any way" *United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir. 1991); Ninth Cir. Model Crim. Jury Instr. 7.4 (2019) ("The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.")

The defense should be precluded from commenting on or referring, either directly or indirectly, to the potential penalties or punishment the defendant faces in this case. A jury's task is to "find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged," while "[t]he judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Shannon*, 512 U.S. at 579.

---

[1] On May 15, 2024, government counsel conferred with defense counsel about whether the defendant consented to the exclusion of the issues described in this motion. The defendant responded, in writing, stating: "AGREED UNLESS A WITNESS OPENS THAT DOOR OR, IF MR. BIDEN TESTIFIES, YOU ASK A QUESTION THAT DOES SO."

The potential penalty that the defendant faces if he is convicted does not have any tendency to make the existence of a fact more or less probable in any of the elements necessary to prove the charges in the indictment. *See* Fed. R. Evid. 401. Evidence or argument relating to the potential consequences of a guilty verdict is "irrelevant to the jury's task" of determining if the defendant is guilty of the crimes charged. *Shannon*, 512 U.S. at 579. "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991). Therefore, facts and argument related to any potential penalty or punishment during any stage of the trial, including opening statement and closing argument, must be excluded from trial.

Similarly, any statements made in plea negotiations and the proposed plea agreement and proposed diversion agreement at issue in the July 26, 2023 hearing in Delaware fall within the ambit of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and therefore are inadmissible. *United States v. Leon Guerrero*, 847 F.2d 1363, 1367 (9th Cir. 1988) (statements made in the course of plea discussions are inadmissible under Fed. R. Crim. P. 11 and Fed. R. Evid. 410); *United States v. Sayakhom*, 186 F.3d 928 (9th Cir.), *amended*, 197 F.3d 959 (9th Cir. 1999) (statements made by defendant during meeting with government attorney were plea negotiations and thus inadmissible under Rule 11 and Fed. R. Evid. 410).

Moreover, notwithstanding the inadmissibility of evidence or argument related to the aforementioned issues, the government believes that any attempts to argue those matters would be for an improper purpose – nullification. Attempts to seek jury nullification, for example, by characterizing this case as unfair or unjust, because of the punishment the defendant faces or because a resolution, with a less severe punishment, was considered but ultimately not pursued, are barred under the law. In *United States v. Thomas*, the Second Circuit held:

> We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when

>   it is within their authority to prevent. . . . A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty" . . . . Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

116 F.3d 606, 615-16 (2d Cir. 1997) (internal quotations and citation omitted). The Ninth Circuit has confirmed that defendants are not entitled to jury instructions concerning jury nullification. *See, e.g.*, *United States v. Powell*, 955 F.2d 1206, 1212-13 (9th Cir. 1991) (holding that the defendant has no right to instruct the jury to nullify itself); *United States v. Simpson*, 460 F.2d 515, 519-20 (9th Cir. 1972) (same). The government believes the defendant would seek to reference these matters to suggest the government unfairly "reneged" on the prior agreements for improper purposes, an untrue claim he has made previously. ECF 25 at 2. It is untrue because, among other things, the improper motive claims he has raised previously were filed "without any evidence," as this Court has already found. ECF 67 at 33. Thus, any argument regarding these matters would invariably lead to a mini-trial on untrue allegations, and would be a waste of the court and jury's time because they are irrelevant to the issues the jury must decide.

Having no right to seek jury nullification, defendant has no right to present evidence relevant only to such a defense. *Zal v. Steppe*, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) ("[N]either a defendant nor his attorney has a right to present to a jury evidence that is irrelevant to a legal defense to, or an element of, the crime charged. Verdicts must be based on the law and the evidence, not on jury nullification[.]"); *see also United States v. Navarro-Vargas*, 408 F.3d 1184, 1198 (9th Cir. 2005) (noting that courts have "uniformly rejected" requests for jury nullification instructions) (citing cases).  For these reasons, the government requests that the Court exclude argument and questioning related to the defendant's potential punishment, plea negotiations, the diversion agreement, or the July 26, 2023 hearing in the United States District Court for the District of Delaware.