DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
     950 Pennsylvania Avenue NW, Room B-200
     Washington, D.C. 20530
     Telephone:   (771) 217-6091
     E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ROBERT HUNTER BIDEN,<br><br>        Defendant. | No. CR 23-cr-00599-MCS<br><br>**COMPETING VERDICT FORMS**<br><br>Trial Date:    September 5, 2024<br>Trial Time:    9:00 a.m.<br>Location:     Courtroom of the<br>               Hon. Mark Scarsi |

      The United States of America, by and through its counsel of record, and defendant Robert Hunter Biden, by and through his counsel, hereby files this Competing Verdict Forms pursuant to paragraph G(5) of the Court's Criminal Case Standing Order.  The defendant has requested additional language for three of the counts (Counts 2, 4, 6), added in red, which the government does not agree is appropriate or necessary.  The positions of the parties are summarized in the table below the proposed additional language.

Dated:    July 31, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

|                                          |                                          |
|------------------------------------------|------------------------------------------|
| /s/                                      | /s/                                      |
| LEO J. WISE                              | MARK J. GERAGOS, ESQ.                    |
| Principal Senior Assistant Sp. Counsel   | GERAGOS & GERAGOS, P.C.                  |
| DEREK E. HINES                           | Historic Engine Co. No. 28              |
| Senior Assistant Special Counsel         | 644 South Figueroa Street               |
|                                          | Los Angeles, California 90017           |
| Attorneys for Plaintiff                  | Telephone (213) 625-3900                |
| UNITED STATES OF AMERICA                 | Facsimile (213) 232-3255                |

Angela Machala (SBN:22496)
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 615-1924
Fax: (213) 615-1750

Abbe David Lowell (*admitted PHV*)
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100

Counsel for Robert Hunter Biden

1    UNITED STATES DISTRICT COURT

2    FOR THE CENTRAL DISTRICT OF CALIFORNIA

3    UNITED STATES OF AMERICA,

        No. CR 23-cr-00599-MCS

4         Plaintiff,

5         v.

        **<u>COMPETING VERDICT FORMS FOR</u>**
        **<u>DEFENDANT ROBERT HUNTER</u>**

6    ROBERT HUNTER BIDEN,

        **<u>BIDEN</u>**

7         Defendant.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

## **COUNT ONE – FAILURE TO PAY 2016 FORM 1040**

RESPONSE 1: We, the Jury, unanimously find the defendant ROBERT HUNTER
BIDEN *(check one)*:

        \_\_\_\_\_ GUILTY

        \_\_\_\_\_ NOT GUILTY

of Count One of the Indictment


*(Please proceed to Count Two.)*

4

## <u>COUNT TWO – FAILURE TO PAY 2017 FORM 1040</u>

RESPONSE 1: We, the Jury, unanimously find the defendant ROBERT HUNTER BIDEN *(check one)*:

       \_\_\_\_\_ GUILTY

       \_\_\_\_\_ NOT GUILTY

of Count Two of the Indictment

<span style="color:red">If you find ROBERT HUNTER BIDEN NOT GUILTY on this charge, please proceed to Count Three.</span>

<span style="color:red">If you find ROBERT HUNTER BIDEN GUILTY on this charge, please check below the statement that reflects your unanimous findings:</span>

<span style="color:red">ROBERT HUNTER BIDEN willfully failed to pay income taxes due on April 17, 2018.</span>

<span style="color:red">\_\_\_\_\_ PROVEN</span>

<span style="color:red">\_\_\_\_\_ NOT PROVEN</span>

<span style="color:red">ROBERT HUNTER BIDEN willfully failed to pay income taxes due on February 18, 2020.</span>

<span style="color:red">\_\_\_\_\_ PROVEN</span>

<span style="color:red">\_\_\_\_\_ NOT PROVEN</span>

*(Please proceed to Count Three.)*

| Defendant's Position on Requested Changes in Redline | Government's Response |
|---|---|
| In the Court's Order on Defendant's motion to dismiss Counts 2, 4, and 6 of the indictment in part for duplicity, the Court agreed that "Defendant's concerns regarding the possibility of a jury unanimity issue are reasonable." (DE 67 at 75.) The Court established that "Defendant's fear that a jury verdict may lack unanimity as to the conduct underlying a conviction can be quelled by the administration of an appropriate jury instruction." (*Id.*) The government has also indicated that the risk of a conviction despite a lack of unanimity is possible for Counts 2, 4 and 6 and "could potentially require that the court administer a specific unanimity instruction." (DE 39 at 3.) *See United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir. 1989) ("where it appears that 'there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts,' an instruction should be given to the effect that the jury may not convict unless it 'unanimously agree[s] to a particular set of facts'") (quoting *United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983)).  Mr. Biden thus proposes the above redlined language for the Court's approval. | A special verdict form would be inappropriate and unwarranted. "It has long been established that special verdicts in criminal jury trials are disfavored." *United States v. Shelton*, 588 F.2d 1242, 1257 (9th Cir. 1978). The government has proposed a specific unanimity instruction as to Counts 2 and 4, rendering any special verdict form unnecessary. *See* ECF 67 (Court explaining that any "fear that a jury verdict may lack unanimity as to the conduct underlying a conviction can be quelled by the administration of an appropriate jury instruction"); *see also United States v. Russo*, 166 F. App'x 654, 661 (3d Cir. 2006) (holding "the mere fact that the Government alleged alternative legal theories" did not require "the use of special verdict sheets"). The defendant's citations to cases involving courts giving jury instructions as to unanimity are inapposite.  None of the cases cited by the defendant hold that a special verdict form should be used.  Instead, they address jury instructions as to unanimity.  The two are not the same thing. *See United States v. Ramirez*, 537 F.3d 1075 (9th Cir. 2008) (District court did not abuse its discretion by not requiring jury to return special verdict form when court otherwise issued specific unanimity instruction.) |

6

## <u>COUNT THREE – FAILURE TO FILE 2017 FORM 1040</u>

RESPONSE 1: We, the Jury, unanimously find the defendant ROBERT HUNTER BIDEN *(check one)*:

_____ GUILTY

_____ NOT GUILTY

of Count Three of the Indictment


*(Please proceed to Count Four.)*

## **COUNT FOUR – FAILURE TO PAY 2018 FORM 1040**

RESPONSE 1: We, the Jury, unanimously find the defendant ROBERT HUNTER BIDEN *(check one)*:

      \_\_\_\_\_ GUILTY

      \_\_\_\_\_ NOT GUILTY

of Count Four of the Indictment

    If you find ROBERT HUNTER BIDEN NOT GUILTY on this charge, please proceed to Count Five.

    If you find ROBERT HUNTER BIDEN GUILTY on this charge, please check below the statement that reflects your unanimous findings:

    ROBERT HUNTER BIDEN willfully failed to pay income taxes due on April 15, 2019.

    \_\_\_\_\_ PROVEN

    \_\_\_\_\_ NOT PROVEN

    ROBERT HUNTER BIDEN willfully failed to pay income taxes due on February 18, 2020.

    \_\_\_\_\_ PROVEN

    \_\_\_\_\_ NOT PROVEN

*(Please proceed to Count Five.)*

| Defendant's Position on Requested Changes in Redline | Government's Response |
|---|---|
| In the Court's Order on Defendant's motion to dismiss Counts 2, 4, and 6 of the indictment in part for duplicity, the Court agreed that "Defendant's concerns regarding the possibility of a jury unanimity issue are reasonable." (DE 67 at 75.) The Court established that "Defendant's fear that a jury verdict may lack unanimity as to the conduct underlying a conviction can be quelled by the administration of an appropriate jury instruction." (*Id.*) The government has also indicated that the risk of a conviction despite a lack of unanimity is possible for Counts 2, 4 and 6 and "could potentially require that the court administer a specific unanimity instruction." (DE 39 at 3.) *See United States v. Anguiano,* 873 F.2d 1314, 1319 (9th Cir. 1989) ("where it appears that 'there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts,' an instruction should be given to the effect that the jury may not convict unless it 'unanimously agree[s] to a particular set of facts'") (quoting *United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983)).  Mr. Biden thus proposes the above redlined language for the Court's approval. | A special verdict form would be inappropriate and unwarranted. "It has long been established that special verdicts in criminal jury trials are disfavored." *United States v. Shelton*, 588 F.2d 1242, 1257 (9th Cir. 1978). The government has proposed a specific unanimity instruction as to Counts 2 and 4, rendering any special verdict form unnecessary. *See* ECF 67 (Court explaining that any "fear that a jury verdict may lack unanimity as to the conduct underlying a conviction can be quelled by the administration of an appropriate jury instruction"); *see also United States v. Russo*, 166 F. App'x 654, 661 (3d Cir. 2006) (holding "the mere fact that the Government alleged alternative legal theories" did not require "the use of special verdict sheets"). None of the cases cited by the defendant hold that a special verdict form should be used.  Instead, they address jury instructions as to unanimity. The two are not the same thing.  *See United States v. Ramirez*, 537 F.3d 1075 (9th Cir. 2008) (District court did not abuse its discretion by not requiring jury to return special verdict form when court otherwise issued specific unanimity instruction.) |

## **COUNT FIVE – FAILURE TO FILE 2018 FORM 1040**

RESPONSE 1: We, the Jury, unanimously find the defendant ROBERT HUNTER BIDEN *(check one)*:

_____ GUILTY

_____ NOT GUILTY

of Count Five of the Indictment

*(Please proceed to Count Six.)*

## **COUNT SIX – EVASION OF ASSESSMENT FOR 2018 FORM 1040**

RESPONSE 1: We, the Jury, unanimously find the defendant ROBERT HUNTER BIDEN *(check one)*:

_____ GUILTY

_____ NOT GUILTY

of Count Six of the Indictment

If you find ROBERT HUNTER BIDEN NOT GUILTY on this charge, please proceed to Count Seven.

If you find ROBERT HUNTER BIDEN GUILTY on this charge, please check below the statement that reflects your unanimous findings:

ROBERT HUNTER BIDEN willfully submitted a false and fraudulent U.S. Individual Income Tax Return, Form 1040, to the Internal Revenue Service in calendar year 2018.

_____ PROVEN

_____ NOT PROVEN

ROBERT HUNTER BIDEN willfully deducted personal expenses as corporate expenses on the Owasco, PC tax return on Form 1120 in calendar year 2018.

_____ PROVEN

_____ NOT PROVEN

*(Please proceed to Count Seven.)*

11

| Defendant's Position on Requested Changes in Redline | Government's Response |
|---|---|
| In the Court's *Order on Defendant's* motion to dismiss Counts 2, 4, and 6 of the indictment in part for duplicity, the Court agreed that "Defendant's concerns regarding the possibility of a jury unanimity issue are reasonable." (DE 67 at 75.) The Court established that "Defendant's fear that a jury verdict may lack unanimity as to the conduct underlying a conviction can be quelled by the administration of an appropriate jury instruction." (*Id.*) The government has also indicated that the risk of a conviction despite a lack of unanimity is possible for Counts 2, 4 and 6 and "could potentially require that the court administer a specific unanimity instruction." (DE 39 at 3.) *See United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir. 1989) ("where it appears that 'there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts,' an instruction should be given to the effect that the jury may not convict unless it 'unanimously agree[s] to a particular set of facts'") (quoting *United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983)). *See, e.g., United States v. Yagman*, No. CR 06-227 SVW, 2014 WL 12595336, at *18 (C.D. Cal. Aug. 14, 2014) (special verdict form used for tax evasion count). Mr. Biden thus proposes the above redlined language for the Court's approval. | The indictment charges the defendant with committing multiple acts of evasion. The jury need not unanimously agree on which of the acts of evasion he committed, which are means of committing the crime, but are not individually, elements of the offense. *See United States v. Barai*, 55 F.4th 1245 (9th Cir. 2022) (explaining that a jury need not decide unanimously "which of several possible means the defendant used to commit an element of the crime") (quoting *Richardson v. United States*, 526 U.S. 813, 817 (1999)). A special verdict form on this Count would therefore "introduce considerable, and unnecessary, risk of error" because it might "confuse the jury" as to "what facts it is meant to find." *United States v. Mickey*, 897 F.3d 1173, 1182 (9th Cir. 2018). The defendant's proposed special verdict form also does not contain all of the acts of evasion charged in the indictment. *See* Indictment ¶ 145. The indictment alleges four acts of evasion. The defendant's proposed additions to the verdict form for Count 6 only include two. |

## <u>COUNT SEVEN – FILING A FALSE AND FRAUDULENT 2018 FORM 1040</u>

RESPONSE 1: We, the Jury, unanimously find the defendant ROBERT HUNTER BIDEN *(check one)*:

        \_\_\_\_\_ GUILTY

        \_\_\_\_\_ NOT GUILTY

of Count Seven of the Indictment


*(Please proceed to Count Eight.)*

## **COUNT EIGHT – FILING A FALSE AND FRAUDULENT 2018 FORM 1120**

RESPONSE 1: We, the Jury, unanimously find the defendant ROBERT HUNTER BIDEN *(check one)*:

           \_\_\_\_\_ GUILTY

           \_\_\_\_\_ NOT GUILTY

of Count Eight of the Indictment


*(Please proceed to Count Nine.)*

1

## **COUNT NINE – FAILURE TO PAY 2019 FORM 1040**

2

3   RESPONSE 1: We, the Jury, unanimously find the defendant ROBERT HUNTER

4   BIDEN *(check one)*:

5                       _____ GUILTY

6                       _____ NOT GUILTY

7   of Count Nine of the Indictment

8

9   Dated: September _____, 2024, at Los Angeles, California.

10

11                                         _____

12                                         FOREPERSON OF THE JURY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28