DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
     950 Pennsylvania Avenue NW, Room B-200
     Washington, D.C. 20530
     Telephone:    (771) 217-6091
     E-mail:        LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 23-cr-00599-MCS |
|---|---|
| Plaintiff, | **JOINT PROPOSED JURY INSTRUCTIONS** |
| v. | |
| ROBERT HUNTER BIDEN, | Trial Date:      September 5, 2024 |
| Defendant. | Trial Time:     9:00 a.m. |
| | Location:       Courtroom of the Hon. Mark Scarsi |

The parties, Plaintiff United States of America, by and through its counsel of record, the Special Counsel David C. Weiss, Principal Senior Assistant Counsel Leo J. Wise, and Senior Assistant Special Counsel Assistant Derek E. Hines, and Defendant Robert Hunter Biden, by and through its counsel of record, Abbe Lowell, Angela Machala, and Mark

i

Geragos, submit their Proposed Joint Jury Instructions for the trial of defendant Robert Hunter Biden.

Pursuant to paragraph G(4) of the Court's "Initial Standing Order for Criminal Cases Assigned to Judge Mark C. Scarsi," the parties exchanged proposed joint jury instructions on July 17, 2024. The parties exchanged objections on July 24, 2024 and worked to resolve any differences prior to making this filing.

The parties disagree as to the language of six instructions and their respective arguments are set forth in Exhibit "1" attached hereto, along with their positions on an additional four instructions proposed by the defendant:

Instruction 29.1: Diminished Capacity

Instruction 34: Willful Failure to Pay Tax (26 U.S.C. § 7203)

Instruction 35: Willful Failure to File Tax Return (26 U.S.C. § 7203)

Instruction 36: Attempt to Evade or Defeat (26 U.S.C. § 7203)

Instruction 38: Filing False Tax Return (26 U.S.C. § 7206(1))

Instruction 39: Willfully - Defined

In addition, Exhibit "2" attached hereto is a redline comparison of the substantive differences between the parties' proposals and their respective arguments.

Unless otherwise noted, the parties have used the most recent version (as of December 2023) of the Jury Instructions found on the Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

1    Dated:    July 31, 2024

2    Respectfully submitted,

3

4    DAVID C. WEISS
     Special Counsel

5

6    _____/s/_____                    _____/s/_____
7    LEO J. WISE                         MARK J. GERAGOS, ESQ.
     Principal Senior Assistant Sp.      GERAGOS & GERAGOS, P.C.
8    Counsel                             Historic Engine Co. No. 28
     DEREK E. HINES                      644 South Figueroa Street
9    Senior Assistant Special Counsel    Los Angeles, California 90017
                                         Telephone (213) 625-3900
10                                       Facsimile (213) 232-3255
     Attorneys for Plaintiff
11   UNITED STATES OF AMERICA
                                         Angela Machala (SBN:22496)
12                                       WINSTON & STRAWN LLP
13                                       333 South Grand Avenue
                                         Los Angeles, CA 90071
14                                       Tel: (213) 615-1924
15                                       Fax: (213) 615-1750

16                                       Abbe David Lowell (*admitted PHV*)
17                                       WINSTON & STRAWN LLP
                                         1901 L Street NW
18                                       Washington, DC 20036
                                         Tel: (202) 282-5000
19                                       Fax: (202) 282-5100
20
                                         Counsel for Robert Hunter Biden
21

22

23

24

25

26

27

28                                       iii

## I.    INDEX OF PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| 1 | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) [Duty of Jury] | 1 |
| 2 | Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No 1.2 (2022 ed.) [Presumption of Innocence] | 2 |
| 3 | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No 1.3 (2022 ed.) [What is Evidence] | 3 |
| 4 | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No 1.4 (2022 ed.) [What is Not Evidence] | 4 |
| 5 | Direct & Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No 1.5 (2022 ed.) [Direct and Circumstantial Evidence] | 5 |
| 6 | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No 1.6 (2022 ed.) [Ruling on Objections] | 6 |
| 7 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No 1.7 (2022 ed.) [Credibility of Witnesses] | 7 |
| 8 | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.8 (2022 ed.) [Conduct of the Jury] | 9 |
| 9 | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.9 (2022 ed.) [No Transcript Available to Jury] | 12 |
| 10 | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No 1.10 (2022 ed.) [Taking Notes] | 13 |
| 11 | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No 1.11 (2022 ed.) [Outline of Trial] | 14 |
| 12 | Questions to Witnesses by Jurors | Ninth Circuit Model Criminal Jury Instructions, No 1.12 (2022 ed.) [Questions to Witnesses by Jurors] | 15 |

| 13 | Bench Conferences & Recesses | Ninth Circuit Model Criminal Jury Instructions, No 1.16 (2022 ed.) [Bench Conferences and Recesses] | 16 |
|----|------------------------------|------------------------------------------------------------------------------------------------------|----|
| 14 | Cautionary Instructions | Ninth Circuit Model Criminal Jury Instructions, No 2.1 (2022 ed.) [Cautionary Instructions] | 17 |
| 15 | Stipulations of Facts | Ninth Circuit Model Criminal Jury Instructions, No 2.3 (2022 ed.) [Stipulations of Facts] | 19 |
| 16 | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No 3.1 (2022 ed.) [Statements by Defendant or Codefendant] | 20 |
| 17 | Impeachment Evidence – Witness | Ninth Circuit Model Criminal Jury Instructions, No 3.8 (2022 ed.) [Impeachment Evidence - Witness] | 21 |
| 18 | Testimony of Witnesses Involving Special Circumstances | Ninth Circuit Model Criminal Jury Instructions, No 3.9 (2022 ed.) [Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea] | 22 |
| 19 | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No 3.14 (2022 ed.) [Opinion Evidence, Expert Witness] | 23 |
| 20 | Charts & Summaries Not Admitted into Evidence | Ninth Circuit Model Criminal Jury Instructions, No 3.16 (2022 ed.) [Charts and Summaries Not Admitted into Evidence] | 24 |
| 21 | Charts & Summaries Admitted into Evidence | Ninth Circuit Model Criminal Jury Instructions, No 3.17 (2022 ed.) [Charts and Summaries Admitted into Evidence] | 25 |
| 22 | Duty of Jury to Find Facts & Follow Law | Ninth Circuit Model Criminal Jury Instructions, No 6.1 (2022 ed.) [Duty of Jury to Find Facts and Follow Law] | 26 |
| 23 | Charge Against Defendant Not Evidence – Presumption of | Ninth Circuit Model Criminal Jury Instructions, No 6.2 (2022 ed.) [Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof] | 27 |

v

| | Innocence – Burden of Pro | | |
|---|---|---|---|
| 24 | Defendant's Decision Not to Testify | Ninth Circuit Model Criminal Jury Instructions, No 6.3 (2022 ed.) [Defendant's Decision Not to Testify] | 28 |
| 25 | Defendant's Decision to Testify | Ninth Circuit Model Criminal Jury Instructions, No 6.4 (2022 ed.) [Defendant's Decision to Testify] | 29 |
| 26 | Reasonable Doubt - Defined | Ninth Circuit Model Criminal Jury Instructions, No 6.5 (2022 ed.) [Reasonable Doubt - Defined] | 30 |
| 27 | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No 6.6 (2022 ed.) [What is Evidence] | 31 |
| 28 | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No 6.7 (2022 ed.) [What is Not Evidence] | 32 |
| 29 | Direct & Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No 6.8 (2022 ed.) [Direct and Circumstantial Evidence] | 33 |
| ***29.1*** | ***Diminished Capacity*** | ***The parties dispute this instruction; see separate submission for their positions and arguments.*** | 34 |
| 30 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No 6.9 (2022 ed.) [Credibility of Witnesses] | 35 |
| 31 | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No 6.10 (2022 ed.) [Activities Not Charged] | 37 |
| 32 | Separate Consideration of Multiple Counts | Ninth Circuit Model Criminal Jury Instructions, No 6.11 (2022 ed.) [Separate Consideration of Multiple Counts] | 38 |
| 33 | On or About Defined | Ninth Circuit Model Criminal Jury Instructions, No 6.18 (2022 ed.) [On or About Defined] | 39 |
| ***34*** | ***Willful Failure to Pay Tax (26 U.S.C. § 7203)*** | ***The parties dispute this instruction; see separate submission for their positions and arguments.*** | 40 |

| | | | |
|---|---|---|---|
| **_35_** | **_Willful Failure to File Tax Return (26 U.S.C. § 7203)_** | **_The parties dispute this instruction; see separate submission for their positions and arguments._** | 41 |
| **_36_** | **_Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)_** | **_The parties dispute this instruction; see separate submission for their positions and arguments._** | 42 |
| 37 | Government Not Required to Prove Precise Amount of Tax Due and Owing | United States v. Marashi, 913 F.2d 724, 735 (9th Cir. 1990) | 44 |
| **_38_** | **_Filing False Tax Return (26 U.S.C. § 7206(1))]_** | **_The parties dispute this instruction; see separate submission for their positions and arguments._** | 45 |
| **_39_** | **_Willfully—Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207)_** | **_The parties dispute this instruction; see separate submission for their positions and arguments._** | 46 |
| 40 | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No 6.19 (2022 ed.) [Duty to Deliberate] | 47 |
| 41 | Consideration of Evidence – Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No 6.20 (2022 ed.) [Consideration of Evidence – Conduct of the Jury] | 49 |
| 42 | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No 6.21 (2022 ed.) [Use of Notes] | 51 |
| 43 | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No 6.22 (2022 ed.) [Jury Consideration of Punishment] | 52 |
| 44 | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No 6.23 (2022 ed.) [Verdict Form] | 53 |
| 45 | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No 6.24 (2022 ed.) [Communication with Court] | 54 |
| 46 | Post-Discharge Instruction | Ninth Circuit Model Criminal Jury Instructions, No 6.31 (2022 ed.) [Post-Discharge Instruction] | 55 |

| 47 | Venue | Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18; 26 U.S.C. § 6091(b)(1)(A)(i). | 56 |

# I.    PRELIMINARY INSTRUCTIONS

## JOINT PROPOSED INSTRUCTION NO. 1

### Duty of Jury

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) [Duty of Jury]

## JOINT PROPOSED INSTRUCTION NO. 2

### Presumption of Innocence

This is a criminal case brought by the United States government. The government charges the defendant with willfully failing to pay at least $1.4 million in federal taxes he owed for tax years 2016–2019 in violation of 26 U.S.C. § 7203, willfully failing to file tax returns for tax years 2017 and 2018 in violation of 26 U.S.C. § 7203, tax evasion for tax year 2018 in violation of 26 U.S.C. § 7201, and filing false and fraudulent tax forms for tax year 2018 in violation of 26 U.S.C § 7206.  The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.2 (2022 ed.) [Presumption of Innocence]

2

1

**JOINT PROPOSED INSTRUCTION NO. 3**

2

**What Is Evidence**

3

The evidence you are to consider in deciding what the facts are consists of:

4

(1) the sworn testimony of any witness;

5

(2) the exhibits which are received in evidence; and

6

(3) any facts to which the parties agree.

7

8

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.3 (2022 ed.) [What is

9

Evidence]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1

**JOINT PROPOSED INSTRUCTION NO. 4**

2

**What Is Not Evidence**

3       The following things are not evidence, and you must not consider them as evidence

4   in deciding the facts of this case:

5   (1) statements and arguments of the attorneys;

6   (2) questions and objections of the attorneys;

7   (3) testimony that I instruct you to disregard; and

8   (4) anything you may see or hear when the court is not in session even if what you see or

9   hear is done or said by one of the parties or by one of the witnesses.

10

11   <u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.4 (2022 ed.) [What is Not

12   Evidence]

4

## JOINT PROPOSED INSTRUCTION NO. 5
### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.5 (2022 ed.) [Direct and Circumstantial Evidence]

5

## JOINT PROPOSED INSTRUCTION NO. 6
### Ruling on Objections

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.6 (2022 ed.) [Ruling on Objections]

6

## JOINT PROPOSED INSTRUCTION NO. 7

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about

7

something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.7 (2022 ed.) [Credibility of Witnesses]

**JOINT PROPOSED INSTRUCTION NO. 8**

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

9

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

10

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.8 (2022 ed.) [Conduct of the Jury]

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT PROPOSED INSTRUCTION NO. 9**

**No Transcript Available to Jury**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.9 (2022 ed.) [No Transcript Available to Jury]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED INSTRUCTION NO. 10**

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.10 (2022 ed.) [Taking Notes]

13

# JOINT PROPOSED INSTRUCTION NO. 11

## Outline of Trial

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.11 (2022 ed.) [Outline of Trial]

14

## JOINT PROPOSED INSTRUCTION NO. 12

### Questions to Witnesses by Jurors

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.12 (2022 ed.) [Questions to Witnesses by Jurors]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT PROPOSED INSTRUCTION NO. 13

### Bench Conferences and Recesses

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.16 (2022 ed.) [Bench Conferences and Recesses]

16

## II.    **INSTRUCTIONS DURING THE TRIAL**

### **JOINT PROPOSED INSTRUCTION NO. 14**
### **Cautionary Instruction**

*At the End of Each Day of the Case*:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

*At the Beginning of Each Day of the Case*:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (*in open court*): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (*during voir dire with each juror, individually*): Have you

17

learned about or shared any information about this case outside of this courtroom? . . .
Thank you for your careful adherence to my instructions.]

Source: Ninth Circuit Model Criminal Jury Instructions, No 2.1 (2022 ed.) [Cautionary
Instructions]

**JOINT PROPOSED INSTRUCTION NO. 15**

**Stipulations of Fact**

[IF APPLICABLE]

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

Source: Ninth Circuit Model Criminal Jury Instructions, No 2.3 (2022 ed.) [Stipulations of Facts]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED INSTRUCTION NO. 16

### Statements by Defendant

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.1 (2022 ed.) [Statements by Defendant or Codefendant]

20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED INSTRUCTION NO. 17**

**Impeachment Evidence—Witness**

[IF APPLICABLE]

You have heard evidence that [_name of witness_], a witness, [_specify basis for impeachment_].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.8 (2022 ed.) [Impeachment Evidence - Witness]

21

1

**JOINT PROPOSED INSTRUCTION NO. 18**

2

**Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits,**

3

**Accomplice, Plea**

4

You have heard testimony from [*name of witness*], a witness who

5

6

[received immunity. That testimony was given in exchange for a promise

7

by the government that [the witness will not be prosecuted] [the testimony

8

will not be used in any case against the witness]];

9

10

[[admitted being] [was alleged to be] an accomplice to the crime charged.

11

An accomplice is one who voluntarily and intentionally joins with

12

another person in committing a crime];

13

14

For [this] [these] reason[s], in evaluating the testimony of [*name of witness*], you

15

should consider the extent to which or whether [his] [her] testimony may have been

16

influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony

17

of [*name of witness*] with greater caution than that of other witnesses.

18

19

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.9 (2022 ed.) [Testimony of

20

Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea]

21

22

23

24

25

26

27

28

22

## JOINT PROPOSED INSTRUCTION NO. 19

### Opinion Evidence, Expert Witness

You [have heard] [are about to hear] testimony from [_name_] who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.14 (2022 ed.) [Opinion Evidence, Expert Witness]

23

**JOINT PROPOSED INSTRUCTION NO. 20**

**Charts and Summaries Not Admitted into Evidence**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.16 (2022 ed.) [Charts and Summaries Not Admitted into Evidence]

24

## JOINT PROPOSED INSTRUCTION NO. 21

### Charts and Summaries Admitted into Evidence

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 3.17 (2022 ed.) [Charts and Summaries Admitted into Evidence]

25

### III.    INSTRUCTIONS AT END OF CASE

### JOINT PROPOSED INSTRUCTION NO. 22

#### Duty of the Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.1 (2022 ed.) [Duty of Jury to Find Facts and Follow Law]

26

**JOINT PROPOSED INSTRUCTION NO. 23**

**Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.2 (2022 ed.) [Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED INSTRUCTION NO. 24

### Defendant's Decision Not to Testify

[IF APPLICABLE]

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.3 (2022 ed.) [Defendant's Decision Not to Testify]

28

1

**JOINT PROPOSED INSTRUCTION NO. 25**

2

**Defendant's Decision to Testify**

3

[IF APPLICABLE]

4

    The defendant has testified.  You should treat this testimony just as you would the

5

testimony of any other witness.

6

7

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.4 (2022 ed.) [Defendant's

8

Decision to Testify]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

## JOINT PROPOSED INSTRUCTION NO. 26

### Reasonable Doubt – Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.5 (2022 ed.) [Reasonable Doubt - Defined]

30

1

## JOINT PROPOSED INSTRUCTION NO. 27

2

### What Is Evidence

3        The evidence you are to consider in deciding what the facts are consists of:

4        (1) the sworn testimony of any witness;

5        (2) the exhibits received in evidence; and

6        (3) any facts to which the parties have agreed.

7

8    Source: Ninth Circuit Model Criminal Jury Instructions, No 6.6 (2022 ed.) [What is

9    Evidence]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                            31

**JOINT PROPOSED INSTRUCTION NO. 28**

**What Is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.7 (2022 ed.) [What is Not Evidence]

32

1

2

**JOINT PROPOSED INSTRUCTION NO. 29**

**Direct and Circumstantial Evidence**

3

4

5

6

    Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

7

8

9

10

    You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

11

12

13

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.8 (2022 ed.) [Direct and Circumstantial Evidence]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

33

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED INSTRUCTION NO. 29.1**

**Diminished Capacity**

[***The parties disagree as to the language of this instruction; see Exhibit 1***]

## JOINT PROPOSED INSTRUCTION NO. 30

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.

Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the

35

other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.9 (2022 ed.) [Credibility of Witnesses]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### JOINT PROPOSED INSTRUCTION NO. 31

**Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.


Source: Ninth Circuit Model Criminal Jury Instructions, No 6.10 (2022 ed.) [Activities Not Charged].

37

1

2

**JOINT PROPOSED INSTRUCTION NO. 32**

**Separate Consideration of Multiple Counts**

3

4

5

A separate crime is charged against the defendant in each count. You must decide
each count separately. Your verdict on one count should not control your verdict on any
other count.

6

7

8

9

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.11 (2022 ed.) [Separate
Consideration of Multiple Counts]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

38

# JOINT PROPOSED INSTRUCTION NO. 33

## On or About – Defined

The indictment charges that the offenses alleged in counts one through nine were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in counts one through nine of the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.18 (2022 ed.) [On or About Defined]

39

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 34**

**Failure to Pay (26 U.S.C. § 7203)**

[***The parties disagree as to the language of this instruction; see Exhibit 1***]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION NO. 35**

**Willful Failure to File Tax Return (26 U.S.C. § 7203)**

**[*The parties disagree as to the language of this instruction; see Exhibit 1*]**

41

**JOINT PROPOSED INSTRUCTION NO. 36**

**Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)**

[***the parties disagree as to the language of this instruction; see Exhibit 1***]

1

2

**JOINT PROPOSED INSTRUCTION NO. 37**

3

**Government Not Required to Prove Precise Amount of Tax Due and Owing**

4

      Although the government must prove a willful attempt to evade the assessment of

5

income tax with respect to Count Six, the government is not required to prove the precise

6

amount of tax due and owing. However, the government must prove beyond a reasonable

7

doubt that some tax was due and owing.

8

9

<u>Source</u>: *United States v. Marashi*, 913 F.2d 724, 735 (9th Cir. 1990).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

43

## INSTRUCTION NO. 38

### Filing False Tax Return (26 U.S.C. § 7206(1))

[***the parties disagree as to the language of this instruction; see Exhibit 1***]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED INSTRUCTION NO. 39**

**Willfully – Defined**

[***the parties disagree as to the language of this instruction; see Exhibit 1***]

45

# JOINT PROPOSED INSTRUCTION NO. 40

## Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

46

Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.19 (2022 ed.) [Duty to Deliberate]

47

## JOINT PROPOSED INSTRUCTION NO. 41

### Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

48

1

2    <u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.20 (2022 ed.)

3    [Consideration of Evidence – Conduct of the Jury]

49

**JOINT PROPOSED INSTRUCTION NO. 42**

**Use of Notes**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.21 (2022 ed.) [Use of Notes]

50

1

2

## JOINT PROPOSED INSTRUCTION NO. 43

### Jury Consideration of Punishment

The punishment provided by law for these crimes is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.22 (2022 ed.) [Jury Consideration of Punishment]

.

51

**JOINT PROPOSED INSTRUCTION NO. 44**

**Verdict Form**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.23 (2022 ed.) [Verdict Form]

52

**JOINT PROPOSED INSTRUCTION NO. 45**

**Communication with Court**

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me-- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.24 (2022 ed.) [Communication with Court]

**JOINT PROPOSED INSTRUCTION NO. 46**

**Post-Discharge Instruction**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.]

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.31 (2022 ed.) [Post-Discharge Instruction]

54

**JOINT PROPOSED INSTRUCTION NO. 47**

**Venue**

The Indictment alleges that some acts in furtherance of the crimes charged occurred in the Central District of California. There is no requirement that all aspects of the crimes charged take place here in the Central District of California.

Before you may return a verdict of guilty, however, if that is your decision, the government must convince you that some act in furtherance of the crime charged took place in the Central District of California which includes Los Angeles, Ventura, San Luis Obispo, Santa Barbara, Orange, Riverside and San Bernardino counties.

With respect to the failure to file and pay charges in Counts One through Four, venue is proper in the district in which the taxpayer maintained his legal residence at the time that returns had to be filed or the payment of taxes was due. "Legal residence" means the permanent fixed place of abode which one intends to be his residence and to return to despite temporary residences elsewhere, or absences. This does not require that the defendant had an intent to make a permanent home at a particular address, but that he intended for the Central District of California to be where he resided indefinitely. With respect to the remaining Counts - Counts Five through Nine – you need not find that the defendant's legal residence was in this judicial district.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that the defendant legally resided here.

The government, however, must prove all the offense-specific elements of any

55

crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18; 26 U.S.C. § 6091(b)(1)(A)(i); *Vento v. Dir. of V.I. BIR*, 715 F.3d 455, 467 (3d Cir. 2013); *United States v. Taylor*, 828 F.2d 630, 634 (10th Cir. 1987); *United States v. Calhoun*, 566 F.2d 969, 973 (5th Cir. 1978).