# **<u>EXHIBIT 1</u>**

## II.    INDEX OF PARTIES' DISPUTED JURY INSTRUCTIONS

| A | Judicial Notice | Ninth Circuit Model Criminal Jury Instructions, No. 2.4 [Judicial Notice] (defendant) | Gov. N/A | Def. |
|---|---|---|---|---|
| B | Evidence for Limited Purpose | Ninth Circuit Model Criminal Jury Instructions, No 2.12 [Evidence for Limited Purpose] (defendant) | Gov. N/A | Def. |
| 29.1 | Diminished Capacity | <u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.9 [Diminished Capacity] | Gov. 6 | Def. 7 |
| 34 | Willful Failure to Pay Tax (26 U.S.C. § 7203) | Ninth Circuit Model Criminal Jury Instructions, No 22.2 [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)] | Gov. 9 | Def. 11 |
| 35 | Willful Failure to File Tax Return (26 U.S.C. § 7203) | Ninth Circuit Model Criminal Jury Instructions, No 22.2 [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)] | Gov. 26 | Def. 27 |
| 36 | Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201) | Ninth Circuit Model Criminal Jury Instructions, No 22.1 [Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)] (Government) | Gov. 32 | Def. 34 |
| 38 | Filing False Tax Return (26 U.S.C. § 7206(1))] | Ninth Circuit Model Criminal Jury Instructions, No 22.3 [Filing False Tax Return (26 U.S.C. § 7206(1))] | Gov. 37 | Def. 40 |
| 39 | Willfully-Defined | Ninth Circuit Model Criminal Jury Instructions, No 22.6 [Willfully—Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207)] (Government) | Gov. 46 | Def. 47 |
| S | Defense to Willfulness | <u>Source</u>: *United States v. Jurka*, 818 F.2d 1427, 1432 (9th Cir. 1987) (defendant) | Gov. N/A | Def. 49 |
| V | Circumstantial Evidence of Mental State | California State Criminal Instr. 225 (defendant) | Gov. N/A | Def. 51 |

## <u>DEFENDANT ROBERT HUNTER BIDEN'S</u>

## <u>PROPOSED INSTRUCTION NO. A</u>

### Judicial Notice

I have decided to accept as proved the fact that [insert fact noticed], even though no evidence was presented on this point [,] [because this fact is of such common knowledge]. You may accept this fact as true, but you are not required to do so.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 2.4 (2022 ed.) [Judicial Notice]

2

**<u>Government's Position on the Defendant's Instruction A:</u>** The government objects to this instruction as the defendant has identified no evidence of which this Court must take judicial notice.

**<u>Defendant's Position on the Government's Instruction A:</u>** The defendant has not supplied an argument in support of this instruction.

3

## DEFENDANT ROBERT HUNTER BIDEN'S

## PROPOSED INSTRUCTION NO. B

### Evidence for a Limited Purpose

You are about to hear evidence that [describe evidence to be received for limited purpose]. I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Source: Ninth Circuit Model Criminal Jury Instructions, No 2.12 (2022 ed.) [Evidence for a Limited Purpose]

4

**Government's Position on the Defendant's Instruction B:** The government objects to this instruction as the defendant has identified no evidence that will be admitted for a limited purpose.

**Defendant's Position on the Government's Instruction B:** The defendant has supplied no argument in support of the inclusion of this instruction.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 29.1

### Diminished Capacity

Evidence has been admitted that the defendant may have been intoxicated at the time that the crimes charged in Counts One through Three were committed. Intoxication can result from being under the influence of alcohol or drugs or both.

You may consider evidence of the defendant's intoxication in deciding whether the government has proved beyond a reasonable doubt that the defendant acted with the intent required to violate 26 U.S.C. § 7203 in failing to pay 2016 and 2017 Form 1040 taxes (Counts One and Two) and to violate 26 U.S.C. § 7203 in failing to file 2017 Form 1040 (Count Three).

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.9 (2022 ed.) [Diminished Capacity]

**DEFENDANT'S PROPOSED INSTRUCTION NO. 29.1**

**Diminished Capacity**

Evidence has been admitted that the defendant may have been intoxicated at the time that the crimes charged in Counts One through Nine were committed. Intoxication can result from being under the influence of alcohol or drugs or both.

You may consider evidence of the defendant's intoxication in deciding whether the government has proved beyond a reasonable doubt that the defendant acted with the intent required.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.9 (2022 ed.) [Diminished Capacity]

**<u>Government's Position on the Defendant's Instruction 29.1:</u>** The government does not believe that the defendant is entitled to have the jury instructed as to his diminished capacity due to addiction for each count as the evidence will show—and the defendant has not suggested otherwise—that he became sober in the spring of 2019 and therefore at the time of the commission of the offenses in Counts 4 through 9, there is no evidence of his intoxication for the jury to consider.

**<u>Defendant's Position on the Government's Instruction 29.1:</u>** The Special Counsel cites this Third Circuit instruction in the Delaware proceeding, and Mr. Biden opposes it there because it is improper to single out the testimony of the defendant and other witnesses through a jury instruction. Jurors will know that intoxication may impact the reliability of a person's memory and that can be explored by counsel in questioning the witness. Here, instead, a clarifying jury instruction is needed on the legal concept of diminished capacity and how it relates to the government's burden of proving intent.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 34

### Failure to Pay (26 U.S.C. § 7203)

The defendant is charged in Counts One, Two, Four and Nine of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

As to Count One,

First, the defendant owed taxes for the calendar year ending December 31, 2016,

Second, the defendant failed to pay by April 18, 2017, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay first became willful on or about June 12, 2020.

As to Count Two,

First, the defendant owed taxes for the calendar year ending December 31, 2017,

Second, the defendant failed to pay by April 17, 2018, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 17, 2018, or was willful on or about February 19, 2020.

As to Count Four,

First, the defendant owed taxes for the calendar year ending December 31, 2018

Second, the defendant failed to pay by April 15, 2019, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 15, 2019, or was willful on or about February 19, 2020.

As to Count Nine,

First, the defendant owed taxes for the calendar year ending December 31, 2019;

Second, the defendant failed to pay by June 15, 2020, as required by Title 26 of the United States Code; and

9

Third, in failing to pay by June 15, 2020, the defendant acted willfully.

In Counts 2 and 4, the willful failure to pay is alleged to have occurred on at least one of two dates.  In order to convict on these counts you must unanimously agree on one of the dates.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)].

**THE DEFENDANT'S PROPOSED INSTRUCTIONS TO REPLACE NO. 34**

## DEFENDANT ROBERT HUNTER BIDEN'S
## PROPOSED INSTRUCTION NO. D

### Failure to Pay – Count One (26 U.S.C. § 7203)

The defendant is charged in Count One of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed taxes for the calendar year ending December 31, 2016;

Second, the defendant failed to pay by April 18, 2017, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay first became willful on or about June 12, 2020, that is, he knew that he was required by law to pay an income tax return and intentionally failed to do so.[1]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS]

---

[1] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>DEFENDANT ROBERT HUNTER BIDEN'S</u>**

**<u>PROPOSED INSTRUCTION NO. E</u>**

**Venue – Count One**

The Defendant has the right to be tried in the judicial district where the alleged crime took place.  Even if you conclude beyond a reasonable doubt that a defendant committed the crime charged, you may not convict the defendant unless you conclude the crime occurred in this judicial district.  You may hear this requirement of being tried in the judicial district in which the trial occurred referred to as venue.  The geographical reach of this judicial district includes Los Angeles, Ventura, San Luis Obispo, Santa Barbara, Orange, Riverside and San Bernardino counties. With respect to the failure to pay claim in Count One, venue is proper in the district in which the taxpayer maintained his legal residence at the time payment of taxes was due.

"Legal residence" means the permanent fixed place of the abode which one intends to be his residence and to return to despite temporary residences elsewhere, or absences.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18;

26 U.S.C. § 6091(b)(1)(A)(i).

## **DEFENDANT ROBERT HUNTER BIDEN'S**

## **PROPOSED INSTRUCTION NO. F**

### **Failure to Pay – Count Two (26 U.S.C. § 7203)**

The defendant is charged in Count Two of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed taxes for the calendar year ending December 31, 2017;

Second, the defendant failed to pay by April 17, 2018, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 17, 2018, or was willful on or about February 19, 2020, that is, he knew that he was required by law to pay an income tax return and intentionally failed to do so.[2]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS]

---

[2] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

13

1

2

**DEFENDANT ROBERT HUNTER BIDEN'S**

**PROPOSED INSTRUCTION NO. G**

3

**Venue – Count Two**

4

The Defendant has the right to be tried in the judicial district where the alleged

5

crime took place.  Even if you conclude beyond a reasonable doubt that a defendant

6

committed the crime charged, you may not convict the defendant unless you conclude

7

the crime occurred in this judicial district.  You may hear this requirement of being tried

8

in the judicial district in which the trial occurred referred to as venue.  The geographical

9

reach of this judicial district includes Los Angeles, Ventura, San Luis Obispo, Santa

10

Barbara, Orange, Riverside and San Bernardino counties.

11

With respect to the failure to pay claim in Count Two, venue is proper in the

12

district in which the taxpayer maintained his legal residence at the time payment of

13

taxes was due.

14

"Legal residence" means the permanent fixed place of the abode which one

15

intends to be his residence and to return to despite temporary residences elsewhere, or

16

absences.

17

Unlike all the specific elements of the crimes charged that I have described

18

elsewhere in these instructions, this fact regarding venue need only be proven by a

19

preponderance of the evidence. This means the government need only convince you that

20

it is more likely than not that some act in furtherance of the crime charged took place

21

here.

22

The government, however, must prove all the offense-specific elements of any

23

crime charged, as I have described elsewhere in these instructions, beyond a reasonable

24

doubt. The lesser standard of preponderance of the evidence only applies to your

25

decision on the issue of venue.

26

27

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue];

28

14

Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18;
26 U.S.C. § 6091(b)(1)(A)(i).

## DEFENDANT ROBERT HUNTER BIDEN'S
## PROPOSED INSTRUCTION NO. H
### Specific Issue Unanimity – Count Two[3]

The defendant is charged with willfully failing to pay income taxes due on April 17, 2018 and February 18, 2020 for the same tax year in Count Two.

The government has presented evidence of more than one act to prove that the defendant committed these offenses. You must not find the defendant guilty unless you all agree that the government has proved that the defendant committed at least one of these acts on one specific occasion and you all agree on which act he committed. You may not convict the defendant if you are unanimous that the defendant committed the offense, but are not unanimous about the date the defendant's willful violation occurred. To convict, you must be unanimous that the defendant committed the same offense at the same time.

In the jury room you will have a verdict slip on which to record your verdict. Your foreperson will mark the verdict slip to indicate either that you have unanimously found the defendant not guilty, or that you have unanimously found the defendant guilty based on at least one of the acts included in Count Two.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.27 (2022 ed.), Comment [Specific Issue Unanimity]; *United States v. Garcia-Rivera*, 353 F. 3d 788, 792 (9th Cir. 2003)

---

[3] In the Court's Order on Defendant's motion to dismiss Counts 2, 4, and 6 of the indictment in part for duplicity, the Court agreed that "Defendant's concerns regarding the possibility of a jury unanimity issue are reasonable." (DE 67 at 75.) The Court established that "Defendant's fear that a jury verdict may lack unanimity as to the conduct underlying a conviction can be quelled by the administration of an appropriate jury instruction." (*Id*.) The government has also indicated that the risk of a conviction despite a lack of unanimity is possible for Counts 2, 4 and 6 and "could potentially require that the court administer a specific unanimity instruction." (DE 39 at 3.) Mr. Biden thus proposes this instruction for the Court's approval.

1
2
3
4

## DEFENDANT ROBERT HUNTER BIDEN'S

## PROPOSED INSTRUCTION NO. I

### Failure to Pay – Count Four (26 U.S.C. § 7203)

5
6
7
8

The defendant is charged in Count Four of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

9
10
11

First, the defendant owed taxes for the calendar year ending December 31, 2018;
Second, the defendant failed to pay by April 15, 2019, as required by Title 26 of the United States Code; and

12
13
14

Third, the defendant's failure to pay was willful on April 15, 2019, or was willful on or about February 19, 2020, that is, he knew that he was required by law to pay an income tax return and intentionally failed to do so.[4]

15

16
17
18
19

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN— ELEMENTS]

20
21
22
23
24
25

26
27

[4] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

28

17

1

2

## **<u>DEFENDANT ROBERT HUNTER BIDEN'S</u>**

## **<u>PROPOSED INSTRUCTION NO. J</u>**

3

### **Venue – Count Four**

4      The Defendant has the right to be tried in the judicial district where the alleged

5    crime took place.  Even if you conclude beyond a reasonable doubt that a defendant

6    committed the crime charged, you may not convict the defendant unless you conclude

7    the crime occurred in this judicial district.  You may hear this requirement of being tried

8    in the judicial district in which the trial occurred referred to as venue.  The geographical

9    reach of this judicial district includes Los Angeles, Ventura, San Luis Obispo, Santa

10    Barbara, Orange, Riverside and San Bernardino counties.

11      With respect to the failure to pay claim in Count Four, venue is proper in the

12    district in which the taxpayer maintained his legal residence at the time payment of

13    taxes was due.

14      "Legal residence" means the permanent fixed place of the abode which one

15    intends to be his residence and to return to despite temporary residences elsewhere, or

16    absences.

17      Unlike all the specific elements of the crimes charged that I have described

18    elsewhere in these instructions, this fact regarding venue need only be proven by a

19    preponderance of the evidence. This means the government need only convince you that

20    it is more likely than not that some act in furtherance of the crime charged took place

21    here.

22      The government, however, must prove all the offense-specific elements of any

23    crime charged, as I have described elsewhere in these instructions, beyond a reasonable

24    doubt. The lesser standard of preponderance of the evidence only applies to your

25    decision on the issue of venue.

26

27    <u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue];

28                                                             18

Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18;
26 U.S.C. § 6091(b)(1)(A)(i).

## **DEFENDANT ROBERT HUNTER BIDEN'S**

## **PROPOSED INSTRUCTION NO. K**

### Specific Issue Unanimity – Count Four[5]

The defendant is also charged with willfully failing to pay income taxes due on April 15, 2019 and February 18, 2020 for the same tax year in Count Four.

The government has presented evidence of more than one act to prove that the defendant committed these offenses. You must not find the defendant guilty unless you all agree that the government has proved that the defendant committed at least one of these acts on one specific occasion <u>and you all agree on which act he committed</u>. You may not convict the defendant if you are unanimous that the defendant committed the offense, but are not unanimous about the date the defendant's willful violation occurred. To convict, you must be unanimous that the defendant committed the same offense at the same time.

In the jury room you will have a verdict slip on which to record your verdict. Your foreperson will mark the verdict slip to indicate either that you have unanimously found the defendant not guilty, or that you have unanimously found the defendant guilty based on at least one of the acts included in Count Four.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.27 (2022 ed.), Comment [Specific Issue Unanimity]; *United States v. Garcia-Rivera*, 353 F. 3d 788, 792 (9th Cir. 2003)

---

[5] In the Court's Order on Defendant's motion to dismiss Counts 2, 4, and 6 of the indictment in part for duplicity, the Court agreed that "Defendant's concerns regarding the possibility of a jury unanimity issue are reasonable." (DE 67 at 75.) The Court established that "Defendant's fear that a jury verdict may lack unanimity as to the conduct underlying a conviction can be quelled by the administration of an appropriate jury instruction." (*Id.*) The government has also indicated that the risk of a conviction despite a lack of unanimity is possible for Counts 2, 4 and 6 and "could potentially require that the court administer a specific unanimity instruction." (DE 39 at 3.) Mr. Biden thus proposes this instruction for the Court's approval.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANT ROBERT HUNTER BIDEN'S

## PROPOSED INSTRUCTION NO. L

### Failure to Pay – Count Nine (26 U.S.C. § 7203)

The defendant is charged in Count Nine of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed taxes for the calendar year ending December 31, 2018,

Second, the defendant failed to pay by April 15, 2019, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 15, 2019, or was willful on or about February 19, 2020, that is, he knew that he was required by law to pay an income tax return and intentionally failed to do so.[6]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS]

---

[6] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

21

**Government's Position on Defendant's Proposed Instructions 34**:[7] The defendant's proposed instructions are repetitive and the government therefore objects. The government objects to the defendant's proposal to separate the § 7203 (failure to pay) instructions (Nos. 34) for each of Counts 1, 2, 4, and 9, because the Court should instruct on each statute once, explaining that it applies to several counts. The government also objects to the defendant's proposal to include a willfulness instruction in each count, because the parties have already agreed to a standalone instruction on willfulness (No. 39: Willfully – Defined), and that definition is consistent with the Ninth Circuit model jury instructions. There is no reason for the Court to adopt defendant's proposal to repeat the willfulness instruction using the Seventh Circuit's caselaw and model instructions. The government objects to the defendant's proposal to add additional instructions on venue because the defense already agreed to the government's proposed venue instruction (No. 47: Venue).

**Defendant's Position on Government's Instruction 34**: Mr. Biden opposes this instruction because it combines Counts One, Two, Four and Nine and is therefore likely to confuse the jury. Failing to modify this instruction would risk violating Mr. Biden's Fifth and Sixth Amendment rights by causing the jury confusion or to misapprehend the law. Mr. Biden therefore proposes a separate instruction for each of Counts One, Two, Four and Nine. Mr. Biden has provided alternate proposed instructions regarding Counts One, Two, Four, and Nine in Def.'s Proposed Jury Instructions D through L.

---

[7] See Ex. 2 for a redline comparison of the substantive differences between the parties' proposed instructions.

22

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 35

### Willful Failure to File Tax Return (26 U.S.C. § 7203)

The defendant is charged in Counts Three and Five of the Indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

As to Count Three,

First, the defendant was required to file a return for the calendar year ending December 31, 2017;

Second, the defendant failed to file an income tax return by October 15, 2018, as required by Title 26 of the United States Code; and,

Third, in failing to do so, the defendant acted willfully.

As to Count Five,

First, the defendant was required to file a return for the calendar year ending December 31, 2018;

Second, the defendant failed to file an income tax return by October 15, 2019, as required by Title 26 of the United States Code; and,

Third, in failing to do so, the defendant acted willfully.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]

23

## **DEFENDANT'S PROPOSED INSTRUCTIONS 35:**
## **DEFENDANT ROBERT HUNTER BIDEN'S**
## **PROPOSED INSTRUCTION NO. M**

### **Failure to File Tax Return – Count Three (26 U.S.C. § 7203)**

The defendant is charged in Count Three of the Indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was required to file a return for the calendar year ending December 31, 2017;

Second, the defendant failed to file an income tax return by October 15, 2018, as required by Title 26 of the United States Code; and,

Third, in failing to do so, the defendant acted willfully, that is, he knew that he was required by law to file an income tax return and intentionally failed to do so.[8]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN— ELEMENTS]

---

[8] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>DEFENDANT ROBERT HUNTER BIDEN'S</u>**

## **<u>PROPOSED INSTRUCTION NO. N</u>**

### **Venue – Count Three**

The Defendant has the right to be tried in the judicial district where the alleged crime took place. Even if you conclude beyond a reasonable doubt that a defendant committed the crime charged, you may not convict the defendant unless you conclude the crime occurred in this judicial district. You may hear this requirement of being tried in the judicial district in which the trial occurred referred to as venue. The geographical reach of this judicial district includes Los Angeles, Ventura, San Luis Obispo, Santa Barbara, Orange, Riverside and San Bernardino counties.

With respect to the failure to file claim in Count Three, venue is proper in the district in which the taxpayer maintained his legal residence because that is the district in which he was required to file his taxes. "Legal residence" means the permanent fixed place of the abode which one intends to be his residence and to return to despite temporary residences elsewhere, or absences.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; CTM §§ 10.05[7], 10.06[5] (2024); 26 U.S.C. § 6091(b)(1)(A)(i); *United States v. Hicks*, 947

25

F.2d 1356, 1361 (9th Cir. 1991).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT ROBERT HUNTER BIDEN'S**

**PROPOSED INSTRUCTION NO. O**

**Failure to File Tax Return – Count Five (26 U.S.C. § 7203)**

The defendant is charged in Count Five of the Indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was required to file a return for the calendar year ending December 31, 2018;

Second, the defendant failed to file an income tax return by October 15, 2019, as required by Title 26 of the United States Code; and,

Third, in failing to do so, the defendant acted willfully, that is, he knew that he was required by law to file an income tax return and intentionally failed to do so.[9]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7203 FAILURE TO FILE TAX RETURN—ELEMENTS]

---

[9] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

27

**<u>Government's Position on Defendant's Proposed Instructions 35</u>**:[10] The defendant's proposed instructions are repetitive and the government therefore objects. The government objects to the defendant's proposal to separate the § 7203 (failure to file) instructions (Nos. 34) for each of Counts 3 and 5, because the Court should instruct on each statute once, explaining that it applies to several counts. The government also objects to the defendant's proposal to include a willfulness instruction in each count, because the parties have already agreed to a standalone instruction on willfulness (No. 39: Willfully – Defined), and that definition is consistent with the Ninth Circuit model jury instructions. There is no reason for the Court to adopt defendant's proposal to repeat the willfulness instruction using the Seventh Circuit's caselaw and model instructions. The government objects to the defendant's proposal to add additional instructions on venue because the defense already agreed to the government's proposed venue instruction (No. 47: Venue).

**<u>Defendant's Position on Government's Instruction 35</u>**: Mr. Biden opposes this instruction because it combines Counts Three and Five and is therefore likely to confuse the jury. Failing to modify this instruction would risk violating Mr. Biden's Fifth and Sixth Amendment rights by causing the jury confusion or to misapprehend the law. Mr. Biden therefore proposes a separate instruction for each of Counts Three and Five which have been provided in DEF Proposed Instructions M through O. Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

---

[10] See Ex. 2 for a redline comparison of the substantive differences between the parties' proposed instructions.

28

1
2

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 36[11]**

**Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)**

3        The defendant is charged in Count Six of the indictment with evasion of assessment
4  for 2018 in violation of Section 7201 of Title 26 of the United States Code.  For the
5  defendant to be found guilty of that charge, the government must prove each of the
6  following elements beyond a reasonable doubt:

7        First, the defendant owed more federal income tax for the calendar year 2018 than
8  was declared due on the defendant's income tax return for that calendar year;

9        Second, the defendant knew that more federal income tax was owed than was
10 declared due on the defendant's income tax return;

11        Third, the defendant made an affirmative attempt to evade or defeat such additional
12 tax, including at least one of the following affirmative acts:

13    a.    Preparing and causing to be prepared, and signing and causing to be signed, a
14          false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was
15          submitted to the Internal Revenue Service;

16

17    b.    Using, and causing to be used, Owasco, PC funds to pay for personal expenses
18          and later deducting, and causing to be deducted, these same personal expenses
19          as corporate expenses on the Owasco, PC tax return on Form 1120;

20

21    c.    Claiming personal expenses, paid with personal funds, were business expenses
22          of Owasco, PC and deducting and causing to be deducted, these same personal
23          expenses as corporate expenses on the Owasco, PC tax return on Form 1120;
24          and

25

26

27  [11] See Ex. 2 for a redline comparison of the substantive differences between the parties'
     proposed instructions.

28                                          29

d.    Paying, and causing to be paid, by Owasco, PC certain salary and healthcare benefit expenses of individuals who performed no work on behalf of Owasco, PC while on payroll, and deducting and causing to be deducted, these same expenses as corporate expenses on the Owasco, PC tax return on Form 1120.

Fourth, in attempting to evade or defeat such additional tax, the defendant acted willfully.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.1 (2022 ed.) [Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)]

1
2

## DEFENDANT ROBERT HUNTER BIDEN'S
## PROPOSED INSTRUCTION NO. 36D

3

### Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)

4

5

6

7

The defendant is charged in Count Six of the indictment with evasion of assessment for 2018 in violation of Section 7201 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

8

9

First, the defendant owed more federal income tax for the calendar year 2018 than was declared due on the defendant's income tax return for that calendar year;

10

11

Second, the defendant knew that more federal income tax was owed than was declared due on the defendant's income tax return;

12

13

14

15

16

Third, the defendant did some affirmative act to evade or defeat such additional tax; any conduct that is likely to have a misleading or concealing effect can constitute an affirmative act. A lawful act can serve as an affirmative act if it is done with the intent to evade income tax. The mere failure to file a tax return is not an affirmative act.

17

18

19

20

21

22

23

Fourth, in attempting to evade or defeat such additional tax, the defendant acted willfully, that is, the law imposed a duty on the defendant, the defendant knew of that duty, and the defendant voluntarily and intentionally violated that duty. The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew the law prohibited, that is to say, with intent either to disobey or to disregard the law.

24

25

26

27

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.1 (2022 ed.) [Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)]; Seventh Circuit Pattern Jury Instructions (2023 edition) [26 U.S.C. § 7201 ATTEMPT TO EVADE OR DEFEAT

28

31

TAX—ELEMENTS]; Fifth Circuit Pattern Jury Instructions (2019 edition) [2.103 TAX
EVASION 26 U.S.C. § 7201].

**Government's Position on Defendant's Proposed Instructions 36**: The government objects to the defendant's proposed alternative §7201 (attempt to evade or defeat tax) instructions (No. 36) for Count 6 because the Ninth Circuit model instruction, as proposed by the government, reflects the state of the law in this circuit and the defendant's rationale for departing from it is unconvincing. Specifically, it is the government's understanding that the indictment will not be provided to the jury. *See* ECF 34 ("Defendant submits that the motion 'is not necessary' '[i]f the Court's practice is not to read an entire Indictment to or provide a copy of the Indictment to the petit jury.' (Mot. 1 n.1.) That is the Court's general practice, and the Court perceives no reason to depart from it here."). If the specific allegations are not contained in the Court's instructions to the jury, the jury will have no way of knowing what it must find in order to conclude if this element of the offense has been proven beyond a reasonable doubt or not. The "language offered by the government" is not confusing nor does it erroneously suggest to the jury that affirmative acts occurred. The model proposed by the government is not prejudicial nor does it inappropriately comment on the evidence in violation of the defendant's Fifth and Sixth Amendment rights.

**Defendant's Position on Government's Proposed Instructions 36**: Biden removed the specific affirmative acts from the government's proposed instructions and included instead a definition of affirmative acts based on those used in other circuits (such as the Fifth and Seventh Circuits), which clarifies the meaning of that phrase. The specific language offered by the government is confusing and erroneously suggests to the jury that some or all of these affirmative acts occurred. The language is prejudicial to the extent it emphasizes one theory, issue, or side of the case and inappropriately comments on the evidence. Failing to remove these "examples" of affirmative acts would risk violating Mr. Biden's Fifth and Sixth Amendment rights by causing the jury confusion or to misapprehend the law. Mr. Biden believes that adding clarification re willfulness in each

33

tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 38
### Filing False Tax Return (26 U.S.C. § 7206(1))

The defendant is charged in Counts Seven and Eight of the indictment with filing a false and fraudulent tax return in violation of Section 7206(1) of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

As to Count Seven,

First, the defendant signed and filed a tax return for the year 2018, specifically U.S. Individual Tax return for 2018, on Internal Revenue Service Form 1040, that he knew contained false information as to a material matter, specifically, that Form 1040 reported on line 6 total income in the amount of $2,187,286, whereas, as Defendant knew, his income was greater because he had claimed false business deductions on Owasco, PC's Form 1120 that were in fact additional income to him.;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

As to Count Eight,

35

First, the defendant signed and filed a tax return for the year 2018, specifically a U.S. Corporate Income Tax Return, on Internal Revenue Service Form 1120, that he knew contained false information as to a material matter, specifically, the 2018 Form 1120 contained false information on:

a.     line 26 and in Statement 3 in the return and elsewhere including but not limited to the following:

i.     Claiming false "Travel, Transportation and Other" deductions including, but not limited to, luxury vehicle rentals, house rentals for his then-girlfriend, hotel expenses, and New York City apartment rent for his daughter;

ii.     Claiming false "Office and Miscellaneous" deductions, including, but not limited to, the purchase of luxury clothing, payments to escorts and dancers, and payments for his daughter's college advising services;

iii.     Claiming false "Legal Professional and Consulting" deductions, including, but not limited to, payment of his daughter's law school tuition and his personal life insurance policy;

iv.     Claiming false deductions for payments from Owasco, PC's account to pay off the business line of credit, specifically by allocating 80 percent to "Travel Transportation and Other" and 20 percent to "Meals," when in truth and in fact most of the business line of credit expenses were personal, including to a website providing pornographic content, payments at a strip club, and additional rent payments for his daughter; and

36

v.     Claiming false deductions for payments from Owasco, PC's account to JP Morgan Chase, specifically that these were for "consulting," when in truth and in fact, these transfers included payments to various women who were either romantically involved with or otherwise performing personal services for the Defendant, including a $10,000 payment for the Defendant's membership in a sex club.

b.     on line 13, specifically, claiming false payroll deductions, including, deductions for "wages" paid to women with whom he had personal relationships including a woman who was then pregnant with his child.

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))]

37

## DEFENDANT'S PROPOSED INSTRUCTIONS TO REPLACE
## GOVERNMENT'S PROPOSED INSTRUCTION 38:

### <u>PROPOSED INSTRUCTION NO. Q</u>
### Filing False Tax Return (26 U.S.C. § 7206(1)) – Count Seven

The defendant is charged in Count Seven of the indictment with filing a false and fraudulent tax return in violation of Section 7206(1) of Title 26 of the United States Code.

For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant signed and filed a tax return for the year 2018, specifically U.S. Individual Tax return for 2018, on Internal Revenue Service Form 1040, that he knew contained false information as to a material matter;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully, that is, with intent to violate a known legal duty. [12]

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service. The government is not required to prove that all of the items alleged contained false information as to a material matter. However, each of you must agree with each of the other jurors that the same item is materially false. Unless you unanimously agree that the government has

---

[12] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

proved the same item was materially false beyond a reasonable doubt, you must find the defendant not guilty.[13]

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))]; Third Circuit Model Criminal Jury Instructions, § 6.26.7206-5 False Income Tax Return - Unanimity as to Falsity; Fifth Circuit Pattern Jury Instructions (2019 edition) [2.104A FALSE STATEMENTS ON INCOME TAX RETURN 26 U.S.C. § 7206(1)].

---

[13] Mr. Biden believes an additional clarifying instruction on the requirement for unanimity amongst the jury here is vital as the government will allege many "materially false" acts in its case-in-chief.

**<u>DEFENDANT ROBERT HUNTER BIDEN'S</u>**

**<u>PROPOSED INSTRUCTION NO. R</u>**

**Filing False Tax Return (26 U.S.C. § 7206(1)) – Count Eight**

The defendant is charged in Count Eight of the indictment with filing a false and fraudulent tax return in violation of Section 7206(1) of Title 26 of the United States Code.

For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant signed and filed a tax return for the year 2018, specifically a U.S. Corporate Income Tax Return, on Internal Revenue Service Form 1120, that he knew contained false information as to a material matter;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully that is, with intent to violate a known legal duty. [14]

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service. The government is not required to prove that all of the items alleged contained false information as to a material matter. However, each of you must agree with each of the other jurors that the same item is materially false. Unless you unanimously agree that the government has proved the same item was materially false beyond a reasonable doubt, you must find the defendant not guilty. [15]

---

[14] Mr. Biden believes that adding clarification re willfulness in each tax charge related instruction is useful for the jury since the longer "Willfully-Defined" instruction No. 39 will not be read after each tax-specific instruction.

[15] Mr. Biden believes an additional clarifying instruction on the requirement for unanimity amongst the jury here is vital as the government will allege many "materially false" acts in its case-in-chief.

40

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))]; Third Circuit Model Criminal Jury Instructions, § 6.26.7206-5 False Income Tax Return - Unanimity as to Falsity; Fifth Circuit Pattern Jury Instructions (2019 edition) [2.104A FALSE STATEMENTS ON INCOME TAX RETURN 26 U.S.C. § 7206(1)].

**Government's Position on Defendant's Proposed Instructions for 38:**[16]  The
government objects to modifying the §7206(1) (filing false return) instruction (No. 38) for
Counts 7 – 8. The government's proposal uses the Ninth Circuit model instruction, which
reflects the state of the law in this Circuit and the defendant provides no compelling reason
to departing from this instruction. The Ninth Circuit model instruction already instructs
the jury as to "materiality" and the defendant's proposed addition would risk confusing
the jury. The government also objects to the defendant's proposed deletions.  It is the
government's understanding that the indictment will not be provided to the jury. *See* ECF
34 ("Defendant submits that the motion 'is not necessary' '[i]f the Court's practice is not
to read an entire Indictment to or provide a copy of the Indictment to the petit jury.' (Mot.
1 n.1.) That is the Court's general practice, and the Court perceives no reason to depart
from it here."). If the specific allegations are not contained in the Court's instructions to
the jury, the jury will have no way of knowing what it must find in order to conclude if
this element of the offense has been proven beyond a reasonable doubt or not.

**Defendant's Position on Government's Proposed Instruction 38**: Mr. Biden opposes
this instruction because it combines Counts Seven and Eight and is therefore likely to
confuse the jury. Mr. Biden also removed the specific acts from the government's
proposed instruction. That language is confusing and erroneously suggests to the jury that
some or all of these specific acts occurred. Failing to remove these "examples" of specific
acts would risk violating Mr. Biden's Fifth and Sixth Amendment rights by causing the
jury confusion or to misapprehend the law. Mr. Biden also opposes the introduction of
extraneous and irrelevant descriptions of "false information" that the government has
included in this instruction. These descriptions are prejudicial, inflammatory,
argumentative, and will mislead the jury by creating a false impression and giving a

---

[16] See Ex. 2 for a redline comparison of the substantive differences between the parties'
proposed instructions.

42

distorted representation of "false information." The language is also prejudicial to the extent it emphasizes one theory, issue, or side of the case and inappropriately comments on the evidence. Mr. Biden has provided alternate proposed instructions regarding Counts Seven and Eight in DEF's Proposed Jury Instructions Q and R.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 39

### Willfully – Defined

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.6 (2022 ed.) [Willfully—Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207)]

44

**DEFENDANT ROBERT HUNTER BIDEN'S**

**PROPOSED INSTRUCTION NO. 39D**

**Willfully – Defined**

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that known legal duty. Defendant's conduct was not willful if he acted through negligence, mistake, accident, or due to a good faith misunderstanding of the requirements of the law.

A good faith belief is one that is honestly and genuinely held. A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Because an essential element of the crimes charged is that defendant acted with a corrupt intent, it follows that good faith on the part of defendant is a complete defense to the charges. The burden of proving good faith does not rest with the defendant because he does not have an obligation to prove anything in this case. It is the government's burden to prove beyond a reasonable doubt that defendant is guilty and did not act with good faith.

Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.6 (2022 ed.) [Willfully— Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207)]; Third Circuit Model Criminal Jury Instructions, § 6.26.7201-4 Tax Evasion - Willfully Defined.

45

**Government's Position on the Defendant's Instruction 39:** The government objects to the repetition of the substantive instructions for each count (defendant's proposed instructions labeled "D," "F," "I," "L," "M," "O," "Q," and "R"). The defendant has offered no compelling reason for the Court to re-read the instruction with respect to each count, or to re-read the definition of willfulness. In addition, the government objects to any definition of "willful" other than the Ninth Circuit's model instruction as it represents the relevant law in this circuit and the defendant's reasons for departing from it are not compelling. The First Circuit case the defendant cites, *United States v. Henry*, 136 F.3d 12, 17 (1st Cir. 1998) does not support the alternative language the defendant proposes here.

**Defendant's Position on the Government's Instruction 39:** The Ninth Circuit's Model Criminal Jury Instruction, § 22.6 identifies and provides some explanation for the concept of "willfulness," but it does not explain the concept fully and in easy to understand terms. The added definition from the Third Circuit provides a more fulsome explanation. A further definition and instruction on "good faith" is required here to clarify that term of art for the jury. *United States v. Henry*, 136 F.3d 12, 17 n.3 (1st Cir. 1998) (affirming a good faith instruction that included in part: "The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. It is the government's burden to prove beyond a reasonable doubt that the defendant is guilty of conspiracy).

46

## <u>DEFENDANT ROBERT HUNTER BIDEN'S</u>

## <u>PROPOSED INSTRUCTION NO. S</u>

### Defense to Willfulness

In a prosecution for a specific intent crime such as the crimes alleged in Counts 1-9, voluntary intoxication of a high degree may constitute a defense to the element of willfulness.

<u>Source</u>: *United States v. Jurka*, 818 F.2d 1427, 1432 (9th Cir. 1987)

**Government's Position Regarding Defendant's Proposed Instruction S:**[1]  The government objects to the defendant's proposed "Defense to Willfulness" instruction (labeled "S") as it is redundant of the Ninth Circuit model instruction §6.9 "Diminished Capacity" instruction (No. 29.1) and to which the government has agreed.

**Defendant's Position Regarding Proposed Instruction V:** The defendant has provided no argument in favor of this instruction.

## DEFENDANT'S PROPOSED INSTRUCTION "NO. V"

### <u>Circumstantial Evidence: Intent or Mental State</u>

The government must prove not only that the defendant did the act[s] charged, but also that he acted with a particular (intent/ [and/or] mental state). The instruction for each crime [and allegation] explains the (intent/ [and/or] mental state) required.

A[n] (intent/ [and/or] mental state) may be proved by circumstantial evidence.

Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the government has proved each fact essential to that conclusion beyond a reasonable doubt.

Also, before you may rely on circumstantial evidence to conclude that the defendant had the required (intent/ [and/or] mental state), you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant had the required (intent/ [and/or] mental state). If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions supports a finding that the defendant did have the required (intent/ [and/or] mental state) and another reasonable conclusion supports a finding that the defendant did not, you must conclude that the required (intent/ [and/or] mental state) was not proved by the circumstantial evidence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

<u>Source</u>: CALCRIM 225

49

1  **Government's Position Regarding Defendant's Proposed Instruction V:** [1] The

2  government objects to the proposed California state court instruction, CALCRIM 225.

3  First, the government will present circumstantial evidence as to other elements of the

4  offense besides intent or mental state and the Comment to the state instruction prohibits

5  the        giving        of        the        instruction        under        such        circumstances.        *See*

6  https://www.justia.com/documents/criminal-law-calcrim.pdf at 55. Second, the Ninth

7  Circuit's model instructions on direct and circumstantial evidence at Nos. 5 (9th Model

8  #1.5) & 29 (9th Model #6.8) should not be contradicted or weakened by a state court

9  instruction which suggests a distinction between direct and circumstantial evidence.

10  Specifically, the proposed state court instruction singles out circumstantial evidence as to

11  intent with an "only reasonable conclusion" statement. Ninth Circuit caselaw is clear that,

12  as reflected in the model instructions, "circumstantial and testimonial evidence are

13  indistinguishable insofar as the jury fact-finding function is concerned, and []

14  circumstantial evidence can be used to prove any fact, including facts from which another

15  fact is to be inferred." *United States v. Kelly*, 527 F.2d 961, 965 (9th Cir. 1976).

16

17  **Defendant's Position Regarding Proposed Instruction V:** The defendant has provided

18  no argument in favor of this state instruction.

19

20

21

22

23

24

25

26

27

28

50