# EXHIBIT 2

**[Note that defendant's additions/deletions to the government's proposed instruction are in redline]**

**COMPARISON OF DEFENDANT'S PROPOSED INSTRUCTION "NO. A"[1]**

**Judicial Notice**

I have decided to accept as proved the fact that [insert fact noticed], even though no evidence was presented on this point [,] [because this fact is of such common knowledge]. You may accept this fact as true, but you are not required to do so.

Source: Ninth Circuit Model Criminal Jury Instructions, No 2.4 (2022 ed.) [Judicial Notice]

---

[1] The government objects to this instruction as the defendant has identified no evidence of which this Court must take judicial notice.

1

**COMPARISON OF DEFENDANT'S PROPOSED INSTRUCTION "NO. B"**[2]

**Evidence for a Limited Purpose**

You are about to hear evidence that [describe evidence to be received for limited purpose]. I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Source: Ninth Circuit Model Criminal Jury Instructions, No 2.12 (2022 ed.) [Evidence for a Limited Purpose]

---

[2] The government objects to this instruction as the defendant has identified no evidence to be admitted for a limited purpose.

2

**COMPARISON OF INSTRUCTION NO. 29.1**

**Diminished Capacity**

Evidence has been admitted that the defendant may have been intoxicated at the time that the crimes charged in Counts One through ~~Three~~ Nine[3] were committed. Intoxication can result from being under the influence of alcohol or drugs or both.

You may consider evidence of the defendant's intoxication in deciding whether the government has proved beyond a reasonable doubt that the defendant acted with the intent required ~~to violate 26 U.S.C. § 7203 in failing to pay 2016 and 2017 Form 1040 taxes (Counts One and Two) and to violate 26 U.S.C. § 7203 in failing to file 2017 Form 1040 (Count Three)~~.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.9 (2022 ed.) [Diminished Capacity]

---

[3] The government does not believe that the defendant is entitled to have the jury instructed as to his diminished capacity due to addiction for each count as the evidence will show—and the defendant has not suggested otherwise—that he became sober in the spring of 2019.

3

**COMPARISON OF INSTRUCTION NO. 34[4]**

**Failure to Pay (26 U.S.C. § 7203)**

The defendant is charged in Count[] of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

~~As to Count [],~~

First, the defendant owed taxes for the calendar year ending [],

Second, the defendant failed to pay by [], as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay first became willful on or about [] [OR in failing to pay by [] the defendant acted willfully]~~.~~ that is, he knew that he was required by law to pay an income tax return and intentionally failed to do so.[5]

~~In Counts 2 and 4, the willful failure to pay is alleged to have occurred on at least one of two dates. In order to convict on these counts you must unanimously agree on one of the dates.~~[6]

---

[4] This substantive instruction pertains to Counts 1, 2, 4, 9.

[5] The government has proposed giving the lengthier Ninth Circuit's model instruction "Willfully – Defined," to which the defendant agrees. The government therefore objects to using—and repeating—a different definition of willfulness here than the one contained in the Ninth Circuit's model instruction.

[6] The defendant proposes to strike this sentence from Instruction 34 and instead proposes his own, separate specific unanimity instruction which the government opposes.

4

**COMPARISON OF INSTRUCTION NO. 35**[7]

**Failure to File (26 U.S.C. § 7203)**

The defendant is charged in Count[] of the Indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

~~As to Count~~ [],

First, the defendant was required to file a return for the calendar year ending [];

Second, the defendant failed to file an income tax return by [], as required by Title 26 of the United States Code; and,

Third, in failing to do so, the defendant acted willfully <ins>that is, he knew that he was required by law to file an income tax return and intentionally failed to do so.</ins>[8]

---

[7] This substantive instruction pertains to Counts 3 and 5.

[8] The government has proposed giving the lengthier Ninth Circuit's model instruction "Willfully – Defined," to which the defendant agrees. The government therefore objects to using—and repeating—a different definition of willfulness here than the one contained in the Ninth Circuit's model instruction.

5

**COMPARISON OF INSTRUCTION NO. 36[9]**

**Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)**

The defendant is charged in Count Six of the indictment with evasion of assessment for 2018 in violation of Section 7201 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed more federal income tax for the calendar year 2018 than was declared due on the defendant's income tax return for that calendar year;

Second, the defendant knew that more federal income tax was owed than was declared due on the defendant's income tax return;

Third, the defendant made an affirmative attempt to evade or defeat such additional tax, ~~including at least one of the following affirmative acts:~~

~~a.   Preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service;~~

~~b.   Using, and causing to be used, Owasco, PC funds to pay for personal expenses and later deducting, and causing to be deducted, these same personal expenses as corporate expenses on the Owasco, PC tax return on Form 1120;~~

~~c.   Claiming personal expenses, paid with personal funds, were business expenses of Owasco, PC and deducting and causing to be deducted, these same personal expenses as corporate expenses on the Owasco, PC tax return on Form 1120; and~~

---

[9] The government's position with respect to this instruction is set forth in Exhibit 1.

1  ~~d.     Paying, and causing to be paid, by Owasco, PC certain salary and healthcare~~
2  ~~benefit expenses of individuals who performed no work on behalf of Owasco,~~
3  ~~PC while on payroll, and deducting and causing to be deducted, these same~~
4  ~~expenses as corporate expenses on the Owasco, PC tax return on Form 1120.~~

<span style="color:red">any conduct that is likely to have a misleading or concealing effect can constitute an affirmative act. A lawful act can serve as an affirmative act if it is done with the intent to evade income tax. The mere failure to file a tax return is not an affirmative act</span>

Fourth, in attempting to evade or defeat such additional tax, the defendant acted willfully <span style="color:red">that is, the law imposed a duty on the defendant, the defendant knew of that duty, and the defendant voluntarily and intentionally violated that duty. The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew the law prohibited, that is to say, with intent either to disobey or to disregard the law.</span>

7

**COMPARISON OF INSTRUCTION NO. 38[10]**

**Filing False Tax Return (26 U.S.C. § 7206(1))**

The defendant is charged in Counts []of the indictment with filing a false and fraudulent tax return in violation of Section 7206(1) of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

~~As to Count Seven,~~

First, the defendant signed and filed a tax return for the year [], specifically U.S. Individual Tax return for 2018, on Internal Revenue Service Form 1040, that he knew contained false information as to a material matter, ~~specifically, that Form 1040 reported on line 6 total income in the amount of $2,187,286, whereas, as Defendant knew, his income was greater because he had claimed false business deductions on Owasco, PC's Form 1120 that were in fact additional income to him~~.;[11]

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

---

[10] This substantive instruction pertains to Counts 7 and 8.

[11] The government objects to the defendant's proposed deletions. It is the government's understanding that the indictment will not be provided to the jury. *See* ECF 34 ("Defendant submits that the motion 'is not necessary' '[i]f the Court's practice is not to read an entire Indictment to or provide a copy of the Indictment to the petit jury.' (Mot. 1 n.1.) That is the Court's general practice, and the Court perceives no reason to depart from it here."). If the specific allegations are not contained in the Court's instructions to the jury, the jury will have no way of knowing what it must find in order to conclude if this element of the offense has been proven beyond a reasonable doubt or not.

8

1 | Third, in filing the false tax return, the defendant acted willfully <ins>that is, with intent to violate a known legal duty</ins>.[12]

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service. <ins>The government is not required to prove that all of the items alleged contained false information as to a material matter. However, each of you must agree with each of the other jurors that the same item is materially false. Unless you unanimously agree that the government has proved the same item was materially false beyond a reasonable doubt, you must find the defendant not guilty</ins>.

<del>As to Count Eight,</del>

First, the defendant signed and filed a tax return for the year 2018, specifically a U.S. Corporate Income Tax Return, on Internal Revenue Service Form 1120, that he knew contained false information as to a material matter, <del>specifically, the 2018 Form 1120 contained false information on:</del>[13]

<del>a.   line 26 and in Statement 3 in the return and elsewhere including but not limited to the following:</del>

---

[12] The government has proposed giving the lengthier Ninth Circuit's model instruction "Willfully – Defined," to which the defendant agrees. The government therefore objects to using—and repeating—a different definition of willfulness here than the one contained in the Ninth Circuit's model instruction.

[13] The government objects to the defendant's proposed deletions. It is the government's understanding that the indictment will not be provided to the jury. *See* ECF 34 ("Defendant submits that the motion 'is not necessary' '[i]f the Court's practice is not to read an entire Indictment to or provide a copy of the Indictment to the petit jury.' (Mot. 1 n.1.) That is the Court's general practice, and the Court perceives no reason to depart from it here."). If the specific allegations are not contained in the Court's instructions to the jury, the jury will have no way of knowing what it must find in order to conclude if this element of the offense has been proven beyond a reasonable doubt or not.

9

1 ~~i.     Claiming false "Travel, Transportation and Other" deductions including, but not~~
2 ~~limited to, luxury vehicle rentals, house rentals for his then-girlfriend, hotel expenses, and~~
3 ~~New York City apartment rent for his daughter;~~
4 ~~ii.    Claiming false "Office and Miscellaneous" deductions, including, but not limited~~
5 ~~to, the purchase of luxury clothing, payments to escorts and dancers, and payments for his~~
6 ~~daughter's college advising services;~~
7 ~~iii.   Claiming false "Legal Professional and Consulting" deductions, including, but not~~
8 ~~limited to, payment of his daughter's law school tuition and his personal life insurance~~
9 ~~policy;~~
10 ~~iv.   Claiming false deductions for payments from Owasco, PC's account to pay off the~~
11 ~~business line of credit, specifically by allocating 80 percent to "Travel Transportation and~~
12 ~~Other" and 20 percent to "Meals," when in truth and in fact most of the business line of~~
13 ~~credit expenses were personal, including to a website providing pornographic content,~~
14 ~~payments at a strip club, and additional rent payments for his daughter; and~~
15 ~~v.    Claiming false deductions for payments from Owasco, PC's account to JP Morgan~~
16 ~~Chase, specifically that these were for "consulting," when in truth and in fact, these~~
17 ~~transfers included payments to various women who were either romantically involved with~~
18 ~~or otherwise performing personal services for the Defendant, including a $10,000 payment~~
19 ~~for the Defendant's membership in a sex club.~~
20 ~~b.    on line 13, specifically, claiming false payroll deductions, including, deductions for~~
21 ~~"wages" paid to women with whom he had personal relationships including a woman who~~
22 ~~was then pregnant with his child.~~
23 Second, the return contained a written declaration that it was being signed subject
24 to the penalties of perjury; and

10

Third, in filing the false tax return, the defendant acted willfully that is, with intent to violate a known legal duty.[14]

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service. The government is not required to prove that all of the items alleged contained false information as to a material matter. However, each of you must agree with each of the other jurors that the same item is materially false. Unless you unanimously agree that the government has proved the same item was materially false beyond a reasonable doubt, you must find the defendant not guilty.[15]

---

[14] The government has proposed giving the lengthier Ninth Circuit's model instruction "Willfully – Defined," to which the defendant agrees. The government therefore objects to using—and repeating—a different definition of willfulness here than the one contained in the Ninth Circuit's model instruction.

[15] The government has included a specific unanimity instruction at the end of Instruction 34 as it relates to Counts 2 and 4, but objects to a specific unanimity instruction as to the materiality element in Counts 7 and 8 because it does not appear to have any support in the Ninth Circuit model instruction or law.

11

**COMPARISON OF INSTRUCTION NO. 39[16]**

**Willfully – Defined**

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

~~A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.~~

Defendant's conduct was not willful if he acted through negligence, mistake, accident, or due to a good faith misunderstanding of the requirements of the law.

A good faith belief is one that is honestly and genuinely held. A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Because an essential element of the crimes charged is that defendant acted with a corrupt intent, it follows that good faith on the part of defendant is a complete defense to the charges. The burden of proving good faith does not rest with the defendant because he does not have an obligation to prove anything in this case. It is the government's burden to prove beyond a reasonable doubt that defendant is guilty and did not act with good faith.

Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether

---

[16] The government's position with respect to the language of this instruction is set forth in Exhibit 1.

12

1 or not they agree with it. Thus, in order to prove that the defendant acted willfully, the
2 government must prove beyond a reasonable doubt that the defendant did not have a
3 good faith belief that he was complying with the law.

**COMPARISON OF DEFENDANT'S PROPOSED INSTRUCTION "NO. S"**[17]

**Defense to Willfulness**

In a prosecution for a specific intent crime such as the crimes alleged in Counts 1-9, voluntary intoxication of a high degree may constitute a defense to the element of willfulness.

Source: *United States v. Jurka*, 818 F.2d 1427, 1432 (9th Cir. 1987)

---

[17] The government objects to the defendant's proposed "Defense to Willfulness" instruction (labeled "S") as it is redundant of the Ninth Circuit model instruction §6.9 "Diminished Capacity" instruction (No. 29.1) and to which the government has agreed.

14

**COMPARISON OF THE DEFENDANT'S PROPOSED INSTRUCTION "NO. V"[18]**

<u>**Circumstantial Evidence: Intent or Mental State**</u>

<u>The government must prove not only that the defendant did the act[s] charged, but also that he acted with a particular (intent/ [and/or] mental state). The instruction for each crime [and allegation] explains the (intent/ [and/or] mental state) required.</u>

<u>A[n] (intent/ [and/or] mental state) may be proved by circumstantial evidence.</u>

<u>Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the government has proved each fact essential to that conclusion beyond a reasonable doubt.</u>

<u>Also, before you may rely on circumstantial evidence to conclude that the defendant had the required (intent/ [and/or] mental state), you must be convinced that the only</u>

---

[18] The government objects to the proposed California state court instruction, CALCRIM 225. First, the government will present circumstantial evidence as to other elements of the offense besides intent or mental state and the Comment to the state instruction prohibits the giving of the instruction under such circumstances. *See* https://www.justia.com/documents/criminal-law-calcrim.pdf at 55. Second, the Ninth Circuit's model instructions on direct and circumstantial evidence at Nos. 5 (9th Model #1.5) & 29 (9th Model #6.8) should not be contradicted or weakened by a state court instruction which suggests a distinction between direct and circumstantial evidence. Specifically, the proposed state court instruction singles out circumstantial evidence as to intent with an "only reasonable conclusion" statement. Ninth Circuit caselaw is clear that, as reflected in the model instructions, "circumstantial and testimonial evidence are indistinguishable insofar as the jury fact-finding function is concerned, and [] circumstantial evidence can be used to prove any fact, including facts from which another fact is to be inferred." *United States v. Kelly*, 527 F.2d 961, 965 (9th Cir. 1976).

15

1 reasonable conclusion supported by the circumstantial evidence is that the defendant had
2 the required (intent/ [and/or] mental state). If you can draw two or more reasonable
3 conclusions from the circumstantial evidence, and one of those reasonable conclusions
4 supports a finding that the defendant did have the required (intent/ [and/or] mental state)
5 and another reasonable conclusion supports a finding that the defendant did not, you
6 must conclude that the required (intent/ [and/or] mental state) was not proved by the
7 circumstantial evidence. However, when considering circumstantial evidence, you must
8 accept only reasonable conclusions and reject any that are unreasonable.

Source: CALCRIM 225