DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:    (771) 217-6091
    E-mail:    LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT HUNTER BIDEN,<br><br>    Defendant. | No. CR 23-cr-00599-MCS<br><br>**<u>UNOPPOSED EX PARTE APPLICATION TO FILE A SUPPLEMENT TO THE GOVERNMENT'S FIRST MOTION IN LIMINE TO PRECLUDE PROPOSED DEFENSE EXPERT JOSHUA LEE; DECLARATION OF LEO J. WISE</u>** |

    The United States, by and through its counsel of record, hereby files this unopposed ex parte application for an order permitting the government to supplement its first motion in limine to preclude proposed defense expert Joshua Lee, ECF 144. Motions in limine were due in this case on July 31, 2024. On July 30, 2024, government counsel contacted defense counsel to ask whether the defendant still intended to call Dr. Lee at trial and whether they would oppose a motion to exclude his testimony. As of July 30, 2024, the

only expert disclosure regarding Dr. Lee that the government had received was dated May 20, 2024. On the afternoon of July 31, 2024, defense counsel informed government counsel that they intended to substitute Dr. Lee with a different expert, Dr. Elie G. Aoun, and that they were "working on" and would "send an updated disclosure notice." Several hours later, the government had still not received any updated disclosure, and accordingly, it filed its first motion in limine based on the expert disclosure in its possession at the time.

At the end of the day on July 31, 2024, defense counsel served the government with an updated disclosure for Dr. Lee and did not serve any disclosure for Dr. Aoun. Dr. Lee's updated disclosure suffered from many of the same problems as the first disclosure and it remained unsigned. On August 2, 2024, the defendant finally served on the government a signed disclosure for Dr. Lee.

Due to the defendant's belated service of the updated disclosure for Dr. Lee, the government now respectfully files this application for the Court's permission to file a short supplement to its initial motion in limine to exclude him. Many of the government's arguments identifying the numerous deficiencies in Dr. Lee's first disclosure apply equally to the updated disclosure, but the government seeks the opportunity to briefly address why the additions to Dr. Lee's disclosures continue to require the exclusion of his testimony.

The government's application is based on the attached declaration of Principal Senior Assistant Special Counsel Leo J. Wise. Pursuant to Local Rule 17-19, on August 6, 2024, government counsel informed the defendant that it intended to file this ex parte application seeking permission to supplement its first motion in limine and requested the defendant's position. Defense counsel stated, "we do not object if we can have until August 12 to respond." The government does not oppose the defendant's request on the condition that the government is permitted to file its reply in support of its motion on or before August 16, 2024.

Dated: August 6, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## DECLARATION OF LEO J. WISE

I, Leo J. Wise, declare as follows:

1. I am Principal Senior Assistant Special Counsel, and I represent the government in *United States of America v. Robert Hunter Biden*, No. CR 23-cr-00599-MCS.

2. I make this declaration in support of the government's ex parte application for an order permitting the government to supplement its first motion in limine to preclude proposed defense expert Joshua Lee, ECF 144.

3. Motions in limine were due in this case on July 31, 2024. On July 30, 2024, government counsel contacted defense counsel to ask whether the defendant still intended to call Dr. Lee at trial and whether he would oppose a motion to exclude his testimony. As of July 30, 2024, the only expert disclosure regarding Dr. Lee that the government had received was dated May 20, 2024.

4. On the afternoon of July 31, 2024, defense counsel informed government counsel that they were planning to call Dr. Elie G. Aoun instead of Dr. Lee and that they were "working on" and would "send an updated disclosure notice." That email did not include any updated disclosure. A true and correct copy of that email is hereto as **Exhibit 1**.

5. Accordingly, on July 31, 2024, the government filed its first motion in limine to preclude proposed defense expert Joshua Lee based on the disclosure it possessed at the time, which was dated May 20, 2024.

6. At the end of the day on July 31, 2024, defense counsel served the government with an updated disclosure for Dr. Lee, and did not serve any disclosure for Dr. Aoun. The disclosure was unsigned. On August 2, 2024, defense counsel served the government with a signed version of Dr. Lee's updated disclosure. A true and correct copy of that email is attached hereto as **Exhibit 2**.

7. The government's supplement to its motion addresses the minor changes that the defendant has made in Dr. Lee's updated notice. The updated notice includes three

additional topics about which Dr. Lee may testify. The government's short supplement explains why these additions do not meet the requirements of Federal Rule of Criminal Procedure 16 or Federal Rule of Evidence 702. The supplement is no longer than four pages, and the government believes that it will be more efficient for the Court to evaluate whether to permit Dr. Lee's testimony with the benefit of an updated motion that reflects the defendant's belated disclosure.

8. On August 6, 2024, I contacted defense counsel regarding the defendant's position on the government's ex parte application for permission to supplement its first motion in limine to preclude proposed defense expert Joshua Lee. *See* Local Rule 17-19. Defense counsel stated via email that "we do not object if we can have until August 12 to respond." A true and correct copy of that email is attached hereto as **Exhibit 3**.

9. The government does not oppose the defendant's request on the condition that the government is permitted to file its reply in support of its motion on or before August 16, 2024.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 6th day of August, 2024, in Baltimore, M.D.

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel