Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )    Criminal Action No. 23-61 (MN) |
| | ) |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 2nd day of June 2024:

Defendant Robert Hunter Biden is charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(3)[1] and 924(a)(2) and two false-statement counts under §§ 922(a)(6) and 924(a)(1)(A). (D.I. 40). Presently before the Court is the government's motion to exclude the tesittony of Dr. Joshua Lee (or Dr. Elie Aoun), Michael Lee Coyer and Khody Detwiler, three proposed expert witnesses for Defendant. (D.I. 166). The government asserts that the witnesses should be excluded because the expert notices were untimely and insufficient under Rule 16 of the Federal Rules of Criminal Procedure and also because the anticipated testimony is inadmissible under the Federal Rules of Evidence. In his response, Defendant indicates that he is no longer planning to call Dr. Lee or Mr. Detwiler as experts in this case. (*See* D.I. 184 at 1 n.1 ("Mr. Biden no longer anticipates calling Dr. Lee as an expert at trial because of an unavoidable scheduling conflict and anticipates calling Dr. Aoun instead. Mr. Detwiler will no longer serve as an expert in this case because Mr. Biden no longer requires a handwriting expert to explain certain of the discrepancies in the altered Form 4473 following the government's disclosures last week.")). Therefore, the government's motion as it relates to these two experts is MOOT.

---

[1]      Section 922(g)(3) prohibits anyone "who is an unlawful user of or addicted to any controlled substance" from possessing a firearm that has moved in interstate commerce.

As to the two remaining experts, Dr. Aoun and Dr. Coyer, Defendant served updated expert notices under Rule 16 on May 28, 2024, along with his response to the government's motion.[2] (D.I. 184 at 1). The government filed a reply brief on May 30, 2024, maintaining its request to exclude Dr. Aoun and Dr. Coyer on the basis of untimely and insufficient disclosures, as well as maintaining (and lodging new) objections to the admissibility of the anticipated testimony under the Federal Rules of Evidence. (*See generally* D.I. 193).

### 1.      Timing of the Disclosures

The government argues that Defendant's experts should be precluded from testifying solely because the requisite disclosures were untimely per the scheduling order in this case (D.I. 112 ¶ 3). The Court disagrees. The Court entered a schedule on May 9, 2024 (D.I. 112) and held a status conference regarding the schedule on May 14, 2024 (D.I. 188). Defendant served his original disclosures under Rule 16 on May 17 and May 21, 2024, and he updated two of those disclosures five to seven days later per the Court's instruction. (D.I. 166, Ex. 1 (May 17, 2024 expert notices for Dr. Lee, Dr. Coyer and Mr. Detwiler) & Ex. 2 (May 21, 2024 expert notice for Dr. Aoun in the event Dr. Lee unavailable); D.I. 184-1 & 184-2 (updated notices for Dr. Aoun and Dr. Coyer)). Given the history of this case and its unique scheduling circumstances, as well as Defendant's good-faith attempt to comply with the scheduling order after the Court's May 14, 2024 hearing, the Court will not exclude these experts simply because the notices may have been untimely. (*See, e.g.*, D.I. 188 at 21:18-22:1).

### 2.      Adequacy of the Disclosures Under Rule 16

Next, the government objects to the sufficiency of the expert disclosures of Dr. Aoun and Dr. Coyer under Rule 16(b)(1)(C). (D.I. 193 at 3-9 (Rule 16 applied to Dr. Aoun's expert notice)

---

[2]      There is some question as to when the updated notices were served on the government (D.I. 193 at 1 n.1), but a difference of two days is not material to the Court's decision.

& 16 (Rule 16 applied to Dr. Coyer's expert notice)).  For any expert that Defendant intends to use at trial, Rule 16 requires disclosure of, *inter alia*, "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" and "the bases and reasons for [those opinions]."  FED. R. CRIM. P. 16(b)(1)(C).  Prior to its amendment in 2022, Rule 16 only required disclosure of "a written summary" of any expected expert testimony (and "the bases and reasons for those opinions").[3]  The change from "written summary" to "complete statement of all opinions" was "intended to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed."  FED. R. CRIM. P. 16 Advisory Committee Notes to 2022 Amendment.  The government argues that Defendant's expert disclosures (original and updated) for Dr. Aoun and Dr. Coyer are deficient because there is inadequate disclosure of the complete opinions that each expert will offer at trial and any bases for those opinions.  The Court will address each expert in turn.

Beginning with Dr. Aoun, Defendant's updated notice lists nine topics and seven opinions about which Dr. Aoun is expected to testify at trial.  (D.I. 184-1 at Pages 2-3 of 34).[4]  As to the topics (a)-(i) listed, the Court agrees with the government that there are no actual opinions offered for the topics and no bases for any opinions.  (*See* D.I. 193 at 4-7).  For example, "(a) the various manifestations and characterological traits associated with drug and alcohol use of people in general and Mr. Biden's in specific, as well as the language used to describe it" indicates nothing about what those manifestations and traits specifically are and which of those Mr. Biden has (or why "people in general" is relevant here).  (D.I. 184-1 at Pages 2 of 34).  As another example, "(b)

---

[3]     The amendment became effective as of December 1, 2022.  The change from "written summary" to "complete opinions" applied to experts for all parties – *i.e.*, the government must provide similarly detailed disclosures.

[4]     Because Defendant's expert notices do not contain page numbers, the Court uses the page numbering provided by ECF in the upper right-hand corner of the relevant document.

Case 1:23-cr-00061-MN Document 176 Filed 06/06/24 Page 5 of 11 PageID #: 3694

an individual's state of denial about their own substance use disorder is one of the most common characteristics of substance use disorders" provides no indication of what Dr. Aoun's opinion is or what it is as applied to Defendant. Nor is there any disclosure of the basis for any of Dr. Aoun's unknown opinions. Ultimately, for the reasons stated by the government (D.I. 193 at 4-7), the Court finds similar defects in all nine topics (a)-(i) listed in the updated expert disclosure for Dr. Aoun. These topics fail to constitute "complete statements of all opinions" or "the bases and reasons for them" under Rule 16.

In the updated disclosure, Defendant also states that Dr. Aoun is expected to offer the following seven opinions at trial:

> [1]    Individuals, like Mr. Biden, who have experienced significant personal trauma are at an increased risk of developing drug and alcohol use disorders.
>
> [2]    A state of denial is commonly observed in individuals with substance abuse disorder, such as Mr. Biden. Individuals, like Mr. Biden, who are high-functioning professionals often struggle to come to terms with their own addiction.
>
> [3]    Individuals, like Mr. Biden, who have spent time in rehabilitation programs may view themselves as no longer being "addicts" under the term's general understanding. The terms "addict" and "user" do not have a universal clinical or scientific definition in medicine.
>
> [4]    The lay understanding of the term "controlled substance" is prescription medications with addictive potential, while the academic and clinical definition relates to the Controlled Substance Act and refers to chemical compounds (including prescription medications and illicit drugs) with addictive properties.
>
> [5]    The cycles of sobriety, recovery, and rehabilitation also impact a substance abuser's view that they are not "addicts" at any given time.
>
> [6]    Certain of Mr. Biden's communications are consistent with traits of character pathology, which can be spurred or heightened by periods of intense stress, trauma, and drug or alcohol use.

> [7]     Family members of persons with substance use disorders typically continue to question a person's sobriety, even when they actually are not using drugs, creating an atmosphere of distrust, and further compromising the person's recovery.

(*See* D.I. 184-1 at Pages 2-3 of 34).   The government argues that all seven of these proposed opinions are inadequate disclosures under Rule 16.   The Court agrees.

With a few exceptions, none of the seven topics listed indicate what Dr. Aoun's expert opinion is.   (*See, e.g.*, D.I. 184-1 at Page 2 of 3 (topic 3 is phrased in open-ended permissive "may" language and a generic statement about "increased risk," leaving both the government and this Court unable to determine what Dr. Aoun will opine regarding the facts here); *id.* (topic 5 offers no indication as to how Dr. Aoun believes that cycles of sobriety and addiction actually impact Defendant's view of himself)).   Even if one of these seven topics disclosed a specific opinion, there is no disclosure of the reasons or basis for any such opinion.   As just one example, for topic 1, there is no indication whatsoever as to why Dr. Aoun believes that individuals "like Mr. Biden" who have experienced personal trauma are at "increased risk" of developing substance abuse disorders – did he conduct patient interviews, did he review studies, did he quantify different risk levels, etc.   And, for the reasons set forth by the government (D.I. 193 at 7-10), the Court finds this deficiency exists for all seven topics.   Defendant's disclosure is nothing more than a listing of several assertions accompanied by some handwaving that those should be accepted as expert opinion simply because the speaker is an expert.[5]   As such, the Advisory Committee's stated concern about a party being unable to prepare for cross-examination of an expert or to secure an

---

[5]     Setting aside the fact that Defendant has failed to put the government on notice as to the bases of Dr. Aoun's anticipated testimony, that same testimony seems problematic under Rule 702  *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.  A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

opposing expert is on full display here.  The inadequacy of Defendant's expert disclosure for Dr.

Aoun leaves the government in the dark as to what his opinions about the facts of **_this case_** will

be, thus rendering the government unable to prepare for trial.  Dr. Aoun will not be permitted to

testify as to these seven topics (or the nine previously discussed) because Defendant's disclosure

of Dr. Aoun failed to comply with the requirements of Rule 16(b)(1)(C).

As to Dr. Coyer, the Court is unable render a decision at this time and will RESERVE

ruling on this issue.  Although the Court is concerned about the sufficiency of the disclosure as it

relates to Dr. Coyer's opinions expected at trial, it would be helpful to hear from the expert –

outside the presence of the jury – to better understand his anticipated testimony and bases for those

opinions to determine whether they have been fairly disclosed.  The Court will allow Defendant

to address the Court's concerns at the end of one of the trial days when Dr. Coyer is present.

### 3.    Admissibility Under the Federal Rules of Evidence

Turning next to admissibility, the government seeks exclusion of Dr. Aoun on the basis

that the anticipated testimony is inadmissible under Federal Rules of Evidence Rule 702 and

704(b).  (D.I. 193 at 10-12 (Rule 704(b) challenge) & 13-14 (Rule 702 challenge)).  Rule 702,

which governs the admissibility of expert testimony, states:

> A witness who is qualified as an expert by knowledge, skill,
> experience, training, or education may testify in the form of an
> opinion or otherwise if the proponent demonstrates to the court that
> it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized
> knowledge will help the trier of fact to understand the evidence
> or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and
> methods; and

> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

FED. R. EVID. 702.[6]   As the Third Circuit has explained, there are three requirements under Rule 702:  "(1) the proffered witness must be an expert, *i.e.*, must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact."  *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008).  The government's admissibility arguments here focus on the third factor of the Rule 702 analysis – *i.e.*, whether Dr. Aoun's proposed expert testimony will assist the trier of fact in this case.  The expert testimony must "fit" under the facts of the case such that the expert testimony "will aid the jury in resolving a factual dispute."  *Meadows v. Anchor Longwall & Rebuild, Inc.*, 306 F. App'x 781, 790 (3d Cir. 2009).  This factor is satisfied "when there is a clear 'fit' connecting the issue in the case with the expert's opinion that will aid the jury in determining an issue in the case."  *Id.* (citation omitted); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993) ("Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.").

Dr. Aoun's anticipated testimony as to at least topics 1, 4, 6 and 7 will not assist the trier of fact in resolving any issue in this case.  As the government explains (D.I. 193 at 13-14), whether unknown individuals (not the Defendant) who have experienced personal trauma are at risk of developing substance abuse disorders (topic 1), whether Defendant's communications "are consistent with"[7] certain traits of character pathology (topic 6) and whether family members may

---

[6]   Amendments to Rule 702 went into effect December 1, 2023.  Although neither side addresses which version of the rule applies, the Court believes that application of the amended version of Rule 702 is just and practicable in this case.  The Court also notes that the outcome would not be any different under the prior version of the rule.

[7]   "Consistent with" is not the same thing as Defendant possessing any of those traits.

continue to question the sobriety of a recovering individual (not the Defendant) (topic 7) have nothing to do with any issue that the jury will be asked to decide. This conclusion is bolstered by the fact that the disclosure never indicates how those topics will even be tied to this Defendant. These topics also will not assist the jury in resolving any factual issue because experience with personal trauma, "traits of character pathology," whether possessed by Defendant or not, and family members' suspicions are not relevant to any element of a charged offense here. To the extent that Defendant argues something in there is relevant to whether he knew he was an "addict," such testimony would violate Rule 704(b), as discussed below. (*See infra*). And topic 4 is just an attempt to offer expert testimony on a legal issue and circumvent the Court's jury instructions. The Court will instruct the jury on the definition of "controlled substance" to be applied to the facts of this case.[8]  Therefore, in addition to being excluded for failure to comply with Rule 16(b)(1)(C), Dr. Aoun's topics 1, 4, 6 and 7 will be excluded under Rule 702 as not likely to assist the trier of fact in understanding the evidence or determining a fact in issue.

The government also argues that Dr. Aoun's anticipated opinion testimony would violate Rule 704(b). (*See* D.I. 193 at 10-13). The rule provides that, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." FED. R. EVID. 704(b). Defendant is charged with knowingly making a false statement under §§ 922(a)(6) and 924(a)(2), knowingly making a false statement under § 924(a)(1)(A) and knowingly possessing a firearm in violation of §§ 922(g)(3) and 924(a)(2). All

---

[8]     To the extent that Defendant suggests the government must prove that Defendant knew he was an unlawful user of or addicted to one of the specific controlled substances listed in the Controlled Substances Act – *i.e.*, that he knew that the substance was defined as a "controlled substance" in that Act – the Court disagrees.

three charges require a "knowing" state of mind.  With respect to § 922(g)(3), the government must prove both that Defendant knowingly possessed the firearm in question and that Defendant knew he was "an unlawful user of or addicted to any controlled substance" when he possessed the firearm.  *See Rehaif v. United States*, 588 U.S. 225, 237 (2019) ("We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").  And with respect to the false-statement charges, the government must prove that Defendant's statement was knowingly false – that he knew he was an unlawful user of or addicted to a controlled substance when he certified that he was not.  To the extent any opinions are disclosed, Dr. Aoun's topics 2, 3, 4 and 5 are only relevant to whether Defendant knew his status as an addict – "state of denial" in topic 2, no longer viewing oneself as an addict in topics 3 and 5, and lay understanding of controlled substance in topic 4.  Each of these is designed to address (either directly or stealthily) whether Defendant knew he was addicted to a controlled substance – *i.e.*, whether Defendant "did or did not have a mental state or condition" required by the three crimes charged in this case.  That is not permissible.  Dr. Aoun's topics 2, 3, 4 and 5 are therefore also excluded as improper under Rule 704(b).

Finally, as to Dr. Coyer, there are no admissibility challenges to his anticipated testimony because the government asserts that it cannot determine whether or how to challenge any opinions or bases under *Daubert*.  (D.I. 166 at 22-23; *see also* D.I. 193 at 16-18 (maintaining objection to adequacy of notice under Rule 16 and explaining that the government is unalbe to challenge the opinions under *Daubert*)).  As noted above, the Court has reserved ruling on the adequacy of Defendant's disclosure of Dr. Coyer's opinions and bases for those opinions.  To the extent Dr. Coyer is not excluded, the Court will address any necessary admissbility challenges at that time.

For the reasons set forth above, IT IS HEREBY ORDERED that the government's motion to exclude the testimony of Defendant's proposed experts is GRANTED as to Dr. Aoun and RESERVED as to Dr. Coyer.

*Maryellen Noreika*

The Honorable Maryellen Noreika
United States District Judge