DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail:    Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00599-MCS |
|---|---|
| Plaintiff, | |
| v. | **GOVERNMENT'S SUPPLEMENT TO ITS SECOND MOTION IN LIMINE TO PRECLUDE PROPOSED DEFENSE EXPERT THOMAS BISHOP** |
| ROBERT HUNTER BIDEN, | |
| Defendant. | |
| | Hearing Date: AUGUST 21, 2024 |
| | Hearing Time: 1:00 p.m. |
| | Location: Courtroom of the Hon. Mark C. Scarsi |

      Plaintiff United States of America, by and through its counsel of record, hereby files this supplement to its Motion in Limine to preclude the defendant from calling his proposed expert, Thomas Bishop, to testify at trial. Defense counsel has belatedly updated Mr. Bishop's expert notice, but this notice continues to be as deficient as his earlier notice. Given that the defendant has now taken two bites at the apple and—despite having months to do so—has still failed to meet the requirements under Federal Rule of Criminal

Procedure 16 and Federal Rule of Evidence 702, the Court should exclude Mr. Bishop's testimony.

Dated: August 6, 2024                Respectfully submitted,

                                        DAVID C. WEISS
                                      Special Counsel

                                        /s/
                                        LEO J. WISE
                                        Principal Senior Assistant Special Counsel

                                        DEREK E. HINES
                                        Senior Assistant Special Counsel

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

In its motion in limine, the government explained that Mr. Thomas Bishop's May 20, 2024 expert disclosure failed to meet the most basic requirements of both Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 702. *See* Gov't's Second Motion in Limine to Preclude Proposed Defense Expert Thomas Bishop ("Second Mot. in Limine"), ECF 145. While the defendant has since updated his disclosures, the late notice remains deficient for all of the reasons stated in the government's motion in limine. In this supplement to its motion, the government addresses the several additions in Mr. Bishop's late notice and explains why both Rule 16 and Fed. R. Evid. 702 continue to mandate the exclusion of his testimony.

The late notice first states that Mr. Bishop "may testify" about three topics that were unchanged from the defendant's May 20, 2024 disclosure: "(1) the overall pattern of Mr. Biden's tax compliance prior to tax year 2016; (2) the typical role of accountants, tax consultants, preparers, and/or tax attorneys in the preparation of an individual's and a corporation's taxes; and (3) the competence of the accountants, tax consultants, preparers, and/or tax attorneys who prepared Mr. Biden's and/or Owasco's taxes from tax year 2016 through 2019." Exhibit 1 at 2. These bare assertions fail to meet the requirements of Rule 16 and F.R.E 702 for the reasons stated in the government's motion in limine. *See* Second Mot. in Limine at 3-10. Simply put, these are not opinions. They are not even summaries of opinions, as Rule 16 required before it was changed in 2022, let alone a "complete statement of all opinions," as Rule 16 has required since 2022.

The late notice then states that Mr. Bishop may also testify that:

[B]ased on his review of the documentary evidence, including personal and business financial records, income tax returns, bank records, and other related records: (1) $1 million in income received by Mr. Biden in 2017, for the legal representation of Patrick Ho, was erroneously reported in his taxes as income for 2018 instead of 2017; (2) in 2018, Edward White & Company ("EWC") mistakenly double counted $157,000 in income reported by Owasco PC on

> the individual tax return of Mr. Biden; and (3) the double counting of $157,000 in income to Owasco P.C. in 2018, as well as the reporting of $1 million for the legal representation of Patrick Ho in 2017 instead of 2018, resulted in the overreporting of income and tax due and paid by Mr. Biden for the 2018 tax year.

Updated Notice of Thomas Bishop at 2 (Attached hereto as Exhibit 1). The defendant has once again omitted the "bases and reasons" required under Rule 16. *See* Fed. R. Crim. Pro. 16(b)(1)(c)(iii). Simply asserting that Mr. Bishop has reviewed certain categories of records, without giving any indication as to what those records are, does not suffice under Rule 16. This entirely defeats Rule 16's purpose to "facilitate trial preparation, allow[] the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." Advisory Committee Notes to the 2022 Amendments. The government is prevented from adequately preparing for cross examination or rebutting his testimony with its own expert given the defendant's continued failure to disclose the documents on which Mr. Bishop has relied or the methodology he used in arriving at his conclusions.

This belated addition to the notice also fails for numerous reasons under Fed. R. Evid. 702. First, testimony about whether certain income was "erroneously" reported in a given tax year and whether other income was "double counted" is fact testimony about which Mr. Bishop has no firsthand knowledge and thus is not competent to testify. *See United States v. Larkin*, No. 2:12-CR-319 JCM GWF, 2015 WL 3555295, at *4-5 (D. Nev. June 5, 2015) (excluding accountant who sought to testify about whether the defendant was "trying to avoid reporting requirements"); *Est. of Casillas v. City of Fresno*, No. 1:16-CV-1042 AWI-SAB, 2019 WL 586747, at *7 (E.D. Cal. Feb. 13, 2019) ("Any attempt by [an expert] to establish . . . facts, or opine on a witness's credibility, under the moniker of 'expert' would usurp the province of the jury, is of little probative value, presents a danger of misleading the jury, and must be excluded.").

Second, while the late notice vaguely states that Mr. Bishop reviewed "documentary evidence, including personal and business financial records, income tax returns, bank records, and other related records," Exhibit 1 at 2, it does not actually identify which documents or records Mr. Bishop examined or provide any description of his methodology. The government is therefore unable to determine whether Mr. Bishop may have ignored key documents in his analysis or whether the documents he did examine were reliable, hindering the Court's "gatekeeping" function. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

Third, this untimely disclosed topic is irrelevant and would not "assist the trier of fact to understand the evidence or to determine a fact in issue." *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). The first element of the tax evasion charge in Count Six is that "the defendant owed more federal income tax . . . than was declared due on the defendant's income tax return." *See* Ninth Circuit Model Criminal Jury Instructions, No. 22.1 (2022 ed.) [Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)]. Although the government must prove a willful attempt to evade the assessment of income tax with respect to Count Six, the government is not required to prove the precise amount of tax due and owing. *United States v. Marashi*, 913 F.2d 724, 735-36 (9th Cir. 1990). However, the government must prove beyond a reasonable doubt that some tax was due and owing. *Id*. On May 20, 2024, the government served on the defendant an expert disclosure for IRS Revenue Agent Michael Welch. *See* Disclosure for Michael Welch (Attached hereto as Exhibit 2). On July 24, 2024, the government provided an updated expert disclosure for Agent Welch. *See* Updated Disclosure for Michael Welch (Attached hereto as Exhibit 3). In both those disclosures, the government provided the defendant with Agent Welch's calculation of the outstanding tax that the defendant owed as a result of his acts of evasions, specifically, his false claims that certain personal expenses were business deductions. *See* Exhibits 2 and 3. In neither disclosure does the government rely on the $157,000 in income to Owasco P.C. in 2018 that was double counted to prove the offenses that relate to the defendant's failure to pay his taxes or his

filing of false forms for that tax year. *See id.* It is therefore irrelevant whether the defendant's accountants double counted this income.

Further, the opinion that "the reporting of $1 million for the legal representation of Patrick Ho in 2017 instead of 2018, resulted in the overreporting of income and tax due and paid by Mr. Biden for the 2018 tax year," is also irrelevant. The evidence at trial will show that the defendant never claimed that the income he received related to Patrick Ho should have been included in his 2017 taxes instead of his 2018 taxes. The defendant signed his tax returns for 2017, which did not include this income. He signed his tax returns for 2018, which did include this income. Further, the work papers from his tax return preparers from 2017 and 2018, which the government will introduce into evidence at trial, show that at no time did he claim that any income he received regarding Patrick Ho should be included in his 2017 return, rather than his 2018 return, where it was recorded. In any event, these are all facts that Mr. Bishop is not competent to dispute because he was not involved, in any way, in the preparation of the defendant's 2017 and 2018 taxes. Mr. Bishop's opinions about when this income *should have been realized* is therefore irrelevant.

The late notice also identifies three additional topics about which Mr. Bishop may testify at trial:

- [T]hat his review of Mr. Biden's 2018 tax and bank records did not reveal any classic badges of fraud such as double sets of books, false invoices, concealed records, concealment of assets, or destruction of records.
- [H]e may compare examples of Mr. Biden's classification of 2018 personal and business expenses and demonstrate that the manner in which Mr. Biden classified these items was inconsistent and haphazard.
- He may also testify that based on the high-profile nature of the client, the quality of the source documentation, and the manner in which the business records were maintained, EWC had an enhanced due diligence requirement to make further inquiries to verify the accuracy and

    completeness of the information being provided to them by Mr. Biden, specifically Mr. Biden's classification of 2018 personal and business expenses.

Exhibit 1 at 2. These opinions also fail to meet the requirements of either Rule 16 or Fed. R. Evid. 702. As to Rule 16, the defendant yet again fails to provide any basis or reasoning for these assertions. For example, the notice does not indicate by what standard Mr. Bishop is measuring a "classic badge[] of fraud" or what "examples" of the defendant's classification of his expenses Mr. Bishop considered to conclude that the defendant's classification was inconsistent.

  And as to Fed. R. Evid. 702, these three opinions are all irrelevant and would not aid the jury—rather, this testimony is more likely to confuse the jury. *See* Fed. R. Evid. 403. Whether the defendant's actions show the "classic badges of fraud"—a term left undefined in the disclosure—is not at issue in this case and is irrelevant to the actual offenses charged and risks confusing the jury. Further, any testimony that the defendant did or did not commit fraud, and therefore generated the "badges of it," is a legal conclusion that would be "inappropriate matter for expert testimony." *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). Whether the defendant's classification of certain items was "inconsistent and haphazard" in Mr. Bishop's opinion also does not bear on any of the elements of the charged offenses, nor would this testimony help the jury. The defendant falsely claimed personal expenses as business expenses to evade paying additional taxes—it is immaterial whether he did or did not do this in a consistent manner. Similarly, "haphazard," is a term that neither accounting or tax return preparation principles, nor the law for that matter, recognizes. Further, the jury hardly needs an expert to inform them about the defendant's choices. *See United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002) (explaining that "the subject matter at issue must be beyond the common knowledge of the average layman"). For example, the evidence at trial will show that the defendant claimed that expenses he incurred staying at various luxury hotels in Los Angeles, such as the Chateau Marmont, in 2018 were business expenses. The evidence

will show that in his memoir, *Beautiful Things*, he identified the exact same hotels, by name, as locations where he drank and used drugs and partied for most of 2018. The jury will not need an expert to explain that those two claims by the defendant are inconsistent. Finally, any "enhanced due diligence requirement" that the defendant's accountants may have had is likewise irrelevant since, as the government explained in its motion in limine, their competence is irrelevant to the crimes charged. *See* Second Mot. in Limine at 8-9. In any event, the notice provides no basis for the assertion that they owed an "enhanced" duty or the source of authority for such a duty because it is an invention of the defense. The law does not recognize any such concept. *See Malone v. Potter*, 2009 WL 10672523, at *5 (C.D. Cal. Feb. 25, 2009) (excluding expert who did not "explain what the standard is, the source from which it derives, or why [the party] is required to comply with it").

In sum, because the defendant's expert disclosure for Mr. Bishop continue to fail to meet the requirements of Rule 16 and Fed. R. Evid. 702, the Court should exclude his testimony.