DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail: Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>    Defendant. | No. CR 23-cr-00599-MCS<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND MOTION IN LIMINE TO EXCLUDE REFERENCE TO HIS DISCHARGE FROM THE NAVY<br><br>PTC Date: August 21, 2024<br>Hearing Time: 1:00 p.m.<br>Location: Courtroom of the Hon. Mark C. Scarsi |

    Plaintiff United States of America, by and through its counsel, hereby opposes defendant's motion in limine to exclude reference to his administrative discharge from the United States Navy (ECF 161).

//
//
//

This opposition is based upon the attached memorandum of points and authorities, the filings and records in this case, and any further argument as the Court may deem necessary.

Dated: August 7, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

LEO J. WISE
Principal Senior Assistant Special Counsel

_____
DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

The United States, by and through undersigned counsel, respectfully submits this Response to defendant's motion in limine, ECF 161, and consents to the defendant's motion in part.

The government does not intend to reference the defendant's discharge from the Navy Reserves in its case in chief unless the defendant opens the door to such testimony. If the defendant takes the stand and falsely denies his cocaine use while in the Navy, the government may reference his administrative discharge. "It is uniformly held that once a defendant takes the stand and testifies in his own behalf, his credibility may be impeached and his testimony assailed like that of any other witness and the breadth of his waiver is determined by the scope of the relevant cross-examination." *United States v. Higginbotham*, 539 F.2d 17, 24 (9th Cir. 1976) (citing *Brown v. United States*, 356 U.S. 148, 154-156 (1958)). The defendant "has the choice to weigh the advantage of placing before the jury his version of the facts and his reliability as a witness or not to testify at all." *Id*. Therefore, should the defendant take the stand in this case, his conduct in the Navy Reserves may be used to impeach his credibility.

Accordingly, the defendant's motion should be denied in part.