DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail: Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | No. CR 23-cr-00599-MCS<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S THIRD MOTION IN LIMINE TO EXCLUDE REFERENCE TO HIS "EXTRAVAGANT" LIFESTYLE AND SALACIOUS DETAILS ABOUT SPENDING ON PERSONAL EXPENSES<br><br>PTC Date:    August 21, 2024<br>Hearing Time:  1:00 p.m.<br>Location:    Courtroom of the<br>                  Hon. Mark C. Scarsi |

    Plaintiff United States of America, by and through its counsel, hereby opposes defendant's motion in limine to exclude reference to his extravagant lifestyle and what the defendant calls "salacious details about spending on personal expenses," ECF 162 ("Def.'s Mot."), because evidence regarding of the choices he made in his personal spending, is highly probative of his motive, intent and absence of mistake and is not unfairly prejudicial.

This opposition is based upon the attached memorandum of points and authorities, the filings and records in this case, and any further argument as the Court may deem necessary.

Dated:   August 7, 2024                    Respectfully submitted,

                                       DAVID C. WEISS
                                       Special Counsel

                                       LEO J. WISE
                                       Principal Senior Assistant Special Counsel

                                       */s/ Derek Hines*
                                       _____
                                       DEREK E. HINES
                                       Senior Assistant Special Counsel

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The defendant is charged with multiple tax crimes, including failure to file or pay taxes, in violation of 26 U.S.C. § 7203 (Counts One, Two, Three, Four, Five, and Nine), attempted evasion of assessment, in violation of 26 U.S.C. § 7201 (Count Six), and filing a false and fraudulent tax return, in violation of 26 U.S.C. § 7206 (Counts Seven and Eight). Indictment, ECF 1. The government opposes defendant's motion in limine to exclude evidence regarding his extravagant lifestyle, ECF 162 ("Def.'s Mot."), because evidence about the choices he made in his personal spending is highly probative of his state of mind, *see* Fed. R. Evid. 401, and is not unfairly prejudicial, *see* Fed. R. Evid. 403. Accordingly, the Court should deny the defendant's motion in limine.

## II. ARGUMENT

In his motion, the defendant argues that he seeks to exclude any "evidence, testimony, or reference to his alleged 'extravagant' lifestyle during the time period in question and any salacious details about money purportedly spent on certain personal expenses, including, but not limited to, reference to sex workers, adult entertainment, a sex club membership, pornography, and strip clubs." Def.'s Mot. at 2. Without any support, he contends in a conclusory fashion that "[n]one of the evidence on this issue is relevant to any of the elements that the Special Counsel needs to prove in this tax-focused Indictment," and that any evidence of "payment for items sexual in nature" would be unfairly prejudicial. *Id*. He requests to sanitize the evidence of his lavish spending by means of a stipulation to generalized "personal expenses." *Id*. But this proposal should be rejected. For the following reasons, evidence about the defendant's lifestyle choices— including his spending on expenses that may be sexual in nature—is relevant to the offenses charged and its probative value is not outweighed by any risk of unfair prejudice, confusing the issues, or misleading the jury.

**A.  Evidence About the Defendant's Spending and His Lifestyle Choices Is Relevant.**

1. <u>Spending & lifestyle evidence is highly probative of the defendant's motives and provides context for his tax offenses</u>.

Evidence of the defendant's spending on personal goods and services during the time period in which he was (1) failing to file and pay his taxes, (2) attempting to evade taxes and (3) filing false returns is relevant for several reasons. First, it shows his motive, namely, to preserve funds so he could use them on costly personal expenditures. Fed. R. Evid. 401. His specific expenditures also demonstrate the extent to which he was living beyond his means, which "is of probative value in a case involving a crime resulting in financial gain." *United States v. Feldman*, 788 F.2d 544, 557 (9th Cir. 1986) (quoting *United States v. Saniti*, 604 F.2d 603, 604 (9th Cir. 1979) (per curiam)); *see also United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995) (holding that evidence of defendant's purchase of an expensive firearm, which added to his substantial debt and emptied his checking account, was admissible as relevant to his motive of greed); *United States v. Bailie*, No. 96–30047, 96–30048, 96–30049, 99 F.3d 1147, 1996 WL 580350, * 7 (9th Cir. Oct. 8, 1996) (unpublished) (holding trial court did not abuse its discretion in admitting evidence of the defendant's "opulent lifestyle, including homes, condos, expensive cars and a chauffeured limousine" because it was probative of the defendants' "motive . . . to support their affluent lifestyle"); *United States v. Hughes*, 766 F.2d 875, 878 (5th Cir. 1985) (evidence of large expenditures admissible to show motive to commit tax fraud). The defendant's tax crimes all resulted in his financial gain, and so it is only logical that the amount, frequency, and nature of his expenses helps explain his motive to commit these offenses.

The specific nature of the defendant's spending and lifestyle also illustrates the context in which he committed the tax crimes: he needed money. The personal spending details show that, when he was committing these tax offenses that resulted in his financial

gain, he was partying around the clock at luxury hotels (as his obligations to pay alimony, child support, and college tuition remained outstanding), leaving the defendant cash strapped. The full extent of the defendant's financial difficulties—brought on by his excessively lavish spending—is probative of not only his motive but also the context in which he failed to file, pay or make false returns. *See Feldman*, 788 F.2d at 557 (evidence of debts admissible to show motive to commit bank robbery); *United States v. Tierney*, 424 F.2d 643, 646-47 (9th Cir. 1970) (evidence of failing business admissible to show motive to sell counterfeit money).

Evidence showing the extent of the defendant's self-indulgent daily spending on opulent, gratuitous expenditures would greatly help the jury understand his motive to commit the tax crimes charged in the indictment. Because the specific details of the defendant's expenditures "tend to make the existence of facts of consequence to the determination of this action more probable or less probable than it would be without the evidence," Fed. R. Evid. 401, the evidence is relevant.

> 2. <u>Spending & lifestyle evidence are probative of the defendant's intent to commit tax offenses.</u>

Details about the defendant's expenditures are also probative of his intent: he willfully chose to spend money on expenses other than his taxes. Fed. R. Evid. 401. While his taxes went unpaid, the defendant's escorts, hotels, car dealers, and strip clubs <u>were</u> paid, rebutting possible defenses as to intent (i.e., that he was "a hapless victim," of modest means, intoxicated, lacked capacity or was otherwise confused). *United States v. Powell*, 124 F.3d 655, 656, 661 (5th Cir. 1997) (holding that there was no error in admitting evidence of the defendant's extravagant lifestyle, including his topless bar patronage, Cadillac convertible ownership and a photograph of the defendant with two female topless bar employees in front of a car trunk filled with cash because it was "probative of whether [the defendant] was reaping benefits from tax evasion, or if he was, as the defense suggested at trial, of such modest means that he was unable to pay his bills"). The precise

nature of the expenditures—and their excessively personal nature—is particularly probative as to Counts Six through Eight because the defendant falsely characterized his personal spending as legitimate business expenditures.

To show the defendant's willfulness, the evidence at trial will show that the defendant knew he had a substantial tax liability, that he had the means to pay it, and that he used his money for other expenditures. Count Six alleges that the defendant's tax evasion was committed through conscious, volitional acts. And this is not a defendant whose choices were circumscribed by his circumstances—he is a lawyer educated at Georgetown and Yale who had sufficient earnings to pay his taxes (as he earned more than $11 million from 2016 to 2019), if he so chose. But he chose instead to use his substantial income on luxuries and partying. His decisions to use his income for "sex workers, adult entertainment, a sex club membership, pornography, and strip clubs," Def.'s Mot. at 2, and then categorize these expenditures as business related is highly probative of his willful intent. Direct proof of a defendant's intent to evade taxes is "rarely available," which means that willfulness—wrongful intent to avoid a known legal duty—"may be inferred… by the trier of fact from all the facts and circumstances of the attempted understatement of tax." *United States v. Conforte*, 624 F.2d 869, 875 (9th Cir. 1980). Therefore, the specific facts and circumstances of the defendant's understatement of his tax liability is relevant and admissible to show his willful intent as to Counts One through Nine.

> 3. <u>Spending & lifestyle evidence shows the absence of any mistake in committing the tax offenses</u>.

The defendant's exorbitant spending—which included, among other things, payments to escorts and dancers and strip clubs, his ownership and rental of luxury cars, and his stays at the Chateau Marmont and other expensive hotels—further establishes that no mistake or accident led to his false returns, acts of evasion or failures to file and pay.

The government should be permitted to show the jury, for instance, that while the defendant was not filing or paying his taxes, he was withdrawing hundreds of thousands

of dollars in cash, paying hundreds of thousands of dollars to women, and spending more than $100,000 on clothing and accessories. ECF 1 at ¶¶ 103-04. The defendant then later falsely claimed that these payments to escorts and dancers were "Office and Miscellaneous" expenses, that his daughter's law school tuition was a "Legal Professional and Consulting" expense. *Id*. at ¶ 141. Further, he drew from a business line of credit (for which the pay-off was deducted when tax forms were finally filed) to pay porn sites and strip clubs. *Id*. The defendant himself described his non-stop partying in high-end hotels in his memoir during a period for which he claimed on his taxes that he traveled extensively for "business." *See id*. ¶¶ 115-16. The precise nature of the goods and services on which the defendant spent large sums of money directly undercuts any argument that he incorrectly categorized these items by mistake or accident (due to haste or the inattentiveness of others or something else). If the defendant is permitted to stipulate to the personal nature of the spending, the jury will be unable to evaluate any defense of inadvertence or honest mistake. The precise nature of the expenditures will show that the defendant's deductions were not the sort of expenses susceptible to mischaracterization.

### B. The spending & lifestyle evidence is not unfairly prejudicial.

The probative value of the evidence showing that he spent millions of dollars on luxury hotel stays, clothing, escorts, and dancers (some of which he later claimed as business expenses when he finally did file his taxes) is not substantially outweighed by the danger of <u>unfair</u> prejudice, and accordingly, should not be excluded under Fed. R. Evid. 403. These are the things he chose to spend his money on, rather than paying his taxes. The evidence of his choices should not be artificially sanitized to keep the jury from learning these facts.

This case is distinguishable from the district court opinion the defendant cites, *U.S. v. Rakow*, No. CR 04-01563 MMM, 2006 WL 8445943, at *2, 5 (C.D. Cal. July 3, 2006). In *Rakow*, the court admitted a credit card statement, but limited testimony about charges for gas, a car service, a travel agency, online shopping, a hotel room at the Bellagio Hotel

in Las Vegas, and airplane tickets because the exhibit's limited purpose was to show sham transfers to facilitate the defendant's avoidance of tax liability. *Id*. at *5. Here, as described above, the government seeks to introduce details about the defendant's expenditures for far broader purposes, such as the defendant's motive, intent, the context surrounding his offenses, and to rebut any defense of mistake or accident. Further, evidence that the defendant spent his money on self-indulgent personal items and services for himself and then represented to the government that those very items were of a business nature bears directly on elements of Counts Six, Seven, and Eight.[1] *See* ECF 1.

Simply because some of the expenses may be sexual in nature does not automatically tip the Fed. R. Evid. 403 scale in favor of exclusion. In *United States v. Yazzie*, 59 F.3d 807, 812 (9th Cir. 1995), a case the defendant cites for the proposition that "alleged sexual conduct" "is exactly the type of prejudicial, inflammatory evidence that makes a conviction more likely because it provokes an emotional response in the jury," Def.'s Mot. at 3, the Ninth Circuit ruled that lewd "magazines and a penis enlargement pump directly related to [the defendant's] guilt for the crimes charged" and therefore <u>were</u> properly admitted. *Id*. at 812.

As explained in Section II.A above, the probative value of the evidence of defendant's spending and lifestyle is high.[2] It shows that the defendant had the motive,

---

[1] The defendant cites a copyright case in which the parties were directed to use neutral, non-inflammatory terms to describe infringing products, but that case does not support exclusion. *See Kitsch LLC v. Deejayzoo, LLC*, No. SACV1902556JAKRAOX, 2023 WL 4291445, at *5 (C.D. Cal. May 8, 2023). There has been no suggestion that the government will use anything but factual and accurate language in describing any of the defendant's expenditures, including those of a sexual nature, so this case is inapplicable.

[2] The defendant cites a § 1983 case, *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 949 (9th Cir. 2009), in which rap lyrics penned by the decedent about the murder of police officers were admitted as relevant and sufficiently probative under Fed. R. Evid. 403. However, on appeal, the court held that the district court erred in failing to exclude lyrics about *prostitution* because they had "nothing at all to do with police officers," and so had

*(footnote cont'd on next page)*

context, and intent required and made no mistake in failing to file and pay, evading payment and filing false returns. The prejudicial impact of that evidence is comparatively low; evidence of extravagant spending (even on items of a highly personal or sexual nature) does not have an undue tendency to suggest decision on an improper basis. *United States v. Haney*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting Fed. R. Evid. 403, Advisory Committee Notes) (noting that an improper basis is "commonly, though not necessarily, an emotional one"). It also does not risk confusing the jury, as evidence of the defendant's lavish spending is not of the sort that would "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The jury may find the government's evidence of guilt—including the evidence that the defendant had the motive, intent and circumstances to commit the tax offenses—makes it more likely that the defendant committed the tax offenses charged, but the defendant fails to demonstrate that this evidence raises a risk of "unfair" prejudice.

### III.   CONCLUSION

Accordingly, the Court should deny the defendant's motion to exclude evidence of his "extravagant lifestyle" and "salacious details" about his spending, "including, but not limited to, sex workers, adult entertainment, a sex club membership, pornography, and strip clubs." Def.'s Mot. at 3.

---

no probative value. In this case, the evidence regarding expenses that are sexual in nature is probative. And *Boyd* actually supports the conclusion that even highly offensive evidence, such as lyrics about the murder of police officers, may have sufficient probative value as to be admissible under Fed. R. Evid. 403.