Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone:   (213) 625-3900
Facsimile:   (213) 232-3255

Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:   (202) 282-5000
Facsimile:   (202) 282-5100

*Attorneys for Robert Hunter Biden*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT HUNTER BIDEN,<br><br>　　　　　Defendant. | **Case No. 2:23-cr-00599-MCS**<br><br>*Hon. Mark C. Scarsi*<br><br>**MR. BIDEN'S OPPOSITION TO THE SPECIAL COUNSEL'S SIXTH MOTION *IN LIMINE* TO EXCLUDE DELINQUENT PAYMENT OF THE DEFENDANT'S TAXES**<br><br>Hearing Date:   August 21, 2024<br>Hearing Time:   10:00 a.m.<br>Courtroom:   7C |

1. Defendant Robert Hunter Biden, by and through his counsel of record, hereby opposes the Special Counsel's Motion *in Limine* to exclude the delinquent payment of his taxes. (D.E. 151.) The Special Counsel asked for Mr. Biden's position on this proposed Motion *in Limine*. On May 15, 2024, Mr. Biden's counsel indicated his opposition to this Motion.

Dated: August 7, 2024                      Respectfully submitted,

By:   /s/ *Mark J. Geragos*
       Mark J. Geragos
       Tina Glandian
       Setara Qassim

       Angela M. Machala
       Abbe David Lowell
       Christopher D. Man

       *Attorneys for Robert Hunter Biden*

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Mr. Biden opposes much of the Special Counsel's self-serving recitation of the alleged "facts" from the Indictment in his Motion *in Limine* to exclude evidence of payment of Mr. Biden's outstanding tax bill. (D.E. 151 at 1-2.) While Mr. Biden does not concede the alleged "facts" as stated therein, the instant motion does not require an analysis or review of any of those facts. The only relevant information required by this Court to decide this Motion *in Limine* is that in October 2021, a third party paid Mr. Biden's outstanding individual income taxes, penalties, and interest for tax years 2016 through 2019. In total, Mr. Biden caused to be paid $2,600,158 for various tax years.

In addition, while the Special Counsel insists—without evidence or much basis in the record—that the third party's payment was tied to Mr. Biden's knowledge of a tax investigation, implying that Mr. Biden would not otherwise have made a payment, his interpretation of events is both wrong and prejudicial. As is widely documented, Mr. Biden has been sober since June 2019, at which time he sought to get his business and personal affairs in order, including taking steps to begin the payment of his delinquent taxes, which were paid in October 2021. This process included, among other things, retaining and meeting with new accountants based in California.

Lastly, evidence of the October 2021 payment is relevant to the extent that the Indictment alleges Mr. Biden failed to pay his outstanding tax debt for 2019 on July 15, 2020. (Indict. ¶ 160.) To the extent required for explaining his tax obligations during trial, Mr. Biden's payment of his outstanding 2019 tax obligation in the following year should not be excluded.

Special Counsel is mistaken in his predictions of why and how Mr. Biden may use evidence of the October 2021 tax payment. This evidence will not be used to argue that the payment means he complied with all of his prior tax obligations. There are other relevant and probative uses of this evidence that will not mislead the jury.

## LEGAL STANDARD

In the legal standards section of the instant Motion *in Limine*, the Special Counsel argues that evidence of payment of delinquent taxes is "irrelevant" and that courts have found that evidence of remedial action taken by a taxpayer after he knows he is under investigation is irrelevant. (DE 151 at 2-3). However, as correctly noted by the Special Counsel, courts have widely recognized that whether evidence of belated payment is relevant in these sorts of cases must be evaluated on "a case-by-case basis." *See, e.g.*, *United States v. Beavers*, 756 F.3d 1044, 1050 (7th Cir. 2014). Courts have recognized that the filing of amended returns with payment could have probative value under the right factual circumstances. *See United States v. Baras*, 624 F. App'x 560, 561 (9th Cir. 2015) ("[Defendant" has not established that the factual differences justify a contrary result.")

The question thus comes down to whether this evidence (1) "has any tendency to make a fact more or less probable than it would be without the evidence," and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. As also stated by Special Counsel, "determinations of relevance under Rule 401 - just like determinations of prejudice or confusion under Rule 403 - must be made 'in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad per se rules.'" *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008).

This is one of those cases where the relevance outweighs any prejudice, and Mr. Biden should be able to use this evidence as needed to explain to the jurors the facts and circumstances of what was going on during the relevant time period.

## ARGUMENT

The evidence is relevant to Mr. Biden's state of mind at the time of the charged acts because it demonstrates how markedly different Mr. Biden's conduct and actions were during his period of addiction as compared to his conduct and actions when he regained his sobriety in 2019. The evidence demonstrates Mr. Biden genuinely became aware of the seriousness of his tax delinquencies during his sobriety and took action to

pay the debt. This evidence indeed provides insight into Mr. Biden's state of mind in the years prior to his sobriety and is relevant to the element of willfulness required for all of the charged tax violations. The fact that a third party paid the debt on behalf of Mr. Biden is irrelevant to the defendant's decision to pay the debt. Mr. Biden also reserves the right to introduce evidence of the October 2021 payment to the extent necessary to refute Count 9 of the Indictment, which alleges events from 2020. All of these points illustrate the relevance and probative value of the October 2021 payment for Mr. Biden's defense.

The Special Counsel has not shown why there would be unfair prejudice or misleading of the jury if the evidence is used in the way potentially anticipated by Mr. Biden. Late payment (or any payment at all) goes to more than just jury nullification as claimed by the Special Counsel; it can demonstrate, as one example, that once sober, Mr. Biden demonstrated an intent to make things right, get current, and resolve his outstanding tax issues, which he did by October 2021.

Furthermore, in the event that the Special Counsel intends to call as a witness at trial the third party described in the indictment (Indict. ¶¶ 17, 48) to demonstrate that the third party loaned Mr. Biden funds to pay various expenses or paid those expenses directly on behalf of Mr. Biden, the defense should not be restricted from asking the third party if this included him paying Mr. Biden's outstanding taxes on his behalf or asking about any of the other expenses paid directly on Mr. Biden's behalf.

## CONCLUSION

For the foregoing reasons, Mr. Biden should be allowed to present evidence of the October 2021 payment of his delinquent tax bills.

Date: August 7, 2024               Respectfully submitted,

By:   /s/ *Mark J. Geragos*
Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone: (213) 625-3900
Facsimile:  (213) 232-3255

Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile:  (202) 282-5100

*Attorneys for Robert Hunter Biden*