Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone:  (213) 625-3900
Facsimile:  (213) 232-3255

Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:  (202) 282-5000
Facsimile:  (202) 282-5100

*Attorneys for Robert Hunter Biden*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT HUNTER BIDEN,<br><br>　　　　　Defendant. | **Case No. 2:23-cr-00599-MCS**<br><br>*Hon. Mark C. Scarsi*<br><br>**MR. BIDEN'S OPPOSITION TO THE SPECIAL COUNSEL'S SEVENTH MOTION *IN LIMINE* TO PRECLUDE IMPROPER STATEMENTS & ARGUMENT REGARDING FACTS NOT IN EVIDENCE**<br><br>Hearing Date:　August 21, 2024<br>Hearing Time:　10:00 a.m.<br>Courtroom:　　7C |

Defendant Robert Hunter Biden, by and through his counsel of record, hereby opposes in part the Special Counsel's Motion *in Limine* to preclude improper statements and argument regarding facts not in evidence. (DE 156.) On July 30, 2024, the Special Counsel sent defense counsel an email addressing the government's amended exhibits list, the proposed statement of the case, the proposed competing verdict forms, the proposed joint voir dire, and the proposed jury instructions (all of which had to be filed the following day); Special Counsel also inquired whether the defense intended to oppose the government's motions to preclude the defense experts. At the end of that email, the Special Counsel also stated that they "intend to file a motion in limine to preclude statements by defense counsel about facts that are not offered into evidence" and requested the defense position on this motion as well. On July 31, 2024, defense counsel sent a number of responsive emails addressing the various pleadings the parties were required to file and exchanging drafts with the Special Counsel. However, the Special Counsel filed its Seventh Motion *in Limine* to preclude improper statements and argument regarding facts not in evidence before Mr. Biden's counsel had an opportunity to respond with his position on the Motion. As explained in the attached memorandum of points and authorities, Mr. Biden opposes this Motion in part.

Dated: August 7, 2024                               Respectfully submitted,

                                    By:   /s/ *Mark J. Geragos*
                                          Mark J. Geragos
                                          Tina Glandian
                                          Setara Qassim

                                          Angela M. Machala
                                          Abbe David Lowell
                                          Christopher D. Man

                                          *Attorneys for Robert Hunter Biden*

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Special Counsel's motion *in limine* seeking to preclude improper statements and argument regarding facts not in evidence is based wholly on an improper characterization of events which occurred during Mr. Biden's trial in Delaware on firearm charges. To begin with, defense counsel is aware of the rules and have no intention to make any "improper" arguments or argue "facts not in evidence." Moreover, the Court's preliminary instructions to the jury will clearly identify "what is not evidence." As the jury will instructed at the outset of the case, the "statements and arguments of the attorneys" are not evidence. Thus, there is no need for the Court to limit the defense to what they can or cannot say during their opening statement so long as counsel reasonably and in good faith expects that the referenced evidence will be admitted at trial. However, the Special Counsel's rendition of what happened at the Delaware trial is not accurate.

As for evidence relating to Mr. Biden's personal history and the causes of his addiction, such evidence is relevant to his willfulness defense as to all charges in the Indictment to negate the element of specific intent. The Special Counsel has not argued (because he cannot show) that the probative value of such evidence is "substantially outweighed" by the danger of confusing the jury.

The admission of Mr. Biden's personal history and the causes of his addiction are also appropriate under the "rule of completeness" and Federal Rule of Evidence 106 because the government intends to offer into evidence excerpts of Mr. Biden's memoir which discuss in great detail the extent of his drug abuse and addiction. Absent the relevant context of what led to Mr. Biden's addiction, particularly in 2015 and the years that followed, the inflammatory nature of the evidence of drug abuse and addiction may unfairly prejudice the jury against him.

Accordingly, the Special Counsel's seventh motion *in limine* should be denied in part, and as to any facts not yet in evidence, can be addressed at trial (if necessary) based on the record created.

## ARGUMENT

**A. Defense Counsel Should Not Be Precluded from Making Reference in Opening Statements to Matters Which Counsel Reasonably and in Good Faith Believes Will Be Presented at Trial.**

During the opening statement, a defense attorney may refer to matters which he reasonably and in good faith believes will be presented as evidence during the trial. *See Leonard v. United States*, 277 F.2d 834, 841 (9th Cir. 1960). The Special Counsel's assumptions about what defense counsel may or may not say during opening statements (based on witnesses and evidence which the defense may reasonably and in good faith intend to present at trial) does not warrant the preclusion of counsel's references to such evidence during the defense's opening statement. *See, e.g., United States v. Barreiro*, 2016 WL 258521, at *2 (N.D. Cal. Jan. 21, 2016) (denying government's motion *in limine* to the extent it seeks to preclude defendants from referencing, during opening statements, certain facts because "the government's unspecified doubts do not demonstrate that Defendants lack a reasonable, good faith belief that such evidence will be admissible" and because "the preliminary jury instructions will make clear to the jury that Defendants' opening statements are not evidence").

Mr. Biden disagrees with the Special Counsel's characterizations of what happened during the Delaware trial, and it is irrelevant for purposes of this motion to explain why Mr. Biden's trial counsel in that case ultimately chose not to call certain witnesses or to present certain evidence. This is a different case. What is significant, however, is that, as a transcript will demonstrate, Mr. Biden's counsel did not include in his closing argument, and took care to exclude from his statements to the jury, any

of the facts which were not supported by the evidence introduced by documents or witnesses, and took care not to engage in improper vouching. Mr. Biden's trial counsel is readily familiar with the Federal Rules of Evidence and intends to fully abide thereby; the preclusion of statements the defense has not indicated it will make (or which it may have a good faith basis to make) is not warranted.

Additionally, the preliminary jury instructions will make clear that the attorneys' opening statements are not evidence. *See* D.E. 159 at 4 (Joint Proposed Instruction No. 4: What Is Not Evidence); Ninth Circuit Manual of Model Criminal Jury Instructions § 1.4 (2022 ed.) ("The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: (1) statements and arguments of the attorneys . . ."). Thus, there is no need to preclude any statements by defense counsel at this point in the proceedings.

**B.   Defense Counsel Should Not Be Precluded from Referencing the Defendant's Personal History or Possible Causes of His Addiction.**

**1.   Evidence of Mr. Biden's personal history and causes of his addiction are relevant and their probative value is not "substantially outweighed" by the danger of confusing the jury.**

In reliance on Federal Rules of Evidence 401 and 403, the Special Counsel argues that Mr. Biden's personal history, including the possible causes of his addiction, are irrelevant and should be excluded because they have the potential to confuse the jury. The Special Counsel ignores the fact that there is a willfulness requirement to the charges against Mr. Biden. In the context of criminal tax cases, "willfulness" is defined as a "voluntary, intentional violation of a known legal duty." *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1991) (quoting *Cheek v. United States*, 498 U.S. 192, 201 (1991) (internal quotation marks omitted)).

Indeed, each of the nine tax charges against Mr. Biden is a specific intent crime. *See* 26 U.S.C. §§ 7201, 7203 & 7206(1); *Hawkins v. Franchise Tax Bd. of California*,

769 F.3d 662, 668 (9th Cir. 2014) (describing "[t]he specific intent required for felonious tax evasion" in violation of 26 U.S.C. § 7201); *United States v. Brodie*, 858 F.2d 492, 496 n.3 (9th Cir. 1988) (overruled on other grounds by *United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997)) ("Specific intent or willfulness is an element of a section 7203 violation."); *United States v. Brooksby*, 668 F.2d 1102, 1104 (9th Cir. 1982) ("There can be no doubt that the term 'willful' in § 7206(1) requires proof of a specific intent to do something which the law forbids; more than a showing of careless disregard for the truth is required."). "In a prosecution for a specific intent crime, voluntary intoxication that precludes the formation of the requisite intent may be established as a defense. Thus, voluntary intoxication of a high degree may constitute a defense to the element of 'willfulness.'" *United States v. Jurka*, 818 F.2d 1427, 1432 (9th Cir. 1987) (internal citations omitted).

The defense intends to prove at trial that for the period from approximately 2016 through May 2019, Mr. Biden was severely addicted to alcohol and drugs, as evidenced by the numerous times he sought treatment at a rehabilitation facility and as detailed by Mr. Biden in his memoir entitled *Beautiful Things*—excerpts of which the Government intends to admit into evidence. As an example of the severity of his addiction, in his memoir, Mr. Biden describes 2018 as being dominated by crack cocaine use "twenty-four hours a day, smoking every fifteen minutes, seven days a week."[1] The defense intends to prove that Mr. Biden's extensive drug and alcohol abuse during the relevant time-period altered his cognitive activities including his decision-making and judgment, such that Mr. Biden was unable to form the requisite intent to commit the crimes he has been charged with. Mr. Biden's personal history and his addiction are therefore clearly relevant to his willfulness defense and to negate the element of specific intent.

---

[1] Government's Proposed Exhibit 250 at 7.

As reference to the Delaware trial has been made, the Court should be aware that the entire premise of the firearm prosecution in Delaware was Mr. Biden's severe addiction to drugs at the time he purchased a gun in 2018. The government, through the same Special Counsel, argued and put forward evidence in the Delaware case that Mr. Biden was severely addicted to drugs from 2015 through 2019 (which include the dates for which the charges for the tax violations are based), during which time he purchased a firearm. *See, e.g.*, DE R.T. 6/10/2024 at 1323:14-19 (Mr. Hines: "And again, the evidence and the reason it was introduced from 2015 to '19 shows the defendant habitually used a controlled substance. It isn't something that started the day before he bought and then possessed the gun, or the week before, or the month before, it started years before and it continued for months thereafter."). Based on the government's arguments and evidence on this issue, the jury convicted Mr. Biden of the firearm charges. Mr. Biden would thus be prejudiced if the government is not judicially estopped[2] from taking a contrary position in this case, where Mr. Biden's drug abuse and addiction bears directly on whether he had the requisite *mens rea* to commit the crimes he has been charged with. While this is ultimately an issue for the jury, the government should not be allowed to gain an advantage in one proceeding by using Mr. Biden's drug abuse and addiction against him, and then gain a second advantage by taking an inconsistent position in this proceeding. *See, e.g.*, *United States v. Liquidators of Eur. Fed. Credit Bank,* 630 F.3d 1139, 1149 (9th Cir. 2011) (the government was judicially estopped from taking position inconsistent with that in a prior proceeding).

---

[2] "The doctrine of judicial estoppel forbids a party 'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.'" *Teledyne Indus., Inc. v. N.L.R.B.,* 911 F.2d 1214, 1217 (6th Cir. 1990) (citation omitted). It is designed "to protect the integrity of the judicial process" and "preclude[] parties from taking inconsistent positions in judicial proceedings." *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 n.3 (9th Cir. 1996) (citations omitted).

The United States Supreme Court has held that "forbidding the jury to consider evidence that might negate willfulness [in the context of a criminal tax violation] would raise a serious question under the Sixth Amendment's jury trial provision." *Cheek,* 498 U.S. at 203. *See, e.g., Powell*, 955 F.2d at 1214 (the district court "ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant *thought the law was* in § 7203 cases because willfulness is an element of the offense").

Furthermore, because of the stigma associated with drug abuse and addiction, it is necessary to give the jury some context as to what led Mr. Biden to resort to drug dependence, which include various traumas he experienced. For example, the death of his brother, Beau, in 2015 is directly relevant to why Mr. Biden spiraled into addiction in the years that followed. Mr. Biden's personal history is therefore necessary to mitigate the damage of the otherwise unsavory evidence of his drug abuse and addiction, which typically would not be admissible in a tax case. If the jury is not given a complete picture of Mr. Biden's circumstances, the evidence of his drug abuse and addiction may unfairly prejudice the jury against him. The causes of Mr. Biden's addiction are therefore relevant and generally admissible under Federal Rule of Evidence 402, unless proscribed by another evidentiary rule.

Federal Rule of Evidence 403 only permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by" one or more of the articulated dangers. The Ninth Circuit has explained that "[Rule] 403 favors admissibility, while concomitantly providing the means of keeping distracting evidence out of the trial." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

In asking the Court to preclude this evidence under Rule 403, the Special Counsel merely states that "[a]ny evidence relating to this topic would [] be inappropriate and would have the potential to confuse the jury." D.E. 156 at 4-5.

However, this is insufficient to warrant the preclusion of relevant evidence. Under the appropriate balancing test that Rule 403 requires, the aforementioned evidence is admissible because its probative value is not "substantially outweighed" by the danger of confusing the jury, nor does the Special Counsel claim that it is.

*United States v. Rodriguez*, 971 F.3d 1005 (9th Cir. 2020), cited by the Special Counsel, is inapposite. There, the Ninth Circuit affirmed the district court's exclusion of the witness' testimony because the "proffer was extremely weak to the extent it spoke to any issues beyond duress," *id.* at 1021, and the defendant did "not dispute that she failed to preserve a duress defense," *id.* at 1020 n.12. Because the proffered evidence "had little to do with her guilt or innocence of the charges," the Ninth Circuit held there was no abuse of discretion in excluding the testimony. *Id.* at 1020. In contrast here, evidence of Mr. Biden's drug abuse and addiction is directly relevant to his guilt or innocence of the charges, since it has the potential of negating a required element of each of the charges against him.

**2. The admission of Mr. Biden's personal history and the causes of his addiction are also appropriate under the "rule of completeness" and Federal Rule of Evidence 106.**

The admission of Mr. Biden's personal history and the causes of his addiction are also appropriate under the "rule of completeness" and Federal Rule of Evidence 106. As noted above, the Special Counsel intends to offer into evidence excerpts from Mr. Biden's memoir that discuss in great detail the extent of his drug abuse and addiction. The common-law "rule of completeness," which has been partially codified in Federal Rule of Evidence 106,[3] provides that "when a party has introduced part of a writing, an adverse party may require the introduction of any other part which ought

---

[3] Rule 106 provides: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106.

8

in fairness to be considered contemporaneously." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 155-56 (1988).

In the criminal context, the rule of completeness also implicates a defendant's Fifth Amendment rights because a defendant who elects not to testify may be penalized by the government's introduction of a misleading excerpt of a statement that the defendant will not be able to contextualize or explain. *See, e.g., United States v. Quinones-Chavez,* 641 F. App'x 722, 732 n.4 (9th Cir. 2016) (Fisher, J., concurring in part) ("Whatever the limits of the trumping function of the rule of completeness, at minimum it should apply in the particular circumstances where the government has abused the asymmetrical nature of the hearsay rule in a criminal trial and exclusion under the hearsay rule would implicate a criminal defendant's Fifth Amendment right not to testify on his or her own behalf."); *see also United States v. Walker*, 652 F.2d 708, 714 (7th Cir. 1981) (the government's "selective presentation of [defendant's] prior testimony" penalized the defendant for declining to testify at his second trial).

Because the Special Counsel intends to introduce at trial excerpts from Mr. Biden's memoir, the rule of completeness and Rule 106 require that it do so in a manner that will not mislead the jury or unfairly prejudice Mr. Biden. Due to the inflammatory nature of the evidence of drug abuse and addiction, Mr. Biden must be able to provide the appropriate context for his conduct and to explain the circumstances surrounding his drug abuse and addiction which includes his personal history and what led to his addiction. Without the appropriate context, one might believe that Mr. Biden became addicted to drugs because he was partying and having a great time when the truth of the matter is the drug abuse was a form of coping for severe grief and trauma.

## CONCLUSION

For the foregoing reasons, Mr. Biden's counsel should not be precluded from making any statements or argument which they reasonably and in good faith believe

will be supported by the evidence, including statements regarding Mr. Biden's personal history and the causes of his addiction.

Date: August 7, 2024

Respectfully submitted,

By:   /s/ *Mark J. Geragos*
Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone: (213) 625-3900
Facsimile: (213) 232-3255

Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorneys for Robert Hunter Biden*