Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone:   (213) 625-3900
Facsimile:   (213) 232-3255

Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:   (202) 282-5000
Facsimile:   (202) 282-5100

*Attorneys for Robert Hunter Biden*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>   Plaintiff,<br><br>   vs.<br><br>ROBERT HUNTER BIDEN,<br><br>   Defendant. | **Case No. 2:23-cr-00599-MCS**<br><br>*Hon. Mark C. Scarsi*<br><br>**MR. BIDEN'S REPLY IN SUPPORT OF HIS FIRST MOTION *IN LIMINE* TO EXCLUDE STATEMENTS HE MADE AT THE JULY 26, 2023 HEARING IN DELAWARE; DECLARATION OF MARK J. GERAGOS**<br><br>Hearing Date:   August 21, 2024<br>Hearing Time:  10:00 a.m.<br>Courtroom:      7C |

Defendant Robert Hunter Biden, by and through his counsel of record, hereby submits this Reply in support of his Motion *in Limine* to exclude any statements made by Mr. Biden at the July 26, 2023 hearing in the District of Delaware, *United States v. Biden*, No. 23-cr-00061-MN-1 (D. Del.).

In its Opposition to Defendant's Motion (D.E. 177), the Special Counsel notes that the government does not intend to introduce statements outside the limits of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f). Particularly because this case does not involve charges relating to false statements, the exception provided in Rule 410 has no bearing on this case. Such statements are only admissible "in a criminal proceeding for perjury or false statement, if the defendant made the statement under oath, on the record, and with counsel present." Fed. R. Evid. 410(b)(2).

The Special Counsel did not present a scenario in his Opposition in which the exception provided in Rule 410 would apply, but only one such scenario is imaginable.[1] The issue was raised in the Delaware matter at the final pretrial conference, and there, the Special Counsel envisioned that the scenario in which this Rule would take effect would be if Mr. Biden took the stand and *the defense* opened the door to the evidence. In Delaware, after hearing argument, the court granted Mr. Biden's motion excluding the statements with the qualification that "to the extent either side believes that a door has been opened," Ex. A to Declaration of Mark Geragos [5/24/24 Tr. at 19:15-16], then it must raise the issue with the Court outside the presence of the jury's hearing before asking any questions regarding the July 26

---

[1] Defendant filed a very similar motion *in limine* to exclude any statements made during the July 26, 2023 proceedings in *United States v. Biden*, No. 23-cr-00061-MN-1 (D. Del.) (D.E. 137). During the May 24, 2024 pretrial conference in that case before the Honorable Maryellen Noreika, the Special Counsel stated, "So 410, I believe it's (b)(1), either (b)(1) or (b)(2), provides if the defense brings it up, essentially opens the door, we would be able to rebut that and address it through his statements. That's the scenario we're envisioning." Ex. A to Declaration of Mark Geragos [May 24, 2024 PTC Tr. at 17:8-12].

statements.[2]

Accordingly, Mr. Biden respectfully requests that the Court apply the same caution and qualification here. In the event that Mr. Biden takes the stand and the Special Counsel believes that a door has been opened to such statements by the defense during his testimony, then Special Counsel should be directed to raise the issue with the Court outside the presence of the jury before eliciting any questioning on the topic.

Dated: August 11, 2024          Respectfully submitted,

<u>/s/ Mark Geragos</u>
Mark J. Geragos
Tina Glandian
Setara Qassim

Angela M. Machala
Abbe David Lowell
Christopher D. Man

*Attorneys for Robert Hunter Biden*

---

[2] In the Delaware hearing, Judge Noreika granted Defendant's Motion and stated, "I am going to grant it and say that to the extent either side believes that a door has been opened that would allow anything from the July 26, 2023, hearing to come in, counsel shall raise the issue with me outside the hearing of the jury before asking any questions." Ex. A to <u>Declaration of Mark Geragos</u> [May 24, 2024 PTC Tr. at 19:14-18].