Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone:   (213) 625-3900
Facsimile:    (213) 232-3255

Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:   (202) 282-5000
Facsimile:    (202) 282-5100

*Attorneys for Robert Hunter Biden*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT HUNTER BIDEN, <br><br> Defendant. | **Case No. 2:23-cr-00599-MCS** <br><br> *Hon. Mark C. Scarsi* <br><br> **MR. BIDEN'S REPLY IN SUPPORT OF HIS THIRD MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO HIS "EXTRAVAGANT" LIFESTYLE AND SALACIOUS DETAILS ABOUT SPENDING ON PERSONAL EXPENSES** <br><br> Hearing Date:   August 21, 2024 <br> Hearing Time:   10:00 a.m. <br> Courtroom:       7C |

Defendant Robert Hunter Biden, by and through his counsel of record, hereby files this Reply in Support of his Motion *in Limine* to exclude any reference to his purportedly "extravagant lifestyle" (a term used by the Special Counsel in the Indictment) and any salacious details about his personal expenses.

The Special Counsel opposes the Motion, arguing that evidence of an extravagant lifestyle including the salacious details are highly probative of Mr. Biden's state of mind as to his motive, intent, and absence of mistake, and that such evidence is not unfairly prejudicial. (D.E. 179 at 1.) The Special Counsel argues that Mr. Biden's spending is relevant to his motive to preserve funds to spend on costly personal expenditures and that the expenditures demonstrate the extent to which he was living beyond his means which is probative in a case involving a crime resulting in financial gain. (D.E. 179 at 4-6.)

But the Special Counsel is wrong as to the probative value of this evidence. *See Hawkins v. Franchise Tax Bd. of California*, 769 F.3d 662, 669 (9th Cir. 2014) (recognizing that "no Circuit has held that living beyond one's means alone constitutes willful tax evasion" and holding that "a mere showing of spending in excess of income is not sufficient to establish the required intent to evade tax"). *Compare Spies v. United States*, 317 U.S. 492, 499 (1943) ("affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries of alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal").

At trial, the government can present evidence of Mr. Biden's spending without needing to offer or introduce specific details that are not only highly prejudicial beyond any probative value under Federal Rule of Evidence 403, but which also will result in a waste of the jury's time and confusing the issues. For instance, the

government's proposed Exhibits GX-121 and GX-122 consist of over 500 pages of records from Zoe Kestan's cell phone that in addition to text messages, also include dozens of photos of selfies, shopping, dressing rooms, poolside photos, dining and food, nude bodies, cars, and intimate photos that do not have any bearing or relevance to Mr. Biden's delinquent taxes, motive, or intent. Nor do those details go to proving any elements of the tax offenses that Mr. Biden had been charged with here.

Similarly, the government's proposed Exhibit GX-254 contains 89 pages of just photographs of hotel rooms, which appear to be stock images and do not demonstrate the condition of those locations at the time Mr. Biden allegedly was there—they are just being used to inflame the jury and show an "extravagant lifestyle" that has no place in this trial and are highly prejudicial. The Special Counsel can easily present this evidence through Mr. Biden's credit card or bank statements rather than showing needless photographs such as those included in the hundreds of pages in government exhibits 121, 122, and 254, which are simply intended to inflame the jury, and risk misleading the jury and causing them to focus on peripheral issues rather than the substantive elements of the crime. Pictures of hotel rooms, women in dressing rooms, food, pools, selfies, and the like, have zero to marginal probative value and will likely provoke jury bias and distract from the main issues at trial. These details of Mr. Biden's alleged lifestyle—which according to the government's exhibit list it apparently intends to inundate the jury and this trial with—have no bearing on the crime, motive, or intent.

Even if the Court finds this evidence has the slightest probative value, the evidence should be excluded under Federal Rule of Evidence 403, because any minimal probative value is substantially outweighed by the danger of unfair prejudice. The Ninth Circuit mandates that financial evidence, whether it depicts wealth or poverty, must be closely linked to the criminal activity in question to be considered admissible, ensuring that the evidence meaningfully contributes to establishing

elements like motive or intent, rather than merely appealing to biases or prejudices against the defendant's character. *See United States v. Mitchell*, 172 F.3d 1104, 1108–09 (9th Cir. 1999) ("To determine whether evidence of impecuniousness has relevance, and that its probative value is not outweighed by the risk of unfair prejudice, it is necessary to consider the facts of the particular case . . . Poverty as proof of motive has in many cases little tendency to make theft more probable. Lack of money gives a person an interest in having more. But so does desire for money, without poverty. A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value.").

For the foregoing reasons, this evidence of purportedly "extravagant lifestyle" should be excluded under the Federal Rule of Evidence 403 balancing test, as the risk of unfair prejudice, confusing the issues, and misleading the jury far outweighs any purported probative value of including such specific unnecessary details.

Dated: August 11, 2024                    Respectfully submitted,

                                          <u>/s/ Mark Geragos</u>
                                          Mark J. Geragos
                                          Tina Glandian
                                          Setara Qassim

                                          Angela M. Machala
                                          Abbe David Lowell
                                          Christopher D. Man

                                          *Attorneys for Robert Hunter Biden*