DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail:    LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00599-MCS |
|---|---|
| Plaintiff, | |
| v. | **GOVERNMENT'S REPLY IN SUPPORT OF ITS SIXTH MOTION IN LIMINE TO EXCLUDE THE DELINQUENT PAYMENT OF DEFENDANT'S TAXES** |
| ROBERT HUNTER BIDEN, | |
| Defendant. | |
| | Hearing Date:   AUGUST 21, 2024<br>Hearing Time:   1:00 p.m.<br>Location:   Courtroom of the Hon. Mark C. Scarsi |

    Plaintiff United States of America, by and through its counsel, hereby files this reply in support of its sixth motion in limine to exclude the delinquent payment of the defendant's taxes, ECF 151 ("Gov't Mot."), and to address the defendant's opposition, ECF 188 ("Def.'s Opp'n"). The defendant fails to establish that the evidence of a third party's belated payment of his delinquent taxes is relevant to any of the offenses charged and it should therefore be excluded pursuant to Fed. R. Evid. 401. He also fails to establish that, even if the evidence had any minimal probative value (which it does not), it would

not be substantially outweighed by a risk of unfair prejudice and confusing the jury. *See* Fed. R. Evid. 403.

This reply is based upon the attached memorandum of points and authorities, the indictment in this case, and any further evidence and argument as the Court may deem necessary.

Dated: August 12, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

As the government explained in its motion, Ninth Circuit precedent establishes that evidence of a third party's belated payment of the defendant's outstanding tax delinquency is irrelevant to the crimes charged and should thus be excluded under Fed. R. Evid. 401. In his opposition, the defendant fails to address any of these cases and does not cite to a single case where a court has permitted such evidence. This is not surprising, as he does not articulate any coherent theory explaining why the delinquent payment would be relevant. He also fails to address the government's arguments about why the evidence poses a risk of unfair prejudice, confusing the issues, and misleading the jury, so Fed. R. Evid. 403 further supports exclusion. The Court should therefore grant the motion.

## I. ARGUMENT

First, the defendant contends that the evidence is relevant to the defendant's "state of mind at the time of the charged acts," Def.'s Opp'n. at 3, but he completely ignores the binding precedent holding that the belated payment of taxes is not relevant to a defendant's state of mind when he commits a tax offense. *See Sansone v. United States*, 380 U.S. 343, 354 (1965) (explaining that intent to pay the tax sometime in the future "does not vitiate the willfulness" required by §§ 7201 or 7203); *United States v. Ross*, 626 F.2d 77, 81-82 (9th Cir. 1980) ("The conduct of defendant in the years subsequent to 1972, 1973 and 1974 was not relevant to the charge that defendant had willfully failed to file tax returns in those three years."); *see also United States v. Jennings*, No. CR 10-00346 SJO, 2011 WL 13143589, at *2 (C.D. Cal. Feb. 25, 2011) (applying "controlling" Supreme Court and Ninth Circuit precedent to exclude belated payment of taxes). This is particularly true where, as here, the payment comes after the defendant is aware that he is under investigation for tax offenses. *See United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004) ("[E]vidence of belated tax payments, made while awaiting prosecution, is

irrelevant."); *United States v. Baras*, 624 F. App'x 560, 560-61 (9th Cir. 2015) (same).[1]

The government alleges that the offenses charged in the indictment—a four-year scheme not to pay $1.4 million in self-assessed taxes—were completed by October 15, 2020, the date when he filed but did not pay his 2019 individual income taxes. *See* Indict. ¶ 4, ECF 1. The third-party payment of the defendant's taxes did not occur until October 2021, over a year after the date of completion of the offenses and ten months after the defendant publicly announced that he was under investigation. "It has been clearly established that late filing and late tax payment are immaterial on the issue of willfulness" in prosecutions for non-payment of taxes. *United States v. Ming*, 466 F.2d 1000, 1005 (7th Cir. 1972). Put simply, this evidence has no probative value whatsoever, since evidence of the defendant's "subsequent tax filings does not make the tax fraud charged in the Indictment less probable than it would be without the evidence." *Jennings*, 2011 WL 13143589, at *2.

According to the defendant, the government's contention that the belated payment of his taxes occurred after he became aware of the investigation is a "wrong" "interpretation of events." Def.'s Opp'n at 2. But the government is not interpreting anything—it is stating a fact. On December 9, 2020, the defendant issued a public statement that he "learned yesterday" that the government was "investigating my tax

---

[1] The defendant claims that *Baras* stands for the proposition that "[c]ourts have recognized that the filing of amended returns with payment could have probative value under the right factual circumstances," Def.'s Opp'n at 3, but he reads far too much into a single sentence from that case. The defendant in *Baras* tried to distinguish the facts of his case from the binding Ninth Circuit decision in *Pang*, and the Court remarked that "[a]lthough the facts in the current case are not identical to the facts in *Pang* or other cases relied upon by the district court, Baras has not established that the factual differences justify a contrary result." *Baras*, 624 F. App'x at 561. And as noted, *Baras* upheld the exclusion of belated payment evidence. *Id*. The defendant fails to identify any case where a court concluded that belated payment of taxes had probative value.

2

affairs." Exhibit 1 to Gov't Mot., ECF 151-2.[2] There is no question that the defendant had knowledge that he was under investigation nearly a year before a third party paid his taxes in October 2021. This is precisely what compels courts to exclude belated tax delinquency payments—"[w]ere the rule otherwise, tax evaders could avoid criminal prosecution simply by paying up after being caught." *Pang*, 362 F.3d at 1194; *see also United States v. Yagman*, No. CR 06-227(A) SVW, 2007 WL 9724394, at *3 n.2 (C.D. Cal. May 17, 2007) (explaining it made no difference that the payments occurred "after Defendant discovered the Government's investigation, but before he was actually indicted").

The defendant also argues that the belated payment "demonstrates how markedly different" his "conduct and actions" were after he became sober in 2019 and that it "provides insight" into his "state of mind in the years prior to his sobriety." Def.'s Opp'n at 3-4. It is unclear what the defendant even means by this, but to the extent that he seeks to introduce the evidence to support a diminished capacity defense, *Baras* forecloses him from doing so. There, the Ninth Circuit held that the defendant "could not attempt to prove his medication-induced diminished capacity defense through evidence of belated payment of taxes," since "[e]vidence of late tax payments is not particularly probative that Baras's prior failure was the result of medication." *Baras*, 624 F. App'x at 560-61. The defendant cannot introduce the late tax payment to establish that his prior failure to lawfully file and pay his taxes resulted from his addiction.

Further, there will be evidence at trial about the defendant's "conduct and actions" during the time period that is actually relevant to the charged offenses. The evidence at trial will show that the defendant became sober in summer 2019—over two years before the third party belatedly paid the defendant's taxes in October 2021. The evidence at trial will also show that the defendant hired new accountants in November 2019, *see* Gov't Tr.

---

[2] Matt Zapotosky, Devlin Barrett and Colby Itkowitz, "Hunter Biden Confirms He is Under Federal Investigation," *The Washington Post*, Dec. 9, 2020, *available at* https://www.washingtonpost.com/national-security/hunter-biden-under-federal-investigation/2020/12/09/3b7361be-3a64-11eb-9276-ae0ca72729be_story.html.

Ex. 177A (attached hereto as Exhibit A), and that they completed their work when the taxes were filed on February 18, 2020, *see* Gov't Tr. Ex. 213A (attached hereto as Exhibit B)—both occurring over a year and a half before the belated tax payment. The evidence at trial will show that he only filed taxes because he was required to under the Marital Settlement Agreement with his ex-wife and the Court ordered him to do so, *see* Gov't Tr. Ex. 159 (attached hereto as Exhibit C). The evidence will also show that, in 2020, he directed the same third-party who eventually paid his taxes to pay for $1.4 million of his *other* expenses, including a house in Malibu and members of his crisis communications team. Notably, throughout 2020, the defendant did not direct this individual to pay his delinquent taxes. And again, whatever conduct may have occurred "subsequent to" October 15, 2020 is "not relevant to the charge that [the] defendant" committed tax crimes prior to that date. *Ross*, 626 F.2d at 81.

      The defendant also claims that the fact "that a third party paid the debt on behalf of Mr. Biden is irrelevant to the defendant's decision to pay the debt," Def.'s Opp'n at 4, but this shows exactly why the payment of these taxes has no relevance at all to the defendant's state of mind. Ultimately, it was the decision of the third party, not the defendant, to make the tax payment, further undermining any probative value this evidence may have.

      Second, the defendant argues that the belated tax payment is relevant "to refute" Count Nine, *id*. at 4, which alleges that he failed to pay his outstanding tax debt for 2019, Indict. ¶ 160. This is exactly what the defendant just several paragraphs earlier said he is *not* doing—in his words, he is indeed using it to "argue that the payment means he complied with all of his prior tax obligations." Def.'s Opp'n at 2. Count Nine alleges that he filed the 2019 Form 1040 on October 15, 2020, but failed to pay any of his outstanding taxes for 2019 at that time or when they were due on July 15, 2020 (the COVID-19 pandemic caused the IRS to delay the deadline for filing taxes from the customary April 15 to July 15 that year), so the offense was complete in 2020. The taxes were not paid until a year after he filed, in October 2021. As explained, the defendant cannot introduce the

4

belated payment to "refute" his nonpayment a year earlier. *See Sansone*, 380 U.S. at 354 (noting that paying taxes in the future is not a defense to § 7203); *United States v. Radtke*, 415 F.3d 826, 840 (8th Cir. 2005) (what takes place "after the fact" is "often feigned and artificial"). Further, the defendant's claim that the payment "is relevant to the extent that the Indictment alleges Mr. Biden failed to pay his outstanding tax debt for 2019 on July 15, 2020" makes little sense. *See* Def.'s Opp'n at 2. Simply because the indictment alleges conduct that occurred in 2020—again, over one year before the outstanding tax payment was paid—does not mean that anything that happened in 2021 is automatically relevant.

Finally, the defendant asserts in a conclusory manner that the evidence should not be excluded under Rule 403 because it "goes to more than just jury nullification," *id*. at 4, but he fails to address any of the government's other arguments demonstrating the risk of unfair prejudice, *see* Gov't Mot. at 7. Specifically, the evidence could mislead the jury into concluding that a valid defense is that the government has been made whole, or that the government had not met its burden to show taxes were owed for the failure to pay or evasion counts. And the risk of confusing the issues is particularly high here, since a third party—not even the defendant himself—belatedly paid his taxes. Courts have routinely relied on Rule 403 to exclude evidence of belated actions related to payment of taxes, and the defendant does not cite a single case holding otherwise. *See, e.g.*, *Baras*, 624 F. App'x at 560-61, *Radtke*, 415 F.3d at 840-41; *Jennings*, 2011 WL 13143589, at *2; *Yagman*, 2007 WL 9724394, at *3.[3]

## II. CONCLUSION

In sum, the late payment of taxes is not relevant and would be more prejudicial than probative. Accordingly, the Court should issue an order excluding such evidence.

---

[3] The government will not call the third party as a witness because his testimony would be irrelevant in this trial. *See* Def.'s Opp'n at 4 (suggesting government could call third party as witness and defense should be permitted to ask questions about the belated payments).