DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail:   Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | No. CR 23-cr-00599-MCS<br><br>**GOVERNMENT'S REPLY IN SUPPORT OF ITS SEVENTH MOTION IN LIMINE TO PRECLUDE IMPROPER STATEMENTS AND ARGUMENT REGARDING FACTS NOT IN EVIDENCE**<br><br>PTC Date:  August 21, 2024<br>Hearing Time:  1:00 p.m.<br>Location:  Courtroom of the<br>    Hon. Mark C. Scarsi |

    Plaintiff United States of America, by and through its counsel, hereby files this reply in support of its seventh motion in limine to preclude improper statements and argument regarding facts not in evidence," ECF 156 ("Gov. Mot.") and to address the Defendant's opposition thereto, ECF 189 ("Def. Opp'n."), because no witness can testify to the cause of the defendant's addiction and, even if a witness could, the cause of the addiction is not

1  relevant, and the rule of completeness (Fed. R. Evid. 106) does not support the defendant's
2  argument for admitting such evidence.
3      This reply is based upon the attached memorandum of points and authorities, the
4  filings and records in this case, and any further argument as the Court may deem
5  necessary.

7  Dated:   August 12, 2024           Respectfully submitted,

8                                      DAVID C. WEISS
9                                      Special Counsel

10                                     LEO J. WISE
11                                     Principal Senior Assistant Special Counsel

                                       /s/ Derek Hines
                                       _____
14                                     DEREK E. HINES
                                       Senior Assistant Special Counsel

16                                     Attorneys for Plaintiff
17                                     UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The most basic rules of trial require the defendant to have a witness through whom to introduce relevant evidence and testimony. The defendant seemingly ignores this reality to suggest, without authority, that he can introduce otherwise inadmissible evidence to mitigate the impact of admissible evidence. Nowhere in his opposition does he argue that the government's evidence of the defendant's partying and drug use while incurring expenses that he later falsely claimed as "business" expenses is inadmissible. Instead, he argues that the psychological origins of the defendant's dependency will help de-stigmatize him and asks the Court to adopt an incorrect reading of the "rule of completeness" that would allow him to circumvent the prohibition against hearsay. Because the defendant's arguments are wholly unsupported by the law, the Court should grant the government's motion.[1]

## II.   ARGUMENT

### A. No witness can testify to the cause of the defendant's addiction.

As an initial matter, no witness is qualified to testify as to the "causes" of the defendant's addiction. Therefore, an opening statement regarding an incident that occurred when the defendant was a toddler which the defense claims caused his addiction more than four decades later would be wholly inappropriate because (as in the firearms trial in Delaware earlier this summer), no witness could testify to it.

The defendant claims that counsel did not make improper statements in his closing in the Delaware trial and "took care to exclude from his statements to the jury, any of the facts which were not supported by the evidence introduced by documents or witnesses," Def. Opp'n. at 3-4, but a review of the transcript reveals otherwise. The government will

---

[1] The defendant claims in his opposition that the government's motion was filed before he had an opportunity to respond with his position, but the government emailed defense counsel on July 30, 2024 asking for his position on this motion. The defendant knew motions in limine were due the following day, July 31, 2024, and did not respond by the close of business.

lodge the transcripts which show that, in his closing, defense counsel argued from personal history facts to which no witness had testified. *E.g.*, Trial Tr. Vol. 6, 1380 ("So that you can understand that Hunter might deal with those traumatic issues in his life, like the death of his brother in 2015, by succumbing to his escape to alcohol or drugs, but in all of his life periods, using and when he was not, Hunter lived that successful life I told you about"). He also pointed to "facts" (specific to that case) to which no witness had testified. (i.e., the defendant was actually shopping for a phone when he went to the gun store and bought a gun, *id*. 1362, that a photograph taken on an unknown date, admitted through another witness, depicted what the defendant saw when he went inside the gun store, *id*. 1363, that the defendant heard "something about a speed loader that he never knew before," *id*. 1363, and that he did not know "he was not somebody who was allowed" to buy a gun, *id*. 1364; 1369). In any event, what defense counsel did or did not do in his closing arguments does not excuse the misrepresentations he made in his opening statement about evidence that was never introduced and testimony by witnesses who were never called. The bell simply cannot be un-rung. Defense counsel *chose* not to introduce any personal history evidence (let alone addiction causation evidence), for instance by not calling James Biden, despite representing he would do so. Indeed, James Biden was sitting in the courtroom during the defense case, but defense counsel never called him. Defense counsel also referenced events in his opening that could never be introduced in evidence, such as the "fact" that the auto accident that killed the defendant's mother caused his drug use four decades later. *E.g.*, Trial Tr. Vol. 2, 347.

  The defendant is wrong that "evidence relating to [his] personal history and the causes of his addiction," Def. Opp'n. Resp. at 2, is relevant to a willfulness defense. Even if the defendant had called a witness to testify to events in his past, no witness can testify to what "led" to his drug use. He used drugs frequently before his brother's death and no witness is qualified to make a causal connection between an event in the defendant's life and why he was using drugs. *Lane v. Beach*, No. 120CV00147JLTGSAPC, 2023 WL 5183685, at

*2 (E.D. Cal. Aug. 11, 2023) (explaining party could testify as to "felt pain or other sensation," but "cannot testify as to injuries or causal connections"). *See also*, *NeSmith v. Cnty. of San Diego*, No. 15-CV-629 JLS, 2022 WL 272011, at *16 (S.D. Cal. Jan. 28, 2022) (excluding lay witness testimony causally linking PTSD to event).

### B. The cause of the defendant's addiction is irrelevant.

The government is not taking a position on the defendant's drug use contrary to the one it took in the firearms trial; the defendant misrepresents the reason for its relevance here. Def. Opp'n. at 6.[2] The evidence is relevant in a different way to the elements of the offenses here. As defense counsel well knows, the government intends to introduce evidence of partying and drug use in this case, but here, the evidence of the defendant's partying and drug use is relevant not to show he was an addict in October 2018, as was the issue in the firearms trial. Rather it is relevant to show that when the defendant claimed as "business" expenses months of stays at luxury hotels in New York and Los Angeles and numerous expenses related to those stays, he was partying and using drugs, not conducting business as he claimed.

The defendant is free to raise the defense of diminished capacity based upon the admissible evidence of his drug use. In fact, the parties have agreed to a diminished capacity instruction. *See* Ninth Cir. Model Criminal Jury Inst. §5.11 (2022). But the *causes* of his addiction, even if a witness was competent to testify what those were, are irrelevant. This Court should not permit a sideshow regarding whether he was "addicted to drugs because he was partying and having a great time" versus "coping." Def. Opp'n. at 9. Evidence of defendant's drug use is relevant for several reasons, including to show he was trying to retain as much money as possible to maintain his lifestyle. It is also relevant for

---

[2] The defendant invokes judicial estoppel, but "a party's later position must be 'clearly inconsistent' with its earlier position" in order for judicial estoppel to be properly invoked. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). *See also*, *Olympic Coast Inv., Inc. v. Seipel*, 337 F. App'x 702, 703 (9th Cir. 2009); *In re Exxon Valdez*, 484 F.3d 1098, 1102 (9th Cir. 2007)).

a simpler reason: he was partying and using drugs and not conducting business but then, when he got sober, claimed his personal expenses were really business expenses. And the evidence will show he knew these were personal expenses when he claimed they were business ones in February 2020 when he finally prepared his taxes for 2018 because in the months leading up to February 2020, he had been working on his memoir, *Beautiful Things*, and had identified those same hotels as where he was partying and using drugs, not conducting business.

The timing of the defendant's memoir is highly relevant. He signed a contract to produce it in the fall of 2019. The government's evidence will show that draft chapters were completed in advance of him filing his taxes in February 2020. Chapter 9 of *Beautiful Things* details his time in California in 2018, describing the very same hotels, by name, where he was partying and using drugs that he later claimed as business expenses on his 2018 taxes. Therefore, at the very same time he was writing a memoir in which he identified staying at luxury hotels in Los Angeles and partying and used drugs there, the defendant was also falsely claiming those same hotels were business expenses to his tax return preparers.

The defendant cannot introduce otherwise inadmissible evidence (i.e., addiction causation evidence) to "mitigate the damage" or lessen the "stigma" of admissible evidence. Def. Opp'n. at 7. That is not how the rules of evidence work. No authority is cited for his assertion that the evidence of drug use that the government will offer to show that the defendant's expenses were personal and not business expenses would or should be inadmissible. Even the defendant is not arguing that here.

**C. The defendant misunderstands the rule of completeness.**

As for the defendant's assertion that his "personal history and the causes of his addiction are also appropriate under the 'rule of completeness' and [Rule] 106," Def. Opp'n. at 8, his argument makes it clear that he misunderstands the rule of completeness. Evidence from his memoir will be offered pursuant to Rule 801(d)(2) because it is an

4

opposing party's statements that are offered against him and therefore not hearsay. The defendant is charged with falsely claiming that personal expenses incurred in 2018 were business expenses when he filed his taxes in February 2020. The evidence of his partying and drug use in 2018, which he admits to in his memoir, is evidence that his expenses were personal. Why he was using drugs or was addicted is irrelevant to the jury's determination of whether the expenses he claimed were business or personal.

The government intends to admit into evidence only the excerpts of the book and audiobook that comply with Fed. R. Evid. 801(d)(2), which provides that the statement must be "a statement . . . offered against an opposing party." Thus, a defendant cannot elicit his own self-serving statements without taking the stand and submitting to cross-examination. *United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996).

A defendant cannot sidestep the prohibition against hearsay by invoking the so-called "rule of completeness," contained in Fed. R. Evid. 106. This rule is designed to prevent "misunderstanding or distortion" caused by the introduction of only part of a statement that could only be cured by admission of the full record. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988). The defendant is not proposing to offer specific statements from his memoir into evidence to prevent distortion; he just argues he is entitled to add additional "context," which means excerpts that are favorable to him. Def. Opp'n. at 7. He cites no authority in support of this position. Indeed, "it is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them." *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996).

### III. CONCLUSION

Accordingly, the Court should grant the government's motion to preclude improper statements and argument regarding facts not in evidence.