1  Mark J. Geragos (SBN 108325)
   Tina Glandian (SBN 251614)
2  Setara Qassim (SBN 283552)
   GERAGOS & GERAGOS APC
3  644 South Figueroa Street
   Los Angeles, CA 90017-3411
4  Telephone:   (213) 625-3900
   Facsimile:   (213) 232-3255
5
   Angela M. Machala (SBN: 224496)
6  AMachala@winston.com
   WINSTON & STRAWN LLP
7  333 S. Grand Avenue, 38th Fl.
   Los Angeles, CA 90071-1543
8  Telephone:   (213) 615-1700
   Facsimile:   (213) 615-1750
9
   Abbe David Lowell (*admitted pro hac vice*)
10 AbbeLowellPublicOutreach@winston.com
   Christopher D. Man
11 CMan@winston.com
   WINSTON & STRAWN LLP
12 1901 L Street NW
   Washington, DC 20036-3508
13 Telephone:   (202) 282-5000
   Facsimile:   (202) 282-5100
14
   *Attorneys for Robert Hunter Biden*

15

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | **Case No. 2:23-cr-00599-MCS**<br><br>*Hon. Mark C. Scarsi*<br><br>**MR. BIDEN'S OPPOSITION TO THE SPECIAL COUNSEL'S SECOND MOTION *IN LIMINE* TO PRECLUDE PROPOSED DEFENSE EXPERT THOMAS BISHOP**<br><br>Hearing Date:  August 21, 2024<br>Hearing Time:  10:00 a.m.<br>Courtroom:      7C |

1    Defendant Robert Hunter Biden, by and through his counsel of record, hereby

2    opposes the Special Counsel's Second Motion *in Limine* to preclude the proposed

3    defense expert Thomas Bishop, as supplemented.  (D.E. 145 & 175.)  On July 30,

4    2024, the Special Counsel asked for Mr. Biden's position on this proposed Motion *in*

5    *Limine*.  On July 31, 2024, Mr. Biden's counsel indicated the defense believed the

6    Motion was premature given their intent to provide a supplemental disclosure, which

7    they did later that day.

8

9    Dated: August 12, 2024                    Respectfully submitted,

10                                             */s/ Mark Geragos*

11                                             Mark J. Geragos
                                               Tina Glandian
12                                             Setara Qassim

13
                                               Angela M. Machala
14                                             Abbe David Lowell
                                               Christopher D. Man
15

16                                             *Attorneys for Robert Hunter Biden*

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO THE SPECIAL COUNSEL'S SECOND MOTION *IN LIMINE*
CASE NO. 2:23-CR-00599-MCS-1

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

3       The Special Counsel's Second Motion *in Limine* seeks to preclude Mr. Biden
4   from calling his proposed tax expert, Thomas E. Bishop, a retired IRS Special Agent
5   and Certified Fraud Examiner, to testify on his behalf as he defends against the
6   various tax charges brought against him.  Mr. Bishop's anticipated testimony at trial is
7   critical, as it goes to the heart of Mr. Biden's defense and is needed to rebut the
8   government's evidence, in part presented by its own tax expert, IRS revenue agent
9   Mike Welch.  There is no basis for the severe remedy of excluding Mr. Bishop's
10  anticipated testimony, as his supplemented disclosure fully complies with Federal
11  Rule of Criminal Procedure 16 and Federal Rule of Evidence 702.  Any deficiency in
12  his initial disclosure did not prejudice the Special Counsel, who received the
13  supplemental disclosure more than a month before the trial is scheduled to commence.
14  It would be error to deprive Mr. Biden of his fundamental right to present evidence in
15  his own defense where the defense expert's testimony is relevant, reliable, and was
16  adequately disclosed to the Special Counsel well in advance of trial.

17                                ARGUMENT

18  **I.     Mr. Bishop's Supplemental Disclosure Is Not Untimely.**

19      The defense disputes the misleading and piecemeal timeline presented to this
20  Court by the Special Counsel. The Special Counsel states that they provided adequate
21  notice of their tax expert on May 20, 2024, which is "something that the Defendant
22  has never done." (D.E. 145 at 2.)  However, the defense provided the Special Counsel
23  with Mr. Bishop's initial disclosure on May 20, 2024.  For over two months, the
24  Special Counsel failed to raise any issue regarding the sufficiency of Mr. Bishop's
25  disclosure, nor requested any additional information from the defense.  Rather, the
26  Special Counsel waited until July 30, 2024 to ask defense counsel whether Mr. Biden
27  still intended to call Mr. Bishop at trial and whether the defense would oppose a

28

1   motion to exclude his testimony.  (D.E.145 at 1.)  The first time the Special Counsel

2   raised any complaints about Mr. Bishop's disclosure was in their motion *in limine*

3   filed on July 31, 2024.  On July 31, 2024, pursuant to Rule 16(b)(1)(C)(iv), the

4   defense promptly provided the Special Counsel its supplemental expert disclosure for

5   Mr. Bishop (and a signed copy followed on August 2, 2024). The supplemental

6   disclosure corrects any alleged deficiencies in the original disclosure.

7          While challenging the timeliness of Mr. Biden's supplemental disclosure for Mr.

8   Bishop on July 31, the Special Counsel fails to disclose that it provided an updated tax

9   computation report (amended Welch Exhibit 1) for its own tax expert on July 24, only

10  one week before the defense supplemented its disclosure for its already-noticed expert.

11  Specifically, the Special Counsel's amended exhibit provides a substantially different

12  tax computation by Revenue Agent Mike Welch than the one provided by the Special

13  Counsel on May 20, 2024.  Based on the foregoing, Mr. Bishop's disclosure is not

14  untimely.  *See, e.g., United States v. Mohammed*, 2008 WL 5552330, at *3 (D.D.C.

15  May 6, 2008) (disclosure of expert testimony fourteen days before trial did not

16  violate Rule 16); *United States v. Russo*, 483 F. Supp. 2d 301, 310 (S.D.N.Y.

17  2007) (proposal to provide expert disclosures two weeks before trial sufficient to

18  comply with Rule 16).

19  **II.    Mr. Bishop's Supplemental Disclosure Complies With Federal Rule of**

20          **Criminal Procedure 16.**

21         The Special Counsel correctly recognizes that "Rule 16 is intended to facilitate

22  trial preparation, allowing the parties a fair opportunity to prepare to cross examine

23  expert witnesses and secure opposing expert testimony if needed." (D.E. 145 at 3.)

24  Mr. Bishop's disclosure complies with Rule 16, as it includes the opinions the defense

25  will elicit from Mr. Bishop, the bases and reasons for them, Mr. Bishop's

26  qualifications (including his CV), and a list of all the cases in which Mr. Bishop

27  testified in the previous four years; no publications were included as none are

28

applicable. Since Mr. Bishop is a former IRS Special Agent, his qualifications, methodology, and process is generally known to the Special Counsel. In fact, the government's expert witness, Michael Welch, is an IRS Revenue Agent himself. There are no unsubstantiated sciences at play, no novel theories, no mid-trial surprises, or insufficient time to secure opposing testimony. Further, in terms of the documents and data reviewed by Mr. Bishop, the defense confirmed in its supplemental disclosure that Mr. Bishop's testimony is based on his review of the discovery provided by the Special Counsel. Ostensibly, Mr. Welch will rely on the same set of documents and data.[1] The Special Counsel has failed to show that they have been prejudiced or are unable to adequately prepare for trial based on any alleged deficiencies in the disclosure.

Citing two cases, the Special Counsel represents to this Court that "other district courts have recently held deficient Mr. Bishop's proposed testimony on exactly this basis." (D.E. 145 at 3) (citing *United States v. Kwok*, 2024 WL 1773143, at *2 (S.D.N.Y. Apr. 24, 2024) and *United States v. Bankman-Fried*, 2023 WL 6162865, at *1 (S.D.N.Y. Sept. 21, 2023)). But the issue in both these cases was whether counsel's disclosure was deficient, not the contents of Mr. Bishop's testimony. These holdings actually support *allowing* Mr. Bishop's expert testimony in this case, despite any alleged deficiencies in the disclosure. In *Kwok*, the court found a deficiency with the disclosure in terms of describing methodology but recognized that the goal of the notice is to aid the opposing party, not exclude expert testimony based on an initial notice. 2024 WL 1773143, at *2. Because there was still more than three weeks until trial, the court found exclusion was too harsh of a remedy and it permitted Mr. Bishop to supplement his expert disclosures. *Id.* at *3. Mr. Bishop was ultimately permitted to and did testify at trial.

_____

[1] In the event the Court deems it necessary, the defense can obtain from Mr. Bishop a specific list of the documents which he reviewed in forming his opinions.

1    In *Bankman-Fried*, the defense intended to offer Mr. Bishop's testimony as a

2  rebuttal witness, whose testimony "would necessarily depend on the evidence the

3  Government presents at trial through its own fact and expert witnesses."  2023 WL

4  6162865, at *1.  The court therefore granted the motion to preclude "without prejudice

5  to the defendant seeking to call Mr. Bishop to respond to [the government witness]."

6  *Id.*  The court also noted that such testimony would be allowed only if the defense

7  filed a complete Rule 16 disclosure of the proposed witness "at least three days prior

8  to the date of the relevant defense witness or witnesses."  *Id.*

9    As these cases demonstrate, "the rejection of expert testimony is the exception

10  rather than the rule."  *Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, 2019

11  WL 1055527, at *1 (S.D.N.Y. Mar. 6, 2019); *see* Fed. R. Crim. P. 16(d)(2)

12  (permitting the court to issue, in response to a Rule 16 violation, an "order that is just

13  under the circumstances").  Therefore, courts regularly allow parties to supplement

14  their Rule 16 disclosures when they are insufficient. *See United States v. Kaufman*,

15  2021 WL 4084523, at *18 (S.D.N.Y. Sept. 8, 2021); *United States v. Valle*, 2013 WL

16  440687, at *6 (S.D.N.Y. Feb. 2, 2013); *United States v. Kwok*, 2024 WL 1773143, at

17  *3 (S.D.N.Y. Apr. 24, 2024). Here, the defense has already provided the Special

18  Counsel with a complete supplemental disclosure clarifying Mr. Bishop's opinions

19  and the bases for them more than a month before trial.

20    The Special Counsel's reliance on *United States v. Ulbricht*, 2015 WL 413318,

21  at *6 (S.D.N.Y. Feb. 1, 2015), *aff'd*, 858 F.3d 71 (2d Cir. 2017), is completely

22  misplaced.  In *Ulbricht*, the court found the deficiencies with the defense's expert's

23  disclosure, namely "the lack of timeliness and lack of adequate content of the

24  disclosure [were] tactical, not substantive."  *Id.*  There is no evidence, or even

25  allegation by the Special Counsel, that any perceived deficiency in the disclosures

26  here is tactical.  Nor would the Special Counsel suffer any prejudice by permitting the

27  supplemental disclosure of Mr. Bishop, as defense counsel in good faith notified the

28

DEFENDANT'S OPPOSITION TO THE SPECIAL COUNSEL'S SECOND MOTION *IN LIMINE*
CASE NO. 2:23-CR-00599-MCS-1

1    government that it would supplement its disclosure just *one day* after the Special

2    Counsel inquired about the proffered defense expert on July 30 (*see* D.E. 174-2 at

3    4)—and the defense promptly provided Mr. Bishop's revised disclosure the following

4    day (*see* D.E. 174-3 at 2).  *See United States v. Leones*, 2021 WL 4806908, at *3

5    (M.D. Fla. Oct. 14, 2021) (denying motion *in limine* to exclude untimely discovery

6    where "there [wa]s no evidence that any of the supplemental disclosures, to the extent

7    they were untimely, caused prejudice").

8    **III.    Mr. Bishop's Expert Testimony Is Relevant and Reliable.**

9          Mr. Bishop's proffered testimony is relevant, reliable, scientifically sound, and

10   based on sufficient facts and data.  In its Motion, the Special Counsel dismissively

11   refers to Mr. Bishop as a "retired accountant" and undermines his impressive

12   qualifications and decades-long experience with the exact government agency

13   involved in this prosecution.  Specifically, Mr. Bishop's disclosures detail that he is a

14   former (retired) IRS Special Agent, a Certified Fraud Examiner, an Enrolled Agent

15   certified to practice before the IRS, and eligible to receive NYS Court appointments.

16   Mr. Bishop frequently lectures and presents on federal criminal tax and white-collar

17   investigative matters, as well as international tax administration, offshore banking,

18   and the IRS Voluntary Disclosure Program to industry organizations. His education

19   and extensive professional experience is detailed in his CV.

20         The supplemental disclosure provides a summary of Mr. Bishop's opinions, the

21   bases and reasons for his opinions, and the materials Mr. Bishop reviewed.  As for his

22   opinions, it explains that "Mr. Bishop may testify about []: (1) the overall pattern of

23   Mr. Biden's tax compliance prior to tax year 2016; (2) the typical role of accountants,

24   tax consultants, preparers, and/or tax attorneys in the preparation of an individual's

25   and a corporation's taxes; and 3) the competence of the accountants, tax consultants,

26   preparers, and/or tax attorneys who prepared Mr. Biden's and/or Owasco's taxes from

27   tax year 2016 through 2019."  The disclosure provides that "Mr. Bishop may also

28

1    testify that his review of Mr. Biden's 2018 tax and bank records did not reveal any

2    classic badges of fraud such as double sets of books, false invoices, concealed records,

3    concealment of assets, or destruction of records. In his testimony, he may compare

4    examples of Mr. Biden's classification of 2018 personal and business expenses and

5    demonstrate that the manner in which Mr. Biden classified these items was

6    inconsistent and haphazard. He may also testify that based on the high-profile nature

7    of the client, the quality of the source documentation, and the manner in which the

8    business records were maintained, EWC [Edward White & Company] had an

9    enhanced due diligence requirement to make further inquiries to verify the accuracy

10   and completeness of the information being provided to them by Mr. Biden,

11   specifically Mr. Biden's classification of 2018 personal and business expenses."

12         The disclosure further specifies that Mr. Bishop may testify that "(1) $1 million

13   in income received by Mr. Biden in 2017, for the legal representation of Patrick Ho,

14   was erroneously reported in his taxes as income for 2018 instead of 2017; (2) in 2018,

15   Edward White & Company ("EWC") mistakenly double counted $157,000 in income

16   reported by Owasco PC on the individual tax return of Mr. Biden; and (3) the double

17   counting of $157,000 in income to Owasco P.C. in 2018, as well as the reporting of $1

18   million for the legal representation of Patrick Ho in 2017 instead of 2018, resulted in

19   the overreporting of income and tax due and paid by Mr. Biden for the 2018 tax year."

20         The supplemental disclosure explains that Mr. Bishop's opinions are based on

21   his review of the documentary evidence, including personal and business financial

22   records, income tax returns, bank records, and other related records, as well as on

23   various codified regulations and publications including Treasury Reg 1.451-2

24   [Constructive Receipt of Income], IRS Publication 538 [Accounting Periods and

25   Methods], and Treasury Circular No. 230 [Regulations Governing Practice before the

26   Internal Revenue Service].    Further, Mr. Bishop's testimony is based on his

27   experience as a Special Agent with the Internal Revenue Service's Criminal

28

Investigation Division ("IRS-CID"), where he served for more than twenty-five (25) years. During that time, Mr. Bishop worked as both an IRS-CID field agent and a Supervisory Special Agent, eventually retiring as the Director of International Field Operation. As an IRS-CID agent, Mr. Bishop participated in hundreds of investigations into tax-related crimes and money laundering, including oversight of IRS-CID's investigation into the Panama Papers. As part of these investigations, Mr. Bishop reviewed banking information to identify and characterize transactions and determined whether the expenses should be classified as personal or business expenses. To aid him in performing these functions, Mr. Bishop also received training from IRS-CID about how to characterize expenses. To arrive at his opinions in the current case, Mr. Bishop used his experience and thoroughly reviewed financial records, including bank statements, tax returns, accountants workpapers, emails, and other records that were produced in discovery by the Special Counsel.

The foregoing is sufficient to meet Rule 16's "bases and reasons" requirement. Courts regularly approve notices of comparable or even lesser specificity. *See, e.g.*, *United States v. Brown*, 2023 WL 5002872, at *l-2 (W.D. Ky. Aug. 4, 2023) (notice was sufficient where it stated that defense expert's opinions were "based on his 'training, experience, and [personal] review of the [evidence],'" supplemented by his *curriculum vitae*); *United States v. Belloisi*, 2023 WL 2716551, at *1 (E.D.N.Y. Mar. 30, 2023), (motion to exclude was denied where notice stated that expert's opinions were "based on [his] experience and training, which are detailed in his curriculum vitae ..., as well as call detail records previously produced").

## IV.   Mr. Bishop's Disclosure Complies with Federal Rule of Evidence 702.

The introduction of the proffered expert opinion testimony of Mr. Bishop is governed by Federal Rule of Evidence 702.  The Ninth Circuit has summarized the requirements of Rule 702 as follows: "Expert testimony must (1) address an issue beyond the common knowledge of the average layman, (2) be presented by a witness

1    having sufficient expertise, and (3) assert a reasonable opinion given the state of the

2    pertinent art or scientific knowledge." *United States v. Vallejo*, 237 F.3d 1008, 1019

3    (9th Cir. 2001) (citing *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997)).

4    District courts have broad discretion in applying this test. *See Kumho Tire Co. v.*

5    *Carmichael*, 526 U.S. 137, 142 (1999).

6          Expert opinion testimony is relevant if the knowledge underlying the testimony

7    has a "valid . . . connection to the pertinent inquiry." *United States v. Sandoval-*

8    *Mendoza,* 472 F.3d 645, 654 (9th Cir. 2006) (quoting *Kumho Tire*, 526 U.S. at 149).

9    It is reliable if the knowledge underlying the testimony "has a reliable basis in the

10   knowledge and experience of the relevant discipline." *Id.*

11         In his effort to preclude Mr. Bishop's testimony pursuant to Rule 702, the

12   Special Counsel argues that Mr. Bishop is precluded from testifying about erroneously

13   reported income and double-counted income, as those are facts of which Mr. Bishop

14   has no firsthand knowledge. The Special Counsel's reliance on *United States v. Larkin*

15   is misplaced.  In *Larkin*, the expert testimony was excluded because the accountant

16   did not have firsthand knowledge of the defendant's mental state.  Specifically, "[a]ny

17   testimony that defendant desired or attempted to pay her employment taxes would be

18   improper because Mr. Flakus lacks personal knowledge of defendant's mental state"

19   and whether she was trying to avoid reporting requirements. *United States v. Larkin*,

20   2015 WL 3555295, at *6 (D. Nev. June 5, 2015). Unlike in *Larkin*, Mr. Bishop will

21   not be opining on Mr. Biden's mental state.  Rather, he will provide the jurors with

22   sufficient information so that they may apply the important facts and draw their own

23   inferences as to Mr. Biden's *mens rea*.

24         In *United States v. Finley*, 301 F.3d 1000, 1008 (9th Cir. 2002), the Ninth

25   Circuit reversed the defendant's convictions for making a false claim against the

26   United States, attempting to interfere with the administration of the IRS, and bank

27   fraud where the district court abused its discretion in excluding the defense expert's

28

DEFENDANT'S OPPOSITION TO THE SPECIAL COUNSEL'S SECOND MOTION *IN LIMINE*
CASE NO. 2:23-CR-00599-MCS-1

1  testimony based on its purported unreliability and deficient methodology.  The Ninth

2  Circuit held the defense expert witness's testimony about the defendant's condition

3  was not unreliable, it was relevant, and the defense did not fail to give the required

4  notice as to expert witness's testimony.

5         The Special Counsel asserts that the competence of Mr. Biden's tax preparers

6  bears no relationship to any of the charges against Mr. Biden and is not something the

7  jury will consider; therefore, the Special Counsel claims Mr. Bishop's testimony is

8  likely to confuse the jury.  (D.E. 145 at 8.)  But the Special Counsel's reliance on

9  *United States v. Scholl*, 166 F.3d 964, 973-74 (9th Cir. 1999), *as amended on denial of*

10  *reh'g* (Mar. 17, 1999), is misplaced.  There, a defendant charged with filing false tax

11  returns challenged the district court's exclusion under Rule 702 of the testimony of an

12  expert on compulsive gambling who would have testified that pathological gamblers,

13  like the defendant, "have distortions in thinking and 'denial,' which impact their

14  ability and emotional wherewithal to keep records." *Id.* at 970.  The Ninth Circuit

15  found there was no evidence presented at the *Daubert* hearing that addicted gamblers

16  were incapable of truthfully reporting their gambling income, rendering the testimony

17  irrelevant. *Id.*

18         In *United States v. Cohen*, 510 F.3d 1114, 1127 (9th Cir. 2007), the Ninth

19  Circuit distinguished *Scholl* in reversing a conviction on the grounds that a

20  psychiatrist's testimony regarding a store worker's narcissistic personality disorder, if

21  allowed, would have assisted the trier of fact within meaning of rule allowing for

22  expert testimony.  *See also Morales*, 108 F.3d at 1040 (holding that the wrongful

23  exclusion of the defendant's expert witness who would have offered evidence that the

24  defendant lacked the requisite *mens rea* was not harmless error).

25         Here, the Special Counsel has to prove willfulness and an affirmative act to

26  evade taxes rather than mistake or carelessness.  *United States v. Cohen*, 510 F.3d

27  1114, 1127 (9th Cir. 2007). As in *Cohen*, it would be a complete injustice to exclude

28

1   Mr. Bishop's testimony, as his testimony is essential to Mr. Biden's defense and for

2   providing a factual basis on which the jury can find Mr. Biden lacked the *mens rea* for

3   the crimes charged, as well as rebutting the testimony of Mike Welch regarding tax

4   year 2018.

5   **V.      The Harsh Remedy of Excluding Mr. Bishop's Testimony Is Not**

6   **Warranted.**

7           Mr. Biden has a fundamental right to mount his own defense.  The Supreme

8   Court has recognized that the right to present evidence in one's own defense is a

9   fundamental constitutional right.  *Rock v. Arkansas*, 483 U.S. 44, 52 (1987).  The

10  Supreme Court considered the intersection of this right and discovery sanctions

11  in *Taylor v. Illinois*, and recognized that "few rights are more fundamental than that of

12  an accused to present witnesses in his own defense."  484 U.S. 400, 408 (1988).  Thus,

13  it held that exclusion is an appropriate remedy only where a discovery rule violation is

14  "both willful and blatant."  *Id.* at 416.  *See, e.g.*, *United States v. Peters*, 937 F.2d

15  1422, 1426 (9th Cir.1991) (holding district court erred in excluding testimony of

16  forensic pathologist because no willful or blatant discovery violation occurred).

17          Here, there is no evidence (nor has the Special Counsel argued) that any

18  purported deficiency in the disclosures was motived by bad faith or a desire to gain a

19  tactical advantage by the defense.  Therefore, exclusion is not an appropriate remedy.

20  *See, e.g.*, *Finley,* 301 F.3d at 1017 (exclusion of defense expert's testimony was error

21  where "the information [the defendant] provided to the government supplied the

22  government with sufficient notice of the general nature of [the expert's] testimony and

23  "met the minimum requirements of Rule 16(b)(1)(C)").  Moreover, the Special

24  Counsel has failed to demonstrate any harm resulting from what it calls the "late"

25  notice or any of the alleged deficiencies in the disclosures.

26

27

28

DEFENDANT'S OPPOSITION TO THE SPECIAL COUNSEL'S SECOND MOTION *IN LIMINE*
CASE NO. 2:23-CR-00599-MCS-1

**CONCLUSION**

Mr. Biden respectfully requests that this Court deny the Special Counsel's Motion *in Limine* to preclude Mr. Bishop's testimony.


Dated: August 12, 2024                    Respectfully submitted,


                                          */s/ Mark Geragos*
                                          Mark J. Geragos
                                          Tina Glandian
                                          Setara Qassim

                                          Angela M. Machala
                                          Abbe David Lowell
                                          Christopher D. Man

                                          *Attorneys for Robert Hunter Biden*

DEFENDANT'S OPPOSITION TO THE SPECIAL COUNSEL'S SECOND MOTION *IN LIMINE*
CASE NO. 2:23-CR-00599-MCS-1