DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail:   Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT HUNTER BIDEN, <br><br> Defendant. | No. CR 23-cr-00599-MCS <br><br> **GOVERNMENT'S REPLY IN SUPPORT OF ITS FIRST MOTION *IN LIMINE* TO PRECLUDE PROPOSED DEFENSE EXPERT JOHSUA LEE** <br><br> Hearing Date: AUGUST 21, 2024 <br> Hearing Time: 1:00 p.m. <br> Location: Courtroom of the Hon. Mark C. Scarsi |

      Plaintiff United States of America, by and through its counsel of record, hereby files this reply in support of its first motion in limine to preclude proposed defense expert Joshua Lee, ECF 144 ("Mot."), and its supplement in support of that motion, ECF 173 ("Supp."). In his opposition, ECF 198 ("Opp'n"), the defendant fails to establish that Dr. Lee's supplemental disclosure meets the requirements of Fed. R. Crim. P. 16 or that his testimony is otherwise admissible under Fed. R. Evid. 702 and *Daubert*. Indeed, the defendant does not even attempt to meaningfully respond to the government's argument

that Dr. Lee's proposed "opinions" are merely general topics rather than actual opinions. While the defendant contends that Dr. Lee's supplemental disclosure is his "complete" disclosure, Opp'n at 4, it still does not meet the requirements of Rule 16, and the testimony would still be inadmissible under F.R.E. 702. Accordingly, the proper remedy is exclusion.

    This reply is based upon the attached memorandum of points and authorities, the indictment in this case, and any further evidence and argument as the Court may deem necessary.

Dated: August 16, 2024                    Respectfully submitted,

                                              DAVID C. WEISS
                                              Special Counsel

                                              /s/
                                              LEO J. WISE
                                              Principal Senior Assistant Special Counsel

                                              DEREK E. HINES
                                              Senior Assistant Special Counsel

                                              Attorneys for Plaintiff
                                              UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

Joshua Lee's testimony falls well short of the requirements of both Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 702, and nothing in the defendant's opposition suggests otherwise. The defendant does not even attempt to respond to many of the government's arguments regarding its deficiencies—instead, he merely makes conclusory assertions and references inapposite cases without actually explaining why the notice satisfies Rule 16 or why the testimony would be admissible under F.R.E. 702. As to remedy, the defendant represents that the supplemental disclosure is his "complete" disclosure, Opp'n at 3, and did not seek to further supplement, *see id*. at 10. Because both disclosures fail in numerous respects under Rule 16 and the testimony would be otherwise inadmissible under F.R.E. 702, exclusion of Dr. Lee is appropriate.

## I.     Dr. Lee's Supplemental Disclosure Fails to Comply With Rule 16.[1]

The defendant fails to meaningfully engage with most of the government's arguments as to why Dr. Lee's disclosures do not meet the requirements of Rule 16. Indeed, he does not address *United States v. Boam*, 2023 WL 3722904, at *3 (9th Cir. May 30, 2023), which excluded similar bare-bones expert testimony pursuant to both Rule 16 and F.R.E. 702. He also does not even attempt to rebut the plain observation that each of Dr. Lee's purported "opinions" are not opinions at all, but assertions of general topics. *See* Mot. at 3-6; Supp. at 1-2; *United States v. Rakhit*, 2020 WL 5530056, at *8 (N.D. Ohio

---

[1] Despite accusing the government of presenting a "misleading" timeline, the defendant does not dispute the timing of any of the events described by the government. Opp'n at 1-2. The government provided a supplemental disclosure, which contained a minor adjustment to the tax computation, one week before motions in limine were due, giving him adequate time to challenge its disclosures—something he chose not to do. Meanwhile, the government did not hear from the defendant for over two months about whether he was even still planning to call Dr. Lee, who he had replaced in the Delaware case, so counsel appropriately contacted defense counsel to inquire about it. Simply because the defendant (unsuccessfully) tried to correct some of the deficiencies in his first disclosure does not change the fact that he served a deficient supplemental disclosure after the filing of this the motion in limine on the day it was due. And contrary to his suggestions, it is not the government's burden to ensure that the defense's disclosures comply with the rules.

1  Sept. 15, 2020) ("[I]t is not sufficient for an expert summary to simply list general subject
2  matters about which the expert intends to testify, but fail to identify what opinion the
3  expert would offer on those subjects.") (collecting cases). Just like the substantially similar
4  notice that was excluded in the District of Delaware case, Dr. Lee's notice contains "no
5  actual opinions offered for the topics and no bases for any opinions." ECF 173-3 at 3
6  ("Delaware Order"). The defendant briefly attempts to distinguish that case, claiming that
7  "the relevance of the addiction expert's testimony in both cases is not comparable." Opp'n
8  at 8.[2] Regardless of relevance, the defendant does not dispute that the notices in both cases
9  are nearly identical, *compare* ECF 173-1 *with* ECF 173-2, and thus Judge Noreika's
10 conclusion that the notice was deficient under Rule 16 is equally persuasive here.

11         As to the "bases and reasons" for each opinion, the defendant points only to the
12 notice's statement that Dr. Lee's assertions are "based on his review of the documents
13 produced in discovery" as well as his "career of academic and clinical research." Opp'n at
14 3. But vaguely stating that Dr. Lee reviewed "documents produced in discovery" provides
15 no insight into how he arrived at his conclusions. Nor does the defendant's bare recitation
16 of Dr. Lee's credentials. *See United States v. Kelly*, 2023 WL 4032011, at *1 (N.D. Cal.
17 June 14, 2023) (explaining that the notice must include, "*in addition to the witness'*
18 *qualifications*, a complete statement of all opinions . . . and the bases and reasons for
19 them.") (citation omitted) (emphasis added). The lack of any information about the bases
20 for Dr. Lee's "unknown" opinions "leaves the government in the dark as to what his
21 opinions about the facts of ***this case*** will be, thus rendering the government unable to
22 prepare for trial." Delaware Order at 4, 6 (emphasis in original).

23         The defendant's cited cases do not support the conclusion that Rule 16 is satisfied
24 by a notice that fails to provide any discernable opinions and references only a "review of

---

[2] Despite this, the defendant largely copies several paragraphs about F.R.E. 704 from his opposition in the Delaware case, *see* Opp'n at 6-8—even though the government's briefs in this case do not discuss that rule. In any event, the government is happy to address why F.R.E. 704 further warrants exclusion of Dr. Lee's testimony at the pretrial conference.

documents." *United States v. Leones*, 2021 WL 4806908, at *1-3 (M.D. Fla. Oct. 14, 2021), only addressed untimely discovery. *United States v. Brown*, 2023 WL 5002872, at *1-2 (W.D. Ky. Aug. 4, 2023), involved an expert report with forensic analysis and specific reasoning, and *United States v. Belloisi*, 2023 WL 2716551, at *1 (E.D.N.Y. Mar. 30, 2023), involved a disclosure that listed "specific and detailed areas" of testimony and actual "anticipated testimony." Dr. Lee's notice does not come close to this level of detail.

The defendant's argument that courts "regularly allow parties to supplement their Rule 16 disclosures" is inapposite the defendant claims he "has already provided" a "complete supplemental disclosure." Opp'n at 3-4. The defendant does not indicate that he seeks to belatedly supplement his disclosure again. The cases he cites permitting supplementation therefore make no difference here—if anything, these cases support exclusion. *See United States v. Kaufman*, 2021 WL 4084523, at *18-23 (S.D.N.Y. Sept. 8, 2021) (expert was excluded even after the defendant supplemented his disclosures); *United States v. Valle*, 2013 WL 440687, at *6 (S.D.N.Y. Feb. 2, 2013) (notice did not contain enough detail about opinions or their bases); *United States v. Kwok*, 2024 WL 1773143, at *2 (S.D.N.Y. Apr. 24, 2024) (excluding expert notices that identify "the general topics about which the expert will testify," rather than "the expert's actual opinions").

The deficiencies in this notice strongly resemble those that the court found warranted exclusion in *United States v. Ulbricht*, 2015 WL 413318 (S.D.N.Y. Feb. 1, 2015). Dr. Lee's notice lacks "any expected opinions," "the bases for such opinions," and "any description of analysis or methodology." *Id*. at 3. And like in *Ulbricht*, it is "unknown" what his "analysis is based on apart from *ipse dixit*." *Id*. at 4. Just as *Ulbricht* excluded the expert pursuant to Rule 16, the Court should exclude Dr. Lee's testimony.

## II. Dr. Lee's Testimony Is Inadmissible Under Fed. R. Evid. 702.

The defendant contends that the topics in Dr. Lee's notice are "relevant to Mr. Biden's state of mind" because his testimony "will give the jury a framework to consider the important facts and make their own determination as to whether Mr. Biden had the

3

requisite specific intent for the crimes charged and/or whether he had a diminished capacity during the relevant time-period." Opp'n at 5. This vague, conclusory assertion does not provide any real explanation as to how each of Dr. Lee's "opinions" are relevant to whether the defendant "had the requisite specific intent." And to the extent the proffered "opinions" relate to "whether he had a diminished capacity," as the government has explained, none of the topics that Dr. Lee seeks to testify about have any relevance to this defense. *See* Mot. at 8-9; Supp. at 3-4. The last three topics also relate only to the charges in the Delaware matter, *see id.*, which makes sense, since they were copied from that case.

  The defendant misapprehends the government's relevance argument. In *Daubert*, the Supreme Court explained that F.R.E. 702's requirement that an expert must help the jury either "understand the evidence" or "determine a fact in issue" both "go[] primarily to relevance." 509 U.S. 579, 591 (1993). The government argues that Dr. Lee's testimony would not help the jury *determine a fact in issue* because it does not bear on any of the elements of the charged offenses. *See id.* ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."). By contrast, the defendant's cases only discuss whether expert testimony would help the jury *understand the evidence*. *See United States v. Finley*, 301 F.3d 1000, 1013-14 (9th Cir. 2002) (holding testimony about diagnosis of a specific medical condition was admissible because it "exceed[ed] the common knowledge of the average layperson."); *United States v. Shay*, 57 F.3d 126, 132-34 (1st Cir. 1995) (holding expert could testify about diagnosis of defendant with a mental disorder because the jury was "unqualified" to understand whether defendant's actions were a result of the disorder); *United States v. Vallejo,* 237 F.3d 1008, 1019 (9th Cir. 2001) (addressing whether subject of testimony was "beyond the common knowledge of the average layperson"). Dr. Lee is not diagnosing the defendant with any medical condition—as the government has stated, the evidence will show that the defendant was addicted to crack cocaine from 2016 through summer 2019. And none of these cases speak to whether an expert's testimony about general topics surrounding addiction would help the jury "determine a fact in issue" in a tax prosecution. Dr. Lee's testimony plainly would not.

The defendant appears to further rely on *Finley* to counter the government's argument that Dr. Lee's testimony is not based on reliable principles or methodology. But as the defendant notes, there, the expert's diagnosis "incorporate[d] testing, case history, interviews with the patient and family," and "medical factors." *Id*. at 1012. Dr. Lee did not employ any similar techniques in arriving at his cursory "opinions." Whether he used "complex scientific or novel methodologies," Opp'n at 6, is irrelevant—Dr. Lee has not disclosed *any* methodology at all, and that is insufficient under F.R.E. 702. *See Riegel v. Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006). The defendant also claims that Dr. Lee's testimony is reliable because the government "has not raised concerns about Dr. Lee's qualifications," Opp'n at 6, but "[e]ven where the reliability of expert testimony is largely dependent on the expert's experience, the witness must still explain how the experience leads to the conclusions reached, why the experience provides a sufficient basis for the opinions, and how the experience is reliably applied to the facts." *United States v. Cerna*, 2010 WL 11627594, at *6 (N.D. Cal. Dec. 17, 2010). Dr. Lee has not done that.

**III.  Exclusion Is the Appropriate Remedy.**

The defendant has already supplemented Dr. Lee's disclosure, and claims that this represents the "complete supplemental disclosure clarifying Dr. Lee's opinions and the bases for them." Opp'n at 4. Like the first disclosure, the belated supplemental disclosure does not meet the requirements of Rule 16, and at no point does the defendant request to supplement his disclosures again to correct these deficiencies. *See id*. at 10. Courts have "precluded expert testimony when the Rule 16 disclosures fail to specify the expert's bases, reasons, and sources for their opinions." *Ulbricht*, 2015 WL 413318, at *5 (collecting cases); *see also United States v. Anderson-Bagshaw*, 509 F. App'x 396, 409-11 (6th Cir. 2012); *United States v. Day*, 524 F.3d 1361, 1370-72 (D.C. Cir. 2008). Exclusion is also warranted because his testimony fails to meet the requirements of F.R.E. 702, which "governs the *admissibility* of expert testimony." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002) (emphasis added). Accordingly, the proper remedy for an expert who fails to meet the requirements of Rule 702 is exclusion.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

/s/_____
Leo J. Wise
Principal Senior Assistant Special Counsel

Derek E. Hines
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA