DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail:    Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00599-MCS |
|---|---|
| Plaintiff, | **GOVERNMENT'S REPLY IN SUPPORT OF ITS SECOND MOTION *IN LIMINE* TO PRECLUDE PROPOSED DEFENSE EXPERT THOMAS BISHOP** |
| v. | |
| ROBERT HUNTER BIDEN, | |
| Defendant. | Hearing Date: AUGUST 21, 2024<br>Hearing Time: 1:00 p.m.<br>Location: Courtroom of the Hon. Mark C. Scarsi |

Plaintiff United States of America, by and through its counsel of record, hereby files this reply in support of its second motion in limine to preclude proposed defense expert Thomas Bishop, ECF 145 ("Mot."), and its supplement in support of that motion, ECF 175 ("Supp."). In his opposition, ECF 199 ("Opp'n"), the defendant fails to establish that Mr. Bishop's supplemental disclosure meets the requirements of Fed. R. Crim. P. 16 or that Mr. Bishop's testimony is otherwise admissible under Fed. R. Evid. 702 and *Daubert*.

Indeed, the defendant does not even attempt to respond to many of the government's arguments regarding its numerous deficiencies, including, among other things, that (1) three of Mr. Bishop's proposed "opinions" are merely general topics rather than actual opinions and (2) that the majority of these "opinions" are irrelevant to the issues to be decided in this case. While the defendant contends that Mr. Bishop's supplemental disclosure is his "complete" disclosure, Opp'n at 4, it still does not meet the requirements of Rule 16, and the testimony would still be inadmissible under F.R.E. 702. Accordingly, the proper remedy is exclusion.

This reply is based upon the attached memorandum of points and authorities, the indictment in this case, and any further evidence and argument as the Court may deem necessary.

Dated: August 16, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Thomas Bishop's testimony falls well short of the requirements of both Rule 16 and F.R.E. 702, and nothing in the defendant's opposition suggests otherwise. The defendant does not even attempt to respond to many of the government's arguments regarding its deficiencies—he merely makes conclusory assertions and references inapposite cases without actually explaining why the notice satisfies Rule 16 or why the testimony would be admissible. As to remedy, the defendant represents that the supplemental disclosure is his "complete" disclosure, Opp'n at 4, and does not seek to further supplement, *see id*. at 10. Because both disclosures fail in numerous respects under Rule 16 and the testimony would be otherwise inadmissible under F.R.E. 702, exclusion of Mr. Bishop is appropriate.

**I.    Mr. Bishop's Supplemental Disclosure Fails to Comply With Rule 16.[1]**

The defendant fails to meaningfully engage with most of the government's arguments as to why Mr. Bishop's disclosures do not meet the requirements of Rule 16. Indeed, he does not even address *United States v. Boam*, 2023 WL 3722904, at *3 (9th Cir. May 30, 2023), which excluded expert testimony pursuant to both Rule 16 and F.R.E. 702, or the district court's opinion in his Delaware case, *see* ECF 173-3, which excluded *his* proposed expert for similar issues as those contained in the notices he presents here.

The defendant also fails to rebut the government's plain observation that the first three "opinions" described in Mr. Bishop's supplementary notice are not opinions at all,

---

[1] Despite accusing the government of presenting a "misleading" timeline, the defendant does not dispute the timing of any of the events described by the government. Opp'n at 1-2. The government provided a supplemental disclosure, which contained a minor adjustment to the tax computation, one week before motions in limine were due, giving the defendant adequate time to challenge its disclosures—something he chose not to do. Meanwhile, the government did not hear from the defendant for over two months about whether he was even still planning to call Mr. Bishop, so counsel appropriately contacted defense counsel to inquire about it. Simply because the defendant (unsuccessfully) tried to correct some of the deficiencies in his first disclosure does not change the fact that he served a deficient supplemental disclosure after the filing of this the motion in limine on the day it was due. And contrary to his suggestions, it is not the government's burden to ensure that the defense's disclosures comply with the rules.

but general topics, and thus are inadequate under Rule 16. *See* Mot. at 4-6; Supp. at 1. As to the "bases and reasons" for each opinion, the defendant points only to the notice's statement that Mr. Bishop's assertions are "based on his review of the documentary evidence," "various codified regulations and publications," and his "experience as a Special Agent." Opp'n at 6-7. But these vague statements about broad categories of documents and regulations do not allow the government to prepare to cross-examine him on his reasoning or engage a rebuttal expert. For example:

- The defendant still provides no detail about Mr. Bishop's methodology in concluding that "the double counting of $157,000 in income to Owasco P.C. in 2018, as well as the reporting of $1 million for the legal representation of Patrick Ho in 2017 instead of 2018, resulted in the overreporting of income and tax due and paid by Mr. Biden for the 2018 tax year." The government should not have to guess at how he may have applied unknown regulations to undisclosed documents.

- The notice does not include any basis for the opinion that the defendant's 2018 tax and bank records "did not reveal any classic badges of fraud." On what is he basing his opinion about what constitutes a "classic badge[] of fraud"? None of the three regulatory sources cited speak to that.

- As to his assertion that he may "demonstrate that the manner in which" the defendant categorized certain personal and business expenses was "inconsistent and haphazard," what are his reasons for concluding that certain unknown examples are "inconsistent and haphazard"? And what are the "examples" of personal and business expenses that he will testify about? The notice does not say.

- None of the "documentary evidence" in this case nor any of the three regulatory sources provide any basis for the claimed "enhanced due diligence requirement" that Mr. Bishop seeks to testify about. The government cannot prepare a cross examination to determine the adequacy of this (seemingly invented) "enhanced due diligence requirement" without knowing what Mr. Bishop is basing it on.

2

The defendant tries to distinguish *United States v. Ulbricht*, 2015 WL 413318 (S.D.N.Y. Feb. 1, 2015), by arguing that it involved deficiencies that were "tactical, not substantive." Opp'n at 4. But the district court relied on the "deep and consistent body of case law" that left "no doubt" that the disclosures were inadequate, not what motivated the defendant's litigation choices. *Ulbricht*, 2015 WL 413318 at *3. Mr. Bishop's notice also lacks "expected opinions," "the bases for such opinions," and "any description of analysis or methodology." *Id*. And as in *Ulbricht*, it is "unknown" what his "analysis is based on apart from *ipse dixit*." *Id*. at 4.[2] The Court should likewise exclude Mr. Bishop's testimony.

The defendant's claim that courts "regularly allow parties to supplement" their disclosures is inapposite, because he "has already provided" a "complete supplemental disclosure." Opp'n at 4. The cases he cites permitting supplementation therefore make no difference here—if anything, these cases support exclusion. *See United States v. Kaufman*, 2021 WL 4084523, at *18-23 (S.D.N.Y. Sept. 8, 2021) (expert was excluded even after the defendant supplemented his disclosures); *United States v. Valle*, 2013 WL 440687, at *6 (S.D.N.Y. Feb. 2, 2013) (notice did not contain enough detail about opinions or their bases).[3] Nor do the defendant's other cases support permitting such deficient disclosures. *United States v. Leones*, 2021 WL 4806908, at *1-3 (M.D. Fla. Oct. 14, 2021), only addressed untimely discovery. *United States v. Brown*, 2023 WL 5002872, at *1-2 (W.D. Ky. Aug. 4, 2023), involved an expert report with forensic analysis and specific reasoning, and *United States v. Belloisi*, 2023 WL 2716551, at *1 (E.D.N.Y. Mar. 30, 2023), involved a disclosure that listed "specific and detailed areas of testimony" and actual "anticipated testimony." Mr. Bishop's notice does not come close to this level of detail.

---

[2] For similar reasons, the defendant's offer to belatedly provide a list of the documents that Mr. Bishop relied on is inadequate. Opp'n at 3 n.1. Mr. Bishop must disclose the *reasons* and *bases* for his opinions, not just a list of documents without further elaboration.

[3] *United States v. Kwok*, 2024 WL 1773143, at *2 (S.D.N.Y. Apr. 24, 2024) and *United States v. Bankman-Fried*, 2023 WL 6162865, at *1 (S.D.N.Y. Sept. 21, 2023) likewise both support exclusion. The defendant has *already* supplemented his disclosures and they *still* suffer from the same problems that *Kwok* and *Bankman-Fried* found insufficient.

## II. Mr. Bishop's Testimony Is Inadmissible Under Fed. R. Evid. 702.

***Arguments not addressed by the defendant***. The defendant does not respond to many of the government's arguments explaining why Mr. Bishop's testimony is inadmissible under F.R.E. 702, including that (1) he cannot solely rely on his experience to establish that his testimony is the product of reliable principles and methods, *see* Mot. at 9; (2) his testimony is not based on sufficient facts or data since he has not identified which documents he relied on or how he applied any undisclosed methodology to those documents to form each opinion, *id*.; Supp. at 3, 6; (3) his opinion that the defendant's tax documents did not contain signs of fraud is an inappropriate legal conclusion, *id*. at 5; and (4) his opinion that the defendant's classification of expenses was "inconsistent and haphazard" is improper for expert testimony because it is not beyond the comprehension of an average juror, *id*. For these reasons alone, the testimony should be excluded.

***Relevance***. The defendant also does not even attempt to show why the majority of Mr. Bishop's proposed opinions would be relevant to the issues to be decided in this case. *See* Supp. at 3-5. He makes a passing reference to the government's argument that the opinions about the tax preparer's competence are irrelevant, Opp'n at 9, but never actually explains why these opinions would be relevant, and indeed, they are not. *See* Mot. at 8; Supp. at 2, 6. The defendant instead tries to distinguish *United States v. Scholl*, 166 F.3d 964 (9th Cir. 1999), but he references a part of the opinion concerning a compulsive gambling expert that the government did not rely on, *see* Mot. at 8 (citing *Scholl* for the proposition that it affirmed the exclusion of an accounting expert). The defendant also suggests—without explanation—that these opinions may be relevant to willfulness, *see* Opp'n at 9-10, but the "competence" of the tax preparers and any "enhanced due diligence requirement" do not bear on the *defendant*'s state of mind. His cases are again inapposite. *See United States v. Cohen*, 510 F.3d 1114, 1122-25 (9th Cir. 2007) (discussing psychiatrist who sought to testify that the defendant had a personality disorder); *United States v. Morales* 108 F.3d 1031, 1034-39 (9th Cir. 1997) (discussing proffered expert testimony about "Morales's lack of understanding of bookkeeping principles").

***Firsthand knowledge***. The defendant does not cite to a single case holding that Mr. Bishop—in place of a fact witness—can testify that certain income was "erroneously" reported or "double counted." He argues only that this case is unlike *U.S. v. Larkin*, 2015 WL 3555295 (D. Nev. June 5, 2015), because there, the expert sought to testify directly about the defendant's mental state.[4] But Mr. Bishop would opine directly about the nature of actions taken by the defendant and his tax preparers—specifically, whether they reported income in "error" or "mistake"—facts about which he similarly has no personal knowledge. The defendant's conclusory statement that Mr. Bishop will "provide the jurors with sufficient information so that they may apply the important facts and draw their own inferences as to Mr. Biden's *mens rea*," Opp'n at 8, does not address the key issue, which is that Mr. Bishop cannot "draw factual conclusions or speculate on the specifics" of this case. *Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1120 (E.D. Cal. 2020).

### III.   Exclusion Is the Appropriate Remedy.

The defendant has already supplemented Mr. Bishop's disclosure, and claims that this represents the "complete supplemental disclosure clarifying Mr. Bishop's opinions and the bases for them." Opp'n at 4. Like the first disclosure, the supplemental disclosure does not meet the requirements of Rule 16, and at no point does the defendant request to supplement his disclosures again to belatedly correct these deficiencies. *See id*. at 10. Courts have "precluded expert testimony when the Rule 16 disclosures fail to specify the expert's bases, reasons, and sources for their opinions." *Ulbricht*, 2015 WL 413318, at *5 (collecting cases). Exclusion is also warranted because Mr. Bishop's testimony fails to meet the requirements of F.R.E. 702, which "governs the *admissibility* of expert testimony." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002) (emphasis added). Accordingly, the proper remedy for an expert like Mr. Bishop who fails to meet the requirements of F.R.E. 702 is exclusion.

---

[4] *United States v. Finley*, 301 F.3d 1000 (9th Cir. 2002) is cited only for the uncontroversial proposition that the subject of expert testimony must be "beyond the common knowledge of the average" juror. *See* Supp. at 5-6. That case otherwise does not apply here.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

/s/_____
Leo J. Wise
Principal Senior Assistant Special Counsel

Derek E. Hines
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA
