UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT HUNTER BIDEN,<br><br>  Defendant. | Case No. 2:23-cr-00599-MCS-1<br><br>**ORDER STRIKING MOTION TO DISMISS FOR LACK OF JURISDICTION (ECF NOS. 133, 140)** |

Defendant Robert Hunter Biden moves to dismiss the indictment, claiming that Special Counsel David Weiss's prosecution of this case violates the Appointments and Appropriations Clauses of the United States Constitution. (Mot., ECF No. 133.) After the Court ordered Mr. Biden's counsel to show cause why sanctions should not be imposed for making false statements in the motion, (OSC, ECF No. 138), Mr. Biden filed an amended motion purporting to rectify the identified misstatements, (Am. Mot., ECF No. 140).[1] The Government filed a brief opposing the motion, (Opp'n, ECF No. 142), and Mr. Biden filed a brief in reply, (Reply, ECF No. 170). The Court deems the motion appropriate for decision without oral argument.

For the following <u>independent</u> reasons, the Court strikes the motion without reaching its merits.

///

---

[1] The Court expressed concern about counsel's lack of candor to the Court in their representations that Special Counsel David Weiss brought no charges against Mr. Biden until he was appointed as Special Counsel given that he charged Mr. Biden by information in his capacity as U.S. Attorney for the District of Delaware. (OSC 2–4.) In response, counsel claims that its references to charges in the motion "perhaps inartfully . . . refer[red] to the current charges brought by indictment against Mr. Biden, not the lack of any charges at all." (OSC Resp. 1, ECF No. 139.) The Court doubt's the veracity of this explanation though, because, as amended to replace references of *charges* to *indictments*, the arguments at issue lack any rhetorical sense. (*E.g.*, Am. Mot. 5 ("As U.S. Attorney he had years to bring whatever charges he believed were merited, but he brought no indictments until after he received the Special Counsel title that he sought.").) That said, given the amendment and counsel's recent entry into this case, the Court declines to render a finding of bad faith or gross negligence upon which formal sanctions could be predicated. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); C.D. Cal. R. 83-7; *see also* C.D. Cal. Crim. R. 57-1. The Court discharges the order to show cause, but counsel's conduct warrants an admonition: candor is paramount.

## I. THE MOTION IS UNTIMELY

The Court struck as untimely two prior defense requests for remedies from alleged Appropriations Clause violations. (*See generally* Order Striking Ex Parte Appl., ECF No. 122; Order Striking Mot., ECF No. 124.) The instant motion, too, is untimely.

Courts may set deadlines for pretrial motions and strike untimely filed motions. *See* Fed. R. Crim. P. 12(c)(1), (3); *e.g.*, *United States v. Baker*, No. CR 22-102-BLG-DLC, 2024 U.S. Dist. LEXIS 13719, at *10–11 (D. Mont. Jan. 25, 2024) (declining to consider untimely motion to dismiss); *United States v. Castro*, No. 2:19-cr-00295-GMN-NJK, 2022 U.S. Dist. LEXIS 173930, *7–10 (D. Nev. Sept. 24, 2022) (affirming magistrate judge's order striking untimely motion to suppress). At the January 11, 2024, status conference, the Court ordered the parties to file any motions by February 20, 2024. (Mins., ECF No. 17.) The Court specifically indicated that this was the deadline for motions on issues the parties at that time intended to raise. (Jan. 11 Hr'g Tr. 23–24, ECF No. 18.) Among his motions filed on February 20, Mr. Biden brought a motion to dismiss the indictment for violations of the Appropriations and Appointments Clauses. (*See generally* Appointment Mot., ECF No. 26.) Notwithstanding the emergence of new nonbinding authorities, the legal bases for the instant motion are the same as those that grounded the prior motion. Accordingly, the instant motion is untimely.

Anticipating this conclusion, Mr. Biden casts his motion as one with jurisdictional implications, (Am. Mot. 9–10), which would avoid the time bar, *see* Fed. R. Crim. P. 12(b)(2) ("A motion that the court lacks jurisdiction may be made at any time while the case is pending."). But Mr. Biden does not provide any law or argument that even remotely suggests an Appropriations Clause violation raises jurisdictional concerns.[2] Nor does he offer, and nor has the Court found, any authority for the

---

[2] Mr. Biden did not raise jurisdictional arguments in either of the two other post–February 20 Appropriations Clause–related applications he filed, either. (*See generally* Ex Parte Appl. for TRO, ECF No. 84; Mot. to Enjoin, ECF No. 123.)

3

proposition that an Appointments Clause violation is a defect of jurisdictional significance. Binding authorities indicate the proposition is untrue. *See Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 878–79 (1991) (characterizing Appointments Clause challenge as nonjurisdictional); *CFPB v. Gordon*, 819 F.3d 1179, 1189 (9th Cir. 2016) (same). The primary case upon which Mr. Biden rests his argument that the Appointments Clause challenge is jurisdictional, *United States v. Durham*, 941 F.2d 886 (9th Cir. 1991), is not an Appointments Clause case at all. Instead, that appellate panel considered a challenge to a prosecution brought by a Special Assistant U.S. Attorney who was appointed to that position by someone who lacked authority to do so. *Id.* at 891–92. The panel reversed the district court's decision to reject the challenge as untimely, reasoning that whether a Special Assistant U.S. Attorney has authority to prosecute a case is a jurisdictional issue. *Id.* at 892. That is simply not the nature of the challenge here, and Mr. Biden does not explain why the principles of *Durham* are translatable to this case.[3]

Further, there is no good cause under Rule 12(c)(3) to consider the untimely motion. (*See* Am. Mot. 10 (invoking Rule 12(c)(3)).) The Court already adjudicated Mr. Biden's Appointments and Appropriations Clause challenges in his timely filed motion to dismiss. (Order on Mots. to Dismiss 20–32, ECF No. 67.) For the reasons discussed below, there is no reason to revisit the Court's decision now.

///

---

[3] As the Court signaled in its order to show cause, (*see* OSC 3), Mr. Weiss's status as a U.S. Attorney is significant toward any jurisdictional issue with respect to his prosecution of the case against Mr. Biden. *See Durham*, 941 F.2d at 892 ("28 U.S.C. §§ 516 and 547 reserve litigation in which the United States is a party either to officers of the Department of Justice or to U.S. Attorneys." (quoting *United States v. Plesinski*, 912 F.3d 1033, 1038 (9th Cir. 1990))). Moreover, at least one court in this circuit has questioned whether *Gordon* and *Durham* are in conflict. *Quiel v. United States*, Nos. CV-16-01535-PHX-JAT, CR-11-02385-PHX-JAT, 2018 U.S. Dist. LEXIS 157118, at *3 n.2 (D. Ariz. Sept. 14, 2018).

## II. THE MOTION IS A DISGUISED MOTION FOR RECONSIDERATION THAT DOES NOT PRESENT GROUNDS FOR RECONSIDERATION

Mr. Biden submits that the instant motion is only "slightly different" from the one he brought in February. (Am. Mot. 1.) His motion "builds on recent legal developments" in the form of two judicial decisions published after his last attempt to challenge the Special Counsel's authority to prosecute him: a single-justice concurring opinion by Justice Clarence Thomas in *Trump v. United States*, 144 S. Ct. 2312, 2347–2355 (2024), and a district-level decision by District Judge Aileen Cannon of the United States District Court for the Southern District of Florida in *United States v. Trump*, __ F. Supp. 3d __, No. 23-80101-CR-CANNON, 2024 U.S. Dist. LEXIS 123552 (S.D. Fla. July 15, 2024).

As he concedes in his notice of the motion, Mr. Biden plainly seeks reconsideration of issues already decided upon his February motion. (*See* Order on Mots. to Dismiss 20–32.) The Court applies the reconsideration standard of Local Civil Rule 7-18. *See* C.D. Cal. Crim. R. 57-1 ("When applicable directly or by analogy, the Local Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified."); *see also, e.g.*, *United States v. Navarro*, No. 5:22-cr-00063-JWH, 2024 U.S. Dist. LEXIS 122174, at *5 (C.D. Cal. July 11, 2024) ("Although the Federal Rules of Criminal Procedure do not explicitly provide for it, a district court may hear a motion for reconsideration in a criminal case. Courts have held that motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." (internal quotation marks and citations omitted)). That rule provides only three grounds upon which a motion may be brought:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new

|   |   |
|---|---|
| 1 | material facts or a change of law occurring after the Order |
| 2 | was entered, or (c) a manifest showing of a failure to consider |
| 3 | material facts presented to the Court before the Order was |
| 4 | entered. |

C.D. Cal. R. 7-18. This Court has consistently held that "[a] nonprecedential decision does not present 'a material difference in fact or law from that presented to the Court' or 'a change of law occurring after the Order was entered.'" *White v. Moore*, No. 2:21-cv-06964-MCS-MAA, 2022 U.S. Dist. LEXIS 24541, at *3 (C.D. Cal. Feb. 4, 2022) (Scarsi, J.) (quoting C.D. Cal. R. 7-18). Neither Justice Thomas's opinion nor Judge Cannon's order is binding precedent. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (internal quotation marks omitted)); *Pub. Watchdogs v. S. Cal. Edison Co.*, 984 F.3d 744, 757 n.7 (9th Cir. 2020) (citing *Maryland v. Wilson*, 519 U.S. 408, 412–13 (1997), for the proposition that "concurring opinions [of Supreme Court justices] have no binding precedential value").

      The Court declines to reach the merits of the motion because there is no valid basis for reconsideration of the Court's order denying Mr. Biden's motion to dismiss the indictment for Appropriations and Appointments Clause violations. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988) (affirming district court's decision not to address an issue first raised in a motion for reconsideration); *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp.2d 1152, 1162 (C.D. Cal. 2008) ("Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion.").

///

### III. CONCLUSION

The motion is stricken.

**IT IS SO ORDERED.**

Dated: August 19, 2024

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE