DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:   (771) 217-6091
    E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT HUNTER BIDEN, <br><br> Defendant. | No. CR 23-cr-00599-MCS <br><br> **GOVERNMENT'S SUPPLEMENTAL BRIEF ON SPECIFIC UNANIMITY JURY INSTRUCTION FOR COUNT SIX** <br><br> Hearing Date:  September 5, 2024 <br> Hearing Time:  9:00 a.m. <br> Location:        Courtroom 7C |

     At the August 21, 2024 pretrial conference, the Court requested that the parties submit additional briefing to address whether a specific unanimity instruction is required for Count Six, which charges that the defendant willfully attempted to evade and defeat income tax due and owing for 2018 in violation of 26 U.S.C. § 7201. The United States of America, by and through its counsel of record, accordingly submits this supplemental brief addressing this issue.

1

This motion is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated:   September 4, 2024           Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

In the parties' July 31, 2024 joint proposed jury instructions, the defendant did not propose a specific unanimity instruction for Count Six. *See* ECF 159-1 at 31-32 (text of the defendant's proposed instruction for Count Six, which does not include a specific unanimity instruction, nor does the defendant request a standalone specific unanimity instruction for Count Six).[1] By the Court's order, proposed jury instructions were due on July 31, 2024. *See* ECF 132 at 2. Accordingly, any late submission after this date regarding a specific unanimity instruction for Count Six would be untimely. *See Myles v. Cnty. of San Diego*, No. 15CV1985-JAH-BLM, 2022 WL 2164697, at *1-2 (S.D. Cal. May 20, 2022) (refusing to consider untimely proposed jury instructions). Nonetheless, the government addresses below why the jury need not be unanimous as to acts of attempted evasion or evasion committed by the defendant. Thus, giving a specific unanimity instruction for Count Six would be error because it would be contrary to the formulation of the elements of the offense recognized by the Ninth Circuit.

"In the ordinary case, a general unanimity instruction suffices to instruct the jury that they must be unanimous on whatever specifications form the basis of the guilty verdict." *United States v. Kim*, 196 F.3d 1079, 1082 (9th Cir. 1999). The Ninth Circuit has recognized that "[a] specific unanimity instruction is necessary where it appears that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed . . . acts consisting of different legal elements." *United States v. Barai*, 55 F.4th 1245, 1249 (9th Cir. 2022) (citation omitted). However, "no specific unanimity instruction is warranted where jurors may find

---

[1] The defendant requests a special verdict form for Count Six. *See* ECF 149 at 11-12. As the government has explained, *see id.* at 12, because the jury need not unanimously agree on the means the defendant used to commit § 7201, a special verdict form is unnecessary and would introduce "considerable, and unnecessary, risk of error" because it might "confuse the jury" as to "what facts it is meant to find." *United States v. Mickey*, 897 F.3d 1173, 1182 (9th Cir. 2018) (warning courts not to "[s]ubdivid[e] a particular element of a crime into possible component means on a special verdict form").

1  criminal liability based on alternative means of committing a single element of a crime."
2  *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 985 (9th Cir. 2020) (citing *Kim*, 196
3  F.3d at 1083). This is because "a federal jury need not always decide unanimously which
4  of several possible sets of underlying brute facts make up a particular element." *Barai*, 55
5  F.4th at 1250. As the Supreme Court has explained, "there is no general requirement that
6  the jury reach agreement on the preliminary factual issues which underlie the verdict."
7  *Schad v. Arizona*, 501 U.S. 624, 632 (1991) (plurality opinion). Accordingly, "[c]ourts
8  must make a threshold inquiry whether the listed items in an alternatively phrased statute
9  are elements or means." *United States v. Mickey*, 897 F.3d 1173, 1181 (9th Cir. 2018).

Based on this distinction between the *elements* of the offenses as compared to the various *means* of committing the offense, an unanimity instruction should not be given for Count Six. That is because unanimity as to which specific act or acts of evasion the defendant committed or attempted to commit, *i.e.* the means of committing the offense, is not required. Indeed, the Ninth Circuit has held that § 7201 does not require a specific unanimity instruction. *See, e.g.*, *United States v. Brollini*, No. 20-10376, 2022 WL 3359381, at *3 (9th Cir. Aug. 15, 2022); *United States v. Carlson*, 235 F.3d 466, 471 (9th Cir. 2000); *United States v. Ogle*, 968 F.2d 1222, at *1 (9th Cir. 1992).[2] Thus, the Court should not give one here.

Count Six alleges that the defendant violated 26 U.S.C. § 7201, which provides:

> Any person who willfully attempts in any *manner* to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of

---

[2] In one unpublished decision, the Ninth Circuit remarked, without any analysis, that a specific unanimity instruction was required for § 7201 because there was a "genuine possibility of juror confusion"—however, it affirmed the district court's decision not to give the specific unanimity instruction and held that there was no plain error. *United States v. Corona*, 359 F. App'x 848, 853-54 (9th Cir. 2009).

prosecution.

26 U.S.C. § 7201 (emphasis added). The Supreme Court has recognized the following three elements for a tax evasion charge: (1) an affirmative act constituting an evasion or attempted evasion of a tax; (2) existence of a tax deficiency (*i.e.*, an additional tax due and owing); and (3) willfulness. *Sansone v. United States*, 380 U.S. 343, 351 (1965).

The indictment alleges that the defendant committed four acts of evasion or attempted evasion which, in the language of the statute, are four alternative factual manners in which the defendant attempted to "evade or defeat" his taxes owed for calendar year 2018. Specifically, the indictment alleges the defendant violated § 7201 by:

 a. Preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service;

 b. Using, and causing to be used, Owasco, PC funds to pay for personal expenses and later deducting, and causing to be deducted, these same personal expenses as corporate expenses on the Owasco, PC tax return on Form 1120;

 c. Claiming personal expenses, paid with personal funds, were business expenses of Owasco, PC and deducting and causing to be deducted, these same personal expenses as corporate expenses on the Owasco, PC tax return on Form 1120; and

 d. Paying, and causing to be paid, by Owasco, PC certain salary and healthcare benefit expenses of individuals who performed no work on behalf of Owasco, PC while on payroll, and deducting and causing to be deducted, these same expenses as corporate expenses on the Owasco, PC tax return on Form 1120.

ECF 1 at ¶ 145. Because these four factual allegations present alternative manners of committing various acts of evasion under § 7201, not distinct elements, no specific unanimity instruction is warranted because the jury need not be unanimous as to which act

or acts of attempted evasion or evasion the defendant committed.

The Sixth Circuit has likewise held acts of evasion under § 7201 were means, not elements, and thus unanimity and a corresponding instruction were not required. *United States v. Newman*, 16 F.3d 1222 at *9-11 (6th Cir. 1993). In *Newman*, the Sixth Circuit explained that "the attempt to evade or defeat any tax . . . exemplifies an offense which can be committed by a variety of acts." *Id*. at *10. It also analyzed the text of § 7201, explaining that the "tax evasion statute does not provide for specific types of acts that may constitute the crime but, rather, provides that '[a]ny person who willfully attempts *in any manner* to evade or defeat any tax . . . ' shall be found guilty of tax evasion." *Id*. (emphasis in original). The court concluded that the specific "manner" in which the defendant attempted to evade or defeat his tax obligation is not an element of § 7201—rather, Congress chose not to "limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its effort to do so result in some unexpected limitation." *Id*. (citation omitted); *see also Schad*, 501 U.S. at 636 ("[L]egislatures frequently enumerate alternative means of committing a crime without intending to define separate elements or separate crimes."). This case is on all fours with *Newman*: the government intends to prove that the defendant violated § 7201 through a "variety of acts," and that is what the jury must be unanimous on—that the defendant did so—but the jury need not agree on a specific act or acts to convict. Thus, a specific unanimity instruction is not appropriate. *See Newman*, 16 F.3d 1222 at *10.

While *Barai* involved 18 U.S.C. § 1589(a)—which criminalizes "knowingly provid[ing] or obtain[ing] the labor or services of a person by any one of, or by any combination of" a list of four "means"—its reasoning is still instructive here. In affirming the district court's decision not to give a specific unanimity instruction, the Ninth Circuit first examined the statutory text, which indicated that "the listed alternatives are means by which a defendant might commit forced labor." *Barai*, 55 F.4th at 1250. Similarly, the plain text of § 7201 criminalizes one who "attempts *in any manner* to evade or defeat any tax," and "manner" is defined as a "mode of procedure or way of acting." Manner,

6

Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/manner (last visited September 4, 2024). Accordingly, any alternative "manner" in which a defendant can violate the statute constitutes the way in which he acts to accomplish the offense—in other words, the "means." In *Barai*, the Ninth Circuit also looked to the statutory structure, noting that "[i]f statutory alternatives carry different punishments or if the statute identifies which alternatives must be charged, then the alternatives must be elements." 55 F.4th 1245 at 1250. Here, the statute does not prescribe different penalties for violations of § 7201 based on different acts of evasion, nor does it identify which alternative must be charged. Therefore, *Barai* mandates the conclusion that alternative acts of evasion in § 7201 are means, not elements.[3]

Accordingly, for all of these reasons, the Court should not give a specific unanimity instruction as to Count Six.[4]

---

[3] *Barai* also discussed "whether construing the listed alternatives as means aggravates the dangers of unfairness" under *Richardson v. United States*, 526 U.S. 813 (1999). *See* 55 F.4th at 1252. In *Richardson*, the Court held that a jury must unanimously agree on which violations made up a "continuing series of violations" in a statute that criminalized such activity. 526 U.S. at 815. It relied on the fact that juries routinely decide "whether alleged conduct 'violates' the law," so holding that each "violation" was an element, not a means, was "consistent with a tradition of requiring juror unanimity." *Id*. at 818-19. The Court also raised concerns about the statute's "breadth" because the word "violations" covers "many different kinds of behavior of varying degrees of seriousness." *Id*. at 819. None of these issues are present here. Each alternative act of evasion is "simply an act or conduct" that does not rest on a prior determination that the conduct was unlawful. *See id*. at 818. Further, they do not involve varying degrees of seriousness akin to that in *Richardson*. *Id*. at 819 (observing that the violations range in seriousness from "civil penalties" to "endangering human life"). Section 7201 thus involves no similar danger of unfairness.

[4] In the parties' verdict form filing, the defendant cites to *United States v. Echeverry*, 719 F.2d 974 (9th Cir. 1983), and *United States v. Anguiano*, 873 F.2d 1314 (9th Cir. 1989), two conspiracy cases that are not relevant here. *See* ECF 149 at 12. Both cases analyzed only whether there was a risk of juror confusion, not whether a certain alleged act was a means or an element of the offense. *Echeverry*, 719 F.2d at 974-95; *Anguiano*, 873 F.2d at 1319-21. If anything, *Anguiano* supports the government's position, as the Ninth Circuit affirmed the district court's decision not to give a specific unanimity instruction. *Id*.