DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:   (771) 217-6091
    E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | No. 23-cr-00599-MCS<br><br>**REVISED PROPOSED SUBSTANTIVE JURY INSTRUCTIONS**<br><br>Trial Date:   September 5, 2024<br>Trial Time:   9:00 a.m.<br>Location:    Courtroom of the<br>                 Hon. Mark Scarsi |

      The United States of America, by and through its counsel of record, the Special Counsel David C. Weiss, Principal Senior Assistant Counsel Leo J. Wise, and Senior Assistant Special Counsel Assistant Derek E. Hines, submit its Revised Proposed Substantive Jury Instructions for the trial of defendant Robert Hunter Biden.

i

At the pretrial conference the Court made the following observation and gave the following instructions to the parties:

> So with the jury instructions itself, I wonder if the parties could work on this. So the jury instructions I find a little bit confusing because they have multiple issues over multiple instructions. I wonder whether we can have one instruction for each count following Model Instruction 22-1 to 7 22-3 with additional text toward unanimity and the instructions for 2, 4 and 6.
>
> Separate from the instructions for each count, we'll have one separate instruction on willfully followed by the Model Instruction 22-6 and then one instruction on venue modeled after Model Instruction 47. So this way, we don't need to have willfully and venue explained in each of the counts of the -- for the nine different counts.
>
> So I'd like the parties to meet and confer on that and to submit proposed instructions for each count with -- obviously with unanimity added -- entered where appropriate but taking willfulness and venue as to separate instructions.

ECF 207 at 138.

Pursuant to the Court's instruction, counsel for the government provided the following substantive instructions based upon the Ninth Circuit Model Criminal Jury Instructions to defendant on Tuesday, September 3, 2024 but as of the time of this filing, have not received a response or proposed changes.

Unless otherwise noted, the government has used the most recent version (as of December 2023) of the Jury Instructions found on the Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

Instruction 34.1: Count One – Willful Failure to Pay Tax (26 U.S.C. § 7203)

Instruction 34.2: Count Two – Willful Failure to Pay Tax (26 U.S.C. § 7203)

  Instruction 35.1: Count Three – Willful Failure to File Tax Return (26 U.S.C. § 7203)

  Instruction 34.3: Count Four – Willful Failure to Pay Tax (26 U.S.C. § 7203)

  Instruction 35.2: Count Five – Willful Failure to File Tax Return (26 U.S.C. § 7203)

  Instruction 36: Count Six – Attempt to Evade or Defeat (26 U.S.C. § 7201)

  Instruction 38.1: Count Seven – Filling False Tax Return (26 U.S.C. § 7206(1))

  Instruction 38.2: Count Eight – Filing False Tax Return (26 U.S.C. § 7206(1))

  Instruction 34.4: Count Nine – Willful Failure to Pay Tax (26 U.S.C. § 7203)

  Instruction 39: Willfully – Defined

  Instruction 47: Venue

Dated: September 4, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

 /s/
LEO J. WISE
Principal Senior Assistant Sp. Counsel
DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## I. INDEX OF PROPOSED SUBSTANTIVE JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| **34.1 (Count 1)** | **Willful Failure to Pay Tax (26 U.S.C. § 7203) – Count 1** | **Ninth Cir. Model Criminal Jury Instructions, No. 22.2 (2022 ed.)** | 1 |
| **34.2 (Count 2)** | **Willful Failure to Pay Tax (26 U.S.C. § 7203) & Unanimity – Count 2** | **Ninth Cir. Model Criminal Jury Instructions, No. 22.2 (2022 ed.)** | 2 |
| **35.1 (Count 3)** | **Willful Failure to File Tax Return (26 U.S.C. § 7203) – Count 3** | **Ninth Cir. Model Criminal Jury Instructions, No. 22.2 (2022 ed.)** | 3 |
| **34.3 (Count 4)** | **Willful Failure to Pay Tax (26 U.S.C. § 7203) & Unanimity– Count 4** | **Ninth Cir. Model Criminal Jury Instructions, No. 22.2 (2022 ed.)** | 4 |
| **35.2 (Count 5)** | **Willful Failure to File Tax Return (26 U.S.C. § 7203) – Count 5** | **Ninth Cir. Model Criminal Jury Instructions, No. 22.2 (2022 ed.)** | 5 |
| **36 (Count 6)** | **Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201) – Count 6** | **Ninth Cir. Model Criminal Jury Instructions, No. 22.1 (2022 ed.)** | 6 |

| | | | |
|---|---|---|---|
| **38.1 (Count 7)** | **Filing False Tax Return (26 U.S.C. § 7206(1)) – Count 7** | **Ninth Cir. Model Criminal Jury Instructions, No. 22.3 (2022 ed.)** | 8 |
| **38.2 (Count 8)** | **Filing False Tax Return (26 U.S.C. § 7206(1)) – Count 8** | **Ninth Cir. Model Criminal Jury Instructions, No. 22.3 (2022 ed.)** | 9 |
| **34.4 (Count 9)** | **Willful Failure to Pay Tax (26 U.S.C. § 7203) – Count 9** | **Ninth Cir. Model Criminal Jury Instructions, No. 22.2 (2022 ed.)** | 11 |
| **39** | **Willfully—Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207)** | **Ninth Circuit Model Criminal Jury Instructions, No. 22.6 (2022 ed.) [Willfully—Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207)]** | 12 |
| **47** | **Venue** | **Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18; 26 U.S.C. § 6091(b)(1)(A)(i).** | 13 |

**PROPOSED INSTRUCTION NO. 34.1 – Count 1**

**Failure to Pay (26 U.S.C. § 7203)**

The defendant is charged in Count One of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed taxes for the calendar year ending December 31, 2016,

Second, the defendant failed to pay by April 18, 2017, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay first became willful on or about June 12, 2020.

Source: Ninth Circuit Model Criminal Jury Instructions, No. 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)].

# PROPOSED INSTRUCTION NO. 34.2 – Count 2
## Failure to Pay (26 U.S.C. § 7203) & Unanimity

The defendant is charged in Count Two of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed taxes for the calendar year ending December 31, 2017,

Second, the defendant failed to pay by April 17, 2018, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 17, 2018, or was willful on or about February 18, 2020.

In Count 2, the willful failure to pay is alleged to have occurred on at least one of two dates: April 17, 2018 or February 18, 2020. In order to convict on this count, you must unanimously agree on one of the dates.

Source: Ninth Circuit Model Criminal Jury Instructions, No. 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)].

2

# PROPOSED INSTRUCTION NO. 35.1 – Count 3
## Willful Failure to File Tax Return (26 U.S.C. § 7203)

The defendant is charged in Count Three of the Indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was required to file a return for the calendar year ending December 31, 2017;

Second, the defendant failed to file an income tax return by October 15, 2018, as required by Title 26 of the United States Code; and,

Third, in failing to do so, the defendant acted willfully.

Source: Ninth Circuit Model Criminal Jury Instructions, No. 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]

3

# PROPOSED INSTRUCTION NO. 34.3 – Count 4
## Failure to Pay (26 U.S.C. § 7203) & Unanimity

The defendant is charged in Count Four of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed taxes for the calendar year ending December 31, 2018

Second, the defendant failed to pay by April 15, 2019, as required by Title 26 of the United States Code; and

Third, the defendant's failure to pay was willful on April 15, 2019, or was willful on or about February 18, 2020.

In Count 4, the willful failure to pay is alleged to have occurred on at least one of two dates: April 15, 2019 or February 18, 2020. In order to convict on this count, you must unanimously agree on one of the dates.

Source: Ninth Circuit Model Criminal Jury Instructions, No. 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)].

# PROPOSED INSTRUCTION NO. 35.2 – Count 5
## Willful Failure to File Tax Return (26 U.S.C. § 7203)

The defendant is charged in Count Five of the Indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was required to file a return for the calendar year ending December 31, 2018;

Second, the defendant failed to file an income tax return by October 15, 2019, as required by Title 26 of the United States Code; and,

Third, in failing to do so, the defendant acted willfully.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)]

## PROPOSED INSTRUCTION NO. 36 – Count 6
## Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)

The defendant is charged in Count Six of the indictment with evasion of assessment for 2018 in violation of Section 7201 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed more federal income tax for the calendar year 2018 than was declared due on the defendant's income tax return for that calendar year;

Second, the defendant knew that more federal income tax was owed than was declared due on the defendant's income tax return;

Third, the defendant made an affirmative attempt to evade or defeat such additional tax, including at least one of the following affirmative acts:

a. Preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service;

b. Using, and causing to be used, Owasco, PC funds to pay for personal expenses and later deducting, and causing to be deducted, these same personal expenses as corporate expenses on the Owasco, PC tax return on Form 1120;

c. Claiming personal expenses, paid with personal funds, were business expenses of Owasco, PC and deducting and causing to be deducted, these same personal

expenses as corporate expenses on the Owasco, PC tax return on Form 1120; and

d.  Paying, and causing to be paid, by Owasco, PC certain salary and healthcare benefit expenses of individuals who performed no work on behalf of Owasco, PC while on payroll, and deducting and causing to be deducted, these same expenses as corporate expenses on the Owasco, PC tax return on Form 1120.

Fourth, in attempting to evade or defeat such additional tax, the defendant acted willfully.

Source: Ninth Circuit Model Criminal Jury Instructions, No. 22.1 (2022 ed.) [Attempt to Evade or Defeat Income Tax (26 U.S.C. § 7201)]

# PROPOSED INSTRUCTION NO. 38.1 - Count 7
## Filing False Tax Return (26 U.S.C. § 7206(1))

The defendant is charged in Count Seven of the indictment with filing a false and fraudulent tax return in violation of Section 7206(1) of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant signed and filed a tax return for the year 2018, specifically U.S. Individual Tax return for 2018, on Internal Revenue Service Form 1040, that he knew contained false information as to a material matter, specifically, that Form 1040 reported on line 6 total income in the amount of $2,187,286, whereas, as Defendant knew, his income was greater because he had claimed false business deductions on Owasco, PC's Form 1120 that were in fact additional income to him;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))]

# PROPOSED INSTRUCTION NO. 38.2 – Count 8
## Filing False Tax Return (26 U.S.C. § 7206(1))

The defendant is charged in Count Eight of the indictment with filing a false and fraudulent tax return in violation of Section 7206(1) of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant signed and filed a tax return for the year 2018, specifically a U.S. Corporate Income Tax Return, on Internal Revenue Service Form 1120, that he knew contained false information as to a material matter, specifically, the 2018 Form 1120 contained false information on:

    a.    line 26 and in Statement 3 in the return and elsewhere including but not limited to the following:

        i.    Claiming false "Travel, Transportation and Other" deductions including, but not limited to, luxury vehicle rentals, house rentals for his then-girlfriend, hotel expenses, and New York City apartment rent for his daughter;

        ii.    Claiming false "Office and Miscellaneous" deductions, including, but not limited to, the purchase of luxury clothing, payments to escorts and dancers, and payments for his daughter's college advising services;

        iii.    Claiming false "Legal Professional and Consulting" deductions, including, but not limited to, payment of his daughter's law school tuition and his personal life insurance policy;

        iv.    Claiming false deductions for payments from Owasco, PC's account to pay off the business line of credit, specifically by allocating 80 percent to "Travel Transportation and Other" and 20 percent to "Meals," when in truth and in fact most

of the business line of credit expenses were personal, including to a website providing pornographic content, payments at a strip club, and additional rent payments for his daughter; and

    v.    Claiming false deductions for payments from Owasco, PC's account to JP Morgan Chase, specifically that these were for "consulting," when in truth and in fact, these transfers included payments to various women who were either romantically involved with or otherwise performing personal services for the Defendant, including a $10,000 payment for the Defendant's membership in a sex club.

    b.    on line 13, specifically, claiming false payroll deductions, including, deductions for "wages" paid to women with whom he had personal relationships including a woman who was then pregnant with his child.

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

Source: Ninth Circuit Model Criminal Jury Instructions, No 22.3 (2022 ed.) [Filing False Tax Return (26 U.S.C. § 7206(1))]

**PROPOSED INSTRUCTION NO. 34.4 – Count 9**

**Failure to Pay (26 U.S.C. § 7203)**

The defendant is charged in Count Nine of the indictment with willful failure to pay tax in violation of Section 7203 of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed taxes for the calendar year ending December 31, 2019;

Second, the defendant failed to pay by June 15, 2020, as required by Title 26 of the United States Code; and

Third, in failing to pay by June 15, 2020, the defendant acted willfully.

Source: Ninth Circuit Model Criminal Jury Instructions, No. 22.2 (2022 ed.) [Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)].

# PROPOSED INSTRUCTION NO. 39
## Willfully – Defined

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No. 22.6 (2022 ed.) [Willfully—Defined (26 U.S.C. §§ 7201, 7203, 7206, 7207)]

# PROPOSED INSTRUCTION NO. 47
## Venue

The Indictment alleges that some acts in furtherance of the crimes charged occurred in the Central District of California. There is no requirement that all aspects of the crimes charged take place here in the Central District of California. Before you may return a verdict of guilty, however, if that is your decision, the government must convince you that some act in furtherance of the crime charged took place in the Central District of California.

The Central District of California includes Los Angeles, Ventura, San Luis Obispo, Santa Barbara, Orange, Riverside and San Bernardino counties.

With respect to the failure to file and pay charges in Count[s] [], venue is proper in the district in which the taxpayer maintained his legal residence at the time that returns had to be filed or the payment of taxes was due. "Legal residence" means the permanent fixed place of abode which one intends to be his residence and to return to despite temporary residences elsewhere, or absences. This does not require that the defendant had an intent to make a permanent home at a particular address, but that he intended for the Central District of California to be where he resided indefinitely.

With respect to the remaining Count[s] [] you need not find that the defendant's legal residence was in this judicial district; rather, only that some act in furtherance of the crime charged took place in the Central District of California.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means that as the failure to file and pay charges in Count[s] [], the government need only convince you that it is more likely than not that the defendant legally resided here and as to the remaining Count[s] [] the government need only convince you that it is more likely than not that some act in furtherance of the crimes charged took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) [Venue]; Criminal Tax Manual ("CTM") §§ 7.02[2], 10.05[7], 10.06[5] (2024); Fed. R. Crim. P. 18; 26 U.S.C. § 6091(b)(1)(A)(i); *Vento v. Dir. of V.I. BIR*, 715 F.3d 455, 467 (3d Cir. 2013); *United States v. Taylor*, 828 F.2d 630, 634 (10th Cir. 1987); *United States v. Calhoun*, 566 F.2d 969, 973 (5th Cir. 1978).