Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone:   (213) 625-3900
Facsimile:    (213) 232-3255

Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:   (202) 282-5000
Facsimile:    (202) 282-5100

*Attorneys for Robert Hunter Biden*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | **Case No. 2:23-cr-00599-MCS**<br><br>*Hon. Mark C. Scarsi*<br><br>**MR. BIDEN'S BRIEF ON SPECIFIC UNANIMITY JURY INSTRUCTION ON COUNT SIX**<br><br>Hearing Date:  September 5, 2024<br>Hearing Time: 9:00 a.m.<br>Courtroom:      7C |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Robert Hunter Biden, by and through his counsel of record, hereby submits this brief on why the Court should give the jury a specific unanimity instruction on Count Six of the Indictment.

Dated: September 4, 2024                    Respectfully submitted,


                                           */s/ Mark Geragos*
                                           Mark J. Geragos
                                           Tina Glandian
                                           Setara Qassim

                                           Angela M. Machala
                                           Abbe David Lowell
                                           Christopher D. Man

                                           *Attorneys for Robert Hunter Biden*

1    ## MEMORANDUM OF POINTS AND AUTHORITES

2    It is well established that a jury in a federal criminal case may not convict

3    unless it unanimously finds that the government has proved each element of the

4    offense beyond a reasonable doubt.  *Richardson v. United States*, 526 U.S. 813, 817

5    (1999).  The Ninth Circuit has held that "where it appears that 'there is a genuine

6    possibility of jury confusion or that a conviction may occur as the result of different

7    jurors concluding that the defendant committed different acts,' an instruction should

8    be given to the effect that the jury may not convict unless it 'unanimously agree[s] to a

9    particular set of facts.'"  *United States v. Anguiano,* 873 F.2d 1314, 1319 (9th Cir.

10    1989) (quoting *United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983)).

11    Count Six of the Indictment alleges that Mr. Biden committed tax evasion in

12    violation of 26 U.S.C. § 7201.  The three elements needed to prove a violation of 26

13    U.S.C. § 7201 are (1) the existence of a tax deficiency, (2) an affirmative act of

14    evasion or affirmative attempt to evade, and (3) willfulness.  *See Sansone v. United*

15    *States*, 380 U.S. 343, 351 (1965) (internal citations omitted).

16    Here, the Indictment spends eighteen (18) pages detailing the alleged tax

17    evasion, including alleging multiple affirmative acts:

18
19   - The Defendant claimed extensive business travel in 2018 when he had none.
     - The Defendant failed to identify all personal expenses paid using corporate
20       funds.
     - The Defendant falsely claimed that money paid to women with whom he had
21       personal relationships was wages, reducing his tax burden.
22    - The Defendant falsely identified personal expenses as business deductions paid
         out of his individual accounts.
23    - The Defendant wired money to JP Morgan Chase to pay personal expenses and
24       falsely represented to the CA Accountants that these wire transfers were
         business expenses.
25    - The Defendant used the business line of credit to pay personal expenses and
26       falsely represented to the CA Accountants that it was for business expenses.
27    - The Defendant knowingly signed false tax returns.

28    *See* Indictment at 34-49.

The Charge then specifies the following affirmative acts:

a. Preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service;

b. Using, and causing to be used, Owasco, PC funds to pay for personal expenses and later deducting, and causing to be deducted, these same personal expenses as corporate expenses on the Owasco, PC tax return on Form 1120;

c. Claiming personal expenses, paid with personal funds, were business expenses of Owasco, PC and deducting and causing to be deducted, these same personal expenses as corporate expenses on the Owasco, PC tax return on Form 1120; and

d. Paying, and causing to be paid, by Owasco, PC certain salary and healthcare benefit expenses of individuals who performed no work on behalf of Owasco, PC while on payroll, and deducting and causing to be deducted, these same expenses as corporate expenses on the Owasco, PC tax return on Form 1120.

*Id.* at 49-50.

In light of the wide-ranging conduct alleged in the Indictment and the complexity of the factual allegations, there is a genuine possibility of jury confusion, warranting a specific unanimity instruction. *See Anguiano,* 873 F.2d at 1320 (holding that "a specific unanimity instruction is required in cases where the evidence is sufficiently factually complex to indicate that jury confusion may occur"); *Echeverry*, 719 F.2d at 975 ("When it appears. . . that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts, the general unanimity instruction does not suffice. To correct any potential confusion in such a case, the trial judge must augment the general instruction to ensure the jury understands its duty to unanimously agree to a particular set of facts."); *see, e.g., id.* (reversal of defendant's conviction was proper where unanimity instruction regarding specific conspiracy should have been given in

light of proof of multiple conspiracies); *United States v. Payseno,* 782 F.2d 832, 837 (9th Cir. 1986) (reversing defendant's conviction and holding that the trial court committed plain error in failing to give a specific unanimity instruction where the three acts of extortion were distinct and occurred at different times and at different locations); *United States v. Ogle,* 779 F. Supp. 141, 144 (D. Or. 1991) (granting convicted defendant's motion for release pending appeal where "the jurors were not instructed that they must unanimously agree upon which affirmative act of [tax] evasion, if any, that Ogle took in each of the four years in question" and noting that "[i]f the circuit court concludes that it was plain error for this court not to have given an instruction as to specific unanimity, the conviction of Ogle will likely be reversed and this case remanded for a new trial"); *see also United States v. Kneen*, 889 F.2d 770, 772-73 (8th Cir. 1989) (vacating tax evasion conviction where jury returned general verdict that may have rested exclusively on a ground insufficient to sustain the conviction).    *Compare United States v. Carlson,* 235 F.3d 466 (9th Cir. 2000) (unanimity instruction was not needed where there was no broad or ambiguous indictment, the case was not a factually complex case, and there was no danger of jury confusion) & *United States v. Kim*, 196 F.3d 1079, 1082 (9th Cir. 1999) (a special unanimity instruction was not required where the defendant "was charged with only a single crime, based upon a single set of facts").

The Special Counsel's reliance on *United States v. Barai*, 55 F.4th 1245 (9th Cir. 2022), *cert. denied sub nom. Kartan v. United States*, 144 S. Ct. 144 (2023), is misplaced; in fact, the holding in that case actually supports the need for a specific unanimity instruction on Count Six of the Indictment.

As this Court recognized at the August 21, 2024 final pretrial conference, *Barai* is not a tax evasion case.  Rather, it involved convictions for a conspiracy to commit forced labor in violation of 18 U.S.C. § 1594(b), forced labor in violation of 18 U.S.C. § 1589(a), and fraud in foreign labor contracting in violation of 18 U.S.C. § 1351(a).

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In that case, the Ninth Circuit considered whether the district court erred in refusing to give a specific unanimity instruction with respect to the *means* by which defendants obtained forced labor. *Id.* at 1247. Section 1589(a) required the government to prove three elements: (1) the defendant obtained the labor or services of another person; (2) the defendant did so through at least one of the four enumerated prohibited means; and (3) the defendant acted knowingly. *Id.* at 1249. The defense had proposed an instruction that would have told the jury that they must be unanimous as to which of the four prohibited means defendants used to compel forced labor, but the district court refused the proposed unanimity instruction. *Id.*

On appeal, the Ninth Circuit cited *Mathis v. United States*, 579 U.S. 500, 514-15 (2016), in which the United States Supreme Court drew a distinction between the *legal elements* of a crime and the *factual means* by which a defendant may commit that crime. *Id.* at 1250. *See also Rendon v. Holder*, 764 F.3d 1077, 1086 (9th Cir. 2014) ("[T]he Supreme Court regards *elements* as those circumstances on which the jury must unanimously agree, while it regards *means* as those circumstances on which the jury may disagree yet still convict."). Because the court in *Barai* concluded that the listed alternative means in the forced labor statute constitute factual means, rather than distinct legal elements,[1] it held that the district court did not abuse its discretion in denying the defendants' proposed specific unanimity instruction. *Barai*, 55 F.4th at 1250.

In contrast here, an affirmative act is a distinct legal element of the crime of tax evasion and not the means by which a defendant may commit the crime. Accordingly, the jury must unanimously agree on this *element*, namely the affirmative act taken to

---

[1] The court noted that "[b]y its own terms, the forced labor statute indicates that the listed alternatives are *means* by which a defendant might commit forced labor. The word 'means' is used five times in 18 U.S.C. § 1589(a)—once before referring to each of the four alternatives and once when describing that a person obtains forced labor by 'any one of, or by any combination of' such means." *Barai*, 55 F.4th at 1250.

evade or defeat the tax.  Thus, a specific unanimity instruction is warranted under *Barai.*

The pattern or model jury instructions in other circuit courts expressly provide that a specific unanimity instruction should be given for a tax evasion charge if the government alleges more than one affirmative act.  For instance, the Model Criminal Jury Instructions for the Third Circuit, 6.26.7201-3 (Feb. 2021) [Tax Evasion - Affirmative Attempt to Evade or Defeat Defined] provides: "The government needs only to prove one act to satisfy this element of the offense, but you must unanimously agree on which (act was) (or acts were) committed."  *See* https://www.ca3.uscourts.gov/sites/ca3/files/2020%20Chap%206%20Tax%20Offenses%20final.pdf at 9-10.  The Comment further provides that "[t]he court should instruct on the unanimity requirement if the government alleges more than one affirmative act."  *Id.* at 10.

Similarly, the William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) include an instruction entitled "26 U.S.C. § 7201 UNANIMITY AS TO ACTS OF EVASION."  *See* https://www.ca7.uscourts.gov/pattern-jury-instructions/Criminal_Jury_Instructions.pdf at 1062. The Committee Comment to this instruction "recommends the use of a unanimity instruction modeled on Pattern Instruction 4.04, which should require the jury to agree unanimously on at least one of the specific acts of evasion charged in the indictment." *Id.*

The Notes on Use, paragraph 2, contained in the Eighth Circuit Model Criminal Jury Instructions (6.26.7201 TAX EVASION (26 U.S.C. § 7201)) provides: "If more than one method is charged in the indictment, the jury may be instructed that it need find only one method to sustain a conviction, but its finding as to which method must be supported by sufficient evidence and be unanimous."  *See*

https://juryinstructions.ca8.uscourts.gov/instructions/criminal/Criminal-Jury-Instructions.pdf at 663.

The Criminal Pattern Jury Instructions for the Tenth Circuit (2021 ed.) likewise include an instruction entitled "1.24 Unanimity of Theory" which provides in pertinent part: "[I]n order to return a guilty verdict, all twelve of you must agree upon which of the listed acts, if any, the defendant committed *and* that he committed at least [number of acts identified above] of the acts listed." *See* https://www.ca10.uscourts.gov/sites/ca10/files/documents/downloads/Jury Instructions 2021 revised 7-14-23.pdf at 39. The Use Note provides that "[t]his instruction should be used when the government introduces evidence that the defendant has committed multiple acts which may constitute an element of the crime." *Id.*

The Special Counsel's reliance in its supplemental brief on the unpublished and non-precedential opinion in *United States v. Newman*, 16 F.3d 1222 (6th Cir. 1993) is improper and should be disregarded. *Newman* is also distinguishable. In that case, the Sixth Circuit considered the trial court's failure to give the jury a specific unanimity instruction for plain error (a standard even more deferential than review for abuse of discretion) because this issue was raised for the first time on appeal. *Id.* at *9. Moreover, the court held that the tax evasion count was not sufficiently complex, and the acts charged in the indictment were closely related to the other acts purportedly committed. *Id.* at *11. Thus, the Sixth Circuit held that the trial court's failure to give the specific unanimity instruction did not constitute plain error. *Id.*

In contrast here and as explained above, the wide-ranging conduct which is alleged in the Indictment spanning eighteen (18) pages and including multiple affirmative acts is sufficiently complex to warrant such an instruction.

For the foregoing reasons, the Court should give a specific unanimity instruction on Count Six of the Indictment to avoid jury confusion.

---

7

1

2    Dated: September 4, 2024                    Respectfully submitted,

3                                               */s/ Mark Geragos*
4                                               Mark J. Geragos
                                                Tina Glandian
5                                               Setara Qassim

6

7

8                                               Angela M. Machala
9                                               Abbe David Lowell
                                                Christopher D. Man
10

11                                              *Attorneys for Robert Hunter Biden*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S BRIEF ON SPECIFIC UNANIMITY JURY INSTRUCTION ON COUNT SIX
CASE NO. 2:23-CR-00599-MCS-1