Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone: (213) 625-3900
Facsimile: (213) 232-3255

Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorneys for Robert Hunter Biden*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT HUNTER BIDEN,<br><br>　　　　Defendant. | **Case No. 2:23-cr-00599-MCS**<br><br>*Hon. Mark C. Scarsi*<br><br>**MR. BIDEN'S BRIEF ON SEPARATE VENUE JURY INSTRUCTIONS**<br><br>Hearing Date: September 5, 2024<br>Hearing Time: 9:00 a.m.<br>Courtroom: 7C |

Defendant Robert Hunter Biden, by and through his counsel of record, hereby submits this brief on why the Court should give separate venue jury instructions for Counts One through Four of the Indictment and reserves his right to request the same separate instruction as to all remaining counts at the close of the evidence.

Dated: September 4, 2024                    Respectfully submitted,

                                            /s/ Mark Geragos
                                            Mark J. Geragos
                                            Tina Glandian
                                            Setara Qassim

                                            Angela M. Machala
                                            Abbe David Lowell
                                            *Attorneys for Robert Hunter Biden*

# MEMORANDUM OF POINTS AND AUTHORITES

## INTRODUCTION

Mr. Biden requests separate venue instructions for Counts One through Four of the Indictment and reserves his right to request separate venue instructions for each additional count of the Indictment at the conclusion of the evidence, as may be appropriate.

During the final pretrial conference on August 21, 2024, when discussing the jury instructions on venue, the Special Counsel blatantly misrepresented that Mr. Biden had previously challenged venue only as to one count.

> MR. WISE: Your Honor, on that, I guess just -- it is something they have to raise, right, and then it triggers the instruction? So the instruction isn't given unless they actually put in evidence that he was somewhere living -- that his home was somewhere other than the Central District of California or there was a reason why venue does not lie here?
> THE COURT: Right.
> MR. WISE: So we haven't seen any of that.
> MR. GERAGOS: I thought they already did a motion with – I say "they" -- we -- proverbial we, Winston Strawn, already did a motion on venue and --
> MR. WISE: They did.
> MR. GERAGOS: -- if that's the case and I believe I read it early on if that's the case, we've already given them a roadmap and we will raise it at trial.
> MR. WISE: *That was only as to one count.*
> THE COURT: Right.
> MR. WISE: *They did it as to one count.*

Aug. 21, 2024, Reporter's Transcript at 139:13-40:5 (emphases added).

However, as the Special Counsel well knows, Mr. Biden previously moved to dismiss the Indictment for Improper Venue *on four counts*, not one, namely Counts One through Four of the Indictment. *See* D.E. 32. He now seeks separate jury instructions on venue to avoid jury confusion since the conduct at issue took place in multiple districts over the course of several years.

# ARGUMENT

The United States Constitution affords criminal defendants the right to be tried in a district where the crime was committed; this constitutional protection underlines the importance of correct venue determination by the trier of fact. *United States v. Ghanem*, 993 F.3d 1113, 1119 (9th Cir. 2021). Specifically, Article III of the U.S. Constitution, the Sixth Amendment to the U.S. Constitution, and Rule 18 of the Federal Rules of Criminal Procedure guarantee that a defendant will be tried in the state where the crime is alleged to have been committed. U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; Fed. R. Crim. P. 18.

"Proper venue is not a mere technicality." *United States v. Lukashov*, 694 F.3d 1107, 1119 (9th Cir. 2012). "Instead, a defendant in a criminal case has a constitutional right to be tried in a district where the crime was committed." *Id.* See also *United States v. Corona*, 34 F.3d 876, 879 (9th Cir. 1994) ("Questions of venue in criminal cases are not merely matters of formal legal procedure. They raise deep issues of public policy.") (internal quotations omitted).

When a criminal defendant has been indicted on multiple counts, venue must be proper for each separate count. *United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002). Accordingly, a separate venue instruction for each count where venue is disputed is critical to ensure that proper venue is proven and established for each separate count, as required by law. *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021) ("…we must consider venue for each count separately, even if the same conduct is charged in multiple counts."); *see also United States v. Corona*, 34 F.3d 876, 879 (9th Cir. 1994) ("The court must conduct a separate venue analysis for the substantive crimes and the conspiracy, even if the substantive crimes are committed in furtherance of the conspiracy.").

As the Ninth Circuit has explained,

> Controlling circuit law establishes that, although venue is not an element of the offense, nevertheless "it must still be proved by the government at trial." "Venue is a question of fact that the government must prove by a preponderance of the evidence." It is a jury question. "[N]ormally it is not for the court to determine venue" and "it is error to not give a requested instruction on venue." Venue is "part of the bedrock of our federal system," and proper venue is a "constitutional right," "not a mere technicality." The district court therefore could not properly decide venue itself and should have submitted the issue to the jury.

*United States v. Moran-Garcia*, 966 F.3d 966, 969 (9th Cir. 2020).

Venue is a question of fact, and the government bears the burden to prove venue by a preponderance of the evidence. *United States v. Lukashov*, 694 F.3d 1107, 1120 (9th Cir. 2012). In a jury trial, it is the jury's responsibility to determine that venue exists, and it is error for the court to decline to give an instruction on venue if properly requested. *Id.*

Contrary to the Special Counsel's representation during the August 21, 2024 final pretrial conference that the defendant has the burden to raise and "put into evidence" that venue is disputed, *see* Aug. 21, 2024 Reporter's Transcript, at 139:13-18, venue is a question of fact for which the prosecution bears the burden of proof. *See United States v. Casch*, 448 F.3d 1115, 1117 (9th Cir. 2006); *see also United States v. Moran-Garcia*, 966 F.3d 966, 971 (9th Cir. 2020) ("Venue is not an element of the crime. Unlike an element, it need not be proved beyond a reasonable doubt. ***But venue does need to be put to the jury, and proved by the government***, albeit only by a preponderance of the evidence.") (emphasis added).

Incorrect venue instructions or those that lack clarity can lead to reversible error, particularly in cases involving conduct in multiple districts. *See United States v. Ghanem*, 993 F.3d 1113, 1130 (9th Cir. 2021) ("Because the right to trial in the proper venue is constitutional, we deem an erroneous venue instruction harmful unless the government shows beyond a reasonable doubt that the error was harmless. That is, the

government must show that there was no "reasonable possibility that the error materially affected the verdict." (internal citations omitted).

When a court fails to give a venue instruction to the jury, that error will be viewed as harmless only if the evidence viewed rationally by a jury could *only* support a conclusion that venue existed. *United States v. Moran-Garcia*, 966 F.3d 966, 970 (9th Cir. 2020). While here, this Court is not refusing to the give an instruction on venue, the Court has proposed to only give the instruction one time as opposed to after each count where venue has been disputed, as requested by Mr. Biden. The defense has proposed a separate venue instruction for Counts One through Four to prevent error and jury confusion during deliberations where venue may be found to exist for one count, and jurors mistakenly believe that means venue is also appropriate for the other counts in the Indictment. A separate venue instruction following each count will clarify that the establishment of proper venue as to one count does not automatically imply proper venue for the other counts. This is especially necessary here where the different counts in the Indictment relate to actions and conduct occurring in different jurisdictions over several years. Providing separate venue instructions as requested by Mr. Biden will assist the jury to understand and evaluate the venue appropriateness of each count independently.

## CONCLUSION

For the foregoing reasons, Mr. Biden respectfully requests that the Court provide a separate instruction as to venue as to Counts One through Four of the Indictment. Mr. Biden reserves his right to request that a separate instruction on venue be provided on the additional counts at the close of the evidence.

Dated: September 4, 2024                                      Respectfully submitted,

                                                              */s/ Mark Geragos*
                                                              Mark J. Geragos
                                                              Tina Glandian
                                                              Setara Qassim

|   |   |
|---|---|
| 1 | Angela M. Machala |
| 2 | Abbe David Lowell |
|   | *Attorneys for Robert Hunter Biden* |